IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JERRY LEON DEES, JR., | |
| Plaintiff, | |
| Vs. | CASE NO. CV-07-_____ <br> 2:07CV306-mht |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

Comes now the Plaintiff, JERRY LEON DEES, JR., by and through his counsel of record, and alleges against Defendants HYUNDAI MOTOR MANUFACTURING ALABAMA, L.L.C., and HYUNDAI MOTOR AMERICA, INC., as follows:

## PARTIES

1. Plaintiff, JERRY LEON DEES, JR. (hereinafter "Dees"), is now, and was at all times relevant hereto, a resident of Maplesville, Chilton County, Alabama. Dees is a Staff Sergeant and combat MP in the 1165th Military Police of the Alabama Army National Guard (hereinafter "Guard"), and was an employee of Defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, L.L.C. Dees has already served two tours in Iraq, and stands ready to serve again should his nation call.

2. Defendant, HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, is a Delaware limited liability company having its principal place of business in

- 1 -

Montgomery, Montgomery County, Alabama, and is engaged in the manufacture of automobiles for sale in interstate commerce.

3. Defendant, HYUNDAI MOTOR AMERICA, INC., is a California corporation having its principal offices in California. HYUNDAI MOTOR AMERICA, INC. is engaged in the nationwide distribution of the vehicles manufactured by defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and is registered to do business in Alabama.

4. Defendant, HYUNDAI MOTOR AMERICA, INC., is the alter ego of defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC. Further, defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC is a mere instrumentality of defendant, HYUNDAI MOTOR AMERICA, INC. These two defendants are hereinafter collectively referred to as "Hyundai."

## VENUE

5. This action arises under the Uniformed Services Employment and Reemployment Rights Act of 1994 § 2(a), 38 U.S.C.A. §§ 4301-4333 (West 2007), as hereinafter more fully appears.

6. Defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, maintains its principle place of business in Montgomery County, Alabama.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

7. Dees began working at Hyundai on or about November 21, 2005, as a maintenance technician in the Stamping Maintenance department, under the direct supervision of "team leader" Kevin Hughes (hereinafter "Hughes") and Stamping Maintenance assistant manager Greg Prater (hereinafter "Prater").

Prater reported to John Applegate, American maintenance senior manager (hereinafter "Applegate").

8. Harassment of Dees by Hyundai through Prater and Hughes began almost immediately when Prater learned that Dees was a member of the Alabama Army National Guard and had served two tours in Iraq.

9. Hyundai, through Prater, Hughes and Applegate, harassed Dees during his entire tenure at Hyundai. Harassing acts included:

   a. Prater repeatedly demanded that Dees provide military orders to excuse missing work when Dees would have to attend his monthly weekend training with the Guard, even though the Guard issues only an annual training schedule;

   b. Prater telling Dees he could not miss work to attend his Guard training;

   c. Prater frequently made derogatory remarks about the Guard in the presence of Dees and other employees;

   d. Prater told Dees that he could not go to the Human Resources department to complain about how he was being treated, despite Hyundai having an "open door" policy regarding employee complaints;

   e. Prater attempted to force Dees' coworkers to say that Dees had violated Hyundai policies and procedures when Prater knew it was not true;

   f. In an effort to coerce Dees into quitting his job at Hyundai so that Hyundai would not have to deal with Dees' Guard service obligations, Dees' was forced to clean the "pit" more frequently than the other

personnel. It became a way for Hyundai, through Prater and Hughes, to punish Dees. The pit is a highly dangerous area where metal pieces which are scrap from the stamping process, many of which are sharp, come off of a conveyor and are supposed to fall into a scrap bin. Many of the parts do not fall into the bin, but are thrown to the floor of the pit. This scrap process was running while Dees was made to clean the pit, making working in the pit far more dangerous than the maintenance technician's other duties. Dees cleaned the pit almost daily some weeks, and the frequency with which he was assigned to the pit was several times that of his coworkers.

10. Applegate ratified each and every action of harassment by Prater and Hughes by stating that he stood behind each and every decision they made in running the stamping maintenance department, and refusing to act on or even investigate complaints to Applegate about Prater and Hughes.

11. The harassment regarding Dees having to provide military orders for his monthly Guard service continued despite Human Resources confirming that Dees' was correct about there only being a annual schedule of training times. In an attempt to end the harassment, Dees finally asked the Guard to write a letter to Hyundai asking Hyundai to stop harassing Dees about his Guard duty.

12. Per Dees' request, on or about October 23, 2006, Sergeant Franklin Barnes of Dees' Guard unit wrote a Letter of Instruction ("LOI") to the Human Resources department at Hyundai. The LOI stated that military orders were

not cut, that only an annual schedule was prepared and could be furnished to Hyundai if it needed one, and that Barnes would be happy to provide a Letter of Participation stating that Dees was present on the weekends indicated on the schedule.

13. After the letter from Sergeant Barnes was sent to Hyundai, the incidences of harassment outlined above escalated until finally, on or about February 26, 2007, Prater got the Production Stamping Manager, Jim Brookshire, to falsely accuse Dees of sleeping on the job, whereupon Hyundai fired Dees.

