IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. |
| ) | 2:07-cv-00306-MHT-CSC |
| ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, and HYUNDAI MOTOR ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Comes now the Defendant, Hyundai Motor Manufacturing Alabama, LLC (hereinafter "HMMA"), and responds to the separately numbered paragraphs of Plaintiff's Complaint as follows:[1]

### RESPONSE TO PARTIES ALLEGATIONS

1. HMMA admits that Plaintiff was previously employed by it. Upon information and belief, HMMA admits that Plaintiff is a resident of Maplesville, Chilton County, Alabama, and that Plaintiff previously served as a member of the United States uniformed services. HMMA lacks sufficient information upon which to form a belief as to the truth of the remaining allegations of paragraph 1 and, as such, they are denied.

2. HMMA admits the allegations contained in paragraph 2.

3. HMMA admits the allegations as they relate to Hyundai Motor America, Inc. ("HMA"). However, HMMA denies that HMA is a proper party to this proceeding.

---

[1] Defendant Hyundai Motor America, Inc. ("HMA") has contemporaneously filed a Motion to Dismiss Plaintiff's claims against it.

4. HMMA denies the allegations contained in paragraph 4. HMMA objects to the "collective" designation regarding "Hyundai" offered by Plaintiff throughout his Complaint.

**RESPONSE TO VENUE ALLEGATIONS**

5. HMMA admits so much of the allegations contained in paragraph 5 as allege that Plaintiff purports to bring this action pursuant to the Uniformed Services Employment and Re-Employment Rights Act of 1994, 38 U.S.C. § 4301-4334 ("USERRA"). Otherwise, HMMA would show that paragraph 5 contains no factual or legal allegations requiring a response from it. To the extent a response is required, the allegations contained in paragraph 5 are, upon information and belief, denied.

6. HMMA admits the allegations contained in paragraph 6.

**RESPONSE REGARDING FACT ALLEGATIONS**

7. HMMA denies that Hughes is a management-level employee. The remaining allegations contained in paragraph 7 are admitted.

8. HMMA denies the allegations contained in paragraph 8.

9. HMMA denies the allegations contained in paragraph 9 and all subparts contained therein.

10. HMMA denies the allegations contained in paragraph 10.

11. HMMA denies the allegations contained in paragraph 11.

12. HMMA lacks sufficient information to admit allegations contained in paragraph 12 as stated and, therefore, they are denied. However, HMMA would show that it received a letter of instruction to the Human Resources Department at HMMA from Sergeant Franklin Barnes. The contents of the letter speak for themselves and any allegation by Plaintiff to the contrary is denied.

13. HMMA denies the allegations contained in paragraph 13.

14. HMMA denies the allegations contained in paragraph 14.

15. Regarding the allegations contained in paragraph 15, HMMA admits that HMMA's policies and procedures include Corrective Action, a six-step process to identify employee work performance weaknesses, and a plan to correct an employee's work performance, and to terminate the employee if the preceding steps fail to provide required improvement. Additionally, HMMA admits that Dees was not subject to steps in the corrective action process other than termination; however, HMMA would show that this is consistent with HMMA policies and prior practice based upon the facts surrounding Plaintiff's misconduct and termination. HMMA denies the remaining allegations contained in paragraph 15.

16. HMMA denies the allegations contained in paragraph 16.

17. HMMA denies the allegations contained in paragraph 17.

## RESPONSE TO COUNT ONE

18. Paragraph 18 contains no factual or legal allegations requiring a response from HMMA. Accordingly, HMMA would incorporate by reference its responses to paragraphs 1-17 above.

19. HMMA admits so much of the allegations contained in paragraph 19 as allege that Plaintiff was a person protected under USERRA. The remaining allegations contained in paragraph 19 are admitted upon information and belief only.

20. HMMA denies the allegations contained in paragraph 20.

21. HMMA denies the allegations contained in paragraph 21.

22. HMMA denies the allegations contained in paragraph 22 alleging that Plaintiff's termination was in violation of § 4311 of USERRA. HMMA lacks sufficient information upon

which to form a belief as to the remaining allegations contained in paragraph 22 and, therefore, they are denied.

