IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. |
| vs. ) | 2:07-cv-00306-MHT-CSC |
| ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, and HYUNDAI MOTOR ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT HYUNDAI MOTOR AMERICA, INC.'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW Defendant Hyundai Motor America, Inc. ("HMA"), by counsel and pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure, and submits this Memorandum in Support of its Motion to Dismiss.

**FACTUAL BACKGROUND**

Plaintiff's Complaint alleges three causes of action. Principally, Plaintiff's Complaint relates to claims of harassment and unlawful termination arising under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301, *et seq.* ("USERRA"). Plaintiff's Complaint also contains additional causes of action for outrage and conversion.

Plaintiff alleges he was an employee of Hyundai Motor Manufacturing Alabama, LLC ("HMMA"). (Complaint, ¶ 1). However, Plaintiff does not allege that he was <u>employed</u> by

---

[1] To the extent the Court relies on the supporting Declaration of Wendy Warner ("Warner Declaration," attached hereto as Exhibit 1) in deciding this Motion, HMA requests that this Court treat this as a Motion for Summary Judgment pursuant to Rule 12(c).

HMA. At most, while never asserting any employment relationship with HMA, Plaintiff makes the self-serving and unsupported claim that HMMA and HMA are "alter egos" and that HMMA is a "mere instrumentality of" HMA. (Complaint, ¶ 4). Plaintiff's Complaint fails to suggest any additional facts upon which to conclude that this claim is credible. HMMA has denied this allegation in its Answer.

Regardless, Plaintiff's Complaint contains no factual information that would suggest that he has <u>any</u> relationship with HMA, employment or otherwise. At most, Plaintiff alleges he "began working at Hyundai[2] on or about November 21, 2005, as a maintenance technician in the Stamping Department.…" (Complaint, ¶ 7). Plaintiff makes no assertions that he specifically applied with, interviewed with, was employed by, or received pay or other benefits from HMA.

Conversely, Plaintiff's Complaint does contain factual allegations that may be unintentionally telling with respect to his relationship with HMA. Plaintiff recites facts showing that he and HMMA both have Alabama ties. Plaintiff alleges he lives in Chilton County, Alabama, and served in the Alabama Army National Guard. (Complaint, ¶ 1). Plaintiff also states that HMMA has its principal place of business in Montgomery County, Alabama. (Complaint, ¶¶ 2, 6). On the other hand, Plaintiff alleges that HMA is a California corporation with principal offices in California. (Complaint, ¶ 3). Plaintiff makes no allegations concerning HMA with respect to venue. Plaintiff simply makes no allegations to suggest that he, an

---

[2] After making the self-serving and unsupported claim that HMMA and HMA are alter egos, Plaintiff subsequently refers to both Defendants merely as "Hyundai." Again, this is an effort to manufacture a relationship between HMMA and HMA with respect to this matter that does not exist, which fact is further supported by the other allegations of Plaintiff's Complaint as discussed further herein.

Alabama resident, had any legal relationship or employment relationship with HMA, a California corporation.[3]

Plaintiff makes no specific allegations to suggest that HMA was his "employer" sufficient to subject HMA to liability under USERRA. Again, at most, Plaintiff makes the self-serving claim that HMMA and HMA are alter egos (Complaint, ¶ 4). However, Plaintiff fails to assert any facts to support such a claim. On the other hand, Plaintiff does suggest facts that may bear on whether HMMA and HMA are alter egos. Plaintiff alleges that HMMA is a Delaware limited liability company, whereas HMA is a California corporation. (Complaint, ¶¶ 2, 3). Plaintiff alleges that HMMA has principal offices in Alabama, whereas HMA has principal offices in California. Id. Further, Plaintiff alleges that HMMA is engaged in the manufacture of automobiles, whereas HMA was engaged in the nationwide distribution of automobiles. Id. Thus, the few facts which Plaintiff alleges, suggest significant differences between HMMA and HMA.

In addition to the shortcomings regarding the allegations of Plaintiff's Complaint, the Declaration of Wendy Warner, addresses the relationship between HMMA, HMA, and Plaintiff. The Warner Declaration makes clear that HMMA and HMA are legally distinct and, further, that Plaintiff had no employment or other legal relationship with HMA. (Warner Decl., ¶¶ 8, 9). Specifically, as contemplated in 38 U.S.C. § 4303(4)(A) of USERRA, HMA did not pay Plaintiff's salary or wages and HMA had no control over Plaintiff's employment opportunities. (Warner Decl., ¶¶ 10, 11).

---

[3] At most, Plaintiff might suggest that the fact that HMA is registered to do business in Alabama is fatal to HMA's motion. However, numerous foreign corporations are registered to do business in Alabama and this fact does not mean that they have any legal or other relationship to HMMA or Plaintiff.

With respect to Plaintiff's outrage and conversion causes of action, with the sole exception of Plaintiff's self-serving and unsupported "alter ego" description, Plaintiff similarly fails to suggest any additional facts upon which one could conclude that HMA was involved in or is liable for the alleged acts, or that Plaintiff had any legal or other relationship with HMA.

