**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JERRY LEON DEES, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CASE NO.** |
| ) | **2:07-cv-00306-MHT-CSC** |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** ) | |
| **AMERICA, INC.,** ) | |
| ) | |
| Defendants. ) | |

## ANSWER

Comes now the Defendant, Hyundai Motor America, Inc. (hereinafter "HMA"), and now responds to the separately numbered paragraphs of Plaintiff's Complaint as follows:

### RESPONSE TO PARTIES ALLEGATIONS

1. HMA admits, upon information and belief, that Plaintiff was previously employed by Defendant Hyundai Motor Manufacturing Alabama, LLC (hereinafter "HMMA"). HMA lacks sufficient information upon which to form a belief as to the truth of the remaining allegations of paragraph 1 and, as such, they are denied.

2. HMA admits, upon information and belief, the allegations contained in paragraph 2.

3. HMA admits the allegations as they relate to it except that HMA denies that it is a proper party to this proceeding.

4. HMA denies the allegations contained in paragraph 4. HMA objects to the "collective" designation regarding "Hyundai" offered by Plaintiff throughout his Complaint.

## RESPONSE TO VENUE ALLEGATIONS

5.     HMA admits so much of the allegations contained in paragraph 5 as allege that Plaintiff purports to bring this action pursuant to the Uniformed Services Employment and Re-Employment Rights Act of 1994, 38 U.S.C. § 4301-4334 ("USERRA"). Otherwise, HMA would show that paragraph 5 contains no factual or legal allegations requiring a response from it. However, HMA would show that it was never Plaintiff's "employer" as contemplated and required by USERRA or for any other purpose. To the extent a further response is required, the allegations contained in paragraph 5 are, upon information and belief, denied.

6.     HMA admits, upon information and belief, the allegations contained in paragraph 6.

## RESPONSE REGARDING FACT ALLEGATIONS

7.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 7 and, as such, they are denied.

8.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 8 and, as such, they are denied.

9.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 9 and, as such, they are denied.

10.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 10 and, as such, they are denied.

11.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 11 and, as such, they are denied.

12.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 12 and, as such, they are denied.

13.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 13 and, as such, they are denied.

14.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 14 and, as such, they are denied.

15.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 15 and, as such, they are denied.

16.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 16 and, as such, they are denied.

17.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 17 and, as such, they are denied.

## RESPONSE TO COUNT ONE

18.     Paragraph 18 contains no factual or legal allegations requiring a response from HMA. Accordingly, HMA would incorporate by reference its responses to paragraphs 1-17 above.

19.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 19 and, as such, they are denied.

20.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 20 and, as such, they are denied.

21.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 21 and, as such, they are denied.

22.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 22 alleging that Plaintiff's termination was in violation of § 4311 of

USERRA and, as such, they are denied. HMA lacks sufficient information upon which to form a belief as to the remaining allegations contained in paragraph 22 and, therefore, they are denied.

With respect to the allegations contained in the unnumbered paragraph following paragraph 22, HMA would show that this paragraph contains no factual or legal allegations requiring a response from it. However, to the extent a response is required, these allegations are denied. Further, HMA would show that punitive damages are not available in an action based upon USERRA.

## RESPONSE TO COUNT TWO

23. Paragraph 23 contains no factual or legal allegations requiring a response from HMA. Accordingly, HMA would incorporate by reference its responses to paragraphs 1-22 above.

24. HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 24 and, as such, they are denied.

25. HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 25 and, as such, they are denied.

26. HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 26 and, as such, they are denied.

27. HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 27 and, as such, they are denied.

With respect to the unnumbered paragraph following paragraph 27, HMA would show that this paragraph contains no factual or legal allegations requiring a response from it. However, to the extent a response is required, these allegations are denied.

## RESPONSE TO COUNT THREE

28.     Paragraph 28 contains no factual or legal allegations requiring a response from HMA. Accordingly, HMA would incorporate by reference their responses to paragraphs 1-27 above.

29.     HMA lacks sufficient information upon which to form a belief as to the truth of the allegations of paragraph 29 and, as such, they are denied.

With respect to the unnumbered paragraph following paragraph 29, HMA would show that this paragraph contains no factual or legal allegations requiring a response from it. However, to the extent a response is required, these allegations are denied.

30.     HMA denies each and every allegation of the Complaint not hereinabove specifically admitted, modified, or explained.

## ADDITIONAL DEFENSES

In addition to the foregoing, HMA asserts the following defenses:

31.     Plaintiff's Complaint fails to state a claim in whole or part upon which relief can be granted against both HMA and HMMA and, therefore, should be dismissed.

32.     HMA was not Plaintiff's employer as contemplated by 38 U.SC. § 4303(4)(A) and, accordingly, HMA is not liable to Plaintiff under USERRA.

33.     Plaintiff has failed to mitigate his damages in the manner provided for by law. Such failure to mitigate is thus pled as a complete defense and bar to all causes of action contained in Plaintiff's Complaint.

34.     Plaintiff's claims are barred or limited by application of the doctrines of *in pari delicto* and/or unclean hands.

35.     Plaintiff was at all times an "at will" employee of HMMA.

36. Some or all of Plaintiff's claims may be barred by doctrines of estoppel or waiver.

37. Plaintiff is not entitled to an award of punitive damages against HMA to the extent that such an award is barred by the Constitution of the United States and the Constitution of the State of Alabama. HMA further alleges that any award of punitive damages would violate that prohibition against excessive fines found in the Eighth Amendment of the Constitution of the United States as applied to the state by way of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States. Further, any award of punitive damages would violate the guaranty of due process found in the Fourteenth Amendment to the Constitution of the United States because of the lack of objective guidelines on which a jury might base its award and further that such guidelines to the extent that they exist are arbitrary and void for vagueness.

38. HMA would adopt and incorporate herein by reference any and all defenses asserted by HMMA that are or may become applicable to HMA given the future course of discovery, motions, or testimony at trial.

39. HMA reserves the right to amend its answer to state additional defenses, if facts are identified during discovery which would give rise to such defenses.

**WHEREFORE**, having fully answered Plaintiff's Complaint, HMA respectfully requests that Plaintiff's Complaint be dismissed and that HMA be awarded fees and expenses incurred in the defense of this frivolous and vexatious action and for such other and further relief as this Court shall deem just and proper.

/s/ J. Trent Scofield

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com


Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**


Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

7

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22 2007, I electronically filed the foregoing *Answer* of Defendant Hyundai Motor America, Inc. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, T. Scott Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com