IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR.,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | CIVIL ACTION NO.: |
| v.   ) | 2:07-cv-00306-MHT-CSC |
| ) | |
| HYUNDAI MOTOR MANUFACTURING   ) | |
| ALABAMA, LLC, and HYUNDAI MOTOR   ) | |
| AMERICA, INC.,   ) | |
| ) | |
| Defendants.   ) | |

**DEFENDANTS' OBJECTION/NOTICE OF POTENTIAL SCHEDULING CONFLICT
REGARDING DEADLINES SET FORTH IN UNIFORM SCHEDULING ORDER**

Pursuant to Section 15(D) of the Uniform Scheduling Order (Doc. 19), Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") file the following respectful objection in order to notify the Court of a potential scheduling conflict with the pretrial conference and trial term setting of this case and that of an earlier-filed case in which HMMA is a party defendant. The Defendants further state:

1. This matter is currently scheduled for pretrial conference on February 20, 2008 and trial during the term of Court commencing on March 31, 2008. (Doc. 19, Sec. 1).

2. Defendant Hyundai Motor Manufacturing Alabama, LLC is a party defendant in a matter captioned <u>Larry Smith v. Hyundai Motor Manufacturing Alabama, LLC.</u>, United States District Court for the Middle District of Alabama, Northern Division, 2:06-cv-00966-ID-SRW. The <u>Smith</u> action was filed on October 26, 2006.

3. The <u>Smith</u> case is assigned to Judge DeMent. Pursuant to the Uniform Scheduling Order entered on January 12, 2007 in the <u>Smith</u> case, that action is also set for pretrial conference on February 20, 2008 and trial during the same term of Court commencing on March 31, 2008. (<u>See</u> Exhibit A, <u>Smith</u> Doc. 7, Sec. 1).

4. Defendant HMMA acknowledges that one or both of these cases may be concluded by dispositive motion or otherwise in advance of the 2008 pretrial conference or trial date. If, however, both cases remain active through pretrial and trial date, the Defendant HMMA faces an understandable and substantial hardship in defending separate actions simultaneously.

Defendant HMMA brings this potential scheduling conflict to the Court's attention at this time and requests that, at the appropriate time, the Court consider granting appropriate relief in order to minimize any unnecessary and undue hardship placed on HMMA by trying two separate actions simultaneously.

Respectfully submitted this 8th day of June, 2007.

/s/ J. Trent Scofield

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

        Matthew K. Johnson
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        P.O. Box 2757
        Greenville, SC  29602
        Tel.: (864) 271-1300
        Fax: (864) 235-8806
        E-mail: matthew.johnson@odnss.com

        Attorneys for Defendants Hyundai Motor
        Manufacturing Alabama, LLC and
        Hyundai Motor America, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of May, 2007, I electronically filed the foregoing *Defendants' Objection/Notice of Potential Scheduling Conflict Regarding Deadlines Set Forth in Uniform Scheduling Order* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, T. Scott Kelly, and Matthew K. Johnson.

        /s/ J. Trent Scofield
        J. Trent Scofield (SCO-024)
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        One Federal Place, Suite 1000
        1819 Fifth Avenue North
        Birmingham, AL 35203-2118
        Tel.: (205) 328-1900
        E-mail: trent.scofield@odnss.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06cv966-ID |
| | ) |
| HYUNDAI MOTOR MANUFACTURING | ) |
| ALABAMA, LLC., | ) |
| | ) |
| Defendant. | ) |

### UNIFORM SCHEDULING ORDER

PLEASE READ THIS ORDER CAREFULLY.

These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with this order in a timely manner, without unnecessary requests for extensions of time. The parties also are expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://www.almd.uscourts.gov/.

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for the discovery and the filing of motions. Accordingly, it is ORDERED by this Court as follows:

SECTION 1. A pretrial hearing of this case is scheduled for the **20th day of February, 2008**, in Montgomery, Alabama, and this cause is set for trial during the term of court commencing on the **31st day of March, 2008**, in Montgomery, Alabama.[1]

SECTION 2. Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than **November 6, 2007.** A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, <u>the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document.</u> Failure to make such specific reference will result in the evidence not being considered by the court.

---

[1] The court's docket for the trial term requested by the parties is filled to capacity.

**SECTION 3.** On or before **TWENTY-ONE DAYS** after the deadline for the filing of dispositive motions, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not more than **FIVE DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation." This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial.

**SECTION 4.** Any motions to amend the pleadings and to add parties shall be filed no later than **February 15, 2007**, for Plaintiff(s) and no later than **March 15, 2007**, for Defendant(s).

**SECTION 5.** The failure to file a response to any motion -- either dispositive or non-dispositive -- within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 6.** All discovery shall be completed on or before **December 31, 2007**, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witness.

**SECTION 7.** The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. The disclosure deadline is **July 9, 2007**, for Plaintiff(s), and **September 10, 2007**, for Defendant(s).

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**SECTION 8. GENERAL PROVISIONS:**

(A) All briefs on any matter before the court must be formal in format and filed with the court. The court does not accept "letter briefs" or "letter reports."

(B) A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted

2

counsel for all other parties; and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion. A request or motion that fails to meet this requirement will be denied outright, unless the movant offers a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

(C) Any proposed order that a party desires the court to enter should be submitted to the court in both (a) an Adobe Acrobat PDF format attachment to the motion and (b) by transmitting an electronic copy of the proposed pretrial order to the court as an attachment to an email message sent to <propord_dement@almd.uscourts.gov>. For these purposes, the electronic copy should be in WordPerfect or Word format and not in Adobe Acrobat PDF format.

**SECTION 9.** No later than **THIRTY DAYS PRIOR TO THE TRIAL DATE**, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, separately identifying those whom the party expects to present and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Paragraph 7. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 10.** On or before **TWENTY-ONE DAYS PRIOR TO THE TRIAL DATE**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial. Adverse parties shall within **SEVEN DAYS THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written objections are served and filed within **ELEVEN DAYS** of the trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

SECTION 11. On or before **THIRTY DAYS PRIOR TO THE TRIAL DATE**, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written objections are served and filed no later than **TWENTY-ONE DAYS PRIOR TO THE SCHEDULED TRIAL DATE**, the evidence shall be deemed genuine and admissible in evidence. The written notice shall set forth the grounds and legal authorities. All trial exhibits must be premarked prior to trial.</u>

SECTION 12: Except to the extent of any conflict with the deadlines set out above, the Discovery Plan contained in the Report of Parties' Planning Meeting is adopted and incorporated herein.

SECTION 13. *If a jury trial:* The parties shall file any requested voir dire questions, motions in limine fully briefed, and proposed jury instructions, together with citations of law thereon, **ON OR BEFORE TWENTY-ONE DAYS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY.** Trial counsel are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

SECTION 14. In cases involving jury trials, the term **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

SECTION 15. If any party has an objection to these deadlines, the party should inform the Court within **FOURTEEN DAYS** from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless this Order is modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

DONE this 12th day of January, 2007.

/s/ Ira Dement
SENIOR UNITED STATES DISTRICT JUDGE

4