## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
|     Plaintiff, | * | |
| | * | |
| v. | * | Case Number: 2:07-cv-00306-MHT-CSC |
| | * | |
| HYUNDAI MOTOR MANUFACTURING | * | |
| ALABAMA, LLC, et al., | * | |
|     Defendants. | * | |

### MOTION TO COMPEL DEFENDANTS TO MORE
### SUFFICIENTLY RESPOND TO PLAINTIFF'S DISCOVERY REQUESTS

The Plaintiff respectfully moves the Court, pursuant to Fed. R. Civ. P. 37, for an Order

compelling the Defendants to more fully and sufficiently respond to the Plaintiff's Interrogatories

and Requests for Production.  As grounds for this motion, the Plaintiff sets forth as follows:

1.      On July 10, 2007, the Defendants responded and objected to the Plaintiff's

Interrogatories and Request for Production of Documents on Defendants.

2.      The parties have conferred in an effort to resolve the subjects of this motion.  While

some issues appear resolved, the Defendants maintain their refusal to fully and adequately respond

for significant discovery matters, resulting in the necessity of this motion.

3.      This case primarily involves the Defendants' harassment of Plaintiff and ultimate

termination of Plaintiff's employment in violation of the Uniformed Services Employment and

Reemployment Rights Act of 1994, 38 U.S.C. § 4301-4334 ("USERRA").  Specifically, a

substantial or motivating factor in the Defendants' adverse employment actions against the Plaintiff

was his service in the Alabama Army National Guard and his two tours of duty in Iraq.

4.      The specific discovery requests and responses/objections thereto, as well as

arguments for discovery of the materials requested, are set forth hereafter as follows:

**Request for Production Number 5:**

All documents relating to any other alleged violations of employees' civil rights within the State of Alabama on the part of HMMA [Hyundai Motor Manufacturing Alabama, LLC], HMA [Hyundai Motor America, Inc.] or Hyundai Motor Company, including inquiries or complaints from the EEOC and lawsuits.

**Defendant HMA's Response:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks the discovery of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant makes no response to this request with respect to or on behalf of HMMA or Hyundai Motor Company as they are legally separate and distinct entities. However, Defendant is unaware of any responsive documents related to HMMA or Hyundai Motor Company.

Subject to these objections, with the sole possible exception of this lawsuit, Defendant is unaware of any responsive documents regarding any HMMA's employees' rights under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301-4334 (hereinafter "USERRA"), which is the subject matter of this lawsuit. [alteration to original in parentheses].

**Defendant HMMA's Response:**

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant would show that, other than this lawsuit, it has not been subject to any charges or lawsuits pertaining to actual or alleged violations of [USERRA]. [alteration to original in parentheses]. ...

**Interrogatories**

**Interrogatory Number 9:**

Please identify each employee of HMMA that has made a complaint, whether to HMMA management, HMA management, Hyundai Motor Company management, or to a United States or State of Alabama governmental agency, regarding treatment at HMMA that violated the complainant's civil rights. For each such identified employee, provide the employee's name, whether the employee is still employed by HMMA, the employee's phone number, the date the complaint was made, to whom the complaint was made, and the substance of the complaint.

**Defendant HMA's Response:**

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects ... on the grounds that it is vague and

2

ambiguous because "complaint" is undefined and subject to multiple interpretations, potentially including informal "complaints" or formal written complaints. ...

Subject to these objections, with the sole possible exception of this lawsuit, Defendant is unaware of any responsive information with respect to complaints made to any member of its management or any United States or State of Alabama governmental agency with regard to any of HMMA's employees' rights under [USERRA], which is the subject matter of this lawsuit.

**Defendant HMMA's Response:**

Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Further, Defendant objects ... on the grounds that it is vague and ambiguous because "complaint" is undefined and subject to multiple interpretations, potentially including informal "complaints" of which Defendant may not be aware, or other "complaints" that Defendant cannot legally or practically be expected to know, document, or retain. ...

Subject to these objections, Defendant is unaware of any responsive information with respect to complaints made to any member of HMMA's management or to any United States or State of Alabama governmental agency with regard to any of Defendant's employees' rights under [USERRA], which is the subject matter of this lawsuit.

**Interrogatory Number 10:**

For each employee identified in 8. or 9. above that is no longer employed by HMMA, please state with particularity the reasons why the employee is no longer employed, and provide that employee's personnel file.

**Defendant HMA's Response:**

See answers to Interrogatories Nos. 8 and 9 above.  Defendant further objects to this interrogatory for the same reasons and those reasons are incorporated herein by reference. ...

Subject to these objections, other than this lawsuit, Defendant would show that it is not aware of any "complaints" ... made to its management or to any United States or State of Alabama governmental agency with regard to any of HMMA's employees' rights under [USERRA], which is the subject matter of this lawsuit.

**Defendant HMMA's Response:**

See answers to Interrogatories Nos. 8 and 9 above.  As stated in Defendant's answers to Interrogatories Nos. 8 and 9 above, Defendant objects to these interrogatories on the grounds that they are overly broad, unduly burdensome, and seeks the discovery of information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence.  Further, Defendant objects ... on the grounds that they are vague and ambiguous because "complaint" is undefined and subject to multiple interpretations. ...

Subject to these objections, Defendant would show that it is not aware of any "complaints" ... made to any United States or State of Alabama governmental agency with regard to any of Defendant's employees' rights under [USERRA], which is the subject matter of this lawsuit.

