IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case Number: 2:07-cv-00306-MHT-CSC |
| | * | |
| HYUNDAI MOTOR MANUFACTURING | * | |
| ALABAMA, LLC, et al., | * | |
| | * | |
| Defendants. | * | |

## MOTION FOR ORDER ESTABLISHING SEQUENCE OF DEPOSITIONS

The Plaintiff hereby respectfully moves the Court, pursuant to Fed. R. Civ. P. 26(d), for an Order establishing the Sequence of Depositions whereby the Plaintiff may depose Defendants' two main fact witnesses and its corporate representative who signed an affidavit in support of a motion to dismiss, followed immediately by Defendants' deposition of the Plaintiff. As grounds for this motion, the Plaintiff sets forth as follows:

1.  The Defendant Hyundai Motor America, Inc. ("HMA"), filed a motion to dismiss on May 3, 2007, asserting that it had no relationship with nor liability to the Plaintiff. The next day the Plaintiff noticed the 30(b)(6) depositions of HMA and Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA") as well as the deposition of Wendy Warner who signed an affidavit which was filed by HMA in support of its motion to dismiss.

2.  On May 8, 2007, the Court denied HMA's motion to dismiss, thereby alleviating the immediate need for the depositions noticed on May 4.

3. Also on May 8, 2007, Plaintiff notified Defendants that once the discovery plan was complete, Plaintiff wanted to proceed with the three depositions already noticed, as well as depositions of five fact witnesses: Greg Prater (one of the main actors of the harassing activity); Jim Brookshire (the HMMA employee that allegedly observed Plaintiff asleep on the job); Kevin Hughes (an HMMA team leader and another actor of harassing activity); John Applegate (the American maintenance senior manager who ratified Prater's and Hughes' conduct); and Mr. Moon (Korean head of maintenance).

4. Defendants have steadfastly maintained that they will not allow the Plaintiff to take depositions of any fact witnesses until Defendants have deposed the Plaintiff. In support of their position, Defendants have stated, at various times, that: (i) this is a local rule in the Middle District of Alabama; (ii) this is the common practice in the Middle District; (iii) this is Defendants' common practice; and now, as discussed below (iv) it is fundamentally unfair for defense witnesses to defend themselves in the absence of sworn allegations by the Plaintiff.

5. During mid-August the parties conferred regarding the sequencing of depositions. In an effort to resolve the impasse, the Plaintiff offered to take the depositions of Wendy Warner (mentioned above), as well as of Greg Prater and Jim Brookshire, the two main actors of the Defendants, followed immediately by the Defendants' deposition of the Plaintiff. The Defendants refused, stating that they must take the Plaintiff's deposition prior to offering any of their witnesses for deposition.

6. For their position, the Defendants have cited the Plaintiff to a 1978 New York lower state court case, Allis-Chalmers Corp. v. United States Steel Corp., 405 N.Y.S. 2d 924, 925 (Sup. Ct. N.Y.S. Co. 1978). That case, however, dealt with the court's application of a rule specific to New York allowing the defendant to take the plaintiff's deposition first. As the New York courts have

noted, "outside of the special priority in favor of defendant under CPLR 3106..., the **normal rule** is that the party first to initiate discovery will gain priority thereof." Klevens Constr. Co., Inc. v. State of New York, 383 N.Y.S. 844, 844-45 (N.Y. Ct. Cl. 1976).

5.     In any event, the Federal Rules, specifically Fed. R. Civ. P. 26(d), "eliminate any fixed priority in the sequence of discovery, and ... make clear and explicit the court's power to establish a priority by an order issued in a particular case." Fed. R. Civ. P. 26(d) advisory committee's notes. An order "regarding the sequence of discovery is at the discretion of the trial judge." Occidental Chem. Corp. v. OHM Remediation Servs., 168 F.R.D. 13, 14 (S.D.N.Y. 1995) (citing *Cruden v. Bank of New York*, 957 F.2d 961, 972 (2d Cir. 1992)).

6.     The Plaintiff should be entitled to proceed with the deposition of the Defendants' two main fact witnesses and Ms. Warner because (i) the Plaintiff requested depositions first; (ii) it is within the Court's discretion to allow it and it is not inconsistent with the *Federal Rules of Civil Procedure*; and (iii) Plaintiff's deadlines under the scheduling order consistently occur before the Defendants' deadlines.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully moves the Court to enter an order allowing the Plaintiff to take the depositions of Ms. Warner and Mssr.'s Prater and Brookshire immediately prior to Defendants' deposition of Plaintiff, or otherwise sequencing depositions as the Court sees fit.

Dated: September 11, 2007.

                          Respectfully submitted,

        /s/ Jeffrey R. Sport_____
JEFFREY R. SPORT
VINCENT F. KILBORN, III
W. PERRY HALL (HALLW9043)
Kilborn, Roebuck & McDonald
1810 Old Government Street
Mobile, Alabama 36606
Tele: 251/479-9010
Fax: 251/479-6747

OF COUNSEL:

David A. McDonald
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

## CERTIFICATE OF CONFERENCING

     I hereby certify that the Plaintiff has conferred with the Defendants in an effort to resolve the dispute without court action.

        /s/ Jeffrey R. Sport_____
        JEFFREY R. SPORT

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing on counsel of record on September 11, 2007 by filing on the CMF/ECF system, which will transmit a copy to the following:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL  35203-2118

Matthew K. Johnson, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
Post Office Box 2757
Greenville, SC  29602

                                                    /s/ Jeffrey R. Sport_____
                                                COUNSEL