IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JERRY LEON DEES, JR.,** )<br>)<br>   **Plaintiff,** )<br>)<br>vs. )<br>)<br>**HYUNDAI MOTOR MANUFACTURING** )<br>**ALABAMA, LLC, and HYUNDAI MOTOR** )<br>**AMERICA, INC.,** )<br>)<br>   **Defendants.** ) | **CASE NO.**<br>**2:07-cv-00306-MHT-CSC** |

**HYUNDAI MOTOR AMERICA, INC.'S RESPONSE**
**TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW Defendant, Hyundai Motor America, Inc. ("Defendant"), by and through its undersigned counsel, and herewith responds to the Motion to Compel (Doc. 28) filed on September 11, 2007 by Plaintiff Jerry Leon Dees, Jr.'s ("Plaintiff") as follows:

**I.   INTRODUCTION**

Plaintiff's Complaint sets forth claims strictly limited to alleged: 1) violations of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301-4334 ("USERRA"), 2) common law outrage, and 3) conversion of personal items. (*See*, Complaint, ¶¶ 18-22, 23-27, and 28-29.) Defendant has denied the allegations contained in the Complaint related to alleged violation of Plaintiff's USERRA rights. (Answer, ¶¶ 18-22.) Neither Plaintiff's Complaint nor the defenses asserted by Defendant expand the relevant scope of discovery by raising issues to pertaining to "civil rights" other than Plaintiff's USERRA claims. (*See*, Complaint, *generally*; Answer, ¶¶ 31-39.) Regardless, Plaintiff seeks to compel

discovery from Defendant Hyundai Motor America, Inc. ("HMA"), Defendant, Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), and to some extent Hyundai Motor Company[1] (referenced in Plaintiff's Request for Production No. 5), which is not even a party to this lawsuit, related to all "civil rights," including age, sex, race, national origin, etc.

Plaintiff's employer, HMMA, has properly responded to Plaintiff's to the extent his requests pertain to the USERRA claims against it.[2] As indicated in its responses, Defendant HMA is not in possession of relevant, responsive information or documents other than as identified or produced by HMMA. HMMA has had no other "complaints," charges, or lawsuits filed against it pertaining to its employees' USERRA rights. As a result, Plaintiff seeks to direct his discovery efforts to other unrelated and wholly irrelevant, topics and to entities such as Defendant HMA who never employed Plaintiff and were not responsible for the decisions related to his termination. Such discovery far exceeds permissible bounds authorized under Rule 26(b)(1).

## II.   DISCUSSION/APPLICABLE LAW

As discussed below, (a) the discovery sought by Plaintiff is not relevant; (b) other courts have prohibited similar discovery requests; (c) the cases cited in Plaintiff's motion to compel are inapplicable; and (d) Plaintiff's subject requests are clearly overly broad.

---

[1] Plaintiff presumably means Hyundai Motor Company, Ltd., Defendant's Korean parent company. As stated in Defendant's Answer, Plaintiff was never employed by Defendant. (Complaint, ¶ 5.) Similarly, Plaintiff has made no allegations that he was an employee of Hyundai Motor Company, Ltd. Indeed, Plaintiff simply alleges he was an employee of HMMA. (Complaint, ¶ 1.)

[2] Consistent with the requirements of Local Rule 37.1, Defendant has attached as **Exhibit A** a verbatim recitation of Requests for Production Nos. 5 and 10, Interrogatories Nos. 8, 9, and 10, and Defendant's complete responses and objections to each.

### A. The Discovery Sought by Plaintiff is Not Relevant

Plaintiff's own Motion confirms that this case primarily involves issues related to USERRA. (Plaintiff's Motion to Compel, ¶ 3.) Indeed, as suggested by Plaintiff, whether Plaintiff's service in the Alabama Army National Guard or his two tours of duty in Iraq were a motivating factor in his termination is the real issue in this case. *Id.* Regardless, Plaintiff wishes to conduct discovery on other civil rights issues that are unrelated to Plaintiff's employment or termination and unrelated to whether or not uniformed services protected under USERRA were violated with respect to Plaintiff or other employees.

