**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:07-cv-00306-MHT-CSC** |
| | ) | |
| **HYUNDAI MOTOR MANUFACTURING** | ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** | ) | |
| **AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER TO
ESTABLISH SEQUENCE OF DEPOSITIONS**

COME NOW Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and

Hyundai Motor America, Inc. ("HMA") and file this response to Plaintiff's Motion for Order to

Establish Sequence of Depositions.  For the reasons set forth below, the deposition of Plaintiff

should be set before the depositions of any of Defendants' witnesses or employees:

I.      **PROCEDURAL AND FACTUAL BACKGROUND**

1.      Plaintiff filed this lawsuit against HMA and HMMA on April 10, 2007, alleging

that Defendants violated provisions of Uniformed Services Employment and Reemployment

Rights Act ("USERRA"), 38 U.S.C. § 4303 *et seq.*  In response to Plaintiff's Complaint,

Defendant HMMA filed an Answer, and, on May 3, 2007, HMA filed a Motion to Dismiss

because it was not a proper party to the suit because it had not ever employed Plaintiff.[1]

---

[1] Ms. Wendy Warner, Manager of HMMA's Employment Department, signed a declaration regarding Plaintiff's
employment status with HMMA in support of HMA's Motion to Dismiss.

2.      One day after HMA filed its Motion to Dismiss (and before the Rule 26 Parties'
Planning Meeting and the entry of the Scheduling Order in this case), Plaintiff served Rule
30(b)(5) and (6) Notices of Deposition for HMA and HMMA corporate representatives and a
Notice of Deposition along with a document request for Wendy Warner.[2]  (Copies of these
Notices of Deposition are attached hereto as Exhibit A). The areas of examination for all three
aforementioned notices centered on the relationship between HMA and HMMA and did not
address any of Plaintiff's factual allegations set forth in his Complaint.  *See* Exhibit A.

3.      The Court denied HMA's Motion to Dismiss on May 8, 2007 and, on the same
day, Plaintiff expressed his desire to depose five of Defendants' employees (including several
managers): (1) Jim Brookshire; (2) Greg Prater; (3) Kevin Hughes; (4) John Applegate; and, (5)
Mr. Moon, but did not serve Notices of Deposition.  *See* Correspondence from Plaintiff's counsel
of May 8, 2007 attached hereto as Exhibit B.

4.      On May 14, 2007, the parties held a Parties' Planning Meeting and this Court
entered the Scheduling Order on May 25, 2007.  *See* Court Docs. 18, 19.

5.      The parties have discussed the issue of deposition order as early as May 2007
when Plaintiff served the invalid corporate representative depositions and as late as September 5,
2007 through written correspondence. *See* Correspondence from Plaintiff and Defense Counsel
attached hereto as Exhibit C; *see also* Exhibit B.  Throughout these discussions, Defendants have
consistently maintained that they should be able to depose Plaintiff first and that Plaintiff's

---

[2]  Plaintiff issued these deposition notices without first consulting with Counsel for Defendant in contradiction of
this Court's Guidelines to Civil Discovery Practice in the Middle District of Alabama. *See* Guideline IA ("A
telephone call or letter is appropriate before filing a notice of deposition or motion to compel discovery.");
Guideline IIA  ("A courteous lawyer is normally expected to accommodate the schedule of opposing lawyers.  In
doing so, he can either prearrange a deposition or notice the deposition while at the same time indicating a
willingness to be reasonable about any necessary rescheduling").

Notices of Deposition were invalid due to the fact that they were served prior to the Parties'
Planning Meeting.  *See* Exhibit C.

6.     On August 30, 2007, HMA and HMMA served a deposition notice for Plaintiff
for October 17, 2007.[3]  *See* Correspondence from Defense Counsel and Notice of Deposition of
Plaintiff attached hereto as Exhibit D.  The very next day, without consulting Counsel for
Defendant as to their availability, Plaintiff served deposition notices for Jim Brookshire, Greg
Prater and Wendy Warner for September 20, 2007.[4]  *See* Correspondence from Plaintiff's
counsel and Notice of Deposition of Jim Brookshire, Greg Prater and Wendy Warner attached
hereto as Exhibit E.  In response, HMA and HMMA informed Plaintiff that that they intended to
depose Plaintiff prior to the depositions of Brookshire, Prater and Warner and that counsel for
Defendants were unavailable for depositions on that day.   *See* Correspondence from Defense
Counsel dated September 5, 2007 at Exhibit C.  Defendants HMMA and HMA requested that
Plaintiff inform them of his intentions regarding deposition order in this case by September 12,
2007.  *See* Exhibit C.   Instead, Plaintiff filed the Motion to Establish Sequence of Depositions
on September 11, 2007.[5]

7.     In his Motion to Establish Sequence of Depositions, Plaintiff contends that he
should be able to depose Wendy Warner, Greg Prater and Jim Brookshire prior to Defendants

---

[3]  Defendants served this deposition notice without first consulting Plaintiff as to the date of the deposition because
the parties could not agree on dates for deposition, Plaintiff's counsel had expressed their unavailability for the first
two weeks of October, and the dispositive motion and discovery deadlines were fast approaching.  In the letter
accompanying the deposition notice, Counsel for Defendants offered to change the date for a more convenient time
for the Plaintiff.  *See* Exhibit C.   Defendant's counsel's willingness to be reasonable about any necessary
rescheduling is consistent with this Court's Guidelines to Civil Discovery Practice in the Middle District of
Alabama. *See* Guideline IIA  ("A courteous lawyer is normally expected to accommodate the schedule of opposing
lawyers.  In doing so, he can either prearrange a deposition or notice the deposition while at the same time indicating
a willingness to be reasonable about any necessary rescheduling").
[4]  *See* footnote 2.  It should be noted that Counsel for Plaintiff dated the Certification of Service as "August 30,
2007"  However, he did not serve the deposition notice until August 31, 2007. *See* Exhibit E.  Counsel for Plaintiff
acknowledged that he actually served it on August 31, 2007 in his August 31, 2007 letter.
[5]  *See* footnote 2.

examining Plaintiff because (1) Plaintiff requested depositions first; (2) doing so is consistent with the Federal Rules of Civil Procedure; and, (3) Plaintiff's deadlines under the scheduling order occur before Defendants' deadlines.   However, as discussed below, these reasons are fatally flawed.

