IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07cv306-MHT |
| ) | |
| HYUNDAI MOTOR ) | |
| MANUFACTURING ALABAMA, LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Now pending before the court is the September 11, 2007, motion to compel (doc. # 28) filed by the plaintiff. Oral argument was held on September 28, 2007. The plaintiff seeks all documents relating to any alleged violations of employees' civil rights on the part of Hyundai Motor Manufacturing Alabama, LLC, (HMMA), Hyundai Motor America, Inc., and Hyundai Motor company, as well as the identities of any Hyundai Motor Manufacturing employees that have made a complaint regarding a violation of their civil rights against HMMA and the stated reasons why any of these employees are no longer employed.

The plaintiff claims that this broad class of information is important to his case. The court disagrees. In his complaint, the plaintiff alleges that after missing work due to service in the Alabama Army National Guard his employer, HMMA, harassed and/or retaliated against him by placing him in a dangerous and undesirable job and by terminating him for "sleeping on the job" in violation of the Uniformed Services

Employment and Re-employment Rights Act of 1994 § 2(a), 38 U.S.C.A. § 4311. FED.R.CIV.P. 26(b)(1) permits the discovery of any non-privileged matter which is relevant to a claim or defense.[1] The Rule specifically provides that the information sought need not be admissible at trial if the information "appears reasonably calculated to lead to the discovery of admissible evidence." FED.R.CIV.P. 26(b)(1). In this case, the plaintiff's claim is predicated on employer antipathy towards employees in the military. The scope of discovery will be narrowed to address the claim.

Accordingly, it is

ORDERED as follows:

(1)  To the extent the plaintiff requests documents and other information relating to any HMMA employee in the military who submitted a complaint to members of HMMA management, the EEOC, or a court regarding treatment at HMMA that violated the complainant's civil rights, the motion to compel be and is hereby granted.

---

[1] FED.R.CIV.P. 26(b)(1) provides in pertinent part as follows:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

(2)  To the extent the plaintiff seeks any additional information, his motion to compel be and is hereby DENIED.

Done this 5th day of October, 2007.

　　　　　　　　　　　　　　　/s/Charles S. Coody
　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE