**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| JERRY LEON DEES, JR.,          * | |
|     Plaintiff,                        * | |
|                                        * | |
| v.                                        * | Case Number: 2:07-cv-00306-MHT-CSC |
|                                        * | |
| HYUNDAI MOTOR MANUFACTURING * | |
| ALABAMA, LLC, et al.,             * | |
|     Defendants.                 * | |

**PLAINTIFF'S OBJECTIONS TO ORDER**
**ON PLAINTIFF'S MOTION TO COMPEL**

The Plaintiff hereby files his objections to the portion of the Magistrate Judge's Order of October 5, 2007 [doc. 38] denying Plaintiff's motion to compel [doc. 28] on the grounds that the Order is contrary to the law respecting discovery.

The Plaintiff's motion to compel sought the Defendants' production of documents relating to alleged violations of the civil rights of their employees within the State of Alabama, information relating to employees' complaints of civil rights violations, and terminations of such employees for the past 3 years. [See Doc. 28, pp. 2-4, setting out the requests, responses and Plaintiff's agreement to limit the temporal scope to the 3 years prior to Plaintiff's termination].

The materials sought by the Plaintiff bear on and are reasonably directed to lead to the discovery of admissible evidence on Defendants' discriminatory motivation in retaliating against and firing him and on whether Defendants' articulated reason for firing the Plaintiff was merely pretextual for discrimination based on his service in the military. Specifically, the Defendants retaliated against and fired the Plaintiff using as a "reason" that the Plaintiff, a decorated veteran of 2 tours of duty in Iraq who was on security detail for the commander of the 1168th MP Battalion in Baghdad, Iraq, was fired for "sleeping on the job."

In opposing the motion to compel, the Defendants incorrectly argued that admissibility or discoverability of prior discriminatory practices of a defendant should always be limited to the same type of discrimination suffered by the plaintiff. For example, in <u>Madani v. BHVT Motors, Inc.</u>, No. 04-1897, 2006 U.S. Dist. LEXIS 24602, *6 & *4 (D. Ariz. Apr. 27, 2006), the court found that "testimony and evidence regarding the alleged discrimination or harassment of persons of races or national origins other than Plaintiffs' race and national original [is] relevant to [discrimination claim]" denying a motion to exclude evidence and testimony regarding alleged comments made by defendant managers "about persons of other races and national origins, including comments concerning a Bosnian salesperson, African-American, Asian-American, Hispanic-American, and Indian-American customers, an African-American baseball players, and an allegation that a former manager knocked the turban off the head of an 'East Indian' customer and called him a derogatory name." Likewise, in <u>Feingold v. State of New York</u>, 366 F.3d 138, 151-52 (2d Cir. 2004), the court found that "allegations of racial animosity can ... be considered by a trier-of-fact when evaluating Feingold's religion-based claim...." Similarly, other courts have recognized that evidence of one type of discrimination or harassment can be used to help support another type of claim. See, <u>Hafford v. Seidner</u>, 183 F.3d 506, 515 (6th Cir. 1999) (recognizing that evidence of religious harassment could help support racial hostile work environment claim); <u>Hicks v. Gates Rubber Co.</u>, 833 F.2d 1406, 1416 (10th Cir. 1987) (noting that evidence of racial harassment may help establish sexually hostile work environment).

Thus, for example, the Plaintiff should be entitled to discover whether and to what extent the Defendants use pretextual reasons like "sleeping on the job" for carrying out other types of

discriminatory practices like discrimination based on race, age, sex and so forth, and whether there is and has been a general atmosphere of discrimination at the Montgomery Hyundai plant.

