**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:07-cv-00306-MHT-CSC** |
| | ) | |
| **HYUNDAI MOTOR MANUFACTURING** | ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** | ) | |
| **AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION TO ALLOW RESPONSE TO PLAINTIFF'S
OBJECTIONS TO ORDER ON PLAINTIFF'S MOTION TO COMPEL**

COME NOW Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and

Hyundai Motor America, Inc. ("HMA") and move this Honorable Court to allow Defendants to

reply to *Plaintiff's Objections to Order on Plaintiff's Motion to Compel* (Doc. 39).  In support of

this motion, HMMA and HMA state as follows:

1.      *Plaintiff's Objections to Order on Plaintiff's Motion to Compel* ("Plaintiff's

Objections") were filed on October 19, 2007.  Plaintiff's Objections were filed in response to the

Order (Doc. 38) by Magistrate Judge Charles S. Coody granting in part and denying in part the

relief requested in the underlying motion.

2.      Subsequent to the filing of Plaintiff's Objections, Defendants have not received

notice of a right or duty to respond to Plaintiff's Objections, or a deadline for doing so.

Regardless, Defendants would ask that this Court allow Defendants to respond and consider their

*Response to Plaintiff's Objections to Order on Plaintiff's Motion to Compel*, filed herewith as **Exhibit A**, as Defendants' response.

WHEREFORE, premises considered, Defendants Hyundai Motor Manufacturing Alabama, LLC, and Hyundai Motor America, Inc., respectfully request that this Court consider Defendants' *Response to Plaintiff's Objections to Order on Plaintiff's Motion to Compel* and, if necessary, enter an Order allowing Defendant's to respond, considering the related Exhibit A as Defendants' response.

Respectfully submitted this the 25th day of October, 2007.

/s/  T. Scott Kelly
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of October, 2007, I electronically filed the foregoing *Defendants' Motion to Allow Response to Plaintiff's Objections to Order on Plaintiff's Motion to Compel* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey R. Sport, J. Trent Scofield, and Matthew K. Johnson.

/s/ T. Scott Kelly
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

5280629.1

3

<u>EXHIBIT A</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.** |
| | ) | **2:07-cv-00306-MHT-CSC** |
| **HYUNDAI MOTOR MANUFACTURING** | ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** | ) | |
| **AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION
## TO ORDER ON PLAINTIFF'S MOTION TO COMPEL

COMES NOW Defendants, Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), by and through their undersigned counsel, and herewith responds to *Plaintiff's Objections to Order on Plaintiff's Motion to Compel* (Doc. 39) ("Plaintiff's Objections"), filed on October 19, 2007 by Plaintiff Jerry Leon Dees, Jr.'s ("Plaintiff") as follows:

1.      Plaintiff's Complaint sets forth claims related to a single "civil right," i.e. violations of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301-4334 ("USERRA").  (*See*, Complaint, ¶¶ 18-22.)  Even so, Plaintiff seeks to conduct discovery from Defendants related to all "civil rights," including age, sex, race, national origin, etc.  (*See*, Plaintiff's Request for Production No. 5.)  Magistrate Judge Charles S. Coody granted Plaintiff's *Motion to Compel* (Doc. 28) in part, allowing discovery "relating to any HMMA employee in the military who submitted a complaint to members of HMMA

management, the EEOC, or a court regarding treatment at HMMA that violated the complainant's civil rights…." (*Order*, Doc. 38, p. 2.)

2.      As a result, Magistrate Coody's order would require Defendants to provide documents and information related to HMMA employees in the military that have alleged violations of essentially any "civil right" and, therefore, granted Plaintiff the right to discovery of instances where a violation of USERRA had not even been alleged.[1]  Regardless, Plaintiff wishes to push discovery yet another step further away from any relevance to his USERRA claim.

3.      As detailed in Defendants' *Responses to Plaintiff's Motion to Compel* (Docs. 32 & 33), (a) the discovery sought by Plaintiff is not relevant; (b) other courts have prohibited similar discovery requests; (c) the cases cited in Plaintiff's Motion to Compel were inapplicable; and (d) Plaintiff's subject requests are clearly overly broad.  Any of these bases would be sufficient to uphold Magistrate Coody's ruling.

4.      Magistrate Coody specifically and appropriately noted that Plaintiff's Complaint is based upon violations of USERRA and "employer antipathy toward employees in the military." (*Order*, Doc. 38, pp. 1-2.)  Thus, citing Rule 26(b)(1), Magistrate Coody allows for discovery relevant to a claim or defense.  *Id*.  Further, Magistrate Coody correctly notes that discovery sought need not be admissible at trial, rather it need only lead to the discovery of admissible evidence.  *Id*.  However, he also notes that discovery should <u>not</u> address other irrelevant matters and, therefore, allowed discovery only in relevant areas.[2]

---

[1] For example, this would allow discovery into a former service member's claim of discrimination or harassment related to sex, age, race, national origin, etc., even where the former service member's protected uniformed service had nothing at all to do with his or her claims or allegations.

