**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:07-cv-00306-MHT-CSC** |
| | ) | |
| **HYUNDAI MOTOR MANUFACTURING** | ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** | ) | |
| **AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER
<u>LIMITING THE SCOPE OF RULE 30(b)(6) DEPOSITIONS</u>**

COMES NOW Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants") and move this Honorable Court for a protective order pursuant to Rule 26(c), Federal Rules of Civil Procedure, to appropriately limit the scope of testimony requested in Plaintiff's amended 30(b)(6) deposition notices, and to appropriately limit the scope of the 30(b)(5) document requests, served October 25, 2007.

By filing this motion, Defendants do not seek to delay or otherwise hinder discovery in this case. Defendants further stand ready to move forward with the depositions at issue at their designated dates and times. However, as explained herein, there is a serious dispute regarding the appropriate scope of these depositions, so it is necessary to seek the Court's guidance at this time. In support of this motion, Defendants state as follows:

<u>BACKGROUND</u>

1.     As Plaintiff has stated, "This case primarily involves the Defendants' harassment

of Plaintiff and ultimate termination of Plaintiff's employment in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. sec. 4301-4334 ("USERRA"). Specifically, a substantial or motivating factor in the Defendants' adverse employment actions against the Plaintiff was his service in the Alabama Army National Guard and his two tours of duty in Iraq." (*See*, Motion to Compel (Doc. 28), ¶ 3.) However, despite recognizing that the issue in this case is the Defendants' potential liability under USERRA, Plaintiff has repeatedly sought to conduct irrelevant discovery under the guise of an "alter ego" or "mere instrumentality" theory of liability against HMA. As explained below, such discovery is <u>not</u> relevant and, as a matter of fairness and justice, should be prevented.

2.     Plaintiff alleges he was an employee of HMMA. (Complaint, ¶ 1). However, Plaintiff does not allege that he was <u>employed by</u> HMA. At most, while never asserting any employment relationship with HMA, Plaintiff makes the self-serving and unsupported claim that HMMA and HMA are "alter egos" and that HMMA is a "mere instrumentality of" HMA. (Complaint, ¶ 4).

3.     The USERRA statute states that, "An <u>employer</u> may not discriminate in employment against or take any adverse employment action against any person because such person … has exercised a right provided for in this chapter." 38 U.S.C. §4311(b). (Emphasis added.) "Employer" is defined as, "any person, institution, organization, or other entity that <u>pays salary or wages for work performed or that has control over employment opportunities</u>…." 38 U.S.C. §4303(4)(a). (Emphasis added.) Thus, the relevant initial inquiry is whether or not either HMMA or HMA was an "employer" with respect to Plaintiff, i.e. whether either HMMA or HMA paid his salary or wages for work performed or whether it had control over employment opportunities.

4.    HMMA, while denying liability to Plaintiff, admits that it was an "employer" for purposes of USERRA liability.  On the other hand, HMA was <u>not</u> an "employer."

5.    HMMA and HMA are each willing to provide a corporate representative to testify concerning the relevant issues and, further, plan to do so at the currently scheduled Rule 30(b)(6) depositions pursuant to the most recent depositions notices received from Plaintiff's counsel.  However, Plaintiff's counsel refuse to describe with particularity the matters on which examination is requested.  Further, Plaintiff's counsel insists upon conducting discovery into irrelevant areas.  This fact is confirmed by Plaintiff's having filed Objections (Doc. 39) to the Court's Order on Plaintiff's Motion to Compel (Doc. 38).

6.    The alter ego or instrumentality theory asserted by Plaintiff is one of corporate law in which a plaintiff seeks to disregard the corporate entity, i.e. pierce the corporate veil, in an effort to assert liability against a controlling party for the acts of the instrumentality or alter ego.  Plaintiff is essentially arguing that HMA had <u>control</u> and should be liable as such.  Plaintiff's alter ego or mere instrumentality arguments elements of piercing the corporate veil "where the separate identity of two corporations should be disregarded where one corporation becomes the conduit of another."  *Talen's Landing, Inc. v. M/V Venture, II*, 656 F.2d 1157, 1160 (5th Cir. 1981)[1].

7.    Significantly, Defendants were unable to identify a single state or federal court USERRA case in which the alter ego or mere instrumentality theories are applied.  This is because the analysis is much simpler and direct under USERRA and Plaintiff's discovery should be limited as such.  Plaintiff's Rule 30(b)(6) deposition notice broadly requests testimony

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.  The decision in *Talen's Landing* was issued on September 25, 1981, and is precedential.

concerning "the relationship between" Defendants and Plaintiff's Rule 30(b)(5) document requests seek numerous documents including, but not limited to, supplier agreements, invoices, "communications between HMA and HMMA", documents that relate or refer to … contact between HMA and HMMA," and tax returns. Accordingly, they would require discovery well beyond the issue of whether Plaintiff was an employee of HMMA and/or HMA for purposes of potential USERRA liability.

## **PROCEDURAL HISTORY**

8.      Defendants previously filed a motion to dismiss HMA on the grounds that it was not an "employer" and, therefore, has no liability to Plaintiff.[2]

9.      On May 4, 2007, prior to the Court's ruling on the motion to dismiss, Plaintiff served a Rule 30(b)(6) deposition notice and Rule 30(b)(5) document request for a corporate representative of HMMA and HMA in addition to deposition notice and Rule 30(b)(5) document request for Wendy Warner, and HMMA employee. The relevant documents are attached as **Exhibit A**. As reflected in Plaintiff's transmittal correspondence, these deposition notices were intended to explore issues allegedly relevant to the motion to dismiss. However, it is clear that they go unnecessarily far beyond the scope of issues in this case.

10.     These Rule 30(b)(6) deposition notices request testimony concerning "[t]he relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC." and contain no further description or limitation of the

---

[2] The motion to dismiss was ultimately denied pursuant to this Court's Order (Doc. 11) in which this Court stated the matter "should be resolved either on summary judgment or at trial." However, contrary to assertions in correspondence from counsel for Plaintiff, this Court has not ruled in favor of discovery of this nature. It simply denied the motion to dismiss.

requested testimony.   In addition, these notices include 30(b)(5) document requests[3] that involve confidential and sensitive business/financial information.   These flaws have persisted through each subsequent amendment as discussed further below.

11.     Defendants responded to Plaintiff's May 4th deposition notices with a letter and separate responses/objections on June 4, 2007.   The relevant documents are attached as **Exhibit B**.  Although a number of issues raised in Defendants' responses/objections later became moot as a result of additional discovery, Defendants' objections to the irrelevance of requests seeking discovery beyond the issue of whether HMA was an "employer" for purposes of USERRA liability, the broad scope of documents requested, and Plaintiff's continued refusal to describe with reasonable particularity the matters upon which examination is being requested remain significant issues that are unresolved.

12.     After additional discovery and correspondence between the parties, on October 4, 2007, Plaintiff served amended Rule 30(b)(6) deposition notices[4] for an HMMA and HMA representative and an additional deposition notice for Wendy Warner.   The relevant documents are attached as **Exhibit C**.

13.     Defendants responded by letter to Plaintiff's counsel dated October 9, 2007.  See attached **Exhibit D**.   Specifically, the issue concerning Plaintiff's failure to describe with

---

[3] The most recent version of Plaintiff's amended Rule 30(b)(6) deposition notices include at least fifteen (15) different document requests with potentially numerous subparts, most of which relate to confidential and sensitive business/financial information unrelated to the real issues in this case.

[4] Although Plaintiff's amended deposition notices October 4th do not specify that a Rule 30(b)(5) document request is also applicable, the amended deposition notices came with an additional exhibit entitled "Production of Documents Pursuant to Rule 30(b)(5).  Because these exhibits were essentially identical to those included with the original deposition notices and due to subsequent correspondence, it became clear that Plaintiff's counsel intended the amended deposition notices to also require production of documents at the depositions.

reasonable particularity the matters upon which examination is being requested and flaws related to Plaintiff's "alter ego" and "mere instrumentality" theory were addressed in detail. However, Defendants offered to provide testimony concerning Plaintiff's employment by HMMA, HMA's never having employed Plaintiff, the Defendants' "human resources practices and their interrelationship with respect to human resources matters" including hiring and termination practices and procedures, and policies related to Team Members or employees protected by USERRA. (See, Exhibit D, p. 2, second full paragraph.)

14.     Plaintiff did not respond directly to this correspondence. Rather, on October 16, 2007, Plaintiff served yet more amended Rule 30(b)(6) deposition notices for an HMMA and HMA representative and an additional deposition notice for Wendy Warner, all of which included extensive Rule 30(b)(5) document requests. The relevant documents are attached as **Exhibit E**.

15.     Defendants responded to Plaintiff's amended deposition notices pursuant to a letter and separate responses/objections on October 19, 2007. The relevant documents are attached as **Exhibit F**. As before, Defendants' objections included the irrelevance of requests seeking discovery beyond the issue of whether HMA was an "employer" for purposes of USERRA liability, the broad scope of documents requested, and Plaintiff's continued refusal to describe with reasonable particularity the matters upon which examination is being requested.

16.     Plaintiff responded immediately on October 19, 2007, essentially rejecting Defendants' reasoning with respect to the scope of the Rule 30(b)(6) examination and Rule 30(b)(5) document requests. See attached **Exhibit G**.

17.     On October 25, 2007, Plaintiff served another round of amended Rule 30(b)(6) deposition notices for an HMMA and HMA representative and an additional deposition notice

for Wendy Warner, all of which included extensive Rule 30(b)(5) document requests. The relevant documents are attached as **Exhibit H**.

18.    On October 31, 2007, counsel for Defendants wrote to counsel for Plaintiff by e-mail to determine whether the parties could reach a compromise concerning the scope of Plaintiff's Rule 30(b)(6) deposition notices, the Wendy Warner deposition notice, and related Rule 30(b)(5) document requests.  See attached **Exhibit I**.  Counsel for Plaintiff responded but the parties have been unable to finalize a compromise concerning the scope of these depositions and further conferral would serve no useful purpose.

19.    Because the depositions are scheduled to occur in approximately one week and may result in significant travel and other expenses, it is necessary to involve the Court at this time.

## ARGUMENT/ANALYSIS

### Scope of Rule 30(b)(6) Depositions and 30(b)(5) Document Requests

20.    Because Plaintiff's amended notices from October 16, 2007, at least with respect to the scope of the 30(b)(6) depositions, are sufficiently alike in terms of relevant content to Plaintiff second amended notices from October 25, 2007, Defendants' would rely upon and incorporate herein by reference the arguments, responses, and objections contained in Exhibit G.

21.    In short, and without waiving any additional arguments/objections contained in Exhibit G, Defendants object to Plaintiff's Rule 30(b)(6) designations and 30(b)(5) requests for production of documents on each and all of the following grounds:

(a)    Plaintiff's Rule 30(b)(6) designation concerning "the relationship between" Defendants is global in nature, vague, overly broad, oppressive, unduly burdensome because it contains no reasonable limitation of time or geographic scope, is neither relevant nor

likely to lead to the discovery of admissible evidence, and is beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules.

(b)      Similarly, Plaintiff's amended Rule 30(b)(6) deposition notices violate the requirement of Rule 30(b)(6) requiring reasonable particularity with respect to the description of the matters on which examination is requested.  Simply requesting testimony concerning "the relationship between" Defendants does not satisfy this requirement.

(c)      Finally, as stated in paragraph 2 above, Plaintiff's Rule 30(b)(6) designations are not relevant to the legitimate claim or defense of any party because the relationship between HMMA and HMA for purposes of piercing the corporate veil on an alter ego or mere instrumentality theory is not limited to whether HMA is an "employer", i.e. whether HMA "pa[id] salary or wages for work performed or [had] control over employment opportunities…." 38 U.S.C. §4303(4)(a).  Plaintiff's alter ego or mere instrumentality theory is not supported by or necessary under the USERRA statute, and is not a basis of liability in the caselaw.  Because liability under USERRA is limited to discrimination by an "employer," Plaintiff's purported inquiry beyond this issue is irrelevant and not discoverable.

22.    Plaintiff's second amended 30(b)(6) deposition notices also seek testimony regarding non-production days that occurred in 2007 after Plaintiff's final date of employment with HMMA.  Discovery of this issue is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, necessarily involves confidential and sensitive business/financial information, and serves no useful purposes other than to harass or annoy Defendants.

<u>**Location of Rule 30(b)(6) Deposition of**</u>
<u>**HMA's Corporate Representative**</u>

23.    Finally, Plaintiff has noticed the deposition of HMA's Rule 30(b)(6) representative to take place at a conference room at the Marriott Le Merigot in Santa Monica, California.  See, Exhibit H.  HMA's corporate headquarters are located in Fountain Valley, California, approximately a 45 minute drive from Plaintiff's chosen location.  Counsel for HMA has requested that the deposition occur at HMA's corporate headquarters, and has offered Plaintiff the use of a conference room at no charge.  Plaintiff has rejected this offer.  Although Santa Monica is within the Central District of California, as is Fountain Valley, requiring the HMA representative to travel during his or her workday is unnecessary, particularly when a suitable and free conference room is available at HMA's corporate headquarters.

