**IN THE UNITED STATES DISTRICT COURT**
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JERRY LEON DEES, JR., * | |
| * | |
| Plaintiff, * | |
| * | |
| Vs. * | **CASE NO.** |
| * | **2:07-cv-00306-MHT-CSC** |
| HYUNDAI MOTOR MANUFACTURING * | |
| ALABAMA, LLC, and HYUNDAI * | |
| MOTOR AMERICA, INC., * | |
| * | |
| Defendants. * | |

**MOTION TO SHORTEN TIME TO RESPOND TO REQUEST FOR ENTRY TO INSPECT AND PHOTOGRAPH**

Comes now the Plaintiff, JERRY LEON DEES, JR. ("Dees"), and, pursuant to Rules 26 and 34 of the Alabama Rules of Civil Procedure, respectfully moves the Court to enter an Order directing Defendants to respond to Plaintiff's Request for Entry to Inspect and Photograph. As grounds for this motion, the Board submits the following:

1. On November 7, 2007, Plaintiff served on Defendant HMMA a Request for Entry to Inspect and Photograph to gain access to the HMMA manufacturing plant where Dees was employed by HMMA for the limited purposes of inspecting and photographing the locations where incidents relevant to this case occurred. See Exhibit A.

2. In the transmittal letter that accompanied the request, Plaintiff's counsel acknowledged the limited time left in discovery, but asked for a quick response because complying with the request would require no effort on the part of defense counsel or Defendant HMMA.

3. On November 9, 2007, Plaintiff asked defense counsel whether any substantive objections would me made to the Request for Entry.

4. On Monday, November 12, defense counsel objected to the Request for Entry on procedural grounds only, because it came with less than 30 days left in discovery. Although counsel indicated they had substantive objections, they were not communicated to Plaintiff.

5. Further communication with counsel for HMMA on Tuesday, November 13, 2007 indicated that HMMA's substantive objections to the Request for Entry would be "timely file additional objections," but did not communicate them to Plaintiff counsel.

6. Plaintiff believes that a mutually agreed-upon extension of the discovery deadline will cure any alleged technical defect of the Request.

7. Plaintiff further believes, however, that substantive objections are forthcoming from HMMA, that HMMA will likely seek a protective order to avoid complying with the Request for Entry, and that the process of responding to that motion and having a hearing on the issue will delay the discovery process unnecessarily.

8. A shortened time for response is not injurious or prejudicial to HMMA, since a response to our Request requires virtually no effort. Further, Rule 34(b) allows the Court to direct a party to respond to Rule 34 requests in a shorter (or longer) time than the default 30 days provided in the rule.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully moves the Court to direct HMMA to respond to Plaintiff's Request for Entry to Inspect and Photograph by Wednesday, November 21, 2007.

                                                        Respectfully submitted,

- 3 -

                                                s/ Jeffrey R. Sport
                                                Jeffrey R. Sport (SPORJ5390)

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
E-mail: jeff.sport@sportlaw.us

                                          **Attorney for Plaintiff**

### CERTIFICATE OF SERVICE

I do hereby certify that I have on the 13th day of November, 2007, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

                                                s/ Jeffrey R. Sport
                                                COUNSEL