14. Even if Dees had been sleeping, Dees was fired immediately and unceremoniously by Hyundai despite the fact that other employees caught sleeping were merely reprimanded – another act of harassment perpetrated on Dees by Hyundai.

15. In fact, Hyundai's own policies and procedures include *Corrective Action*, which is a six-step process to identify employee work performance weaknesses, provide counseling and a plan to correct the employee's work performance, and ultimately to terminate the employee if the preceding five steps do not provide the required improvement in the employee's work performance. Dees was never even subject to step one, *Discussion Planner*, wherein the employee's supervisor meets with the employee to determine if the performance issue is a failure in the process, equipment, or with the employee.

16. Upon firing Dees, Hyundai confiscated Dees' personal belongings kept in his locker at the plant, and did not allow Dees to collect them, even under

supervision. Dees' personal belongings included notes regarding dates, times, and specific acts of harassment he had been subjected to because of his military affiliation during his fifteen months of employment by Hyundai. These notes were not returned to Dees by Hyundai when Hyundai returned Dees' other personal belongings to him.

17. Because of Hyundai's termination of Dees in violation of USERRA and Alabama public policy, Dees has had to obtain other employment. Dees' new job pays less per hour, includes virtually no overtime, and has fewer benefits that Dees enjoyed at Hyundai.

## COUNT ONE

**Violations of the Uniformed Services Employment and Reemployment Rights Act of 1994 § 2(a), 38 U.S.C.A. § 4311**

18. Dees incorporates herein all of the allegations in preceding paragraphs 1-17.

19. Dees is a Staff Sergeant and combat MP in the 1165th Military Police of the Alabama Army National Guard, and, as such, is a person protected under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") § 2(a), 38 U.S.C.A. §§ 4301-4333 (West 2007).

20. Hyundai violated § 4311 of USERRA by creating an environment of harassment in the Stamping Maintenance department at Hyundai, and harassed Dees continually because of his Guard membership and service obligations.

21. Hyundai further violated § 4311 when the pattern of harassment escalated after Dees had Sergeant Barnes of the Guard send a letter to Hyundai

reminding them of Hyundai's legal obligations with respect to Dees' military service membership and obligations.

22. As a result of Huyndai's termination of Dees in violation of § 4311 of USERRA, Dees now works for less pay and benefits than he enjoyed while employed at Hyundai.

WHEREFORE, Dees demands judgment against Hyundai for compensatory and punitive and/or liquidated damages, reasonable attorneys' fees and court costs under USERRA, 38 U.S.C.A. § 4323 (West 2007).

## COUNT TWO

### Outrage

23. Dees incorporates herein all of the allegations in preceding paragraphs 1-22.

24. Hyundai intentionally created a harassing environment and subjected Dees to a pattern of intentional harassment regarding Dees' membership in the Guard and Dees' Guard service obligations.

25. The specific acts of intentional harassment perpetrated by Hyundai were extreme and outrageous conduct.

26. Dees' termination by Hyundai was the culmination of the protracted pattern of intentional harassment related to Dees' Guard membership and requisite Guard service obligations, and therefore, violated the public policy of Alabama with respect to the employment of military reserve personnel.

27. As a result of Hyundai's extreme and outrageous conduct, Dees has suffered severe emotional distress.

WHEREFORE, Dees demands judgment against Hyundai for compensatory and punitive damages, reasonable attorneys' fees and court costs, and any other damages the court finds appropriate.

### COUNT THREE

### Conversion

28. Dees incorporates herein all of the allegations in preceding paragraphs 1-27.

29. Dees personal belongings in his locker at Hyundai were confiscated by Hyundai when Dees was unlawfully terminated, and Hyundai refused to allow Dees to collect his personal belongings, even under supervision. Dees' personal belongings included notes regarding the pattern of harassment engaged in by Hyundai through Hughes, Prater and Applegate during Dees' tenure as an employee at Hyundai.

WHEREFORE, Dees demands judgment against Hyundai for compensatory and punitive damages, reasonable attorneys' fees and court costs, and any other relief the court deems appropriate.

BY: _____
Vincent F. Kilborn, III


Vincent F. Kilborn, III (KIL004)
KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald (MCD042)
KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

Jeffrey R. Sport (SPO005)
JEFFREY R. SPORT, P.C.
8475 Sterling Drive
Mobile, Alabama 36695
Telephone: (251) 633-7120
Fax: (251) 633-7252

**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY OF THIS CAUSE**

BY: _____
Vincent F. Kilborn, III

**DEFENDANT TO BE SERVED AS FOLLOWS:**

| | |
|---|---|
| Hyundai Motor Manufacturing, L.L.C.<br>c/o Mr. Richard Neal<br>700 Hyundai Blvd.<br>Montgomery, Alabama 36105 | **VIA CERTIFIED MAIL** |
| Hyundai Motor America, Inc.<br>c/o National Registered Agents, Inc.<br>150 South Perry Street<br>Montgomery, Alabama 36104 | **VIA CERTIFIED MAIL** |