With respect to the allegations contained in the unnumbered paragraph following paragraph 22, HMMA would show that this paragraph contains no factual or legal allegations requiring a response from it. However, to the extent a response is required, these allegations are denied. Further, HMMA would show that punitive damages are not available in an action based upon USERRA.

## RESPONSE TO COUNT TWO

23. Paragraph 23 contains no factual or legal allegations requiring a response from HMMA. Accordingly, HMMA would incorporate by reference its responses to paragraphs 1-22 above.

24. HMMA denies the allegations contained in paragraph 24.

25. HMMA denies the allegations contained in paragraph 25.

26. HMMA denies the allegations contained in paragraph 26.

27. HMMA denies the allegations contained in paragraph 27.

With respect to the unnumbered paragraph following paragraph 27, HMMA would show that this paragraph contains no factual or legal allegations requiring a response from it. However, to the extent a response is required, these allegations are denied.

## RESPONSE TO COUNT THREE

28. Paragraph 28 contains no factual or legal allegations requiring a response from HMMA. Accordingly, HMMA would incorporate by reference their responses to paragraphs 1-27 above.

29. HMMA denies the allegations contained in paragraph 29.

With respect to the unnumbered paragraph following paragraph 29, HMMA would show that this paragraph contains no factual or legal allegations requiring a response from it. However, to the extent a response is required, these allegations are denied.

30. HMMA denies each and every allegation of the Complaint not hereinabove specifically admitted, modified, or explained.

## ADDITIONAL DEFENSES

In addition to the foregoing, HMMA asserts the following defenses:

31. Plaintiff's Complaint fails to state a claim in whole or part upon which relief can be granted against both HMMA and HMA and, therefore, should be dismissed.

32. Plaintiff has failed to mitigate his damages in the manner provided for by law. Such failure to mitigate is thus pled as a complete defense and bar to all causes of action contained in Plaintiff's Complaint.

33. Plaintiff's claims are barred or limited by application of the doctrines of *in pari delicto* and/or unclean hands.

34. Any adverse employment action taken against Plaintiff was based upon HMMA's good faith assessment of Plaintiff's performance and/or misconduct and was not based upon any unlawful reason.

35. All of HMMA's decisions regarding Plaintiff's employment were motivated by legitimate, non-discriminatory and non-retaliatory reasons unrelated to Plaintiff's uniformed service.

36. Plaintiff's alleged uniformed service was not a motivating factor for any adverse employment action taken against Plaintiff.

37.	HMMA's conduct toward Plaintiff was at all times in good faith and was not willful, intentional or discriminatory.

38.	At all times relevant to this action, Plaintiff's employer, HMMA, maintained and enforced policies consistent with USERRA.

39.	Plaintiff was at all times an "at will" employee of HMMA.

40.	Some or all of Plaintiff's claims may be barred by doctrines of estoppel or waiver.

41.	HMMA denies that any of its actions has proximately caused any mental anguish or emotional distress to Plaintiff. To the extent Plaintiff has suffered any alleged mental anguish or emotional distress, it was caused by factors unrelated to Plaintiff's employment.

42.	Plaintiff is not entitled to an award of punitive damages against HMMA to the extent that such an award is barred by the Constitution of the United States and the Constitution of the State of Alabama. HMMA further alleges that any award of punitive damages would violate that prohibition against excessive fines found in the Eighth Amendment of the Constitution of the United States as applied to the state by way of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States. Further, any award of punitive damages would violate the guaranty of due process found in the Fourteenth Amendment to the Constitution of the United States because of the lack of objective guidelines on which a jury might base its award and further that such guidelines to the extent that they exist are arbitrary and void for vagueness.

43.	HMMA reserves the right to amend its answer to state additional defenses, if facts are identified during discovery which would give rise to such defenses.

**WHEREFORE**, having fully answered Plaintiff's Complaint, HMMA respectfully requests that Plaintiff's Complaint be dismissed and that HMMA be awarded fees and expenses incurred in the defense of this frivolous and vexatious action and for such other and further relief as this Court shall deem just and proper.

/s/ J. Trent Scofield

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of May, 2007, I electronically filed the foregoing *Answer* of Defendant Hyundai Motor Manufacturing Alabama, LLC with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, and Jeffrey Rayborn Sport.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com