## ARGUMENT AND SUPPORTING AUTHORITY

### HMA and HMMA Are Legally Distinct Entities

Plaintiff's Complaint and his allegations regarding HMA's liability are based on an erroneous assertion regarding the relationship of HMA and HMMA, and HMA's legal relationship with Plaintiff. Plaintiff's best argument that HMA should bear any responsibility in this matter is the unsupported allegation that HMA and HMMA are alter egos. However, the only specific factual allegations Plaintiff makes with respect to HMA and HMMA show that they are legally distinct. Even by Plaintiff's allegations, HMA and HMMA are organized in different states, have principal places of business in different states, and are engaged in different business enterprises. In fact, Plaintiff has not alleged facts that HMA even has any connections with the State of Alabama, other than the fact that it is registered to do business in Alabama as a nationwide distributor of automobiles (Complaint, ¶ 3), much less with himself or HMMA. Plaintiff does not allege that HMMA and HMA share employees, particularly with respect to Plaintiff or the other individuals identified in the Complaint.

Simply put, the only suggestion that HMMA and HMA bear any legal relationship is Plaintiff's self-serving and unsupported allegation, which is contrary to the remaining allegations contained in Plaintiff's Complaint. Further, if it is necessary to consider the Warner Declaration, this sworn testimony clearly proves that there was no such relationship between HMMA and HMA.

**Plaintiff Has No Relationship with HMA**

Plaintiff's claims are based on his relationship with HMMA, not HMA. Plaintiff has alleged he was employed by HMMA, a fact which is not denied. (Complaint, ¶ 1). Plaintiff has not specifically alleged any employment relationship with HMA. As argued above, based upon the four corners of his Complaint, Plaintiff cannot credibly argue that he has any other legal relationship with HMA. Plaintiff lived, worked, and performed National Guard duty in Alabama. Plaintiff has alleged no facts to suggest any relationship with HMA, which he describes as a California corporation with principal offices in California.

The allegations in Plaintiff's Complaint relate to actions by employees of HMMA. (Warner Decl., ¶ 13). Presumably, these acts allegedly took place in the course and scope of those individual's HMMA employment. Id. Thus, while HMMA denies any wrongdoing, any such claims can only be directed toward Plaintiff's employer (or its employees). Indeed, Plaintiff had no relationship, employment or otherwise, with HMA.

Plaintiff's Complaint does not allege any real relationship with HMA and, further, the Warner Declaration confirms that there was none. Accordingly, HMA is not an "employer" as required for liability under USERRA[4] and HMA can bear no responsibility relative to Plaintiff's outrage and conversion causes of action without some legal relationship to him. Accordingly, HMA should be dismissed as a party to this lawsuit and all claims against HMA should be dismissed, with prejudice.

---

[4] USERRA defines an "employer," in pertinent part, as "any person, institution, organization, or other entity that pays salary or wages for work performed and that has control over employment opportunities." 38 U.S.C. § 4303(4).

**CONCLUSION**

For the reasons stated above, HMA respectfully requests that the Court grant its motion and dismiss Plaintiff's claims against it and to dismiss it as a party to this lawsuit with prejudice.

Respectfully submitted,

/s/  J. Trent Scofield

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of May, 2007, I electronically filed the foregoing *Defendant Hyundai Motor America Inc.'s Memorandum in Support of Its Motion to Dismiss* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport.

/s/ J. Trent Scofield

J. Trent Scofield (SCO-024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com

# EXHIBIT 1

Case 2:07-cv-00306-MHT-CSC   Document 9-2   Filed 05/03/2007   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. |
| vs. ) | 2:07-cv-00306-MHT-CSC |
| ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, and HYUNDAI MOTOR ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF WENDY WARNER

1. I, Wendy Warner, am the Manager of the Employment Department of Hyundai Motor Manufacturing Alabama, LLC ("HMMA"). I am over the age of 18 and have personal knowledge of the information contained in this Declaration.

2. As the Manager of HMMA's Employment Department, I have access to and regularly utilize the personnel records of individuals employed by HMMA. I also have personal knowledge regarding HMMA's operations, as well as its relationship to Hyundai Motor America, Inc.

3. HMMA was organized in the state of Delaware as a limited liability company and has it principal place of business in Montgomery, Alabama.

4. HMMA is in the business of manufacturing automobiles.

5. HMMA is an independent manufacturing operation of Hyundai Motor Company, based in Seoul, Korea.

6. Plaintiff Jerry Leon Dees, Jr. ("Plaintiff") was formerly employed by HMMA.

7. It is my understanding that Hyundai Motor America, Inc ("HMA") was organized as a corporation in the state of California and has its principal place of business in Fountain Valley, California.

8. It is my understanding that HMA is in the business of distributing Hyundai brand automobiles and parts in the United States.

9. HMA and HMMA are legally distinct and separate corporate entities

10. Plaintiff was not employed by HMA at any time relevant to the allegations contained in the Complaint or, to my knowledge, at any other time.

11. Plaintiff did not receive pay, salary, or benefits from HMA at any time relevant to the allegations contained in the Complaint or at any other time.

12. HMA had no control over Plaintiff's employment opportunities. In other words, the decision to retain or terminate Plaintiff was solely the decision of HMMA, over which HMA had no influence or control.

13. Indeed, HMA had no employment, legal, or other relationship with Plaintiff.

14. Similarly, HMA had no employment, legal, or other relationship with, or right to control or direct, the other individual employees identified in Plaintiff's Complaint, all of whom were employed by HMMA, not HMA.

THIS SPACE INTENTIONALLY LEFT BLANK

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing information is true and correct. Executed this the 2nd day of May, 2007

_____
Wendy Warner