**ARGUMENT FOR ORDER TO COMPEL:**

As an initial matter, the Plaintiff has agreed to limit the time period for the requests to a period of three years prior to Defendants' termination of Plaintiff in violation of USERRA. That said, the Defendants still incorrectly maintain that such information and documents are not discoverable. Not only are these materials reasonably calculated to lead to the *discovery of* admissible evidence, they may well *be* admissible evidence.

USERRA requires the Plaintiff to prove that the Defendants had a "discriminatory motive" in firing him, i.e., that "his protected status was a motivating factor in [Defendants'] decision" to fire him. Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1238 (11th Cir. 2005). "[M]ilitary status is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that consideration." Id. (quoting *Brandsasse v. City of Suffolk, Va.*, 72 F. Supp. 2d 608, 617 (E.D. Va. 1999)).

As with all employment discrimination cases, "[c]ircumstantial evidence plays a critical part ... 'for discrimination is seldom open or notorious.'" Id. (quoting *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001)). For this reason, among others, "[c]ourts have treated discovery requests in employment discrimination cases liberally." Lyoch v. Anheuser-Busch Cos., Inc., 164 F.R.D. 62, 65 (E.D. Mo. 1995) (citing *Finch v. Hercules, Inc.*, 149 F.R.D. 60, 62 (D. Del. 1993)).[1]

---

[1]See also Miles v. Boeing Co., 154 F.R.D. 117, 119 (E.D. Pa. 1994) ("'the imposition of unnecessary limitations on discovery is especially to be avoided in Title VII cases,' because of the nature of the proofs required to demonstrate unlawful discrimination may often be **indirect and circumstantial**.") (emphasis added) (quoting *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 55 (D.N.J. 1985)); Milner v. Nat'l Sch. of Health Technology, 73 F.R.D. 628 (E.D. Pa. 1977) (in Title VII case, scope of discovery is "particularly

"Numerous cases have held that, as a general rule, evidence of discrimination against other employees is relevant to the issue of whether a defendant's employment action against an employee was motivated by intentional discrimination." Stair v. Lehigh Valley Carpenters Local Union No. 600, 813 F. Supp. 1116, 1119 (E.D. Pa. 1993) (numerous citations omitted). For example, in Anderson v. Genuine Parts Co., Inc., 128 F.3d 1267, 1272 (8th Cir. 1997), the court found that "[a]n employer's prior acts of discrimination may show the employer's state of mind at the time of the adverse employment action in question." Id. As the First Circuit Court of Appeals explained:

> "circumstantial evidence of a discriminatory atmosphere at a plaintiff's place of employment is relevant to the question of motive in considering a discrimination claim. While evidence of a discriminatory atmosphere may not be conclusive proof of discrimination against an individual plaintiff, **such evidence does tend to add 'color' to the employer's decisionmaking processes and to the influences behind the actions taken with respect to the individual plaintiff**.
>
> *   *   *
>
> Evidence of institutional state-of-mind may be presented for the consideration of the trier-of-fact because **an employer's willingness to consider impermissible factors such as race, age, sex, national origin, or religion while engaging in one set of presumably neutral employment decisions ... might tend to support an inference that such impermissible considerations may have entered into another area of ostensibly neutral employment decisions – here, an employee's termination**.

Conway v. Electro Switch Corp., 825 F.2d 593, 597-98 (1st Cir. 1987) (citations omitted) (emphasis added). See also, Phillip v. ANR Freight Sys., Inc., 945 F.2d 1054, 1056 (8th Cir. 1991) ("an employer's background of discrimination is indeed relevant to proving a particular instance of discrimination" and "such 'background evidence may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive.") (quoting *Estes v. Dick Smith Ford, Inc.*, 856 F.2d 1097, 1103 (8th Cir. 1988)). Hawkins v. Hennepin Technical

---

broad") (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300 (5th Cir. 1973)).

<u>Center</u>, 900 F.3d 153 (8th Cir.), *cert. denied*, 498 U.S. 854 (1990) ("Because an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial.") (citations omitted).

The Plaintiff should be entitled to discovery of information and materials relating to prior complaints, and related materials and information, of Defendants' civil rights violations or discrimination for the three years prior to Plaintiff's termination since these requests are reasonably calculated to lead to the discovery of, and may indeed be, admissible evidence.

**Conclusion**

Based on the foregoing, the Plaintiff respectfully moves the Court for an Order compelling the Defendants to provide more complete, sufficient responses to the foregoing discovery requests. Additionally, the Plaintiff requests an award, pursuant to Fed. R. Civ. P. 37 of the Plaintiff's reasonable expenses incurred in making this motion, including attorneys' fees.

Dated:        September 11, 2007.

Respectfully submitted,

/s/ W. Perry Hall
VINCENT F. KILBORN, III
W. PERRY HALL (HALLW9043)
JEFFREY R. SPORT
Kilborn, Roebuck & McDonald
1810 Old Government Street
Mobile, Alabama 36606
Tele: 251/479-9010
Fax: 251/479-6747
E-mail: wph@krmlaw.com

OF COUNSEL:

David A. McDonald
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

## CERTIFICATE OF CONFERENCING

I hereby certify that the Plaintiff has in good faith conferred with the Defendants in an effort to secure the subject discovery without court action.

/s/ W. Perry Hall
W. PERRY HALL (HALLW9043)

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on counsel of record on September 11, 2007 by filing on the CMF/ECF system, which will transmit a copy to the following:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
Post Office Box 2757
Greenville, SC 29602

/s/ W. Perry Hall
COUNSEL