Further, Defendant should not be required to respond further to Plaintiff's discovery requests because Plaintiff was never employed by Defendant. (*See*, Answer, ¶ 5.) Plaintiff's Complaint merely alleges that Plaintiff was employed by HMMA. (*See*, Complaint, ¶ 1.) Defendant was therefore not responsible for HMMA's apparent decision to terminate Plaintiff's employment. Accordingly, issues pertaining to civil rights matters at Defendant are irrelevant to whether Plaintiff's uniformed service was a motivating factor in his termination as required by USERRA. Defendant cannot be said to be guilty of any relevant or discriminatory animus when it was not involved in Plaintiff's termination.

Plaintiff's refusal to limit discovery to issues pertaining to USERRA matters necessarily requires discovery of matters that are not relevant to any claim or defense in this case. This fails to account for the fact that Rule 26(b)(1) specifically defines the scope of discovery to "any matter, not privileged, that is <u>relevant to the claim or defense of any party</u>." (emphasis added.) Additionally, as discussed in the Advisory Committee's Notes on the 2000 amendment, the current language limiting discovery to matters "relevant to the claim or defense of any party" are significantly different in the scope of the former "subject matter" language. The Advisory

Committee's Notes make it clear that discovery should be relevant to a party's claim or defense and, further, that the Court has the "authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." (Advisory Committee's Notes to Rule 26(b), 2000 amendment.) Accordingly, because Plaintiff's claims allege violations of USERRA, and Defendant's asserted defenses do not raise issues related to other civil rights, discovery should be limited to relevant USERRA matters.

  **B.**  **The Courts that have Addressed Similar Situations have Prohibited such Discovery**

  Other courts that have considered whether a plaintiff may conduct discovery in employment cases that are not directly related to the specific claims and defenses as pled by the parties have held such discovery to be improper. For instance, in *Prouty v. National R. Passenger Corp.*, 99 F.R.D. 545 (D.D.C. 1983), the district court denied the employee's request for discovery that was not relevant to the complaint, which alleged age discrimination. Specifically, the court held, "Because plaintiff only alleges age discrimination, he is not entitled to any information pertaining to race." *Prouty*, 99 F.R.D. at 546.

  In *Johnson v. Jung*, 2007 WL 1752608, *1 (N.D.Ill. 2007), plaintiff filed suit claiming that she was discriminated against by the defendants due to her race, ethnicity, and national origin. Plaintiff propounded an interrogatory request seeking "all internal and external EEOC complaints." *Id.* In addressing plaintiff's motion to compel defendant to produce that information, the Court held: "Interrogatories seeking disclosure of every conceivable type of discrimination ever made against a defendant are generally deemed overly broad and impermissible." *Id.*, *Citing Sallis v. University of Minn.*, 408 F.3d 470, 478 (8th Cir. 2005)(a request for all complaints of discrimination deemed overly broad); *Robbins v. Camden City Bd.*

*of Educ.*, 105 F.R.D. 49, 55 (D. N.J. 1985) (since the plaintiff's allegations only cover race and age discrimination and never mention sex discrimination, that inquires into sex discrimination are "irrelevant"); 6 James Wm. Moore et al., *Moore's Federal Practice* § 26.46[7][a] (3d ed. 2007).

The *Jung* court further noted, "[Plaintiff's] interrogatory could not be more oceanic. It asked for *all* alleged unequal employment practices, which, of necessity would include ADA claims, sexual orientation claims, age claims, sex discrimination claims, and every other imaginable practice that could be deemed an 'unequal employment practice.'" *Id.* at *1. Accordingly, the court flatly denied plaintiff's motion to compel for the production of "all internal and external EEOC complaints." *Id.* at *2.

Similarly, in *Rossbach v. Rundle*, 128 F.Supp.2d 1348 (D.Fla. 2000), the district court noted that the plaintiff's discovery "simply exceeded the bounds of permissible discovery." The district court stated that:

> In a sexual harassment claim based upon an allegedly hostile work environment … the relevant issues are (1) acts of alleged sexual harassment the plaintiff personally perceived and (2) acts of sexual harassment that the employer was or should have been aware of…. Despite these limitations, Plaintiff's discovery requests have inquired into every conceivable office rumor from the [employer], with little or no regard for the subject matter of those rumors.