## II.  ARGUMENT

### A.     Fundamental Fairness Requires that Plaintiff's Deposition Be Taken First.

It is fundamentally unfair for HMMA and HMA to be forced into defending themselves in a deposition in the absence of any sworn allegations by Plaintiff.  *See Allis-Chalmers Corporation v. United States Steel Corp.*, 405 N.Y.S. 2d 924, 925 (Sup. Ct. N.Y.S. Co. 1978) (recognizing that defendant is "blameless until proven otherwise, and is entitled to examine first to ascertain what the case is about.")  Indeed, there is a general rule that it is preferable that a defendant be afforded the first right to depose Plaintiff to learn Plaintiff's exact claims. *See Reading-Sinram-Street Coals, Inc. v. Metropolitan Petroleum Corp.*, 21 F.R.D. 333, 334 (S.D.N.Y. 1958) ("a plaintiff may serve a vague and general complaint and the defendant should have an opportunity early in the proceedings to find out the real basis upon which the plaintiff is proceeding, which can only be done by the deposition and discovery procedure."); *see also Golla v. City of Bossier City*, 2007 WL 2253416 *1 (W.D. La. Aug. 1, 2007) ("Plaintiffs filed this lawsuit and, having the burden of proof, will be required to present their evidence at trial first.  It is not unfair to require them to be deposed first.")

If Plaintiff is not deposed first, Defendants will be forced to rely solely upon Plaintiff's Complaint that provides almost no detail on several significant issues including the various elements of damages he seeks to recover and his efforts to mitigate his damages.  This lack of

4

detail leaves Defendants, to their prejudice, without sufficient notice of the specifics of the claims they are being forced to defend against. Simply put, Defendants should be able to learn the substance of the claims Plaintiff alleges against them prior to defending against the vague references to purported discriminatory practices in Plaintiff's Complaint. *See Golla*, 2007 WL 2253416 *1 (W.D. La. Aug. 1, 2007).

Allowing Plaintiff to first depose Defendants witnesses and employees would allow Plaintiff to curtail his testimony. *See Miles v. M/V Mississippi Queen*, 753 F.2d 1349 (5th Cir. 1985) ("there is a legitimate interest in receiving a version of the party's testimony which has not been tailored to conform to an earlier statement.") To avoid Plaintiff conforming his testimony after being given the benefit of hearing Defendants' position, Defendants must be allowed to depose Plaintiff first.

Accordingly, fundamental fairness allows Defendants to depose Plaintiff first so they can adequately defend themselves in this action.

**B.      Plaintiff's Reliance Upon the "Priority Rule" Is Misplaced.**

To support his position of deposing HMA and HMMA witnesses before he sits for deposition, Plaintiff has relied on the erroneous assertion that he noticed the HMA and HMMA depositions first. In other words, Plaintiff has relied upon the "priority rule" to establish deposition order in this case. Before 1970, federal cases granted priority in the order of depositions to the party who issued the first notice. *See* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2045 (1994). An example of why the "priority rule" is ineffective is found in *Caldwell-Clements, Inc. v. McGraw Hill Pub. Co.*, 11 F.R.D. 156 (D.C.N.Y. 1951). In *Caldwell*, both of the parties sought to take advantage of the

priority rule by serving their respective notices of deposition at the earliest possible stage – with the defendant even filing its notices before it answered the complaint – and then seeking court orders vacating each other's notices. *Id*. Reviewing this "hastily bombardment of papers," the court pointed out the flaw in the priority rule that Plaintiff relies on – "The rule of 'first come-first served' has converted what was intended as an orderly process for the preparation for trial into a game of strategy and jockeying for position. The problem of adequate preparation for trail seems to have been relegated to a subordinate position." *Id*. at 157-58.

Plaintiff's reliance upon this rule is illogical given that in his own Motion Plaintiff admits that the priority rule has been abandoned and that there is no "fixed priority" in the sequencing of depositions. *See* Fed.R.Civ.P. 26(d). Nevertheless, Plaintiff's reliance upon the priority rule is misplaced for several significant reasons. First, Plaintiff fails to recognize that he technically did not send the first deposition notice in this case because the ones sent prior to the Parties' Planning Meeting and the entry of the Court's Scheduling Order are invalid. *See* Rule 26(d) of Federal Rules of Civil Procedure (stating "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…."); *see also Hallford v. Allen*, 2007 WL 2570748 *2 (S.D. Ala. Aug. 30, 2007); *Frazier v. Cummings Leasing, Inc*. 2007 WL 2225965 *2 (M.D. Fla. Aug. 2, 2007); *Alston v. Parker*, 363 F.3d 229, 236, n. 11 (3rd Cir. 2004). Therefore, a technical application of the priority rule in this instance would actually allow Defendants to depose Plaintiff first as Defendants served the first valid and timely Notice of Deposition on August 30, 2007. *See* § C *infra*.

Recognizing the inherent problems with the priority rule, the Advisory Committee on Civil Rules noted that the priority rule was "unsatisfactory and unfair in its operation." *Proposed*

*Amendments to the Federal Rules of Civil Procedure Relating to Discovery*, 48 F.R.D. 487, 507 (1969). The result was the 1970 Amendment to Rule of Civil Procedure 26(d), which "put entirely an end to any notion that one party, merely by giving notice of a deposition, can acquire 'priority[.]'" Wright, Miller & Marcus, *supra* § 2046. Therefore, the "priority rule" has been abolished and is not determinative of the sequencing of depositions in this matter.