The Magistrate Judge ruled that the motion to compel was denied to the extent it sought any materials not related to discrimination based on military status, stating in his Order, in part:

> The plaintiff claims that this broad class of information is important to his case. The court disagrees. In his complaint, the plaintiff alleges that after missing work due to service in the Alabama Army National Guard his employer, HMMA, harassed and/or retaliated against him by placing him in a dangerous and undesirable job and by terminating him for "sleeping on the job" in violation of the Uniformed Services Employment and Re-employment Rights Act of 1994, § 2(a), 38 U.S.C.A. § 4311. Fed. R. Civ. P. 26(b)(1) permits the discovery of any non-privileged matter which is relevant to a claim or defense. The Rule specifically provides that the information sought need not be admissible at trial if the information "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In this case, the plaintiff's claim is predicated on employer antipathy towards employees in the military. The scope of discovery will be narrowed to address the claim.

[Doc. 38, footnote omitted].

The Order is contrary to the law. The Plaintiff's discovery requests here at issue are reasonably calculated to lead to the discovery of admissible evidence that the Defendants had a "discriminatory motive" in their retaliation and termination of the Plaintiff. See Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1238 (11th Cir. 2005) (a USERRA plaintiff must prove that "his protected status was a motivating factor in [Defendants'] decision" to fire him).

As this court has recently noted, "'[d]iscriminatory motivation under the USERRA may be reasonably inferred from a variety of factors...." Harris v. City of Montgomery, 322 F. Supp. 2d 1319, 1328 (M.D. Ala. 2004) (quoting *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001). Such factors include, but are not limited to, "inconsistencies between the proffered reason and other actions of the employer ... and disparate treatment of certain employees compared to other

employees with similar work records or offense." Coffman, 411 F.3d at 1238, quoting *Sheehan*, 240 F.3d at 1014. "Circumstantial evidence will often be a factor in [USERRA] cases, for discrimination is seldom open or notorious." Sheehan, 240 F.3d at 1014.

Once the Plaintiff proves that the Defendants acted with a discriminatory motive, the Defendants would then be entitled to show that "the action would have been taken despite the protected status." Id. If the Defendants meet that burden, the Plaintiff would then show that the articulated reason was a mere pretext. The materials sought are thus reasonably calculated to lead to the discovery of admissible evidence on: Defendants' discriminatory motivation; whether any reason offered by Defendants for their discriminatory actions are merely pretextual; **and**, whether Defendants' actions in violation of USERRA were "willful" thus entitling Plaintiff to liquidated damages under 38 U.S.C. § 4323(d)(1)(C).

As the court noted in Stair v. Lehigh Valley Carpenters Local Union No. 600, 813 F. Supp. 1116, 1119 (E.D. Pa. 1993), "[n]umerous cases have held that, as a general rule, evidence of discrimination against other employees is relevant to the issue of whether a defendant's employment action against an employee was motivated by intentional discrimination." (numerous citations omitted). See, e.g., Anderson v. Genuine Parts Co., Inc., 128 F.3d 1267, 1272 (8th Cir. 1997) ("An employer's prior acts of discrimination may show the employer's state of mind at the time of the adverse employment action in question"); Warren v. Halstead Indus., Inc., 802 F.2d 746, 753 (4th Cir. 1986) ("evidence of a general atmosphere of discrimination may be considered with other evidence bearing on motive in deciding whether a plaintiff has met his burden of showing that the defendant's articulated reasons are pretextual") (citations omitted); Hawkins v. Hennepin Technical Ctr., 900 F.3d 153, 155 (8th Cir.), *cert. denied*, 498 U.S. 854 (1990) ("Because an employer's past

discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial") (citations omitted); Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1103 (8th Cir. 1988) ("employer's history and work practices ... may be critical for the jury's assessment of whether a given employer was more likely than not to have acted from an unlawful motive").

>The First Circuit Court of Appeals has explained the reasoning for such admissibility:

>"circumstantial evidence of a discriminatory atmosphere at a plaintiff's place of employment is relevant to the question of motive in considering a discrimination claim. While evidence of a discriminatory atmosphere may not be conclusive proof of discrimination against an individual plaintiff, **such evidence does tend to add 'color' to the employer's decisionmaking processes and to the influences behind the actions taken with respect to the individual plaintiff**.