[2] Indeed, as evidenced in fn. 1 above, Magistrate Coody's Order arguably allows discovery even beyond the claim and defenses of this case.

5.      Plaintiff's Objections cite a number of cases he suggest stand for the proposition that discovery of harassment or discrimination related to civil rights other than with respect to Plaintiff's USERRA rights should be allowed.  However, each of these cases is clearly distinguishable in a fairly significant way.  In the cases Plaintiff cites, each involves multiple civil rights allegations, not a single allegations as in this case.  For example, *Madani v. BHVT Motors, Inc.*, No. 04-1897, 2006 U.S. Dist. LEXIS 24602, *6 and *4 (D. Ariz. Apr. 27, 2006), involved claims of race and national origin discrimination.  *Feingold v. State of New York,* 366 F.3d 138 (2nd Cir. 2004) involved claims of race and religion-based claims, among others. Where a plaintiff alleges multiple types of discrimination or harassment, it makes sense that discovery would be conducted on multiple levels.  Here, that is simply not the case.  Neither *Madani* nor *Feingold* stand for the proposition that discovery should be allowed in employment cases wholly unrelated to the claims and defenses alleged.

6.      Plaintiff also cites cases to suggest that one type of discrimination or harassment "can be used to help support another type of claim."  (*Plaintiff's Objections*, Doc. 39, p. 2.)  *For example, see, Hafford v. Seidner,* 183 F.3d 506 (6th Cir. 1999) and *Hicks v. Gates Rubber Co.,* 833 F.2d 1406 (10th Cir. 1987).  However, these cases also miss the mark.  Both cases involve multiple "civil rights."  In *Hafford,* the court noted that the plaintiff's race and religion claims when considered as a whole may amount to a "hostile-environment claim, whereas each claim individually may not arise to the level of a hostile-environment claim."  *Hafford,* 183 F.3d at 5 14-15.  Thus, unlike the present case, the plaintiff brought claims related to multiple civil rights that the Court found worked in tandem in proving the plaintiff's case.  Similarly, in *Hicks,* the plaintiff brought claims related to racial and sexual harassment.  The Court considered whether "a trial court may aggregate evidence of racial hostility with evidence of sexual hostility."

*Hicks*, 833 F.2d at 14-16. Again, the issue involved looking at all of a plaintiff's claims in the aggregate. Neither case involved the discovery of evidence of civil rights claims wholly unrelated to the plaintiffs' claims. Indeed, Plaintiff cites no case law to support such a claim.

7.     Plaintiff's objections further contain citations to cases related to the legal requirement that Plaintiff show Defendants' had a "discriminatory motive." (*Order*, Doc. 39, pp. 3-4.) While discriminatory motive is an essential element of Plaintiff's USERRA claim, the cases cited do not involve any other civil rights and they do not stand for the proposition that Plaintiff is entitled to discovery unrelated to the claims and defenses asserted by the parties in this case.

8.     Plaintiff also cites cases that he asserts stand for the proposition that discovery should be allowed unless it can have "no possible bearing" or if there is "any possibility" the information is relevant to the claim or defense of a party. *See, e.g., Breon v. Coca Cola,* 232 F.R.D. 49, 52 (D. Conn. 2005), and *SEC v. Brady,* 238 F.R.D. 429 (N.D. Tex. 2006). In this case, Magistrate Coody concluded that discovery related to USERRA claims by employees or even non-USERRA civil rights claims by employees protected by USERRA are subject to discovery, but that matters wholly unrelated to a party's claim or defense is not relevant or discoverable.

9.     Magistrate Coody's decision is therefore sound in light of the cases cited by Plaintiff. Judge Coody's Order allows Plaintiff to conduct discovery on every potentially relevant topic given the allegations contained in Plaintiff's complaint and the defenses asserted by Defendants and, therefore, it is neither erroneous nor contrary to existing law.

10.     In sum, the Magistrate Judge's Order granting discovery on appropriate matters and denying Plaintiff the right to conduct discovery unrelated to the claims or defenses in this

case is neither erroneous nor contrary law and, therefore, should be accepted in whole and Plaintiff's objections should be overruled.

Dated this 25th day of October, 2007.

s/ T. Scott Kelly
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor Manufacturing Alabama, LLC, and Hyundai Motor America, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of October, 2007, I electronically filed the foregoing *Defendants' Response to Plaintiff's Objection to Order on Plaintiff's Motion to Compel* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, and Jeffrey R. Sport.

/s/ T. Scott Kelly
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: scott.kelly@odnss.com

5277001.1