24.    Plaintiff's second amended deposition notices include the Rule 30(b)(6) deposition of HMA's corporate representative in Santa Monica, California, on November 9, 2007, and the depositions of Wendy Warner and HMMA's Rule 30(b)(6) corporate representative on November 15, 2007.  Accordingly, to avoid issues with travel, related expenses, and related to other looming deadlines in this matter, Defendants would request that the Court provide guidance on an expedited basis.

WHEREFORE, premises considered, Defendants Hyundai Motor Manufacturing Alabama, LLC, and Hyundai Motor America, Inc., respectfully requests that the Court:

(1)    Issue a Protective Order pursuant to Rule 26(c)(4) defining and limiting the scope of Plaintiff's Rule 30(b)(6) depositions of Defendants' corporate representatives with respect to Plaintiff's designation concerning "The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA,

INC.";

(2)    Issue a Protective Order pursuant to Rule 26(c)(4) defining and limiting the scope of Plaintiff's Rule 30(b)(5) document requests of Defendants' Rule 30(b)(6) representatives and of Wendy Warner;

(3)    Issue a Protective Order pursuant to Rule 26(c)(4) defining and limiting the scope of Plaintiff's Rule 30(b)(6) depositions of Defendants' corporate representatives with respect to Plaintiff's designation concerning "The circumstances surrounding the decision to halt production for several calendar days in 2007";

(4)    Issue a Protective Order pursuant to Rule 26(c)(2) designating that HMA's Rule 30(b)(6) corporate representative's deposition take place at HMA's headquarters in Fountain Valley, California; and

(5)    Grant all other relief to which Defendants may be entitled.

Respectfully submitted this 2nd day of November, 2007.

/s/  T. Scott Kelly
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602

Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Granted 5/15/07**

**Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of November, 2007, I electronically filed the

foregoing *Defendants' Motion for Protective Order Limiting the Scope of Rule 30(B)(6)*

*Depositions* with the Clerk of the Court using the CM/ECF system which will send notification

of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald,

Jeffrey R. Sport, J. Trent Scofield, and Matthew K. Johnson.

/s/ T. Scott Kelly
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

5289927.1

11

# Exhibit A

*Jerry Leon Dees, Jr., Plaintiff v. Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.*

## Motion for Protective Order Limiting the Scope of Rule 30(b)(6) Depositions

# KILBORN ROEBUCK & McDONALD
### ATTORNEYS AT LAW

VINCENT F. KILBORN, III        M. LLOYD ROEBUCK        DAVID A. MCDONALD        W. PERRY HALL

May 4, 2007

**Via Facsimile and U.S. Mail**

J. Trent Scofield, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Re:    ***Dees v. Hyundai Motor Manufacturing Alabama, LLC***
***and Hyundai Motor America, Inc.***
12(b)(6) Motion to Dismiss

Dear Trent:

I am in receipt of your above-referenced motion. It appears that whether Hyundai Motor America ("HMA") is a proper party to this action is a question of fact, given your Declaration filed by Wendy Warner.

Since your motion under the FRCP is, in effect, a motion for summary judgment (*i.e.*, based on facts), I believe that we are entitled to full discovery with respect to whether HMA has the alleged relationship with Hyundai Motor Manufacturing Alabama, LLC ("HMMA"). I have attached deposition notices that should allow us to get to the facts. These depositions can be taken in Montgomery to make it convenient for the witnesses. We need only to agree on the dates.

Please contact me as soon as possible to schedule these depositions. Due to the time frame in responding to your motion, please respond no later than Tuesday, May 8, 2007. I look forward to hearing from you.

May 4, 2007

Notices

VFK/vsl
Enclosur

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                           *

     Plaintiff,                                    *

vs.                                             *    Case No. 2:07-cv-00306-MHT-CSC

HYUNDAI MOTOR MANUFACTURING              *
ALABAMA, LLC and HYUNDAI MOTOR
AMERICA, INC.,                                  *

     Defendants.                                   *

## NOTICE OF DEPOSITION OF
## HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC
## PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:.          J. Trent Scofield
              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
              One Federal Place, Ste. 1000
              1819 Fifth Avenue North
              Birmingham, AL 35203

**DEPONENT:** HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC

**DATE:**        TBA

**TIME:**        10:00 A.M.

**LOCATION:** TBA
              Montgomery, Alabama

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of the

Defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC by its designated agent or

agents most knowledgeable about and familiar with the matters set forth below, at the time, date and

location indicated above upon oral examination before a Notary Public or other officer duly

authorized to administer oaths and swear witnesses. The oral examination(s) will continue from day

to day until completed.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

The subject matters for which the deponent(s) will be requested to testify are as follows:

1.      The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA,

        LLC and HYUNDAI MOTOR AMERICA, INC.

## DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified

hereby to appear for this deposition, be prepared to testify in the matters described and enumerated

above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of

Civil Procedure and make available for copying the following documents, records, and other items

set forth in Exhibit A attached.

Dated this 4th day of May, 2007.

*Vincent Kilborn/val*

Vincent F. Kilborn, III (KIL004)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 4th day of May, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

*Vincent Kilborn/val*
COUNSEL

**EXHIBIT A**
**PRODUCTION OF DOCUMENTS PURSUANT**
**TO RULE 30(b)(5)**

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1.  Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:

    a.  Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

    b.  Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

1

c.  Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d.  Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e.  Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;

f.  Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g.  If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h.  Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i.  Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 through the present;

j.  Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present.

k.  Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l.  Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m. All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and

2

    n.  Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office or building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

2.  The entire personnel file of Wendy Warner, including applications for employment, resumes, immigration documentation, job description, employee evaluations, employee discipline documents, code of ethics or business conduct documents, including acknowledgments, and employee policy manual or handbook documents, including acknowledgments.

3.  Organizational chart showing the management hierarchy within HMMA as well as the reporting lines of communication and control above HMMA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
| Plaintiff, | * | |
| vs. | * | Case No.  2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC., | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF DEPOSITION OF
## HYUNDAI MOTOR AMERICA, INC.
## PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:.            J. Trent Scofield
                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                One Federal Place, Ste. 1000
                1819 Fifth Avenue North
                Birmingham, AL 35203

DEPONENT: HYUNDAI MOTOR AMERICA, INC.

DATE:            TBA

TIME:            10:00 A.M.

LOCATION: TBA
                Montgomery, Alabama

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of the

Defendant HYUNDAI MOTOR AMERICA, INC. by its designated agent or agents most

knowledgeable about and familiar with the matters set forth below, at the time, date and location

indicated above upon oral examination before a Notary Public or other officer duly authorized to administer oaths and swear witnesses. The oral examination(s) will continue from day to day until completed.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

The subject matters for which the deponent(s) will be requested to testify are as follows:

1.       The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA,

LLC and HYUNDAI MOTOR AMERICA, INC.

## DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified hereby to appear for this deposition, be prepared to testify in the matters described and enumerated above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure and make available for copying the following documents, records, and other items set forth in Exhibit A attached.

Dated this 4th day of May, 2007.

Vincent F. Kilborn, III (KIL004)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

Page 2
Case No. 2:07-cv-00306-MHT-CSC

OF COUNSEL
David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 4th day of May, 2007, the foregoing
pleading on all counsel of record by depositing a copy of same in the United States Mail
with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

*Vincent Kilborn/vsl*

COUNSEL

**EXHIBIT A**
**PRODUCTION OF DOCUMENTS PURSUANT**
**TO RULE 30(b)(5)**

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:

    a. Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

    b. Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

c. Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d. Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e. Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;

f. Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g. If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h. Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i. Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 through the present;

j. Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present.

k. Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l. Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m. All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and

n.  Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office or building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

2.  The entire personnel file of Wendy Warner, including applications for employment, resumes, immigration documentation, job description, employee evaluations, employee discipline documents, code of ethics or business conduct documents, including acknowledgments, and employee policy manual or handbook documents, including acknowledgments.

3.  Organizational chart showing the management hierarchy within HMMA as well as the reporting lines of communication and control above HMMA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                          *

     Plaintiff,                                 *

vs.                                            *     Case No.  2:07-cv-00306-MHT-CSC

HYUNDAI MOTOR MANUFACTURING                    *
ALABAMA, LLC and HYUNDAI MOTOR
AMERICA, INC.,                                 *

     Defendants.                                *

<u>NOTICE OF DEPOSITION OF
WENDY WARNER</u>

TO:.       J. Trent Scofield
           OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
           One Federal Place, Ste. 1000
           1819 Fifth Avenue North
           Birmingham, AL 35203

**DEPONENT: WENDY WARNER**

**DATE:**        TBA

TIME:        10:00 A.M.

**LOCATION:** TBA
           Montgomery, Alabama

PLEASE TAKE NOTICE that KILBORN, ROEBUCK & MCDONALD, Attorneys for the

Plaintiff, JERRY LEON DEES, JR., will take the pre-trial discovery deposition of the deponent

named above at the time, date and location indicated above, upon oral examination pursuant to the

Federal Rules of Civil Procedure before an officer duly authorized to administer oaths and swear

witnesses. The oral examination will continue from day to day until completed, and you are invited

to attend and examine the deponent.

## DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified

hereby to appear for this deposition, be prepared to testify in the matters described and enumerated

above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of

Civil Procedure and make available for copying the following documents, records, and other items

set forth in Exhibit A attached.

Dated this 4th day of May, 2007.

_Vincent Kilborn_ /vac

Vincent F. Kilborn, III (KIL004)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 4th day of May, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

_Vincent Kilborn/vee_
COUNSEL

**EXHIBIT A**
**DEPOSITION DUCES TECUM**

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. The complete employee personnel file of Jerry Leon Dees, Jr.

2. Any and all documents or records upon which you formed your personal knowledge regarding Hyundai Motor Manufacturing Alabama, LLC's ("HMMA's") operations as well as HMMA's relationship to Hyundai Motor America, Inc. ("HMA").

3. Any and all documents upon which you base your personal knowledge that HMMA is a Delaware limited liability company and has its principal place of business in Montgomery, Alabama.

4. Any and all documents or other records upon which you base your personal knowledge that HMMA is an independent manufacturing operation of Hyundai Motor Company in Seoul, Korea.

5. Any and all documents upon which you base your "understanding" that HMA is a corporation organized in the State of California and has its principal place of business in Fountain Valley, California.

6. Any and all documents upon which you base your "understanding" that HMA is in the business of distributing Hyundai brand automobiles and parts in the United States.

1

7. Any and all documents, records, agreements, contracts, or other evidence upon which you based your statement that HMA and HMMA are legally distinct and separate corporate entities.

8. Any and all documents and employment records upon which you based your statements that Dees was not employed by HMA at any time and did not receive any pay, salary, or benefits from HMA at any time.

9. Any and all documents upon which you based your statement that HMA had no control over HMMA's decision to terminate Dees.

10. Any and all documents upon which you based your statements that HMA had no employment, legal, or other relationship with Dees, and that HMA had no employment, legal, or other relationship, or right to control or direct, the other individual employees identified in Dees' complaint.

11. Any and all e-mails relating to this case, to the employment of Dees with Hyundai, or to anyone at HMA or any other Hyundai entity[1] regarding the issues cited above, including e-mails residing on your personal computer or any computer to which you had access, including computers in your home, as well as any e-mails residing on any e-mail servers at HMMA, HMA, or any other Hyundai entity.

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent.

2

# Exhibit B

*Jerry Leon Dees, Jr., Plaintiff v. Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.*

## Motion for Protective Order Limiting the Scope of Rule 30(b)(6) Depositions



OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

The Ogletree Building
300 North Main Street
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: 864.271.1300
Facsimile:  864.235.8806
www.ogletreedeakins.com

June 4, 2007

Vincent F. Kilborn, III, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
P.O. Box 66710
Mobile, AL  36660

Jeffrey R. Sport, Esq.
Jeffrey R. Sport, P.C.
8475 Sterling Drive
Mobile, AL 36695

  **Re:** **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**

Gentlemen:

  In Trent Scofield's absence, I am forwarding for service upon you the Defendants' Response to Plaintiff's Notice of Deposition of Wendy Warner and 30(b)(5) Request for Documents, Hyundai Motor America, Inc.'s Response to Plaintiff's Rule 30(6) Deposition Notice and 30(b)(5) Request for Documents, and Defendant Hyundai Motor Manufacturing Alabama, LLC's Response to Plaintiff's Rule 30(b)(6) Deposition Notice and 30(b)(5) Request for Documents.  A corresponding Certificate of Service is attached to each of these enclosed documents.

  Please understand that these are being served to preserve our objections.  We are certainly willing and available to further discuss an appropriate method for getting you the information you need concerning Hyundai Motor America, Inc.'s lack of involvement at your convenience.  Feel free to contact us at any time.