*Rossbach*, 128 F.Supp.2d at 1353. The district court thus ordered the plaintiff as follows:

> <u>Plaintiff is henceforth prohibited from pursuing discovery of subject matters not reasonably related to proving the elements of her claims</u> (i.e., her claim of sexual harassment based upon a hostile work environment and her retaliation claim). Permissible subjects of discovery include: (1) facts related to the instances of alleged sexual harassment personally perceived by Plaintiff, as explained in her complaint; (2) the knowledge of Plaintiff's superiors … of instances of alleged sexual harassment … during Plaintiff's employment; and (3) the motivation for Plaintiff's transfer … and subsequent termination. <u>Plaintiff shall strictly confine her discovery</u>

5

<u>requests to matters bearing directly on her claims as set forth in her complaint</u>.

128 F.Supp.2d at 1353 (emphasis added). Plaintiff in this case should similarly be prohibited from pursuing discovery of matters unrelated to the elements of his USERRA claim.

Courts have also prevented the admissibility of such irrelevant evidence at trial. Extraneous evidence of other alleged illegal motivations would be erroneous because it does not directly relate to the issue in the case. *See EEOC v. HBE Corp.*, 135 F.3d 543, 552 (8th Cir. 1998)(in race discrimination case, evidence of religious bias "should have been excluded because it was not directly related to the issue in the case"); *Crowe v. Wiltel Communications Systems*, 103 F.3d 897, 900 (9th Cir. 1998)("Crowe alleged that the defendants discriminated against her based on her gender. Since evidence of sexual orientation and race discrimination did not relate directly to any issue at trial, the district court did not abuse its discretion in excluding this evidence.").

### C. The Cases Cited by Plaintiff are Inapplicable and Wholly Distinguishable

Plaintiff cites a number of cases to suggest that he should be entitled to discovery of "other civil rights" and "claims" on the grounds that prior discrimination adds "color" to Plaintiff USERRA claim. However, this argument fails for a number of reasons. First, each of the cases cited on pages 4-6 of Plaintiff's Motion predate the 2000 amendment to Rule 26 and, accordingly, would necessarily fail to have considered the Supreme Court's decision to include the "relevant to the claim or defense of any party" language, as opposed to the broader language in prior versions of the Rule.

Furthermore, each of the cases cited by Plaintiff are inapplicable and wholly distinguishable when compared to the facts of the present situation. None of the cases cited by

6

Plaintiff required or allowed discovery on civil rights issues unrelated to the plaintiff's claims. For instance, Plaintiff cites *Conway v. Electro Switch Corp.*, 825 F.2d 593 (1st Cir. 1987), for the assertion that evidence of a discriminatory atmosphere in the workplace add "color" to the employer's decision-making process. However, *Conway* concerned claims of sex and age discrimination in which the trial court allowed testimony by management employees related to the pay of female employees, over the employer's objection and motion *in limine*. *Conway*, 825 F.2d at 596. The issue in that case did not in anyway involve the discoverability of information or documents unrelated to the plaintiff's specific claims of sex and age discrimination. In no way does *Conway* stand for the proposition that a plaintiff with, for instance, age or sex claims is entitled to conduct discovery on issues unrelated to age or sex, such as national origin or race for example.

Plaintiff also cites *Phillip v. ANR Freight Systems, Inc.,* 945 F.2d 1054 (8th Cir. 1991), for the proposition that an employer's past discrimination may be relevant to a particular instance. However, Plaintiff fails to note that, as with *Conway*, the focus in *Phillip* was within a single area. In *Phillip*, the plaintiff brought an age discrimination suit. The relevant issue decided by the Eighth Circuit was whether evidence of other age discrimination lawsuits filed against the employer were admissible at trial. *Phillip*, 945 F.2d at 1055, 1056. The Eighth Circuit found that the trial court erred in excluding evidence of prior age discrimination lawsuits; however, the Eighth Circuit did not allow or consider evidence of other alleged "civil rights" violations. *Phillip* simply cannot be read to suggest that Plaintiff is entitled to conduct discovery on matters other that USERRA issues. Rather, *Phillip* simply stands for the proposition that other USERRA matters may be relevant and admissible in this case, which Defendant has not denied at least to the extent that Plaintiff seeks discovery of other USERRA issues pertaining to

Defendant, his employer. Indeed, Defendant has properly responded to Plaintiff's requests with respect to relevant USERRA matters.