> **C.    Even If the Court Applies the "Priority Rule," Defendants Issued the First Valid Deposition Notice In This Matter.**

Except for the deposition notices filed on August 31, 2007, <u>all</u> of Plaintiff's Deposition Notices were served prior to Parties' Planning Meeting and the entry of the Scheduling Order in this case, and, therefore, <u>all</u> of these Notices were premature and invalid. *See* Rule 26(d) of Federal Rules of Civil Procedure (stating "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…."); *see also Hallford v. Allen*, 2007 WL 2570748 (S.D. Ala. Aug. 30, 2007); *Frazier v. Cummings Leasing, Inc*. 2007 WL 2225965 *2 (M.D. Fla. Aug. 2, 2007); *Alston v. Parker*, 363 F.3d 229, 236, n. 11 (3rd Cir. 2004).

Thus, Defendants would be entitled to depose Plaintiff first because Defendants issued the first valid deposition notice on August 30, 2006, which is one day before Plaintiff issued his first valid notice. *See* Exhibit C.

### D.     Custom and Local Practice Require that Plaintiff Be Deposed First

It is custom and local practice to require plaintiff to be deposed first in the Middle District of Alabama as well as other federals courts in Alabama.  Also, Counsel for HMMA and HMA have routinely deposed plaintiffs first in other matters, including employment discrimination cases.

### E.     Plaintiff's Argument that He Should Be Allowed to Depose Defendants' Witnesses First Because He Faces Court-Mandated Deadlines Is Irrelevant.

Plaintiff's third reason for deposing Defendants' witnesses first, which is that Plaintiff faces deadlines in this matter before Defendants, is irrelevant.  The only remaining deadline that Plaintiff faces before Defendants is the disclosure of expert witnesses, which is October 1, 2007 for Plaintiff and October 31, 2007 for Defendants.  All the other remaining deadlines in this matter occur at the same time for all the parties.  Plaintiff has yet to show why he would be prejudiced by this deadline, and he could always move this Court to extend the deadline.[6]

## III.     <u>CONCLUSION</u>

HMA and HMMA simply want to depose Plaintiff first so they can determine exactly what Plaintiff complains they did to violate USERRA.

WHEREFORE, premises considered, Defendants Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc. respectfully request that this Court enter an Order allowing them to depose Plaintiff first.

---

[6] Defendant has a stronger argument for deposing Plaintiff first because of Court-mandated deadlines because it must file a Motion for Summary Judgment before the rapidly approaching November 22, 2007 dispositive motion deadline.

Respectfully submitted this the 27th day of September 2007.

/s/  T. Scott Kelly

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com


Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of September, 2007, I electronically filed the foregoing *Response to Plaintiff's Motion to Establish Sequence of Depositions* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, J. Trent Scofield, and Matthew K. Johnson.

/s/ T. Scott Kelly
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail:  scott.kelly@odnss.com

5224843.1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | * | |
| **Plaintiff,** | * | |
| **vs.** | * | **Case No. 2:07-cv-00306-MHT-CSC** |
| **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC.,** | * | |
| | * | |
| **Defendants.** | * | |

## NOTICE OF DEPOSITION OF
## HYUNDAI MOTOR AMERICA, INC.
## PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**TO:.**        J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

**DEPONENT: HYUNDAI MOTOR AMERICA, INC.**

**DATE:**        TBA

TIME:        10:00 A.M.

**LOCATION:** TBA
                Montgomery, Alabama

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of the

Defendant HYUNDAI MOTOR AMERICA, INC. by its designated agent or agents most

knowledgeable about and familiar with the matters set forth below, at the time, date and location

EXHIBIT
A

indicated above upon oral examination before a Notary Public or other officer duly authorized to administer oaths and swear witnesses. The oral examination(s) will continue from day to day until completed.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

The subject matters for which the deponent(s) will be requested to testify are as follows:

1.      The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC.

## DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified hereby to appear for this deposition, be prepared to testify in the matters described and enumerated above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure and make available for copying the following documents, records, and other items set forth in Exhibit A attached.

Dated this 4th day of May, 2007.

Vincent F. Kilborn, III (KIL004)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL
David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 4th day of May, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

_____
COUNSEL

**EXHIBIT A**
**PRODUCTION OF DOCUMENTS PURSUANT**
**TO RULE 30(b)(5)**

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1.  Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:

    a.  Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

    b.  Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

c.  Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d.  Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e.  Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;

f.  Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g.  If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h.  Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i.  Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 through the present;

j.  Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present.

k.  Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l.  Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m. All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and

n.  Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office or building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

2.  The entire personnel file of Wendy Warner, including applications for employment, resumes, immigration documentation, job description, employee evaluations, employee discipline documents, code of ethics or business conduct documents, including acknowledgments, and employee policy manual or handbook documents, including acknowledgments.

3.  Organizational chart showing the management hierarchy within HMMA as well as the reporting lines of communication and control above HMMA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | * | |
| **Plaintiff,** | * | |
| **vs.** | * | Case No.  2:07-cv-00306-MHT-CSC |
| **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC.,** | * | |
| | * | |
| **Defendants.** | * | |

## NOTICE OF DEPOSITION OF
## HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC
## PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:.              J. Trent Scofield
                  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                  One Federal Place, Ste. 1000
                  1819 Fifth Avenue North
                  Birmingham, AL 35203

**DEPONENT: HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC**

**DATE:**           TBA

TIME:              10:00 A.M.