>\* \* \*

>Evidence of institutional state-of-mind may be presented for the consideration of the trier-of-fact because **an employer's willingness to consider impermissible factors such as race, age, sex, national origin, or religion while engaging in one set of presumably neutral employment decisions ... might tend to support an inference that such impermissible considerations may have entered into another area of ostensibly neutral employment decisions – here, an employee's termination**.

Conway v. Electro Switch Corp., 825 F.2d 593, 597-98 (1st Cir. 1987) (emphasis added).

Other courts have "recognized ... that in cases in which a plaintiff claims that his employer discriminated against him as an individual, the difficulties of proof suggest that courts should permit plaintiffs latitude in proving discrimination through the use of indirect evidence." McKenna v. Chilton Co., No. 86 Civ. 6707, 1991 U.S. Dist. LEXIS 1472, \*5 (S.D.N.Y. Feb. 6, 1991). As Judge Posner explained in Riordan v. Kempiners, 831 F.2d 690, 697-98 (7th Cir. 1987):

>Proof of ... [intentional] discrimination [in employment] is always difficult. Defendants of even minimal sophistication will neither admit discriminatory animus nor leave a paper trail demonstrating it; and because most employment decisions involve an element of discretion, alternative hypotheses (including that of simple

      mistake) will always be possible and often plausible. Only the very best workers are completely satisfactory, and they are not likely to be discriminated against – the cost of discrimination is too great. The law tries to protect average and even below-average workers against being treated more harshly than would be the case if they were of a different race, sex, religion, or national origin, but it has difficulty achieving this goal because it is so easy to concoct a plausible reason for not hiring, or firing, or failing to promote, or denying a pay raise to, a worker who is not superlative. A plaintiff's ability to prove discrimination indirectly, circumstantially, must not be crippled by evidentiary rulings that keep out probative evidence because of crabbed notions of relevance or excessive mistrust of juries.

Id. (citations omitted).

      A primary focus of the Defendants' opposition to the Plaintiff's motion to compel and the Order by implication is on whether the materials sought *may be* inadmissible at trial on relevance grounds. The Plaintiff has cited cases above (and in its motion to compel) indicating that such evidence may indeed be admissible at trial. That, however, is not the determinative issue at the discovery stage, especially in the context of an employment discrimination case. "The touchstone to the relevancy of documents requested is not that such discovery will result in evidence which is, or even may be admissible at trial, but rather that such discovery is 'reasonably calculated to lead to the discovery of admissible evidence.'" McCoy v. Deffenbaugh Indus., Inc., No. 04-2353, 2005 U.S. Dist. LEXIS 8923, *19 (D. Kan. May 2, 2005) (quoting Fed. R. Civ. P. 26(b)(1)). Cf., Herron v. Eastern Indus., Inc., No. 5:07cv35, 2007 U.S. Dist. LEXIS 69339, *15 (N.D. Fla. Sept. 19, 2007) ("Determinations of admissibility of evidence are premature at [the discovery] stage of the proceedings.") (citing Fed. R. Civ. P. 26(b)(1)).

      "Relevancy continues to be 'broadly construed, and a request for discovery should be considered relevant if there is *any possibility* that the information sought may be relevant to the claim or defense of any party." Breon v. Coca-Cola, 232 F.R.D. 49, 52 (D. Conn. 2005) (noting the 2000 amendment to Rule 26(b)(1) and quoting *Merrill v. Waffle House*, 227 F.R.D. 467, 470 (N.D.

Tex. 2005)) (emphasis in original).  "Unless it is **clear that the information sought can have *no possible bearing* on the claim or defense of a party**, the request **should be allowed**."  SEC v. Brady, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (citation omitted) (emphasis added).