        Very truly yours,

        Matthew K. Johnson

MKJ:vs

Atlanta, GA • Austin, TX • Birmingham, AL • Charleston, SC • Charlotte, NC • Chicago, IL • Columbia, SC • Dallas, TX • Greensboro, NC • Greenville, SC • Houston, TX • Indianapolis, IN
Kansas City, MO • Los Angeles, CA • Miami, FL • Morristown, NJ • Nashville, TN • Phoenix, AZ • Raleigh, NC • St. Thomas, VI • San Antonio, TX • Tampa, FL • Torrance, CA • Washington, DC

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,               )
                                    )
        Plaintiff,                  )
                                    )       CIVIL ACTION NO.:
v.                                  )       2:07-cv-00306-MHT-CSC
                                    )
HYUNDAI MOTOR MANUFACTURING         )
ALABAMA, LLC, and HYUNDAI MOTOR     )
AMERICA, INC.,                      )
                                    )
        Defendants.                 )

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF DEPOSITION
OF WENDY WARNER AND 30(b)(5) REQUEST FOR DOCUMENTS**

COMES NOW Defendants, Hyundai Motor Manufacturing Alabama, LLC ("HMMA")

and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), and responds to

Plaintiff's notice of deposition of Wendy Warner and 30(b)(5) request for documents as follows:

A.    **GENERAL OBJECTIONS:**

Defendants object to each and every 30(b)(5) request for production of documents on

each and all of the following grounds:

1.    Defendants reserve any and all objections as to competence, relevance, materiality

or other grounds that would require exclusion of any answer, or part thereof, if made by a

witness present and testifying in court or the exclusion of any document and/or thing produced.

Any and all such objections and grounds are expressly reserved and may be interposed at the

time of trial.

2.    To the extent any such answer contains or refers to matters otherwise protected from discovery by the work product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged.

3.    It is undisputed that discovery in this matter is far from complete. The responses herein are based only upon information presently available to Defendants and are given in a good faith effort to comply with Plaintiff's requests.

4.    Documents produced in connection herewith are produced subject to the provisions of the Protective Order entered in this case.

5.    Defendants object to Plaintiff's 30(b)(6) areas of designation and 30(b)(5) requests for production to the extent they are vague, oppressive and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure or the Local Rules.

6.    The supplying of any information does not constitute an admission by Defendants that such information is relevant in this lawsuit. All information provided by Defendants is for use in this litigation and for no other purpose.

7.    Defendants object to each and every 30(b)(5) request for production to the extent that it seeks information that is equally available to the Plaintiff and the burden on the Defendants to obtain the requested information is no greater than the burden on Plaintiffs.

8.    Defendants object to each and every 30(b)(5) request for production to the extent that it seeks information an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

2

9.    Defendants object to each and every 30(b)(5) request for production as it is directed to Wendy Warner, Manager of HMMA's Employment Department, who is a fact witness and not a party deponent.  Therefore, all of these 30(b)(5) requests are beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules.

10.    Defendants object to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it was served prematurely, i.e. before the parties' Rule 26(f) planning conference.

11.    Further, formal discovery has only commenced in this civil action and therefore, Defendants reserves the right to supplement its responses to the Plaintiff's 30(b)(6) areas of designation and 30(b)(5) requests for production upon completion of discovery.

B.    **RESPONSES/OBJECTIONS TO THE 30(b)(5) REQUESTS FOR PRODUCTION:**

*1.    The complete employee personnel file of Jerry Leon Dees, Jr.*

RESPONSE/OBJECTION:

Defendants object to this Request as it is beyond the scope of Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure as Wendy Warner is a fact witness in this matter and is not a party deponent as contemplated in Rule 30(b)(5).    Subject to and notwithstanding these objections, Defendants will produce Plaintiff's "personnel file," as Defendants understand the meaning of that phrase, after the entry of an appropriate Protective Order.

*2.    Any and all documents or records upon which you formed your personal knowledge regarding Hyundai Motor Manufacturing Alabama, LLC's ("HMMA's") operations as well as HMMA's relationship to Hyundai Motor America, Inc. ("HMA").*

RESPONSE/OBJECTION:

Defendants object to this Request as it is beyond the scope of Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure as Wendy Warner is a fact witness in this matter and is not a party deponent as contemplated in Rule 30(b)(5).  Defendants further object to this Request because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

3

Defendants further object because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendants further object because this request seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

3.    *Any and all documents upon which you base your personal knowledge that HMMA is a Delaware limited liability company and has its principal place of business in Montgomery, Alabama.*

RESPONSE/OBJECTION:

Defendants object to this Request as it is beyond the scope of Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure as Wendy Warner is a fact witness in this matter and is not a party deponent as contemplated in Rule 30(b)(5). Defendants further object to this Request because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendants further object because this request seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

Without waiving the foregoing objections, Defendants state that Plaintiff can easily obtain corporate records or their substantial equivalent by other means, namely from the Delaware Department of State's Division of Corporations and/or the Alabama Secretary of State's office.

4.    *Any and all documents or other records upon which you based your personal knowledge that HMMA is an independent manufacturing operation of Hyundai Motor Company in Seoul, Korea.*

RESPONSE/OBJECTION:

Defendants object to this Request as it is beyond the scope of Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure as Wendy Warner is a fact witness in this matter and is not a party deponent as contemplated in Rule 30(b)(5). Defendants further object to this Request because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendants further object because this request seeks information

protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

5.    *Any and all documents upon which you base your "understanding" that HMA is a corporation organized in the State of California and has its principal place of business in Fountain Valley, California.*

RESPONSE/OBJECTION:

Defendants object to this Request as it is beyond the scope of Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure as Wendy Warner is a fact witness in this matter and is not a party deponent as contemplated in Rule 30(b)(5). Defendants further object to this Request because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendants further object because this request seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

Without waiving the foregoing objections, Defendants state that Plaintiff can easily obtain corporate records or their substantial equivalent by other means, namely from the California Secretary of State's office.

6.    *Any and all documents upon which you base your "understanding" that HMA is in the business of distributing Hyundai brand automobiles and parts in the United States.*

RESPONSE/OBJECTION:

Defendants object to this Request as it is beyond the scope of Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure as Wendy Warner is a fact witness in this matter and is not a party deponent as contemplated in Rule 30(b)(5). Defendants further object to this Request because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendants further object because this request seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

7.    *Any and all documents, records, agreements, contracts, or other evidence upon which you based your statement that HMA and HMMA are legally distinct and separate corporate entities.*

5

RESPONSE/OBJECTION:

Defendants objects to this Request as it is beyond the scope of Rule 30(b)(5) and Rule 34

of the Federal Rules of Civil Procedure as Wendy Warner is a fact witness in this matter and is not a party deponent as contemplated in Rule 30(b)(5). Defendants further object to this Request because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendants further object because this request seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

8.     *Any and all documents and employment records upon which you based your statements that Dees was not employed by HMA at any time and did not receive any pay, salary, or benefits from HMA at any time.*

RESPONSE/OBJECTION:

Defendants object to this Request as it is beyond the scope of Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure as Wendy Warner is a fact witness in this matter and is not a party deponent as contemplated in Rule 30(b)(5). Defendants further object to this Request because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendants further object because this request seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

9.     *Any and all documents upon which you based your statement that HMA had no control over HMMA's decision to terminate Dees.*

RESPONSE/OBJECTION:

Defendants object to this Request as it is beyond the scope of Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure as Wendy Warner is a fact witness in this matter and is not a party deponent as contemplated in Rule 30(b)(5). Defendants further object to this Request because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence.

6

Defendants further object because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendants further object because this request seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

10.  *Any and all documents upon which you based your statements that HMA had no employment, legal, or other relationship with Dees, and that HMA had no employment, legal, or other relationship, or right to control or direct, the other individual employees identified in Dees' complaint.*

RESPONSE/OBJECTION:

Defendants object to this Request as it is beyond the scope of Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure as Wendy Warner is a fact witness in this matter and is not a party deponent as contemplated in Rule 30(b)(5). Defendants further object to this Request because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendants further object because this request seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

11.  *Any and all e-mails relating to this case, to the employment of Dees with Hyundai, or to anyone at HMA or any other Hyundai entity[1] regarding the issues cited above, including e-mails residing on your personal computer or any computer to which you had access, including computers in your home, as well as any e-mails residing on any e-mail servers at HMMA, HMA, or any other Hyundai entity.*

RESPONSE/OBJECTION:

Defendants object to this Request as it is beyond the scope of Rule 30(b)(5) and Rule 34 of the Federal Rules of Civil Procedure as Wendy Warner is a fact witness in this matter and is not a party deponent as contemplated in Rule 30(b)(5). Defendants further object to this Request because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope, and is not relevant or reasonably calculated to lead to the discovery of admissible evidence, contains personal and private information, and is asked for purposes of harassment and annoyance, and to the extent it invades the personal privacy interests of non-parties. Defendants further object because the materials sought may constitute trade secrets,

---

[1]  *"Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent.*

7

operations information, confidential statistical data and other confidential commercial and financial data. Defendants further object because this request seeks information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

As to objections,

*Matthew K. Johnson / for JTS*

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.

8

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2007, I served a copy of the foregoing via U.S. Mail,

postage prepaid, and addressed as follows:

Vincent F. Kilborn, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
P.O. Box 68710
Mobile, AL 36660

Jeffrey R. Sport, Esq.
Jeffrey R. Sport, P.C.
8475 Sterling Drive
Mobile, AL 36695

J. Trent Scofield (SCO-024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com

4986599.1

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                )
                                     )
        Plaintiff,                   )
                                     )        CIVIL ACTION NO.:
v.                                   )        2:07-cv-00306-MHT-CSC
                                     )
HYUNDAI MOTOR MANUFACTURING          )
ALABAMA, LLC, and HYUNDAI MOTOR      )
AMERICA, INC.,                       )
                                     )
        Defendants.                  )

**DEFENDANT HYUNDAI MOTOR AMERICA, INC.'S RESPONSE TO PLAINTIFF'S
RULE 30(b)(6) DEPOSITION NOTICE AND 30(b)(5) REQUEST FOR DOCUMENTS**

COMES NOW Defendant, Hyundai Motor America, Inc. ("HMA" and/or "Defendant"), and responds to Plaintiff's Rule 30(b)(6) notice of deposition and 30(b)(5) request for documents as follows:

A.    **GENERAL OBJECTIONS:**

HMA objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production of documents on each and all of the following grounds:

1.    Defendant reserves any and all objections as to competence, relevance, materiality or other grounds that would require exclusion of any answer, or part thereof, if made by a witness present and testifying in court or the exclusion of any document and/or thing produced. Any and all such objections and grounds are expressly reserved and may be interposed at the time of trial.

2.      To the extent any such answer contains or refers to matters otherwise protected from discovery by the work product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged.

3.      It is undisputed that discovery in this matter is far from complete.  The responses herein are based only upon information presently available to Defendant and are given in a good faith effort to comply with Plaintiff's requests.

4.      Documents produced in connection herewith are produced subject to the provisions of the Protective Order entered in this case.

5.      Defendant objects to Plaintiff's 30(b)(6) areas of designation and 30(b)(5) requests for production to the extent they are vague, oppressive and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules.

6.      The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit.  All information provided by Defendant is for use in this litigation and for no other purpose.

7.      Defendant objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it seeks information that is equally available to the Plaintiff and the burden on the Defendant to obtain the requested information is no greater than the burden on Plaintiff.

8.      Defendant objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

2

9.    Defendant objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it was served prematurely, i.e. before the parties' Rule 26(f) planning conference.

10.    Further, formal discovery has only commenced in this civil action and therefore, Defendant reserves the right to supplement its responses to the Plaintiff's 30(b)(6) areas of designation and 30(b)(5) requests for production upon completion of discovery.

**B.    RESPONSE/OBJECTION TO THE 30(b)(6) DESIGNATION:**

*1.    The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC AND HYUNDAI MOTOR AMERICA, INC.*

**RESPONSE/OBJECTION:**

Defendant objects to No. 1 because such request is global in nature, vague, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope.  Defendant also objects to this request because is violates Rule 30(b)(6)'s requirement that the Notice "describe with reasonable particularity the matters on which examination is requested."

At this time, HMA offers to designate a representative to testify in Fountain Valley, California regarding the fact that it has not at any time employed Plaintiff.

**C.    OBJECTIONS TO THE 30(b)(5) REQUESTS FOR PRODUCTION:**

*1.    Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:*

*a.    Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;*

---

[1]  *"Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.*

3

b.     *Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;*

c.     *Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;*

d.     *Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;*

e.     *Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present.*

f.     *Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;*

g.     *If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;*

h.     *Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;*

i.     *Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 to the present;*

j.     *Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present;*

k.     *Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;*

l.     *Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;*

4

m.     *All required financial or other filings with the United States government or regulator agencies thereof within the last three years from 2004 through present; and*

n.     *Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office of building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.*

**OBJECTION:**

Defendant objects to Request No. 1 and its fourteen subparts because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable geographic scope, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, contains personal and private information, and is asked for purposes of harassment and annoyance, and to the extent it invades the personal privacy interests of non-parties. Defendant also objects to the production of any HMMA materials as it is not presently in control or possession of such documents. Defendant further objects because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendant further objects because this request and its fourteen subparts seek information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

2.     *The entire personnel file of Wendy Warner, including applications for employment, resumes, immigration documentation, job description, employee evaluations, employee discipline documents, code of ethics or business conduct documents, including acknowledgements, and employee policy manual or handbook documents, including acknowledgements.*

**OBJECTION:**

Defendant HMA objects to Request No. 2 because HMA is not currently in control or possession of any responsive documents. Defendant further objects to this request it is overly broad and unduly burdensome, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, contains personal and private information, and is asked for purposes of harassment and annoyance, and to the extent it invades the personal privacy interests of non-parties.