Next, Plaintiff cites *Hawkins v. Henneppin Technical Center,* 900 F.2d 153 (8th Cir. 1990), to support a claim for broad civil rights discovery in the limited context of his USERRA claim. Again, *Hawkins* involved limited civil rights claims and a finding by the court allowing evidence of related acts in a similarly <u>limited</u> area. The plaintiff in *Hawkins* alleged gender discrimination and retaliation following complaints of sexual harassment. *Hawkins,* 900 F.2d at 153. On appeal, the plaintiff argued the Magistrate erred in excluding "evidence tending to show a climate of sexual harassment and retaliation...", i.e. the very same subject matter as her claims. 900 F.2d at 153. In no way did *Hawkins* involve any efforts to conduct discovery on, or offer at trial, evidence of civil rights issues outside the narrow scope of gender discrimination, retaliation, and sexual harassment that were specifically raised in the plaintiff's complaint. *Hawkins* simply does not stand for the proposition, which Plaintiff would have this Court believe, that discovery in a USERRA claim on issues wholly unrelated to USERRA matters is appropriate or relevant.

      D.     <u>**Plaintiff's Subject Requests are Clearly Overly Broad**</u>

Defendant further notes that Plaintiff makes no attempt to limit his challenged written discovery requests for "civil rights" claims to any department within Defendant's facility[3] or to any alleged decision-maker. Instead, his request covers multiple departments and applies to more than Defendant's 2,900 team members. Defendant has appropriately objected regarding this overly broad scope, which has no possible relevance to either the department in which Plaintiff was employed or the challenged decisionmakers in this case. *See e.g.*, *Sallis v.*

---

[3] <u>See</u>, <u>e.g.</u>, Exhibit A, Interrogatory Nos. 9 and 10.

8

*University of Minn.*, 408 F.3d 470, 477-78 (8th Cir. 2005) (university employee's request for information on every allegation of employment discrimination against university, by all complainants in all departments, was overly broad and unduly burdensome in Title VII action); *Carman v. McDonnell Douglas Corp.*, 114 F.3d 790 792 (8th Cir. 1997) ("Companywide statistics are usually not helpful in establishing pretext in an employment discrimination case, because those who work make employment decision vary across divisions").

In addition, Plaintiff seeks all "civil rights" complaints made to Hyundai Motor Company, Ltd. which is the parent company of Defendant Hyundai Motor America, Inc. and which employs tens of thousands employees throughout the world, including employees who work at its plants in Korea, China, India, Turkey, and the Czech Republic. Obviously, this discovery requests is completely overly board.[4]

### III. CONCLUSION

In sum, Plaintiff's Motion to Compel discovery on issues that are not related to Plaintiff's claim or Defendant's defenses should be denied. The matters related to Plaintiff's USERRA claims are relevant and discovery of wholly unrelated "civil rights" matters is not relevant and beyond the scope of discovery contemplated in Rule 26(b)(1). As Plaintiff's motion states, the focus of this case is whether, under USERRA, Plaintiff's uniformed service was a motivating factor in his termination. Thus, to avoid a protracted and expensive litigation,[5] this Court should

---

[4] In addition, this discovery request seeks irrelevant information that is not likely to lead to the discovery of admissible evidence and would be unduly burdensome (if not virtually impossible) for Defendant to produce.

[5] This Court has previously noted that burdensome discovery may be a problem given that an "unfortunate consequence of our liberal discovery rules is that lawyers often attempt to bury opposing counsel in paperwork...." *Rowlin v. Ala. Dept. of Public Safety*, 200 F.R.D. 459 (M.D.Ala. 2001). This Court noted that "[t]his is particularly true in the employment law content, where it is universally known that a vindictive employee, and aggressive lawyer and a

9

limit discovery to matters related to USERRA, the basis of Plaintiffs claims and Defendant's defenses. Further, Plaintiff Dees was never even employed by Defendant Hyundai Motor America, Inc.

Dated this 27th day of September, 2007.

s/ J. Trent Scofield
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendant Hyundai Motor America, Inc.

---

couple stray comments are all that one needs to embroil an employer in protracted, expensive litigation." *Rowlin,* 200 F.R.D. at 461.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of September, 2007, I electronically filed the foregoing *Defendant Hyundai Motor America, Inc.'s Response to Plaintiff's Motion to Compel* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport.