**LOCATION:** TBA
                  Montgomery, Alabama

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of the

Defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC by its designated agent or

agents most knowledgeable about and familiar with the matters set forth below, at the time, date and

location indicated above upon oral examination before a Notary Public or other officer duly authorized to administer oaths and swear witnesses. The oral examination(s) will continue from day to day until completed.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

The subject matters for which the deponent(s) will be requested to testify are as follows:

1.     The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC.

## DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified hereby to appear for this deposition, be prepared to testify in the matters described and enumerated above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure and make available for copying the following documents, records, and other items set forth in Exhibit A attached.

Dated this 4th day of May, 2007.

_Vincent Kilborn/val_

Vincent F. Kilborn, III (KIL004)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 4th day of May, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

_Vincent Kilborn/vsl_
COUNSEL

**EXHIBIT A**
**PRODUCTION OF DOCUMENTS PURSUANT**
**TO RULE 30(b)(5)**

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:

   a. Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

   b. Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

1

c.  Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d.  Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e.  Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;

f.  Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g.  If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h.  Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i.  Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 through the present;

j.  Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present.

k.  Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l.  Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m. All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and

2

n.  Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office or building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

2.  The entire personnel file of Wendy Warner, including applications for employment, resumes, immigration documentation, job description, employee evaluations, employee discipline documents, code of ethics or business conduct documents, including acknowledgments, and employee policy manual or handbook documents, including acknowledgments.

3.  Organizational chart showing the management hierarchy within HMMA as well as the reporting lines of communication and control above HMMA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                    *

      Plaintiff,                       *

vs.                                       *    Case No.  2:07-cv-00306-MHT-CSC

HYUNDAI MOTOR MANUFACTURING               *
ALABAMA, LLC and HYUNDAI MOTOR
AMERICA, INC.,                            *

      Defendants.                      *

## NOTICE OF DEPOSITION OF
## WENDY WARNER

TO:.            J. Trent Scofield
                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                One Federal Place, Ste. 1000
                1819 Fifth Avenue North
                Birmingham, AL 35203

DEPONENT: WENDY WARNER

DATE:           TBA

TIME:           10:00 A.M.

LOCATION: TBA
                Montgomery, Alabama

Page 1
*Case No.  2:07-cv-00306-MHT-CSC*

PLEASE TAKE NOTICE that KILBORN, ROEBUCK & MCDONALD, Attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the pre-trial discovery deposition of the deponent named above at the time, date and location indicated above, upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized to administer oaths and swear witnesses. The oral examination will continue from day to day until completed, and you are invited to attend and examine the deponent.

## DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified hereby to appear for this deposition, be prepared to testify in the matters described and enumerated above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure and make available for copying the following documents, records, and other items set forth in Exhibit A attached.

Dated this 4th day of May, 2007.

_Vincent Kilborn / vac_

Vincent F. Kilborn, III (KIL004)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 4th day of May, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

COUNSEL

**EXHIBIT A**
**DEPOSITION DUCES TECUM**

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1.  The complete employee personnel file of Jerry Leon Dees, Jr.

2.  Any and all documents or records upon which you formed your personal knowledge regarding Hyundai Motor Manufacturing Alabama, LLC's ("HMMA's") operations as well as HMMA's relationship to Hyundai Motor America, Inc. ("HMA").

3.  Any and all documents upon which you base your personal knowledge that HMMA is a Delaware limited liability company and has its principal place of business in Montgomery, Alabama.

4.  Any and all documents or other records upon which you base your personal knowledge that HMMA is an independent manufacturing operation of Hyundai Motor Company in Seoul, Korea.

5.  Any and all documents upon which you base your "understanding" that HMA is a corporation organized in the State of California and has its principal place of business in Fountain Valley, California.

6.  Any and all documents upon which you base your "understanding" that HMA is in the business of distributing Hyundai brand automobiles and parts in the United States.

7. Any and all documents, records, agreements, contracts, or other evidence upon which you based your statement that HMA and HMMA are legally distinct and separate corporate entities.

8. Any and all documents and employment records upon which you based your statements that Dees was not employed by HMA at any time and did not receive any pay, salary, or benefits from HMA at any time.

9. Any and all documents upon which you based your statement that HMA had no control over HMMA's decision to terminate Dees.

10. Any and all documents upon which you based your statements that HMA had no employment, legal, or other relationship with Dees, and that HMA had no employment, legal, or other relationship, or right to control or direct, the other individual employees identified in Dees' complaint.

11. Any and all e-mails relating to this case, to the employment of Dees with Hyundai, or to anyone at HMA or any other Hyundai entity[1] regarding the issues cited above, including e-mails residing on your personal computer or any computer to which you had access, including computers in your home, as well as any e-mails residing on any e-mail servers at HMMA, HMA, or any other Hyundai entity.

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent.

&

ATTORNEYS AT LAW

---

VINCENT F. KILBORN, III          M. LLOYD ROEBUCK          DAVID A. MCDONALD          W. PERRY HALL

May 8, 2007

**Via Facsimile and U.S. Mail**

J. Trent Scofield, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Re:   *Dees v. Hyundai Motor Manufacturing Alabama, LLC*
      *and Hyundai Motor America, Inc.*

Dear Trent:

Given the Court's order of today, the discussion of preliminary discovery is now moot. I still think, however, that we can use our planned phone conference on Thursday to get the planning meeting out of the way.

Once the discovery plan is complete, I would like to immediately proceed with the three depositions I have already noticed, as well as depositions of Greg Prater, Kevin Hughes, John Applegate, Jim Brookshire, and Mr. Moon.

I will be out of town until Wednesday evening. You can call or fax my office with proposed times to talk on Thursday, and someone will get back with you.

I look forward to talking to you on Thursday.