"[T]he imposition of unnecessary limitations on discovery is especially to be avoided in [employment discrimination] cases,' because of the nature of the proofs required to demonstrate unlawful discrimination may often be indirect and circumstantial."  Miles v. Boeing Co., 154 F.R.D. 117, 119 (E.D. Pa. 1994) (quoting *Robbins v. Camden City Bd. of Educ.*, 105 F.R.D. 49, 55 (D.N.J. 1985)).[1]  As one court noted, information about "accusations is an obvious source of 'leads' which resourceful counsel may pursue to [discover] evidence bearing on intent or other facts in issue."  Unger v. Cohen, 125 F.R.D. 67, 70 (S.D.N.Y. 1989) (finding the fact that abandoned civil rights complaints may not be admissible at trial "*does not make them undiscoverable*") (emphasis added).

The cases Defendants relied on in arguing for a prohibition of discovery of other types of discrimination are all distinguishable.  In Johnson v. Jung, 2007 WL 1752608 (N.D. Ill. 2007), the plaintiff's claim was for *discrimination* based on race, ethnicity and national origin, but the plaintiff was seeking complaints relating mainly to sexual *harassment*.  The case of Rossbach v. Rundle, 128 F. Supp. 2d 1348 (S.D. Fla. 2000) involved a plaintiff claiming sexual harassment who was seeking "every conceivable office rumor."  And, in Prouty v. Nat'l R. Passenger Corp., 99 F.R.D. 545 (D.D.C. 1983), an age discrimination plaintiff was seeking to discover the race of employees hired by the defendant because, he claimed, "that in order to present statistical evidence showing a pattern

---

[1]See also, Lyoch v. Anheuser-Busch Cos., Inc., 164 F.R.D. 62, 65 (E.D. Mo. 1995) ("[c]ourts have treated discovery requests in employment discrimination cases liberally.") (citation omitted); EEOC v. Lockheed Martin, No. 05-00479, 2007 U.S. Dist. LEXIS 39342 (D. Hawaii May 29, 2007) ("liberal civil discovery rules give [employment discrimination] plaintiffs broad access to document their claims") (citations omitted); Milner v. Nat'l Sch. of Health Technology, 73 F.R.D. 628 (E.D. Pa. 1977) (scope of discovery in employment discrimination case is "particularly broad") (citations omitted).

of age reduction in defendant's work force, [he needed] to know the race of Amtrak employees, as well as their age, otherwise this lack of information could seriously distort his statistical analysis. He was not seeking, as is Plaintiff herein, evidence of other discrimination complaints.

None of these cases, nor any other argument of the Defendants, establishes that there is *no possibility* that the information sought by the Plaintiff will not be relevant to his claims or Defendants' defenses or that it is "**clear that the information sought can have *no possible bearing on the claim or defense of a party***." See Breon v. Coca-Cola, 232 F.R.D. 49, 52 (D. Conn. 2005) and SEC v. Brady, 238 F.R.D. 429, 437 (N.D. Tex. 2006) (emphasis added).

By limiting the Plaintiff's discovery, however, this is what Magistrate Judge Coody has necessarily found. The Order is therefore contrary to the law.

Based on the foregoing, the Plaintiff respectfully requests the Court to sustain his objections to the Order of October 5, 2007 and to compel the Defendants to respond to the discovery requests at issue.

Dated:   October 19, 2007.

                Respectfully submitted,

                /s/ W. Perry Hall
                VINCENT F. KILBORN, III
                W. PERRY HALL (HALLW9043)
                JEFFREY R. SPORT
                Kilborn, Roebuck & McDonald
                1810 Old Government Street
                Mobile, Alabama 36606
                Tele: 251/479-9010
                Fax: 251/479-6747
                E-mail: wph@krmlaw.com

OF COUNSEL:

David A. McDonald
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on counsel of record on October 19, 2007, by filing on the CMF/ECF system, which will transmit a copy to the following:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL  35203-2118

Matthew K. Johnson, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
Post Office Box 2757
Greenville, SC  29602

        /s/ W. Perry Hall
        COUNSEL