3.     *Organizational chart showing the management hierarchy within HMMA as well as the reporting lines of communication and control above HMMA.*

**OBJECTION:**

Defendant HMA objects to Request No. 3 because HMA is not currently in control or possession of any responsive documents pertaining to HMMA. Defendant further objects

to this request because it is global in nature, overly broad, and unduly burdensome as it contains no limitation of time, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is asked for purposes of harassment and annoyance. Defendant also objects because the organizational and management structure of Defendant outside of the department in which the Plaintiff was employed is irrelevant.

As to objections,

_Matthew K. Johnson / for JTS_
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2007, I served a copy of the foregoing via U.S. Mail,

postage prepaid, and addressed as follows:

Vincent F. Kilborn, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
P.O. Box 68710
Mobile, AL 36660

Jeffrey R. Sport, Esq.
Jeffrey R. Sport, P.C.
8475 Sterling Drive
Mobile, AL 36695

J. Trent Scofield (SCO-024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com

4986576.1

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:07-cv-00306-MHT-CSC** |
| | ) | |
| **HYUNDAI MOTOR MANUFACTURING** | ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** | ) | |
| **AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC'S RESPONSE TO PLAINTIFF'S RULE 30(b)(6) DEPOSITION NOTICE AND 30(b)(5) REQUEST FOR DOCUMENTS

COMES NOW Defendant, Hyundai Motor Manufacturing Alabama, LLC ("HMMA" and/or "Defendant"), and responds to Plaintiff's Rule 30(b)(6) notice of deposition and 30(b)(5) request for documents as follows:

### A.    GENERAL OBJECTIONS:

HMMA objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production of documents on each and all of the following grounds:

1.    Defendant reserves any and all objections as to competence, relevance, materiality or other grounds that would require exclusion of any answer, or part thereof, if made by a witness present and testifying in court or the exclusion of any document and/or thing produced. Any and all such objections and grounds are expressly reserved and may be interposed at the time of trial.

2.     To the extent any such answer contains or refers to matters otherwise protected from discovery by the work product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged.

3.     It is undisputed that discovery in this matter is far from complete. The responses herein are based only upon information presently available to Defendant and are given in a good faith effort to comply with Plaintiff's requests.

4.     Documents produced in connection herewith are produced subject to the provisions of the Protective Order entered in this case.

5.     Defendant objects to Plaintiff's 30(b)(6) areas of designation and 30(b)(5) requests for production to the extent they are vague, oppressive and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules.

6.     The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation and for no other purpose.

7.     Defendant objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it seeks information that is equally available to the Plaintiff and the burden on the Defendant to obtain the requested information is no greater than the burden on Plaintiff.

8.     Defendant objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it seeks an answer involving an opinion or contention

2

that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted.

9.    Defendant objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it was served prematurely, i.e. before the parties' Rule 26(f) planning conference.

10.    Further, formal discovery has only commenced in this civil action and therefore, Defendant reserves the right to supplement its responses to the Plaintiff's 30(b)(6) areas of designation and 30(b)(5) requests for production upon completion of discovery.

**B.    RESPONSE/OBJECTION TO THE 30(b)(6) DESIGNATION:**

*1.    The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC AND HYUNDAI MOTOR AMERICA, INC.*

**RESPONSE/OBJECTION:** Defendant objects to No. 1 because such request is global in nature, vague, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope. Defendant also objects to this request because it violates Rule 30(b)(6)'s requirement that the Notice "describe with reasonable particularity the matters on which examination is requested."

At this time, HMMA offers to designate a representative to testify regarding the employment of Plaintiff by HMMA.

**C.    OBJECTIONS TO THE 30(b)(5) REQUESTS FOR PRODUCTION:**

*1.    Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:*

*a.    Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other*

3

"Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

b.    Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

c.    Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d.    Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e.    Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present.

f.    Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g.    If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h.    Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i.    Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 to the present;

j.    Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present;

k.    Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

4

*in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;*

*l.      Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;*

*m.      All required financial or other filings with the United States government or regulator agencies thereof within the last three years from 2004 through present; and*

*n.      Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office of building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.*

**OBJECTION:**

Defendant objects to Request No. 1 and its fourteen subparts because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable geographic scope, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, contains personal and private information, and is asked for purposes of harassment and annoyance, and to the extent it invades the personal privacy interests of non-parties. Defendant further objects because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendant further objects because this request and its fourteen subparts seek information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

2.      *The entire personnel file of Wendy Warner, including applications for employment, resumes, immigration documentation, job description, employee evaluations, employee discipline documents, code of ethics or business conduct documents, including acknowledgements, and employee policy manual or handbook documents, including acknowledgements.*

**OBJECTION:**

Defendant further objects to this request because it is overly broad, unduly burdensome and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, contains personal and private information, and is asked for purposes of harassment and annoyance, and to the extent it invades the personal privacy interests of non-parties.

3.      *Organizational chart showing the management hierarchy within HMMA as well as the reporting lines of communication and control above HMMA.*

5

**OBJECTION:**

Defendant objects to Request No. 3 because such request is global in nature, overly broad, and unduly burdensome as it contains no limitation of time, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is asked for purposes of harassment and annoyance. Defendant also objects because the organizational and management structure of Defendant outside of the department in which the Plaintiff was employed is irrelevant.

As to objections,

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.

6

### CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2007, I served a copy of the foregoing via U.S. Mail, postage prepaid, and addressed as follows:

Vincent F. Kilborn, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
P.O. Box 68710
Mobile, AL 36660

Jeffrey R. Sport, Esq.
Jeffrey R. Sport, P.C.
8475 Sterling Drive
Mobile, AL 36695

J. Trent Scofield (SCO-024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com

4986568.1

7

# Exhibit C

*Jerry Leon Dees, Jr., Plaintiff v. Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.*

## Motion for Protective Order Limiting the Scope of Rule 30(b)(6) Depositions

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
| Plaintiff, | * | |
| vs. | * | Case No.  2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC., | * | |
| | * | |
| Defendants. | * | |

## AMENDED NOTICE OF DEPOSITION OF
## HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC
## PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:.

    J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

    Matthew Kinard Johnson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PO Box 2757
Greenville, SC 29602

**DEPONENT:**    **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC**

**DATE:**    October 10, 2007

TIME:    10:00 A.M.

**LOCATION:**    TBA
    Los Angeles, California

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of the

Defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC by its designated agent

or agents most knowledgeable about and familiar with the matters set forth below, at the time, date

and location indicated above upon oral examination before a Notary Public or other officer duly

authorized to administer oaths and swear witnesses. The oral examination(s) will continue from day

to day until completed.


### MATTERS ON WHICH EXAMINATION IS REQUESTED

The subject matters for which the deponent(s) will be requested to testify are as follows:

1.     The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA,

       LLC and HYUNDAI MOTOR AMERICA, INC.


Dated this ____ day of October, 2007.

W. Perry Hall, Esquire (HALLW9043)
Vincent F. Kilborn, III, Esquire (KILBV4484)
KILBORN, ROEBUCK & MCDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747


OF COUNSEL
David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
P.O. Box 832

Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

### CERTIFICATE OF SERVICE

I do hereby certify that I have served on this ___4th___ day of October, 2007, the foregoing
pleading on all counsel of record by facsimile and by depositing a copy of same in the United States
Mail with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew Kinard Johnson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PO Box 2757
Greenville, SC 29602

COUNSEL

**EXHIBIT A**
**PRODUCTION OF DOCUMENTS PURSUANT**
**TO RULE 30(b)(5)**

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:

   a. Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

   b. Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

1

c. Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d. Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e. Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;

f. Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g. If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h. Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i. Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 through the present;

j. Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present.

k. Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l. Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m. All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and

2

      n. Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office or building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

2. The entire personnel file of Wendy Warner, including applications for employment, resumes, immigration documentation, job description, employee evaluations, employee discipline documents, code of ethics or business conduct documents, including acknowledgments, and employee policy manual or handbook documents, including acknowledgments.

3. Organizational chart showing the management hierarchy within HMMA as well as the reporting lines of communication and control above HMMA.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

JERRY LEON DEES, JR.,                          *

     Plaintiff,                              *

vs.                                            *    **Case No.  2:07-cv-00306-MHT-CSC**

HYUNDAI MOTOR MANUFACTURING       *
ALABAMA, LLC and HYUNDAI MOTOR
AMERICA, INC.,                                 *

     Defendants.                             *

## AMENDED NOTICE OF DEPOSITION OF
## HYUNDAI MOTOR AMERICA, INC.
## PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:.                J. Trent Scofield
                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                    One Federal Place, Ste. 1000
                    1819 Fifth Avenue North
                    Birmingham, AL 35203

                    Matthew Kinard Johnson
                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                    PO Box 2757
                    Greenville, SC 29602

**DEPONENT:**        **HYUNDAI MOTOR AMERICA, INC.**

**DATE:**            October 11, 2007

**TIME:**            10:00 A.M.

**LOCATION:**        TBA
                    Los Angeles, California

     PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of the

Defendant HYUNDAI MOTOR AMERICA, INC. by its designated agent or agents most knowledgeable about and familiar with the matters set forth below, at the time, date and location indicated above upon oral examination before a Notary Public or other officer duly authorized to administer oaths and swear witnesses. The oral examination(s) will continue from day to day until completed.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

The subject matters for which the deponent(s) will be requested to testify are as follows:

1.    The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC.

Dated this _4th_ day of October, 2007.

W. Perry Hall, Esquire (HALLW9043)
Vincent F. Kilborn, III, Esquire (KILBV4484)
KILBORN, ROEBUCK & MCDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

10/04/2007  03:04    12514796747                    KRM ATTORNEYS                        PAGE  10/18

OF COUNSEL
David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this ___4th___ day of October, 2007, the foregoing
pleading on all counsel of record by facsimile and by depositing a copy of same in the United States
Mail with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew Kinard Johnson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PO Box 2757
Greenville, SC 29602

_____
COUNSEL

## EXHIBIT A
### PRODUCTION OF DOCUMENTS PURSUANT
### TO RULE 30(b)(5)

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words "**document**" or "**documents**" as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:

   a. Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

   b. Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

1

c.  Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d.  Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e.  Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;

f.  Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g.  If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h.  Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i.  Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 through the present;

j.  Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present.

k.  Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l.  Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m.  All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and

2

n. Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office or building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

2. The entire personnel file of Wendy Warner, including applications for employment, resumes, immigration documentation, job description, employee evaluations, employee discipline documents, code of ethics or business conduct documents, including acknowledgments, and employee policy manual or handbook documents, including acknowledgments.

3. Organizational chart showing the management hierarchy within HMMA as well as the reporting lines of communication and control above HMMA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
| Plaintiff, | * | |
| vs. | * | Case No.  2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC., | * | |
| | * | |
| Defendants. | * | |

### AMENDED NOTICE OF DEPOSITION OF
### WENDY WARNER

TO:.     J. Trent Scofield
         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
         One Federal Place, Ste. 1000
         1819 Fifth Avenue North
         Birmingham, AL 35203

         Matthew Kinard Johnson
         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
         PO Box 2757
         Greenville, SC 29602

**DEPONENT:**     **WENDY WARNER**

**DATE:**         October 18, 2007

TIME:             10:00 A.M.

**LOCATION:**     TBA
                  Montgomery, Alabama

PLEASE TAKE NOTICE that KILBORN, ROEBUCK & MCDONALD, Attorneys for the

Page 1
*Case No.  2:07-cv-00306-MHT-CSC*

Plaintiff, JERRY LEON DEES, JR., will take the pre-trial discovery deposition of the deponent named above at the time, date and location indicated above, upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized to administer oaths and swear witnesses. The oral examination will continue from day to day until completed, and you are invited to attend and examine the deponent.

Dated this 4th day of October, 2007.

W. Perry Hall, Esquire (HALLW9043)
Vincent F. Kilborn, III, Esquire (KILBV4484)
KILBORN, ROEBUCK & MCDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL
David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

10/04/2007  03:04    12514796747              KRM ATTORNEYS                    PAGE  16/18

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this ___4th___ day of October, 2007, the foregoing pleading on all counsel of record by facsimile and by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew Kinard Johnson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PO Box 2757
Greenville, SC 29602

_____
COUNSEL

**EXHIBIT A**
**DEPOSITION DUCES TECUM**

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. The complete employee personnel file of Jerry Leon Dees, Jr.

2. Any and all documents or records upon which you formed your personal knowledge regarding Hyundai Motor Manufacturing Alabama, LLC's ("HMMA's") operations as well as HMMA's relationship to Hyundai Motor America, Inc. ("HMA").

3. Any and all documents upon which you base your personal knowledge that HMMA is a Delaware limited liability company and has its principal place of business in Montgomery, Alabama.

4. Any and all documents or other records upon which you base your personal knowledge that HMMA is an independent manufacturing operation of Hyundai Motor Company in Seoul, Korea.

5. Any and all documents upon which you base your "understanding" that HMA is a corporation organized in the State of California and has its principal place of business in Fountain Valley, California.

6. Any and all documents upon which you base your "understanding" that HMA is in the business of distributing Hyundai brand automobiles and parts in the United States.

1

7. Any and all documents, records, agreements, contracts, or other evidence upon which you based your statement that HMA and HMMA are legally distinct and separate corporate entities.

8. Any and all documents and employment records upon which you based your statements that Dees was not employed by HMA at any time and did not receive any pay, salary, or benefits from HMA at any time.