        /s/ J. Trent Scofield
        J. Trent Scofield (SCO-024)
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        One Federal Place, Suite 1000
        1819 Fifth Avenue North
        Birmingham, AL 35203-2118
        Tel.: (205) 328-1900
        Fax: (205) 328-6000
        E-mail: trent.scofield@odnss.com

## Exhibit A: HMA Discovery Response Excerpts

INTERROGATORY:

      8.    Please identify each employee of HMMA that has made a complaint against Greg Prater, Kevin Hughes or John Applegate. For each such identified employee, provide the employee's name, whether the employee is still employed by HMMA, the employee's phone number, the date the complaint was made, to whom the complaint was made, and substance of the complaint.

ANSWER:

      Upon information and belief, this request is not directed toward Defendant and, therefore, no response is required from it. However, to the extent a response is required, Defendant is not in possession of any information responsive to this interrogatory other than any information provided by HMMA. Further, Defendant makes no response to this request with respect to or on behalf of HMMA as it is a legally separate and distinct entity.

INTERROGATORY:

      9.    Please identify each employee of HMMA that has made a complaint, whether to HMMA management, HMA management, Hyundai Motor Company management, or to a United States or State of Alabama governmental agency, regarding treatment at HMMA that violated the complainant's civil rights. For each such identified employee, provide the employee's name, whether the employee is still employed by HMMA, the employee's phone number, the date the complaint was made, to whom the complaint was made, and the substance of the complaint.

ANSWER:

      Defendant objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks the discovery of information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant objects to this interrogatory on the grounds that it is vague and ambiguous because "complaint" is undefined and subject to multiple interpretations, potentially including informal "complaints" or formal written complaints. Defendant makes no response to this request with respect to or on behalf of HMMA or Hyundai Motor Company as they are legally separate and distinct entities. However, Defendant is unaware of any responsive information with respect to complaints made to the management of HMMA or Hyundai Motor Company.

      Subject to these objections, with the sole possible exception of this lawsuit, Defendant is unaware of any responsive information with respect to complaints made to any member of its management or any United States or State of Alabama governmental agency with regard to any of HMMA's employees' rights under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301-4334, which is the subject matter of this lawsuit.

INTERROGATORY:

10. For each employee identified in 8. or 9. above that is no longer employed by HMMA, please state with particularity the reasons why the employee is no longer employed, and provide that employee's personnel file.

ANSWER:

See answers to Interrogatories Nos. 8 and 9 above. Defendant further objects to this interrogatory for the same reasons and those reasons are incorporated herein by reference. Further, Defendant makes no response to this request with respect to or on behalf of HMMA or Hyundai Motor Company as they are legally separate and distinct entities.

Subject to these objections, other than this lawsuit, Defendant would show that it is not aware of any "complaints" made by any of HMMA's employees against Greg Prater, Kevin Hughes, or John Applegate or made to its management or to any United States or State of Alabama governmental agency with regard to any of HMMA's employees' rights under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301-4334, which is the subject matter of this lawsuit.

REQUEST:

5. All documents relating to any other alleged violations of employees' civil rights within the State of Alabama on the part of HMMA, HMA or Hyundai Motor Company, including inquiries or complaints from the EEOC and lawsuits.

RESPONSE:

Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, and seeks the discovery of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, Defendant makes no response to this request with respect to or on behalf of HMMA or Hyundai Motor Company as they are legally separate and distinct entities. However, Defendant is unaware of any responsive documents related to HMMA or Hyundai Motor Company.

Subject to these objections, with the sole possible exception of this lawsuit, Defendant is unaware of any responsive documents regarding any of HMMA's employees' rights under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301-4334, which is the subject matter of this lawsuit.

REQUEST:

10. All communications or other documents relating to or received from the Alabama Army National Guard or any other arm of the United States or State of Alabama military relating

13

to the proper treatment of HMMA or HMA employees serving in the armed forces, publication of drill dates and times, or communications for any other reason.

RESPONSE:

      Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous and seeks the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, to the extent that the Army National Guard or any arm of the United States armed forces publishes information concerning employees' rights and obligations under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301-4334, Defendant would show that such information is equally available to Plaintiff.

5207856.1