With best regards, I remain,

Very truly yours,

Vincent F. Kilborn, III/ds

Vincent F. Kilborn, III

VK/js
c: File

POST OFFICE BOX 66710 • MOBILE ALABAMA 36660
1810 OLD GOVERNMENT STREET • MOBILE ALABAMA 36606
PHONE 251.479.9010 • FAX 251.479.6747



EXHIBIT

B

# KILBORN ROEBUCK & McDONALD
## ATTORNEYS AT LAW

| VINCENT F. KILBORN, III | M. LLOYD ROEBUCK | DAVID A. MCDONALD | W. PERRY HALL |
|---|---|---|---|

May 4, 2007

**<u>Via Facsimile and U.S. Mail</u>**

J. Trent Scofield, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Re:    ***Dees v. Hyundai Motor Manufacturing Alabama, LLC
       and Hyundai Motor America, Inc.***
       12(b)(6) Motion to Dismiss

Dear Trent:

I am in receipt of your above-referenced motion. It appears that whether Hyundai Motor America ("HMA") is a proper party to this action is a question of fact, given your Declaration filed by Wendy Warner.

Since your motion under the FRCP is, in effect, a motion for summary judgment (*i.e.*, based on facts), I believe that we are entitled to full discovery with respect to whether HMA has the alleged relationship with Hyundai Motor Manufacturing Alabama, LLC ("HMMA"). I have attached deposition notices that should allow us to get to the facts. These depositions can be taken in Montgomery to make it convenient for the witnesses. We need only to agree on the dates.

Please contact me as soon as possible to schedule these depositions. Due to the time frame in responding to your motion, please respond no later than Tuesday, May 8, 2007. I look forward to hearing from you.

With best regards, I remain,

Very truly yours,

*Vince Kilborn*

Vincent F. Kilborn, III

VFK/vsl
Enclosures

EXHIBIT
C



OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

**J. TRENT SCOFIELD**
Direct Dial: (205) 714-4422
E-mail: trent.scofield@odnss.com

May 7, 2007

**VIA FACSIMILE AND U. S. MAIL**

Vincent F. Kilborn, III, Esq.
Kilborn, Roebuck & McDonald
P.O. Box 66710
Mobile, AL 36660

Re:    **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**

Dear Vince:

Thank you for your letter of May 4, 2007. This will acknowledge receipt of the two 30(b)(6) deposition notices and 30(b)(5) document requests attached thereto, as well as the deposition notice for Wendy Warner and 30(b)(5) document requests attached thereto. Please allow me to briefly respond.

Your letter references "the time frame" required to respond to Hyundai Motor America, Inc.'s ("HMA") motion to dismiss. I am not aware of any briefing or scheduling order entered regarding this motion. If there is one, I would appreciate it if you would forward it to me.

As am I sure you are aware, the Discovery Guidelines set forth in the Local Rules of the Middle District, state, in pertinent part:

**Commencement of Discovery.**

This district's Local Rule 26.2 requires that no discovery be commenced until after a scheduling order is entered, and also requires the parties to engage in a discovery planning meeting. If there are exceptional circumstances which warrant earlier discovery, the parties may seek permission by Court.[1]

My review of the deposition notices and 30(b)(5) document requests indicates that the information you propose to discover far exceeds whether HMA could possibly be considered

---

[1] See Guideline I(F).

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Columbia, SC • Dallas, TX • Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN • Kansas City, MO

Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Phoenix, AZ • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Torrance, CA • Tucson, AZ • Washington, DC



Vincent F. Kilborn, III, Esq.
*Re:  Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*
May 7, 2007
Page 2


Mr. Dees' "Employer" under USERRA.  The Defendants' objections to these deposition notices and document requests are numerous.

    I am on the road today (Monday) and in depositions on Tuesday and Wednesday.  It seems silly to me to spend hours going back and forth on this. If you are agreeable to conferencing by telephone on Thursday or Friday, please let me know and I will call you.  If you are insistent on receiving written objections, I will not be able to do so before the end of this week.

    In summary, Defendants object to the depositions as noticed.  I am hopeful we can resolve these differences by good faith conference.  I look forward to hearing from you.

          Very truly yours,

          J. Trent Scofield

JTS/skp

&

A T T O R N E Y S   A T   L A W

**VINCENT F. KILBORN, III       M. LLOYD ROEBUCK       DAVID A. MCDONALD       W. PERRY HALL**

May 7, 2007

<u>**Via Facsimile and U.S. Mail**</u>

J. Trent Scofield, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Re:  ***Dees v. Hyundai Motor Manufacturing Alabama, LLC
and Hyundai Motor America, Inc.***

Dear Trent:

I appreciate your prompt response of this afternoon. We are well aware of the local rule regarding the commencement of discovery. It would be reasonable for the Court to grant discovery on this fact-based preliminary matter before any motion to dismiss is heard. It is not reasonable to file a motion based on asserted facts, and then oppose discovery on those asserted facts.

Wendy Warner's Declaration cites personal knowledge that HMA and HMMA basically have no relationship, and you have cited her Declaration in support your motion to dismiss. Obviously, I cannot effectively oppose a fact-based motion with no discovery of the true facts.

I think it is a good idea for us to have a telephone conference when you are available. Thursday is good for me. Please call my office to set it up. If we cannot reach agreement on discovery of the alleged relationship between HMA and HMMA, however, I will have to pursue independent relief from the court.

I look forward to talking to you on Thursday.

With best regards, I remain,

Very truly yours,

*Vincent F. Kilborn, III/as*

Vincent F. Kilborn, III

VK/js
c: File

# Ogletree Deakins

**T. Scott Kelly**
DIRECT DIAL (205) 986-1024
E-MAIL: Scott.Kelly@odnss.com

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

August 30, 2007

**VIA FACSIMILE and U.S. MAIL**
Jeffrey R. Sport, Esq.
Kilborn, Roebuck & McDonald
P. O. Box 66710
Mobile, AL 36660

Re:    **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**
       **In the U. S. District Court of Alabama, Middle District of Alabama**
       Civil Action No.: **2:07-cv-00306-MHT-CSC**

Dear Jeff:

We would like to respond to some of the outstanding discovery issues in this matter. As an initial matter, please find enclosed a copy of the verification pages for HMMA's and HMA's Responses to Plaintiff's Interrogatories.