9. Any and all documents upon which you based your statement that HMA had no control over HMMA's decision to terminate Dees.

10. Any and all documents upon which you based your statements that HMA had no employment, legal, or other relationship with Dees, and that HMA had no employment, legal, or other relationship, or right to control or direct, the other individual employees identified in Dees' complaint.

11. Any and all e-mails relating to this case, to the employment of Dees with Hyundai, or to anyone at HMA or any other Hyundai entity[1] regarding the issues cited above, including e-mails residing on your personal computer or any computer to which you had access, including computers in your home, as well as any e-mails residing on any e-mail servers at HMMA, HMA, or any other Hyundai entity.

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent.

2

# Exhibit D

*Jerry Leon Dees, Jr., Plaintiff v. Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.*

## Motion for Protective Order Limiting the Scope of Rule 30(b)(6) Depositions

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

The Ogletree Building
300 North Main Street, Suite 500
Post Office Box 2757
Greenville, SC 29602
Telephone: 864.271.1300
Facsimile: 864.235.8806
www.ogletreedeakins.com

October 9, 2007

**VIA E-MAIL ONLY**

Jeffrey R. Sport, Esq.
Vincent F. Kilborn, III, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
PO Box 66710
Mobile, AL 36660

Re:    **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**
      **In the U. S. District Court of Alabama, Middle District of Alabama**
      **Civil Action No.: 2:07-cv-00306-MHT-CSC**

Gentlemen:

We are writing with regards to the 30(b)(6) depositions of the defendants' corporate representatives pursuant to your amended notice dated October 4, 2007.

Based upon correspondence following receipt of this amended notice, I understand that you are aware that HMMA has no corporate representatives in Fountain Valley, California, and that this deposition will not move forward as stated in the amended notice. Regardless, we are working on coordinating a date and time for such deposition, presumably to be coordinated with Wendy Warner's deposition.

However, we also want to address an important issue related to both 30(b)(6) deposition notices. Your amended notices simply state that the subject matter will be "[t]he relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC." In response to your original notices, we responded by stating that essentially the same request was objectionable in that it violate the requirement of Rule 30(b)(6) that the notice "describe with reasonable particularity the matters on which examination is requested." Further, as we previously stated, this notice/request is objectionable because it is global in nature, vague, overly broad, and unduly burdensome.

Because this is a USERRA case, liability relates to whether Dees' "employer" discriminated or took adverse employment action against him because of his uniformed service. 38 U.S.C. § 4311. "Employer" is defined to mean an entity that "pays salary or wages for work performed" or "that has control over employment opportunities." 38 U.S.C. § 4303(4). Thus,

Jeffrey R. Sport, Esq., *et al.*
October 9, 2007
Page 2

**Ogletree**
**Deakins**

whether either defendant was an "employer" for purposes of USERRA is an appropriate area of inquiry, as is the issue of whether that "employer" discriminated or took adverse employment action. Many areas concerning the defendants' "relationship" arguably involves areas wholly outside and unrelated to this realm of inquiry. As such, the amended 30(b)(6) notices simply ask too much and do not provide reasonable particularity as required.

In particular, documents or information unrelated to Dees claims or the defendants' defenses such as related to the production or sale of automobiles, corporate financial information, or other documents unrelated to USERRA as identified above are well outside the scope of relevance or reasonableness in this context. We understand that you have alleged that HMA and HMMA are alter egos and that HMMA is a "mere instrumentality" of HMA. After researching this issue, although the alter ego theory may be a potential theory in some cases, it clearly is not here. Indeed, I was not able to identify a single USERRA case in which the alter ego concept was even referenced. Furthermore, the statute defines who may be liable and unless HMA and HMMA can be defined as employers, they are not both proper defendants. In this case, we believe that the designees from HMMA and HMA would testify sufficiently to satisfy you that, as required by USERRA, HMA did not pay Dees' salary or wages and did not have control over his employment opportunities.

Even so, we want to work with you to get these depositions taken as soon as reasonably possible. As before, HMMA offers to designate a representative to testify regarding the employment of Plaintiff by HMMA. HMA would likewise offer to provide testimony regarding the fact that it has not at any time employed Plaintiff. Additionally, we believe that this USERRA matter may appropriately relate to the defendants' human resources practices and their interrelationship with respect to human resources matters. We are therefore also willing to designate an individual from HMA and HMMA to testify concerning the lack of any interrelationship between HMA and HMMA with respect to hiring practices and procedures, termination practices and procedures, or with respect to policies and practices related to HMA employees or HMMA Team Members who are, or were, members of the uniformed services as contemplated under USERRA. Please let us know if this will suffice. If not, please let us know as soon as possible because we would like to get these depositions scheduled so that we can then turn our attention to scheduling Mr. Dees' deposition.

Finally, we also wanted to make sure there was no misunderstanding concerning the document production exhibits attached to your recent amended depositions notices. Because your amended deposition notices are identified as 30(b)(6) deposition notices only, without the 30(b)(5) language from your prior notices, it appears that the documents production exhibits were inadvertently attached to the amended notices. Further, for the reasons identified above and in the objections to the original deposition notices, these documents requests are objectionable and inappropriate. In addition, we have previously engaged in extensive discovery and have produced documents to you on behalf of both defendants or the documents requested in the exhibit have been addressed in the Court's order related to your recent motion to compel. Unless we hear otherwise from you, we will operate under the assumption that the amended notices are

Jeffrey R. Sport, Esq., *et al.*
October 9, 2007
Page 3

**Ogletree
Deakins**

simply 30(b)(6) notices as suggested by the face of the documents and disregard the exhibits, which do not appear to be appropriate given the content of the amended notices.

Very truly yours,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Matthew K. Johnson
matthew.johnson@ogletreedeakins.com

MKJ/rh

# Exhibit E

*Jerry Leon Dees, Jr., Plaintiff v. Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.*

## Motion for Protective Order Limiting the Scope of Rule 30(b)(6) Depositions

# KILBORN, ROEBUCK &
# MCDONALD

*POST OFFICE BOX 66710*
*MOBILE, AL 36660*
*Phone: 251- 479-9010*
*Fax: 251-479-6747*

## FAX TRANSMISSION COVER SHEET

**Date:**     October 16, 2007

**To:**       Matt Johnson, Esq.
              864-235-8806

**Re:**       Dees v. Hyundai Motor Manufacturing Alabama, LLC et al.

**Sender:**   Vince Kilborn

*YOU SHOULD RECEIVE __34__ PAGE(S), INCLUDING THIS COVER SHEET. IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL 251-479-9010.*

## **CONFIDENTIAL**

This facsimile is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. We will reimburse you for your postage. If there are any problems or pages missing when receiving this transmission, please call (251) 479-9010 immediately. Thank you.

# KILBORN ROEBUCK & McDONALD
## ATTORNEYS AT LAW

VINCENT F. KILBORN, III    M. LLOYD ROEBUCK    DAVID A. McDONALD    W. PERRY HALL    JEFFREY R. SPORT

October 16, 2007

**Via Fax and U.S. Mail**

Matthew K. Johnson, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

Re:    *Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*

Dear Matt:

Attached you will find three notices of deposition for Wendy Warner, HMMA 30(b)(6), and HMA 30(b)(6). These are the three depositions Judge Coody has allowed us to take **before** you take Mr. Dees' deposition. I have noticed the deposition of HMA at the Marriott Le Merigot hotel in Santa Monica, California. This is within the federal district court jurisdiction in that location. I have chosen the date of Monday, November 5th since it will allow us to complete the two depositions noticed for November 1st and fly to California. If Hyundai wishes to present its representatives in Montgomery rather than California, I will accommodate it. I am assuming that HMA will not agree to this since that is what you expressed in earlier communications. This choice is HMA's, not mine.

With regard to your discovery arguments in your October 9th letter, I must point out that Judge Thompson's order denying your motion to dismiss allows us to fully discover the alter ego and mere instrumentality allegations made in paragraph 4 of the complaint. The fact that Dees was not on HMA's payroll is irrelevant to HMA's liability for HMMA's actions. This is not an "agency" allegation; it is an issue of corporate control.

Dees will be available for deposition in Montgomery upon our return from California. I have included undated notices of deposition for the balance of the witnesses we wish to depose in this matter.

With best regards, I remain

Very truly yours,

*Vincent F. Kilborn III*

VINCENT F. KILBORN, III

VFK/jrs
w/ enc.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., | * |
| **Plaintiff,** | * |
| **vs.** | *   Case No.  2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING | * |
| ALABAMA, LLC and HYUNDAI MOTOR | |
| AMERICA, INC., | * |
| **Defendants.** | * |

## SECOND NOTICE OF DEPOSITION DUCES TECUM

TO:.
> J. Trent Scofield, Esq.
> T. Scott Kelly, Esq.
> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
> One Federal Place, Ste. 1000
> 1819 Fifth Avenue North
> Birmingham, AL 35203
>
> Matthew K. Johnson, Esq.
> OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
> P.O. Box 2757
> Greenville, SC 29602

**DEPONENT:**    **WENDY WARNER**

**DATE:**        Thursday, November 1, 2007

**TIME:**        9:00 a.m.

**LOCATION:**    TBA
                 Montgomery, Alabama

PLEASE TAKE NOTICE that attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the pre-trial discovery deposition of WENDY WARNER at the time, date and location indicated above, upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized to administer oaths and swear witnesses. The oral examination will continue from day to day until completed, and you are invited to attend and examine the deponent.

## DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified hereby to appear for this deposition, be prepared to testify in the matters described and enumerated above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure and make available for copying the following documents, records, and other items set forth in Exhibit A attached.

Dated this 16th day of October, 2007.

Jeffrey K. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

Page 2
*Case No. 2:07-cv-00306-MHT-CSC*

David A. McDonald, Esq. (MCDOD5329)
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 16th day of October, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

COUNSEL

**EXHIBIT A**
**DEPOSITION DUCES TECUM**

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. Any and all documents or records upon which you formed your personal knowledge regarding Hyundai Motor Manufacturing Alabama, LLC's ("HMMA's") operations as well as HMMA's relationship to Hyundai Motor America, Inc. ("HMA").

2. Any and all documents upon which you base your personal knowledge that HMMA is a Delaware limited liability company and has its principal place of business in Montgomery, Alabama.

3. Any and all documents or other records upon which you base your personal knowledge that HMMA is an independent manufacturing operation of Hyundai Motor Company in Seoul, Korea.

4. Any and all documents upon which you base your "understanding" that HMA is a corporation organized in the State of California and has its principal place of business in Fountain Valley, California.

5. Any and all documents upon which you base your "understanding" that HMA is in the business of distributing Hyundai brand automobiles and parts in the United States.

6. Any and all documents, records, agreements, contracts, or other evidence upon which you based your statement that HMA and HMMA are legally distinct and separate corporate entities.

7. Any and all documents and employment records upon which you based your statements that Dees was not employed by HMA at any time and did not receive any pay, salary, or benefits from HMA at any time.

8. Any and all documents upon which you based your statement that HMA had no control over HMMA's decision to terminate Dees.

9. Any and all documents upon which you based your statements that HMA had no employment, legal, or other relationship with Dees, and that HMA had no employment, legal, or other relationship, or right to control or direct, the other individual employees identified in Dees' complaint.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **JERRY LEON DEES, JR.,** | * |
| **Plaintiff,** | * |
| **vs.** | *  **Case No. 2:07-cv-00306-MHT-CSC** |
| **HYUNDAI MOTOR MANUFACTURING** | * |
| **ALABAMA, LLC and HYUNDAI MOTOR** | |
| **AMERICA, INC.,** | * |
| **Defendants.** | * |

### AMENDED NOTICE OF DEPOSITION OF
### HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC
### PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:      J. Trent Scofield
         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
         One Federal Place, Ste. 1000
         1819 Fifth Avenue North
         Birmingham, AL 35203

         Matthew K. Johnson, Esq.
         OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
         P.O. Box 2757
         Greenville, SC 29602

### DEPONENT: HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC

DATE:    November 1, 2007

TIME:    1:00 p.m. (or immediately following the deposition of Wendy Warner)

LOCATION:     TBA
              Montgomery, Alabama

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of the

10/16/2007  05:35    12514796747                    KRM ATTORNEYS                    PAGE  09/34

Defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC by its designated agent or agents most knowledgeable about and familiar with the matters set forth below, at the time, date and location indicated above upon oral examination before a Notary Public or other officer duly authorized to administer oaths and swear witnesses. The oral examination(s) will continue from day to day until completed.

### MATTERS ON WHICH EXAMINATION IS REQUESTED

The subject matters for which the deponent(s) will be requested to testify are as follows:

1.  The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC. to show the extent to which HMMA is the alter ego of HMA and/or that HMMA is a mere instrumentality of HMA.

2.  The circumstances surrounding the decision to halt production for several calendar days in 2007.

### DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified hereby to appear for this deposition, be prepared to testify in the matters described and enumerated above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure and make available for copying the following documents, records, and other items set forth in Exhibit A attached.

Dated this 16th day of October, 2007.