As for the broad request for all civil rights information contained in Plaintiff's Interrogatory No. 9 and Request for Production No. 5, Defendants stand by the objections set forth in their discovery responses.

Finally, we have enclosed a Notice of Deposition of Plaintiff. We plan to take Plaintiff's deposition on Tuesday, October 16, 2007 in Montgomery, Alabama. We believe it is fundamentally unfair for HMMA and HMA to be forced to defend themselves in deposition in the absence of any sworn allegations by the Plaintiff. See Allis-Chalmers Corporation v. United States Steel Corporation, 405 N.Y.S. 2d 924, 925 (Sup. Ct. N.Y.S. Co. 1978) (recognizing that defendant is "is blameless until proven otherwise, and is entitled to examine first to ascertain what the case is about."). If you or your client are not available on October 16, we will certainly attempt to find another mutually convenient time. However, in choosing this date, please be mindful that we took into consideration that you and all the other attorneys of record on this case are not available the first two weeks of October and that the dispositive motion deadline in this case is November 22, 2007.

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Cleveland, OH • Columbia, SC • Dallas, TX • Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN • Kansas City, MO
Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Philadelphia, PA • Phoenix, AZ • Pittsburgh, PA • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Torrance, CA • Tucson, AZ • Washington, DC

Jeffrey R. Sport, Esq.
August 30, 2007
Page 2



We understand that you desire to take depositions of HMA and HMMA witnesses prior to allowing us to depose your client. However, as pointed out in our telephone conference on Monday, August 28, 2007, the Notices of Deposition served by Plaintiff on May 4, 2007 prior to the Parties Planning Meeting in this matter are invalid. *See* Fed.R.Civ.P. 26(d)(1).

Sincerely,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

T. Scott Kelly

TSK/tds

Enclosure

cc:    Matthew Johnson (via electronic mail only, with enclosure)
       J. Trent Scofield (via electronic mail only, with enclosure)

# KILBORN ROEBUCK & McDONALD
## ATTORNEYS AT LAW

| VINCENT F. KILBORN, III | M. LLOYD ROEBUCK | DAVID A. MCDONALD | W. PERRY HALL | JEFFREY R. SPORT |

August 31, 2007

**Via Fax and Email**

Matthew K. Johnson, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

J. Trent Scofield, Esquire
T. Scott Kelly, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

     **Re:**   *Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*

Dear Matt:

     This is in response to Scott Kelly's letter of last night. I find it somewhat disingenuous for you to have objected to our position that whoever gives notice first gets to depose first, and then make that exact claim by arguing that our original notices and requests, made almost four months ago, are invalid. It is clear that we asked for at least seven depositions months ago. It is just as clear that any depositions we take before Mr. Dees gets deposed will not, as you allege, force your clients to defend themselves without "any sworn allegations by the Plaintiff." Without the allegations of the Plaintiff in the Complaint, sworn to under Rule 11 of the Federal Rules of Civil Procedure, there would be no lawsuit.

     In an effort to resolve this issue, we offered to take only two or three depositions, and make Mr. Dees available for deposition immediately following the conclusion of those depositions. To that end, please find enclosed three Notices of Deposition for the depositions of Wendy Warner, Greg Prater and Jim Brookshire, depositions to be taken beginning Thursday, September 20, 2007.

     Finally, thank you for the verified answers to interrogatories. I did note, however, that when you represented to me this past Monday that you would make every effort to get those verified responses to me by Friday, September 7, you had been holding the verified responses from HMMA for almost a week. I mention this only to say that I sincerely hope this is not indicative of the good faith you are using when we discuss discovery and other matters in this case.

received
9-5-07

Matt Johnson, Esq.
August 31, 2007
Page 2 of 2

With best regards, I remain

Very truly yours,

JEFFREY R. SPORT
For the Firm

JRS/jrs
w/ enc.

cc:    Vince Kilborn
       David McDonald
       File

# Ogletree
# Deakins

**T. Scott Kelly**
DIRECT DIAL (205) 986-1024
E-MAIL: Scott.Kelly@odnss.com

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

September 5, 2007

**VIA FACSIMILE and U.S. MAIL**
Jeffrey R. Sport, Esq.
Kilborn, Roebuck & McDonald
P. O. Box 66710
Mobile, AL 36660

Re:  **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**
     **In the U. S. District Court of Alabama, Middle District of Alabama**
     **Civil Action No.: 2:07-cv-00306-MHT-CSC**

Dear Jeff:

    We are in receipt of your correspondence dated August 31, 2007 and the Notices of Deposition of Wendy Warner, Greg Prater and Jim Brookshire. Please note that we are not available beginning on September 20, 2007 for these depositions and have continually stated that we intend to depose Plaintiff prior to offering any defense witnesses for deposition. Therefore, we do not believe we are obligated to and do not intend to put up these individuals for deposition beginning on September 20, 2007.

    We respectfully request that you promptly withdraw these deposition notices. If you do by September 12, 2007, we intend to seek protection from the Court. Your prompt reply on this subject will be appreciated.

                        Sincerely,

                        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                        T. Scott Kelly

TSK/tds

cc:   Matthew Johnson (via electronic mail only)
      J. Trent Scofield (via electronic mail only)

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Cleveland, OH • Columbia, SC • Dallas, TX • Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN • Kansas City, MO
Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Philadelphia, PA • Phoenix, AZ • Pittsburgh, PA • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Torrance, CA • Tucson, AZ • Washington, DC

# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

T. Scott Kelly
DIRECT DIAL (205) 986-1024
E-MAIL: Scott.Kelly@odnss.com

August 30, 2007

**VIA FACSIMILE and U.S. MAIL**
Jeffrey R. Sport, Esq.
Kilborn, Roebuck & McDonald
P. O. Box 66710
Mobile, AL 36660

Re: **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**
 **In the U. S. District Court of Alabama, Middle District of Alabama**
 **Civil Action No.: 2:07-cv-00306-MHT-CSC**

Dear Jeff:

We would like to respond to some of the outstanding discovery issues in this matter. As an initial matter, please find enclosed a copy of the verification pages for HMMA's and HMA's Responses to Plaintiff's Interrogatories.