_____

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 16th day of October, 2007, the foregoing
pleading on all counsel of record by depositing a copy of same in the United States Mail with
postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

_____
COUNSEL

Page 3
*Case No. 2:07-cv-00306-MHT-CSC*

**EXHIBIT A**
## PRODUCTION OF DOCUMENTS PURSUANT
## TO RULE 30(b)(5)

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:

   a. Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

   b. Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

1

c.  Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d.  Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e.  Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;

f.  Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g.  If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h.  Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i.  Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 through the present;

j.  Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present.

k.  Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l.  Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m.  All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and

2

n. Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office or building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

2. Organizational chart showing the management hierarchy within HMA and HMMA as well as the reporting lines of communication and control above HMA and HMMA.

3

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., | * |
| | |
| **Plaintiff,** | * |
| | |
| vs. | *   Case No.  2:07-cv-00306-MHT-CSC |
| | |
| HYUNDAI MOTOR MANUFACTURING | * |
| ALABAMA, LLC and HYUNDAI MOTOR | |
| AMERICA, INC., | * |
| | |
| **Defendants.** | * |

## AMENDED NOTICE OF DEPOSITION OF
## HYUNDAI MOTOR AMERICA, INC.
## PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:.          J. Trent Scofield
              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
              One Federal Place, Ste. 1000
              1819 Fifth Avenue North
              Birmingham, AL 35203

              Matthew K. Johnson, Esq.
              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
              P.O. Box 2757
              Greenville, SC 29602

DEPONENT:     **HYUNDAI MOTOR AMERICA, INC.**

DATE:         November 5, 2007

TIME:         10:00 a.m.

LOCATION:     Conference Room
              Marriott Le Merigot
              1740 Ocean Avenue
              Santa Monica, CA 90401

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of the

Defendant HYUNDAI MOTOR AMERICA, INC. by its designated agent or agents most

knowledgeable about and familiar with the matters set forth below, at the time, date and location

indicated above upon oral examination before a Notary Public or other officer duly authorized to

administer oaths and swear witnesses. The oral examination(s) will continue from day to day until

completed.

### MATTERS ON WHICH EXAMINATION IS REQUESTED

The subject matters for which the deponent(s) will be requested to testify are as follows:

1. The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC
   and HYUNDAI MOTOR AMERICA, INC. to show the extent to which HMMA is the
   alter ego of HMA and/or that HMMA is a mere instrumentality of HMA.

2. The circumstances surrounding the decision to halt production for several calendar days
   in 2007.

### DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified

hereby to appear for this deposition, be prepared to testify in the matters described and enumerated

above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of

Civil Procedure and make available for copying the following documents, records, and other items

set forth in Exhibit A attached.

Dated this 16th day of October, 2007.

Page 2
*Case No. 2:07-cv-00306-MHT-CSC*

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL
David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 16th day of October, 2007, the foregoing
pleading on all counsel of record by depositing a copy of same in the United States Mail with
postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203\

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

COUNSEL

Page 3
*Case No. 2:07-cv-00306-MHT-CSC*

## EXHIBIT A
## PRODUCTION OF DOCUMENTS PURSUANT
## TO RULE 30(b)(5)

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:

   a. Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

   b. Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

c. Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d. Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e. Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;

f. Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g. If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h. Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i. Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 through the present;

j. Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present.

k. Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l. Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m. All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and

2

      n.  Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office or building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

2.  Organizational chart showing the management hierarchy within HMA and HMMA as well as the reporting lines of communication and control above HMA and HMMA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
| Plaintiff, | * | |
| vs. | * | Case No. 2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC., | * | |
| | * | |
| Defendants. | * | |

### NOTICE OF DEPOSITION

TO:.
    J. Trent Scofield, Esq.
    T. Scott Kelly, Esq.
    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    One Federal Place, Ste. 1000
    1819 Fifth Avenue North
    Birmingham, AL 35203

    Matthew K. Johnson, Esq.
    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    P.O. Box 2757
    Greenville, SC 29602

**DEPONENT:**    **GREG PRATER**

**DATE:**    TBD

TIME:    TBD

**LOCATION:**    TBA
    Montgomery, Alabama

PLEASE TAKE NOTICE that attorneys for the Plaintiff, JERRY LEON DEES, JR., will take

the pre-trial discovery deposition of GREG PRATER at the time, date and location indicated above,

upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly

authorized to administer oaths and swear witnesses. The oral examination will continue from day to

day until completed, and you are invited to attend and examine the deponent.

Dated this 16th day of October, 2007.

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esq. (MCDOD5329)
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 16th day of October, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

_____
COUNSEL

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., | * |
| Plaintiff, | * |
| vs. | *  Case No.  2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC., | * |
| | * |
| Defendants. | * |

## NOTICE OF DEPOSITION

TO:.

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

**DEPONENT:**     **JIM BROOKSHIRE**

**DATE:**     TBD

**TIME:**     TBD

**LOCATION:**     TBA
Montgomery, Alabama

PLEASE TAKE NOTICE that attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the pre-trial discovery deposition of JIM BROOKSHIRE at the time, date and location indicated above, upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized to administer oaths and swear witnesses. The oral examination will continue from day to day until completed, and you are invited to attend and examine the deponent.

Dated this 16th day of October, 2007.

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esq. (MCDOD5329)
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 16th day of October, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

COUNSEL _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
| Plaintiff, | * | |
| vs. | * | Case No. 2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING | * | |
| ALABAMA, LLC and HYUNDAI MOTOR | | |
| AMERICA, INC., | * | |
| Defendants. | * | |

## NOTICE OF DEPOSITION

TO:.             J. Trent Scofield, Esq.
                 T. Scott Kelly, Esq.
                 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                 One Federal Place, Ste. 1000
                 1819 Fifth Avenue North
                 Birmingham, AL 35203

                 Matthew K. Johnson, Esq.
                 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                 P.O. Box 2757
                 Greenville, SC 29602

**DEPONENT:**     **JOHN APPLEGATE**

**DATE:**         TBD

TIME:             TBD

**LOCATION:**     TBA
                  Montgomery, Alabama

PLEASE TAKE NOTICE that attorneys for the Plaintiff, JERRY LEON DEES, JR., will take

the pre-trial discovery deposition of JOHN APPLEGATE at the time, date and location indicated

above, upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly

authorized to administer oaths and swear witnesses. The oral examination will continue from day to

day until completed, and you are invited to attend and examine the deponent.

Dated this 16th day of October, 2007.

Jeffrey K. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esq. (MCDOD5329)
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 16th day of October, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

_____
COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
| Plaintiff, | * | |
| vs. | * | Case No.  2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC., | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF DEPOSITION

TO:.                J. Trent Scofield, Esq.
                    T. Scott Kelly, Esq.
                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                    One Federal Place, Ste. 1000
                    1819 Fifth Avenue North
                    Birmingham, AL 35203

                    Matthew K. Johnson, Esq.
                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                    P.O. Box 2757
                    Greenville, SC 29602

DEPONENT:           **KEVIN HUGHES**

DATE:               TBD

TIME:               TBD

LOCATION:           TBA
                    Montgomery, Alabama

PLEASE TAKE NOTICE that attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the pre-trial discovery deposition of KEVIN HUGHES at the time, date and location indicated above, upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized to administer oaths and swear witnesses. The oral examination will continue from day to day until completed, and you are invited to attend and examine the deponent.

Dated this 16th day of October, 2007.

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esq. (MCDOD5329)
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

Page 2
*Case No.  2:07-cv-00306-MHT-CSC*

10/16/2007  05:35    12514796747                KRM ATTORNEYS                      PAGE  31/34

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 16th day of October, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

COUNSEL

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JERRY LEON DEES, JR., | * |
| Plaintiff, | * |
| vs. | * **Case No.  2:07-cv-00306-MHT-CSC** |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC., | * |
| | * |
| Defendants. | * |

## NOTICE OF DEPOSITION

TO:.

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

**DEPONENT:**     **MR. MUN**

**DATE:**          TBD

TIME:             TBD

**LOCATION:**     TBA
                   Montgomery, Alabama

PLEASE TAKE NOTICE that attorneys for the Plaintiff, JERRY LEON DEES, JR., will take

the pre-trial discovery deposition of MR. MUN at the time, date and location indicated above, upon

oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly authorized

to administer oaths and swear witnesses.  The oral examination will continue from day to day until

completed, and you are invited to attend and examine the deponent.

Dated this 16th day of October, 2007.

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esq. (MCDOD5329)
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

Page 2
*Case No.  2:07-cv-00306-MHT-CSC*

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 16th day of October, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602


_____
COUNSEL

# Exhibit F

*Jerry Leon Dees, Jr., Plaintiff v. Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.*

## Motion for Protective Order Limiting the Scope of Rule 30(b)(6) Depositions

**Ogletree Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

The Ogletree Building
300 North Main Street, Suite 500
Post Office Box 2757
Greenville, SC 29602
Telephone: 864.271.1300
Facsimile: 864.235.8806
www.ogletreedeakins.com

October 19, 2007

*Via E-mail and U.S. Mail*

Jeffrey R. Sport, Esq.
Vincent F. Kilborn, III, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
PO Box 66710
Mobile, AL 36660

Re:     **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**
        **In the U. S. District Court of Alabama, Middle District of Alabama**
        **Civil Action No.: 2:07-cv-00306-MHT-CSC**

Gentlemen:

Please find enclosed the response and objections to your amended Rule 30(b)(6) Deposition Notices and 30(b)(5) Request for Documents dated October 16, 2007, on behalf of each of the Defendants in the above-referenced matter. We have previously voiced some of our concerns regarding the scope of the 30(b)(6) designation and for the most part our concerns apply with your amended notices. We have also identified additional concerns in these documents. Please notify us by next Wednesday, October 24, 2007, if you are in agreement with our proposed deposition testimony or please contact me so that we may confer with respect to other alternatives prior to next Wednesday. If we have not heard from you or resolved these issues by next Wednesday, we will take further action to protect our clients' rights.

We also need to finalize deposition dates, particularly in light of the looming dispositive motion deadline. We need to have these depositions completed in sufficient time to ensure our motion can be filed unless you are willing to consent to an amended scheduling order giving us more time. We have offered a number of alternate dates for the HMA 30(b)(6) representative and would like to hear from you in that regard. I understand you are considering November 9th, which we have held. We have also asked that the HMA 30(b)(6) representative hold the following week. Please let me know as soon as possible when you are available.

Similarly, we have previously requested dates for your client's deposition. Please provide me with available dates by next Wednesday, October 24, 2007. If we have not heard from you, we will need to notice the deposition for a date of our choosing. Frankly, I would prefer to select a date that works for everyone involved.

Jeffrey R. Sport, Esq., et al.
October 19, 2007
Page 2

**Ogletree**
**Deakins**

I look forward to hearing from you on these issues as soon as possible.

Very truly yours,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*[signature]*

Matthew K. Johnson
matthew.johnson@ogletreedeakins.com

MKJ/
Enclosures

cc:    J. Trent Scofield, Esq. (w/encls.-*via e-mail only*)
       T. Scott Kelly, Esq. (w/encls.-*via e-mail only*)

5270471.1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                    )
                                         )
    Plaintiff,                          )
                                         )        CIVIL ACTION NO.:
v.                                       )        2:07-cv-00306-MHT-CSC
                                         )
HYUNDAI MOTOR MANUFACTURING              )
ALABAMA, LLC, and HYUNDAI MOTOR          )
AMERICA, INC.,                           )
                                         )
    Defendants.                         )

DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC'S
RESPONSE TO PLAINTIFF'S AMENDED RULE 30(b)(6) DEPOSITION NOTICE
AND 30(b)(5) REQUEST FOR DOCUMENTS, DATED OCTOBER 16, 2007

      COMES NOW Defendant, Hyundai Motor Manufacturing Alabama, LLC ("HMMA" and/or "Defendant"), and responds to Plaintiff's Rule 30(b)(6) notice of deposition and 30(b)(5) request for documents, as amended on October 16, 2007, as follows:

A.    **GENERAL OBJECTIONS:**

      HMMA objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production of documents on each and all of the following grounds:

      1.    Defendant reserves any and all objections as to competence, relevance, materiality or other grounds that would require exclusion of any answer, or part thereof, if made by a witness present and testifying in court or the exclusion of any document and/or thing produced. Any and all such objections and grounds are expressly reserved and may be interposed at the time of trial.

2.    To the extent any such answer contains or refers to matters otherwise protected from discovery by the work product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged.

3.    It is undisputed that discovery in this matter is far from complete. The responses herein are based only upon information presently available to Defendant and are given in a good faith effort to comply with Plaintiff's requests.

4.    Documents produced in connection herewith are produced subject to the provisions of the Protective Order entered in this case.

5.    Defendant objects to Plaintiff's 30(b)(6) areas of designation and 30(b)(5) requests for production to the extent they are vague, oppressive and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules.

6.    The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation and for no other purpose.

7.    Defendant objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it seeks information that is equally available to the Plaintiff and the burden on the Defendant to obtain the requested information is no greater than the burden on Plaintiff.

8.    Defendant objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed.

2

9.    Further, formal discovery has only commenced in this civil action and therefore,

Defendant reserves the right to supplement its responses to the Plaintiff's 30(b)(6) areas of

designation and 30(b)(5) requests for production upon completion of discovery.