As for the broad request for all civil rights information contained in Plaintiff's Interrogatory No. 9 and Request for Production No. 5, Defendants stand by the objections set forth in their discovery responses.

Finally, we have enclosed a Notice of Deposition of Plaintiff. We plan to take Plaintiff's deposition on Tuesday, October 16, 2007 in Montgomery, Alabama. We believe it is fundamentally unfair for HMMA and HMA to be forced to defend themselves in deposition in the absence of any sworn allegations by the Plaintiff. See Allis-Chalmers Corporation v. United States Steel Corporation, 405 N.Y.S. 2d 924, 925 (Sup. Ct. N.Y.S. Co. 1978) (recognizing that defendant is "is blameless until proven otherwise, and is entitled to examine first to ascertain what the case is about."). If you or your client are not available on October 16, we will certainly attempt to find another mutually convenient time. However, in choosing this date, please be mindful that we took into consideration that you and all the other attorneys of record on this case are not available the first two weeks of October and that the dispositive motion deadline in this case is November 22, 2007.

**EXHIBIT**

tabbies

D

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Cleveland, OH • Columbia, SC • Dallas, TX • Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN • Kansas City, MO
Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Philadelphia, PA • Phoenix, AZ • Pittsburgh, PA • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Torrance, CA • Tucson, AZ • Washington, DC

Jeffrey R. Sport, Esq.
August 30, 2007
Page 2



We understand that you desire to take depositions of HMA and HMMA witnesses prior to allowing us to depose your client. However, as pointed out in our telephone conference on Monday, August 28, 2007, the Notices of Deposition served by Plaintiff on May 4, 2007 prior to the Parties Planning Meeting in this matter are invalid. *See* Fed.R.Civ.P. 26(d)(1).

Sincerely,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

T. Scott Kelly

TSK/tds

Enclosure

cc:    Matthew Johnson (via electronic mail only, with enclosure)
       J. Trent Scofield (via electronic mail only, with enclosure)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,           )
                                   )
    Plaintiff,              )
                                   )     CIVIL ACTION NO.:
v.                            )     2:07-cv-00306-MHT-CSC
                                   )
HYUNDAI MOTOR MANUFACTURING   )
ALABAMA, LLC, and HYUNDAI MOTOR   )
AMERICA, INC.,                )
                                 )
    Defendants.          )

## NOTICE OF DEPOSITION

TO:   Vincent F. Kilborn, III
       Kilborn, Roebuck & McDonald          Jeffrey R. Sport, Esq.
       P. O. Box 66710                    Jeffrey R. Sport, P.C.
       Mobile, AL 36660                8475 Sterling Drive
                                           Mobile, AL 36695

Please be informed that the defendants, **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC.**, notice the deposition of plaintiff, JERRY LEON DEES, Jr., to be taken for the purpose of discovery or for use as evidence in this action, or for both purposes, in accordance with the provisions of Rule 26, *et seq.* of the Federal Rules of Civil Procedure. Such testimony by deposition will begin at the date, time and place specified below, will be taken before a Notary Public or some other officer authorized by law to administer oaths, and will continue from day to day until completed:

Date:           Wednesday, October 17, 2007

Time:           9:00 a.m.

Place:          **Alabama State Bar**
                **415 Dexter Avenue**
                **Montgomery, AL 36104**

J. Trent Scofield (SCO024)
T. Scott Kelly (KEL053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August, 2007, I served the foregoing pleading upon the following via first class mail, postage pre-paid:

Vincent F. Kilborn, III, Esq.
David A. McDonald, Esq.
Jeffrey R. Sport
Kilborn, Roebuck & McDonald
1810 Old Government ST
PO Box 66710
Mobile, AL 36660
Tel.: (251) 479-9010
E-mail: vsl@krmlaw.us; dam@krmlaw.com; jeff.sport@sportlaw.com

T. Scott Kelly
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203

5172980.1

3

# KILBORN, ROEBUCK & McDONALD

*POST OFFICE BOX 66710*
*MOBILE, AL  36660*
*Phone:  251- 479-9010*
*Fax:  251-479-6747*

## FAX TRANSMISSION COVER SHEET

**Date:**       August 31, 2007

**To:**         Trent Scofield, Esq.
               205-328-6000

               Matt Johnson, Esq.
               864-235-8806

**Re:**         Dees v. Hyundai Motor Manufacturing Alabama, LLC et al.

**Sender:**     Jeff Sport

*YOU SHOULD RECEIVE __12__ PAGE(S), INCLUDING THIS COVER SHEET.  IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL 251-479-9010.*

## CONFIDENTIAL

This facsimile is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. We will reimburse you for your postage. If there are any problems or pages missing when receiving this transmission, please call (251) 479-9010 immediately. Thank you.



EXHIBIT
*E*

08/31/2007  04:56   12514796747                KRM ATTORNEYS                    PAGE  02/12

KILBORN ROEBUCK &
McDONALD
ATTORNEYS AT LAW

VINCENT F. KILBORN, III     M. LLOYD ROEBUCK     DAVID A. MCDONALD     W. PERRY HALL     JEFFREY R. SPORT

August 31, 2007

**Via Fax and Email**

Matthew K. Johnson, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

J. Trent Scofield, Esquire
T. Scott Kelly, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Re:    *Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*

Dear Matt:

This is in response to Scott Kelly's letter of last night. I find it somewhat disingenuous for you to have objected to our position that whoever gives notice first gets to depose first, and then make that exact claim by arguing that our original notices and requests, made almost four months ago, are invalid. It is clear that we asked for at least seven depositions months ago. It is just as clear that any depositions we take before Mr. Dees gets deposed will not, as you allege, force your clients to defend themselves without "any sworn allegations by the Plaintiff." Without the allegations of the Plaintiff in the Complaint, sworn to under Rule 11 of the Federal Rules of Civil Procedure, there would be no lawsuit.