**B.    RESPONSE/OBJECTION TO THE 30(b)(6) DESIGNATIONS:**

*1.    The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC
AND HYUNDAI MOTOR AMERICA, INC. to show the extent to which HMMA is the
alter ego of HMA and/or that HMA is a mere instrumentality of HMA.*

**RESPONSE/OBJECTION:** Defendant objects to No. 1 because such request is global
in nature, vague, overly broad, and unduly burdensome as it contains no reasonable
limitation of time or geographic scope. Likewise, despite Plaintiff's assertions, such
request is not relevant to the legitimate claim or defense of any party. Although Plaintiff
seeks to conduct discovery concerning the relationship between Defendant and HMA on
an alter ego theory, such theory is not relevant to Plaintiff's claims concerning liability
under the Uniformed Service Employment and Reemployment Rights Act of 1994, 38
U.S.C. §§ 4301, et seq. ("USERRA"). 38 U.S.C. §4311(b) states that, "An <u>employer</u> may
not discriminate in employment against or take any adverse employment action against
any person because such person … has exercised a right provided for in this chapter."
(Emphasis added.) "Employer" is defined as, "any person, institution, organization, or
other entity that <u>pays salary or wages for work performed or that has control over
employment opportunities</u>…." 38 U.S.C. §4303(4)(a). (Emphasis added.) The "alter
ego" or "mere instrumentality" theories asserted by Plaintiff are not supported by the
statute, and are not found as a basis of liability in the caselaw. Liability under USERRA
is limited to discrimination by an employer. Thus, "alter ego" or "mere instrumentality"
issues are not relevant to the claims and defenses asserted by the parties and are not
discoverable. Defendant also objects to this request because it violates Rule 30(b)(6)'s
requirement that the Notice "describe with reasonable particularity the matters on which
examination is requested."

At this time, HMMA offers to designate a representative to testify regarding the
employment of Plaintiff by HMMA, including regarding with respect to the payment of
salary or wages to Plaintiff for work performed and with respect to control over
Plaintiff's employment opportunities.

*2.    The circumstances surrounding the decision to halt production for several calendar days
in 2007.*

**RESPONSE/OBJECTION:** Defendant objects to No. 2 because such request is not
relevant to any legitimate claim or defense of any party and is not reasonably calculated
to lead to the discovery of admissible evidence, and is asked solely for purposes of
harassment, annoyance, and/or embarrassment. Plaintiff and Plaintiff's counsel are

aware that the non-production days in question at HMMA occurred well after Plaintiff's termination and bear no relationship to Plaintiff's termination or the decision to terminate him. Defendant further objects to No. 2 to the extent that it is vague, oppressive, and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules.

## C.    OBJECTIONS TO THE 30(b)(5) REQUESTS FOR PRODUCTION:

1.    *Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:*

    *a.    Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;*

    *b.    Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;*

    *c.    Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;*

    *d.    Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;*

    *e.    Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present.*

    *f.    Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;*

    *g.    If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;*

---

[1] *"Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.*

4

*h.     Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;*

*i.     Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 to the present;*

*j.     Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present;*

*k.     Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;*

*l.     Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;*

*m.     All required financial or other filings with the United States government or regulator agencies thereof within the last three years from 2004 through present; and*

*n.     Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office of building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.*

**OBJECTION:**

Defendant objects to Request No. 1 and its fourteen subparts because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable geographic scope, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, contains personal and private information, and is asked for purposes of harassment and annoyance, and to the extent it invades the personal privacy interests of non-parties. Defendant further objects because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendant further objects because this request and its fourteen subparts seek information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

Similarly, to the extent these requests are intended to seek to conduct discovery concerning Plaintiff's "alter ego" or "mere instrumentality" theories, such theories are not relevant to Plaintiff's claims concerning liability under USERRA. 38 U.S.C. §4311(b)

states that, "An <u>employer</u> may not discriminate in employment against or take any adverse employment action against any person because such person ... has exercised a right provided for in this chapter." (Emphasis added.) "Employer" is defined as, "any person, institution, organization, or other entity that <u>pays salary or wages for work performed or that has control over employment opportunities</u> ...." 38 U.S.C. §4303(4)(a). (Emphasis added.) The "alter ego" or "mere instrumentality" theories asserted by Plaintiff are not supported by the statute, and are not found as a basis of liability in the caselaw. Liability under USERRA is limited to discrimination by an employer. Thus, "alter ego" or "mere instrumentality" issues are not relevant to the claims and defenses asserted by the parties and are not discoverable. Defendant also objects to this request because it violates Rule 30(b)(6)'s requirement that the Notice "describe with reasonable particularity the matters on which examination is requested."

2.    *Organizational chart showing the management hierarchy within HMMA as well as the reporting lines of communication and control above HMMA.*

**OBJECTION:**

Defendant objects to Request No. 2 because such request is global in nature, overly broad, and unduly burdensome as it contains no limitation of time, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is asked for purposes of harassment and annoyance. Defendant also objects because the organizational and management structure of Defendant outside of the department in which the Plaintiff was employed is irrelevant.

Dated this ___19th___ day of ___October___, 2007.

As to objections,

_____
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,

6

SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the _19th_ of _October_, 2007, I served a copy of the

foregoing via U.S. Mail, postage prepaid, and addressed as follows:

Vincent F. Kilborn, Esq.
Jeffrey R. Sport, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
P.O. Box 68710
Mobile, AL 36660

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

5265383.1

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                )
                                     )
        Plaintiff,                   )
                                     )        CIVIL ACTION NO.:
v.                                   )        2:07-cv-00306-MHT-CSC
                                     )
HYUNDAI MOTOR MANUFACTURING          )
ALABAMA, LLC, and HYUNDAI MOTOR      )
AMERICA, INC.,                       )
                                     )
        Defendants.                  )

DEFENDANT HYUNDAI MOTOR AMERICA, INC.'S RESPONSE TO
PLAINTIFF'S AMENDED RULE 30(b)(6) DEPOSITION NOTICE AND
30(b)(5) REQUEST FOR DOCUMENTS, DATED OCTOBER 16, 2007

COMES NOW Defendant, Hyundai Motor America, Inc. ("HMA" and/or "Defendant"),

and responds to Plaintiff's Rule 30(b)(6) notice of deposition and 30(b)(5) request for

documents, as amended on October 16, 2007, as follows:

A.    **GENERAL OBJECTIONS:**

HMA objects to each and every 30(b)(6) area of designation and 30(b)(5) request for

production of documents on each and all of the following grounds:

1.    Defendant reserves any and all objections as to competence, relevance, materiality

or other grounds that would require exclusion of any answer, or part thereof, if made by a

witness present and testifying in court or the exclusion of any document and/or thing produced.

Any and all such objections and grounds are expressly reserved and may be interposed at the

time of trial.

2.      To the extent any such answer contains or refers to matters otherwise protected from discovery by the work product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged.

3.      It is undisputed that discovery in this matter is far from complete. The responses herein are based only upon information presently available to Defendant and are given in a good faith effort to comply with Plaintiff's requests.

4.      Documents produced in connection herewith are produced subject to the provisions of the Protective Order entered in this case.

5.      Defendant objects to Plaintiff's 30(b)(6) areas of designation and 30(b)(5) requests for production to the extent they are vague, oppressive and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules.

6.      The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation and for no other purpose.

7.      Defendant objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it seeks information that is equally available to the Plaintiff and the burden on the Defendant to obtain the requested information is no greater than the burden on Plaintiff.

8.      Defendant objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed.

9.    Further, formal discovery has only commenced in this civil action and therefore,

Defendant reserves the right to supplement its responses to the Plaintiff's 30(b)(6) areas of

designation and 30(b)(5) requests for production upon completion of discovery.

**B.    RESPONSE/OBJECTION TO THE 30(b)(6) DESIGNATIONS:**

*1.    The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC
AND HYUNDAI MOTOR AMERICA, INC. to show the extent to which HMMA is the
alter ego of HMA and/or that HMMA is a mere instrumentality of HMA.*

**RESPONSE/OBJECTION:** Defendant objects to No. 1 because such request is global
in nature, vague, overly broad, and unduly burdensome as it contains no reasonable
limitation of time or geographic scope. Likewise, despite Plaintiff's assertions, such
request is not relevant to the legitimate claim or defense of any party. Although Plaintiff
seeks to conduct discovery concerning the relationship between Defendant and HMMA
on an alter ego theory, such theory is not relevant to Plaintiff's claims concerning liability
under the Uniformed Service Employment and Reemployment Rights Act of 1994, 38
U.S.C. §§ 4301, et seq. ("USERRA"). 38 U.S.C. §4311(b) states that, "An employer may
not discriminate in employment against or take any adverse employment action against
any person because such person ... has exercised a right provided for in this chapter."
(Emphasis added.) "Employer" is defined as, "any person, institution, organization, or
other entity that pays salary or wages for work performed or that has control over
employment opportunities...." 38 U.S.C. §4303(4)(a). (Emphasis added.) The "alter
ego" or "mere instrumentality" theories asserted by Plaintiff are not supported by the
statute, and are not found as a basis of liability in the caselaw. Liability under USERRA
is limited to discrimination by an employer. Thus, "alter ego" or "mere instrumentality"
issues are not relevant to the claims and defenses asserted by the parties and are not
discoverable. Defendant also objects to this request because it violates Rule 30(b)(6)'s
requirement that the Notice "describe with reasonable particularity the matters on which
examination is requested."

At this time, HMA offers to designate a representative to testify in Fountain Valley,
California, regarding the fact that it has not at any time employed Plaintiff or otherwise
paid salary or wages to Plaintiff for work performed or had control over Plaintiff's
employment opportunities.

*2.    The circumstances surrounding the decision to halt production for several calendar days
in 2007.*

**RESPONSE/OBJECTION:** Defendant objects to No. 2 because such request is not
relevant to any legitimate claim or defense of any party and is not reasonably calculated
to lead to the discovery of admissible evidence, and is asked solely for purposes of
harassment, annoyance, and/or embarrassment. Furthermore, as Plaintiff and counsel for

3

Plaintiff are aware, Defendant does not manufacture or produce automobiles and, therefore, lacks information upon which to provide testimony concerning this area of designation. Similarly, Plaintiff and Plaintiff's counsel are aware that the non-production days in question at Defendant Hyundai Motor Manufacturing Alabama, Inc., occurred well after Plaintiff's termination and bear no relationship to Plaintiff's termination or the decision to terminate him. Defendant further objects to No. 2 to the extent that it is vague, oppressive, and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules.

## C.    OBJECTIONS TO THE 30(b)(5) REQUESTS FOR PRODUCTION:

*1.    Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:*

*a.    Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;*

*b.    Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;*

*c.    Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;*

*d.    Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;*

*e.    Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present.*

*f.    Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;*

---

[1] *"Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.*

4

g.     If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h.     Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i.     Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 to the present;

j.     Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present;

k.     Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l.     Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m.     All required financial or other filings with the United States government or regulator agencies thereof within the last three years from 2004 through present; and

n.     Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office of building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

**OBJECTION:**

Defendant objects to Request No. 1 and its fourteen subparts because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable geographic scope, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, contains personal and private information, and is asked for purposes of harassment and annoyance, and to the extent it invades the personal privacy interests of non-parties. Defendant also objects to the production of any HMMA materials as it is not presently in control or possession of such documents. Defendant further objects because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendant further objects because this request and its fourteen

5

subparts seek information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

Similarly, to the extent these requests are intended to seek to conduct discovery concerning Plaintiff's "alter ego" or "mere instrumentality" theories, such theories are not relevant to Plaintiff's claims concerning liability under USERRA. 38 U.S.C. §4311(b) states that, "An employer may not discriminate in employment against or take any adverse employment action against any person because such person ... has exercised a right provided for in this chapter." (Emphasis added.) "Employer" is defined as, "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities ...." 38 U.S.C. §4303(4)(a). (Emphasis added.) The "alter ego" or "mere instrumentality" theories asserted by Plaintiff are not supported by the statute, and are not found as a basis of liability in the caselaw. Liability under USERRA is limited to discrimination by an employer. Thus, "alter ego" or "mere instrumentality" issues are not relevant to the claims and defenses asserted by the parties and are not discoverable. Defendant also objects to this request because it violates Rule 30(b)(6)'s requirement that the Notice "describe with reasonable particularity the matters on which examination is requested."

2.     *Organizational chart showing the management hierarchy within HMMA as well as the reporting lines of communication and control above HMMA.*

**OBJECTION:**

Defendant HMA objects to Request No. 2 because HMA is not currently in control or possession of any responsive documents pertaining to HMMA. Defendant further objects to this request because it is global in nature, overly broad, and unduly burdensome as it contains no limitation of time, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is asked for purposes of harassment and annoyance. Defendant also objects because the organizational and management structure of Defendant outside of the department in which the Plaintiff was employed is irrelevant.

Dated this 19th day of October, 2007.

As to objections,

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
    SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North

6

Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

7

## CERTIFICATE OF SERVICE

I hereby certify that on this ___19th___ day of _____, 2007, I served a copy

of the foregoing via U.S. Mail, postage prepaid, and addressed as follows:

Vincent F. Kilborn, Esq.
Jeffrey R. Sport, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
P.O. Box 68710
Mobile, AL 36660


Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

5265393.1

8

# Exhibit G

*Jerry Leon Dees, Jr., Plaintiff v. Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.*

## Motion for Protective Order Limiting the Scope of Rule 30(b)(6) Depositions

ATTORNEYS AT LAW

---

VINCENT F. KILBORN, III    M. LLOYD ROEBUCK    DAVID A. MCDONALD    W. PERRY HALL    JEFFREY R. SPORT

October 19, 2007

**Via Fax and U.S. Mail**

Matthew K. Johnson, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

Re:    *Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*

Dear Matt:

        This is in response to your e-mailed correspondence of this date regarding scheduling of depositions and your objections to our 30(b)(6) deposition topics and 30(b)(5) document requests.