In an effort to resolve this issue, we offered to take only two or three depositions, and make Mr. Dees available for deposition immediately following the conclusion of those depositions. To that end, please find enclosed three Notices of Deposition for the depositions of Wendy Warner, Greg Prater and Jim Brookshire, depositions to be taken beginning Thursday, September 20, 2007.

Finally, thank you for the verified answers to interrogatories. I did note, however, that when you represented to me this past Monday that you would make every effort to get those verified responses to me by Friday, September 7, you had been holding the verified responses from HMMA for almost a week. I mention this only to say that I sincerely hope this is not indicative of the good faith you are using when we discuss discovery and other matters in this case.

Matt Johnson, Esq.
August 31, 2007
Page 2 of 2


        With best regards, I remain

                                    Very truly yours,

                                    JEFFREY R. SPORT
                                    For the Firm


JRS/jrs
w/ enc.

cc:    Vince Kilborn
       David McDonald
       File

08/31/2007  04:56    12514796747              KRM ATTORNEYS                        PAGE  04/12

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                          *

    Plaintiff,                                 *

vs.                                            *    Case No.  2:07-cv-00306-MHT-CSC

HYUNDAI MOTOR MANUFACTURING               *
ALABAMA, LLC and HYUNDAI MOTOR
AMERICA, INC.,                                 *

    Defendants.                                *

## SECOND NOTICE OF DEPOSITION DUCES TECUM

TO:.            J. Trent Scofield, Esq.
                T. Scott Kelly, Esq.
                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                One Federal Place, Ste. 1000
                1819 Fifth Avenue North
                Birmingham, AL 35203

                Matthew K. Johnson, Esq.
                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                P.O. Box 2757
                Greenville, SC 29602

**DEPONENT:**    **WENDY WARNER**

**DATE:**        Thursday, September 20, 2007

TIME:            1:00 P.M.

**LOCATION:**    TBA
                Montgomery, Alabama

PLEASE TAKE NOTICE that attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the pre-trial discovery deposition of WENDY WARNER at the time, date and location indicated above, upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized to administer oaths and swear witnesses. The oral examination will continue from day to day until completed, and you are invited to attend and examine the deponent.

## DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified hereby to appear for this deposition, be prepared to testify in the matters described and enumerated above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure and make available for copying the following documents, records, and other items set forth in Exhibit A attached.

Dated this 30th day of August, 2007.

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esq. (MCDOD5329)
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 30th day of August, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                                *

    Plaintiff,                                         *

vs.                                                          *    Case No. 2:07-cv-00306-MHT-CSC

HYUNDAI MOTOR MANUFACTURING               *
ALABAMA, LLC and HYUNDAI MOTOR
AMERICA, INC.,                                         *

    Defendants.                                      *

---

## NOTICE OF DEPOSITION OF
## HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC
## PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:.          J. Trent Scofield, Esq.
              T. Scott Kelly, Esq.
              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
              One Federal Place, Ste. 1000
              1819 Fifth Avenue North
              Birmingham, AL 35203

              Matthew K. Johnson, Esq.
              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
              P.O. Box 2757
              Greenville, SC 29602

DEPONENT:     **GREG PRATER**

DATE:         Friday, September 21, 2007

TIME:         9:00 A.M.

LOCATION:     TBA
              Montgomery, Alabama

PLEASE TAKE NOTICE that pursuant to Rule 26 of the Federal Rules of Civil Procedure,

attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of GREG PRATER, at

the time, date and location indicated above upon oral examination before a Notary Public or other

officer duly authorized to administer oaths and swear witnesses.  The oral examination(s) will

continue from day to day until completed.

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN, ROEBUCK & MCDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
Email: jeff.sport@sportlaw.us

OF COUNSEL:

David A. McDonald, Esq. (MCDOD5329)
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 30th day of August, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
| Plaintiff, | * | |
| vs. | * | Case No. 2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC., | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF DEPOSITION OF
## HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC
## PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:.

> J. Trent Scofield, Esq.
> T. Scott Kelly, Esq.
> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
> One Federal Place, Ste. 1000
> 1819 Fifth Avenue North
> Birmingham, AL 35203
>
> Matthew K. Johnson, Esq.
> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
> P.O. Box 2757
> Greenville, SC 29602

**DEPONENT:**   **JIM BROOKSHIRE**

**DATE:**   Friday, September 21, 2007

TIME:   1:00 P.M. (or immediately following the deposition of Greg Prater)

**LOCATION:**   TBA
           Montgomery, Alabama

PLEASE TAKE NOTICE that pursuant to Rule 26 of the Federal Rules of Civil Procedure,

attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of JIM

BROOKSHIRE, at the time, date and location indicated above upon oral examination before a

Notary Public or other officer duly authorized to administer oaths and swear witnesses. The oral

examination(s) will continue from day to day until completed.

_____

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN, ROEBUCK & MCDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
Email: jeff.sport@sportlaw.us

OF COUNSEL:

David A. McDonald, Esq. (MCDOD5329)
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 30th day of August, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

COUNSEL

```
                        *********************
                    ***    RX REPORT    ***
                        *********************


        RECEPTION OK

        TX/RX NO                6807
        RECIPIENT ADDRESS       12514796747
        DESTINATION ID
        ST. TIME                08/31 16:54
        TIME USE                01'13
        PGS.                     12
        RESULT                  OK
```