        As I understand it, we are confirmed for November 1 for Wendy Warner, followed by HMMA's 30(b)(6) representative. Also, we accept the date of November 9 for the HMA 30(b)(6) deposition. I will re-issue a corrected notice. Also, we can tender Mr. Dees for deposition on Tuesday, November 20. We would immediately like to follow his deposition with the five additional depositions that we have already noticed.

        With regard to your objections regarding the 30(b)(6) deposition topics and 30(b)(5) document requests, we strongly disagree with each and every one of your objections. These topics are entirely relevant and, per Judge Thompson's previous order, are due to be discovered. Our topics go directly to the alter ego and mere instrumentality allegations, and the documents requested are relevant to that issue.

        With respect to the document requests you do not object to (if any), please forward those documents to us as soon as possible so that we may prepare for the deposition.

        With best regards, I remain

                                Very truly yours,

                                JEFFREY R. SPORT

JRS/jrs
w/ enc.

# Exhibit H

*Jerry Leon Dees, Jr., Plaintiff v. Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.*

## Motion for Protective Order Limiting the Scope of Rule 30(b)(6) Depositions

# KILBORN ROEBUCK & MCDONALD
## ATTORNEYS AT LAW

| VINCENT F. KILBORN, III | M. LLOYD ROEBUCK | DAVID A. MCDONALD | W. PERRY HALL | JEFFREY R. SPORT |
|---|---|---|---|---|

October 25, 2007

**Via Fax and U.S. Mail**

Matthew K. Johnson, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

Re:     *Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*

Dear Matt:

As promised via e-mail yesterday, this letter addresses several points of recent electronic discussion.

First, and as I previously stated in my letter of October 19th, with regard to your objections regarding the 30(b)(6) deposition topics and 30(b)(5) document requests, we strongly disagree with each and every one of your objections. These topics are entirely relevant and, per Judge Thompson's previous order, are due to be discovered. Our topics go directly to the alter ego and mere instrumentality allegations, and the documents requested are relevant to that issue.

Next, please find attached an amended notice of deposition for the HMA 30(b)(6) deposition for Friday, November 9th in California. I have also included amended deposition notices for Wendy Warner and HMMA beginning Thursday, November 15th. I have yet to receive any word back from you regarding our proposal of Tuesday, November 20th for Mr. Dees for deposition, assuming we get the first three done. I have also not yet heard from you regarding our request to immediately follow Mr. Dees' deposition with the five additional depositions that we have already noticed.

Lastly, and again as I have previously requested, with respect to the duces tecum document requests you do not object to (if any), please forward those documents to us as soon as possible so that we may prepare for the deposition.

With best regards, I remain

Very truly yours,

JEFFREY R. SPORT

JRS/jrs
w/ enc.

POST OFFICE BOX 66710 • MOBILE ALABAMA 36660
1810 OLD GOVERNMENT STREET • MOBILE ALABAMA 36606
PHONE 251.479.9010 • FAX 251.479.6747

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                          *

    Plaintiff,                                 *

vs.                                            *    Case No.  2:07-cv-00306-MHT-CSC

HYUNDAI MOTOR MANUFACTURING                    *
ALABAMA, LLC and HYUNDAI MOTOR
AMERICA, INC.,                                 *

    Defendants.                                *

## AMENDED NOTICE OF DEPOSITION DUCES TECUM

TO:.               J. Trent Scofield, Esq.
                    T. Scott Kelly, Esq.
                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                    One Federal Place, Ste. 1000
                    1819 Fifth Avenue North
                    Birmingham, AL 35203

                    Matthew K. Johnson, Esq.
                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                    P.O. Box 2757
                    Greenville, SC 29602

**DEPONENT:**      **WENDY WARNER**

**DATE:**           Thursday, November 15, 2007

TIME:           9:00 a.m.

**LOCATION:**      TBA
                 Montgomery, Alabama

PLEASE TAKE NOTICE that attorneys for the Plaintiff, JERRY LEON DEES, JR., will take

the pre-trial discovery deposition of WENDY WARNER at the time, date and location indicated

above, upon oral examination pursuant to the Federal Rules of Civil Procedure before an officer duly

authorized to administer oaths and swear witnesses. The oral examination will continue from day to

day until completed, and you are invited to attend and examine the deponent.

## DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified

hereby to appear for this deposition, be prepared to testify in the matters described and enumerated

above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of

Civil Procedure and make available for copying the following documents, records, and other items

set forth in Exhibit A attached.

Dated this 25th day of October, 2007.

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esq. (MCDOD5329)
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 25th day of October, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

COUNSEL

**EXHIBIT A**
**DEPOSITION DUCES TECUM**

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. Any and all documents or records upon which you formed your personal knowledge regarding Hyundai Motor Manufacturing Alabama, LLC's ("HMMA's") operations as well as HMMA's relationship to Hyundai Motor America, Inc. ("HMA").

2. Any and all documents upon which you base your personal knowledge that HMMA is a Delaware limited liability company and has its principal place of business in Montgomery, Alabama.

3. Any and all documents or other records upon which you base your personal knowledge that HMMA is an independent manufacturing operation of Hyundai Motor Company in Seoul, Korea.

4. Any and all documents upon which you base your "understanding" that HMA is a corporation organized in the State of California and has its principal place of business in Fountain Valley, California.

5. Any and all documents upon which you base your "understanding" that HMA is in the business of distributing Hyundai brand automobiles and parts in the United States.

1

6. Any and all documents, records, agreements, contracts, or other evidence upon which you based your statement that HMA and HMMA are legally distinct and separate corporate entities.

7. Any and all documents and employment records upon which you based your statements that Dees was not employed by HMA at any time and did not receive any pay, salary, or benefits from HMA at any time.

8. Any and all documents upon which you based your statement that HMA had no control over HMMA's decision to terminate Dees.

9. Any and all documents upon which you based your statements that HMA had no employment, legal, or other relationship with Dees, and that HMA had no employment, legal, or other relationship, or right to control or direct, the other individual employees identified in Dees' complaint.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., | * |
| Plaintiff, | * |
| vs. | *   Case No.  2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING | * |
| ALABAMA, LLC and HYUNDAI MOTOR | |
| AMERICA, INC., | * |
| Defendants. | * |

## AMENDED NOTICE OF DEPOSITION OF
## HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC
## PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:     J. Trent Scofield
        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
        One Federal Place, Ste. 1000
        1819 Fifth Avenue North
        Birmingham, AL 35203

        Matthew K. Johnson, Esq.
        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
        P.O. Box 2757
        Greenville, SC 29602

## DEPONENT: HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC

DATE:     November 15, 2007

TIME:     1:00 p.m. (or immediately following the deposition of Wendy Warner)

LOCATION:     TBA
              Montgomery, Alabama

        PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of the

Defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC by its designated agent or agents most knowledgeable about and familiar with the matters set forth below, at the time, date and location indicated above upon oral examination before a Notary Public or other officer duly authorized to administer oaths and swear witnesses. The oral examination(s) will continue from day to day until completed.

### MATTERS ON WHICH EXAMINATION IS REQUESTED

The subject matters for which the deponent(s) will be requested to testify are as follows:

1. The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC. to show the extent to which HMMA is the alter ego of HMA and/or that HMMA is a mere instrumentality of HMA.

2. The circumstances surrounding the decision to halt production for several calendar days in 2007.


### DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified hereby to appear for this deposition, be prepared to testify in the matters described and enumerated above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure and make available for copying the following documents, records, and other items set forth in Exhibit A attached.

Dated this 25th day of October, 2007.

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 25th day of October, 2007, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

COUNSEL

**EXHIBIT A**
**PRODUCTION OF DOCUMENTS PURSUANT**
**TO RULE 30(b)(5)**

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:

   a. Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

   b. Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

1

c. Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d. Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e. Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;

f. Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g. If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h. Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i. Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 through the present;

j. Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present.

k. Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l. Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m. All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and

2

      n. Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office or building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

2. Organizational chart showing the management hierarchy within HMA and HMMA as well as the reporting lines of communication and control above HMA and HMMA.

Case 2:07-cv-00306-MHT-CSC    Document 46-9   Filed 11/02/2007   Page 14 of 19

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | * | |
| **Plaintiff,** | * | |
| vs. | * | **Case No. 2:07-cv-00306-MHT-CSC** |
| **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC.,** | * | |
| | * | |
| **Defendants.** | * | |

## AMENDED NOTICE OF DEPOSITION OF
## HYUNDAI MOTOR AMERICA, INC.
## PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**TO:**           J. Trent Scofield
                  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                  One Federal Place, Ste. 1000
                  1819 Fifth Avenue North
                  Birmingham, AL 35203

                  Matthew K. Johnson, Esq.
                  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                  P.O. Box 2757
                  Greenville, SC 29602

**DEPONENT:**     **HYUNDAI MOTOR AMERICA, INC.**

**DATE:**         November 9, 2007

**TIME:**         10:00 a.m.

**LOCATION:**     Conference Room
                  Marriott Le Merigot
                  1740 Ocean Avenue
                  Santa Monica, CA 90401

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of the Defendant HYUNDAI MOTOR AMERICA, INC. by its designated agent or agents most knowledgeable about and familiar with the matters set forth below, at the time, date and location indicated above upon oral examination before a Notary Public or other officer duly authorized to administer oaths and swear witnesses. The oral examination(s) will continue from day to day until completed.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

The subject matters for which the deponent(s) will be requested to testify are as follows:

1. The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC. to show the extent to which HMMA is the alter ego of HMA and/or that HMMA is a mere instrumentality of HMA.

2. The circumstances surrounding the decision to halt production for several calendar days in 2007.

## DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified hereby to appear for this deposition, be prepared to testify in the matters described and enumerated above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure and make available for copying the following documents, records, and other items set forth in Exhibit A attached.

Dated this 25th day of October, 2007.

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL
David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 25th day of October, 2007, the foregoing
pleading on all counsel of record by depositing a copy of same in the United States Mail with
postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203\

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

COUNSEL

**EXHIBIT A**
**PRODUCTION OF DOCUMENTS PURSUANT**
**TO RULE 30(b)(5)**

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:

    a. Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

    b. Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

1

c. Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d. Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e. Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;

f. Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g. If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h. Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i. Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 through the present;

j. Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present.

k. Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l. Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m. All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and

n. Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office or building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

2. Organizational chart showing the management hierarchy within HMA and HMMA as well as the reporting lines of communication and control above HMA and HMMA.

# Exhibit I

*Jerry Leon Dees, Jr., Plaintiff v. Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.*

## Motion for Protective Order Limiting the Scope of Rule 30(b)(6) Depositions

## Johnson, Matthew K.

| | |
|---|---|
| **From:** | Johnson, Matthew K. |
| **Sent:** | Wednesday, October 31, 2007 10:14 AM |
| **To:** | 'Jeffrey Sport'; Perry Hall; David A McDonald; Vince Kilborn |
| **Cc:** | Kelly, T. Scott.; Scofield, J. Trent; Johnson, Matthew K. |
| **Subject:** | HMA 30(b)(6) representative deposition time and issues regarding scope of 30(b)(6) depositions |

Gentlemen:

With respect to the deposition of HMA's 30(b)(6) representative, HMA has asked that you please conduct the deposition at their offices in Fountain Valley, CA. They have a conference room and this would save on HMA travel time. Please let me know if you will do so as a professional courtesy.

Also, based upon Jeff Sport's faxed correspondence from 10/25/07, it appears that you are unwilling to consider a compromise position on the scope of your 30(b)(6) deposition notices and 30(b)(5) document requests. Unless I hear otherwise from you we will be filing a motion for a protective order as soon as possible. Please let me know if there is any reason to consult further or if I should otherwise refrain from filing the motion. Thank you.

**Matthew K. Johnson, Esq.**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
300 N. Main Street (29601)
PO Box 2757
Greenville, SC 29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
matthew.johnson@ogletreedeakins.com

**NOTICE:** Unless expressly stated to the contrary herein, (a) nothing contained in this message was intended or written to be used, can be used, nor may be relied upon or used, by any taxpayer for the purpose of avoiding penalties that could be imposed upon the taxpayer under the Internal Revenue Code of 1986, as amended; and (b) any written statement contained herein relating to any federal tax transaction or issue may not be used by any individual or entity to, recommend or support the promotion or marketing of any such transaction or issue.

This transmission is intended by the sender and proper recipient(s) to be confidential, intended only for the proper recipient(s) and may contain information that is privileged, attorney work product or exempt from disclosure under applicable law. If you are not the intended recipient(s), you are notified that the dissemination, distribution or copying of this message is strictly prohibited. If you receive this message in error, or are not the proper recipient(s), please notify the sender at either the e-mail address or telephone number above and delete this e-mail from your computer. Receipt by anyone other than the proper recipient(s) is not a waiver of any attorney-client, work product, or other applicable privilege. Thank you.