## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:07-cv-00306-MHT-CSC** |
| | ) | |
| **HYUNDAI MOTOR MANUFACTURING** | ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** | ) | |
| **AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' MOTION FOR CASE MANAGEMENT/DISCOVERY CONFERENCE

Defendants Hyundai Motor Manufacturing Alabama, LLC (HMMA) and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants') respectfully move this Court for a case management/discovery conference because there are multiple discovery issues which counsel for the parties appear unable to amicably resolve without resorting to expensive (and likely unnecessary) motion practice.

Alternatively, to the extent additional motion practice is required at this time, Defendants hereby move the Court for protection from deposition dates demanded by Plaintiff's counsel and also hereby move to amend the Scheduling Order to extend the deadline for completing discovery, and to extend all remaining pretrial and trial deadlines as is just and equitable under the circumstances.  In support of the relief requested, Defendants state:

### I.    Procedural History and Relevant Deadlines

1.    Plaintiff's Complaint was filed on April 10, 2007.  Plaintiff's Complaint contains three counts: (1) USERRA; (2) outrage; and (3) conversion.  (Doc. 2).

2.      The parties filed a Rule 26 report on May 23, 2007.  (Doc. 18).  The Court entered

its original Scheduling Order on May 25, 2007.  (Doc. 19).  For purposes of this motion, relevant

deadlines include: November 30, 2007 discovery deadline; December 14, 2007 dispositive

motion deadline;[1] February 20, 2008 pretrial conference; and March 31, 2008 trial setting.  (Doc.

19).

## II.      Discovery Efforts, Motions and Developments

3.      Both sides have actively engaged in discovery, and discovery disagreements have,

to date, resulted in five (5) motions being filed with the Court.[2]

4.      Three (3) of the motions referenced above are currently pending.  See Docs. 39,

46 and 50.  The discovery deadline is currently sixteen (16) days away.

5.      The parties continue to engage in discovery in an attempt to complete necessary

depositions prior to the November 30 discovery deadline.

6.      However, based upon the numerous letters exchanged by counsel between

November 9 and 14, it is Defendants' counsel's belief that the parties will be unable to complete

discovery before November 30, and that additional discovery motion practice is imminent.  A

representative sample of the correspondence exchange is attached hereto as Exhibits 1 - 9.

7.      Defendants' counsel's belief that the parties will be unable to complete discovery

before November 30, and that additional discovery motion practice is imminent is supported by

among other things: (1) though the parties await ruling from the Court regarding 30(b)(6)

---

[1]  The original dispositive motion deadline was November 22, 2007. Defendants' motion to extend this deadline by 22 days was granted on October 26, 2007.  (Doc. 44).

[2]  See Doc. 28: Plaintiff's Motion to Compel; Doc. 29: Plaintiff's Motion to Establish Deposition Sequence; Doc. 39: Plaintiff's Objection to Magistrate's Order; Doc. 46: Defendants' Motion for Protective Order; and Doc. 50: Plaintiff's Motion to Shorten Time for Defendant to Respond to Discovery.

deposition scope, Plaintiff's counsel insists on moving forward with a 30(b)(6) deposition on November 15; (2) Plaintiff's counsel demand that, on eight (8) days notice, depositions move forward on the day before Thanksgiving, and into Thanksgiving Day if necessary, notwithstanding scheduling conflicts and alternate arrangements presented by Defendants' counsel; and (3) Plaintiff's counsel's November 13th notice of deposition directed to HMMA's General Counsel despite Defendants' respectful position that Mr. Neal's knowledge of this case is protected by the attorney-client privilege and is not subject to disclosure.[3]

## III.    Relief Requested

8.        It is against this procedural backdrop that Defendants respectfully request, pursuant to the Federal Rule of Civil Procedure 16, that the Court conduct a case management/discovery conference, so that the Court may provide guidance regarding the discovery disputes which the parties' counsel appear unable to resolve.  Defendants further request that, at the time this conference is conducted, the Court consider extending necessary Scheduling Order deadlines as is fair and equitable under the circumstances.

9.        Defendants do not wish to unduly delay or compromise Plaintiff's legitimate discovery and deposition requests.  However, because Plaintiff is insistent on moving forward with seven (7) depositions on November 21, including Defendant HMMA's General Counsel, which Defendants' counsel cannot attend, Defendants alternatively seek a Protective Order pursuant to Federal Rule of Civil Procedure 26(c), in order to protect their legitimate interests in this case.

---

[3]    Exhibit 8 appears to indicate Plaintiff's counsel's agreement to a proposed discovery extension, however, his letter is silent regarding the November 21 deposition date at issue.

10.    Finally, out of abundance of caution and as a form of alternative relief, Defendants request that the Court modify its Scheduling Order to extend applicable deadlines necessary to allow the parties to complete discovery, file dispositive motions, and if necessary, prepare this case for trial.

THEREFORE, for good cause shown, Defendants request the Court schedule a case management/discovery conference, and if necessary, grant the alternative relief necessary to protect Defendants' legitimate interests in this proceeding.

Respectfully submitted this 14th day of November, 2007.

/s/  J. Trent Scofield

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 14th day of November, 2007, I electronically filed the

foregoing  *Defendant's Motion for Case Management/Discovery Conference* with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the following:

W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, T. Scott

Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com

ATTORNEYS AT LAW

VINCENT F. KILBORN, III    M. LLOYD ROEBUCK    DAVID A. MCDONALD    W. PERRY HALL    JEFFREY R. SPORT

November 9, 2007

<u>Via Fax and U.S. Mail</u>

Matthew K. Johnson, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

EXHIBIT
1

Re:    *Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*

Dear Matt:

    Please find enclosed our Revised Notices of Deposition changing the place of deposition. Apparently, there is some kind of convention in Montgomery next week that has all the hotels and conference rooms booked.

    Also, please let me know by Monday whether you intend to object to our Request for Entry to Inspect and Photograph and the related Notice, so that I can petition the court for relief prior to the end of the discovery period. .

    With best regards, I remain

                                            Very truly yours,

                                            JEFFREY R. SPORT

JRS/jrs

w/ enc.

POST OFFICE BOX 66710  ·  MOBILE ALABAMA 36660
1810 OLD GOVERNMENT STREET  ·  MOBILE ALABAMA 36606
PHONE 251.479.9010  ·  FAX 251.479.6747

# Ogletree Deakins

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile:  205.328.6000
www.ogletreedeakins.com

**J. TRENT SCOFIELD**
Direct Dial: (205) 714-4422
E-mail: trent.scofield@odnss.com



**EXHIBIT**

**2**

November 12, 2007

**VIA FACSIMILE AND U. S. MAIL**

Jeffrey R. Sport, Esq.
Kilborn, Roebuck & McDonald
P.O. Box 66710
Mobile, AL  36660

Re:     **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**

Dear Jeff:

This letter responds to your letter to Matt, dated November 9, 2007.  In that letter, you ask us to notify you by today regarding whether we intend to object to Plaintiff's Notice of Inspection and Photographing. That Notice was served on November 7, 2007, and sets an inspection date of November 19, 2007.

Please allow this letter to serve as notice that HMMA objects to the inspection request and according to our calculation, the inspection request is untimely because it does not afford HMMA thirty (30) days for response, as is allowed under the Rules of Civil Procedure.  See FRCP 34(a).  The Middle District's civil practice guidelines specifically state that, "Lawyers are reminded that discovery requests should be served more than 30 days prior to the cut-off date. Untimely discovery requests are subject to objection on that basis."  See Guidelines to Civil Discovery Practice in the Middle District of Alabama, Sec. I. H.

Should the Court extend the discovery deadline in this case, we will be glad to further confer regarding the contents of Plaintiff's Notice of Inspection and Photographing. We reserve the right to timely state additional objections.  If you wish to further discuss this matter, do not hesitate to contact Matt or me.

Very truly yours,

J. Trent Scofield

JTS/skp
cc:     Matt Johnson

---

Atlanta ▪ Austin ▪ Birmingham ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Greensboro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City
Los Angeles ▪ Memphis ▪ Miami ▪ Morristown ▪ Nashville ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Raleigh ▪ San Antonio ▪ St. Thomas ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington, DC

# Ogletree Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

**J. TRENT SCOFIELD**
Direct Dial: (205) 714-4422
E-mail: trent.scofield@odnss.com



November 12, 2007

**VIA FACSIMILE AND U. S. MAIL**

Jeffrey R. Sport, Esq.
Kilborn, Roebuck & McDonald
P.O. Box 66710
Mobile, AL 36660

Re:    **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**

Dear Jeff:

This letter responds to your amended Deposition Notices, served November 9, 2007. I write to ensure there is no misunderstanding.

Your Amended Notices include Wendy Warner and a 30(b)(6) notice for HMMA, to be taken on November 15, 2007. We stand ready to proceed with Wendy Warner's deposition. As you and I discussed by telephone on November 7, 2007, the motion for protective order regarding the 30(b)(6) deposition notices remains pending. Because the parties do not agree on the scope of the depositions as noticed, and because Defendants have sought a ruling from the Court on those issues, HMMA does not intend to designate corporate representative(s) for deposition testimony on November 15, 2007.

Both 30(b)(6) depositions may be re-noticed as soon as we receive direction from the Court. Should you have any questions or wish to further discuss this matter, do not hesitate to contact Matt or me.

Very truly yours,

J. Trent Scofield

JTS/skp

cc:    Matt Johnson

---

Atlanta ▪ Austin ▪ Birmingham ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Greensboro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City
Los Angeles ▪ Memphis ▪ Miami ▪ Morristown ▪ Nashville ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Raleigh ▪ San Antonio ▪ St. Thomas ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington, DC

ATTORNEYS AT LAW

VINCENT F. KILBORN, III    M. LLOYD ROEBUCK    DAVID A. MCDONALD    W. PERRY HALL    JEFFREY R. SPORT

November 12, 2007

<u>Via Fax and U.S. Mail</u>

J. Trent Scofield, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

EXHIBIT
4

Re:    *Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*

Dear Trent:

Thank you for your correspondence of today. This addresses issues raised in both of your letters. With respect to the depositions scheduled for this week, we are going to proceed. We will come and depose Ms. Warner, and will then be prepared to depose your HMMA corporate representative. If you do not have one available, it will be at your own risk. We will have no choice but to reschedule and pursue remedies available under Rule 37.

Regarding your position on our Request to Inspect and Photograph, I find your comments disingenuous. We have not propounded additional voluminous interrogatories or document requests on you and your clients, which the spirit of the rule you cite was designed to prevent. We have simply asked for a brief time to walk around the areas in the plant related to the allegations in this case. Zero effort is required on your part or on the part of your client to agree to and comply with this request. If you have substantive objections to our request, please state them so we can deal with them. Otherwise, we ask that you agree to an extension of ten days, to December 10, for the sole purpose of bringing the request within the technical requirements of the rule. If you do not agree, we will have no choice but to seek relief from the court.

Also, in the spirit of avoiding further expense and delay, we are going forward with our client's deposition noticed for November 20th, even though it appears likely that the depositions of HMA's and HMMA's corporate representatives will not have been completed in accordance with the court's order. In this same spirit, please confirm that you are prepared to proceed with the depositions of the fact witnesses we previously noticed. We previously requested to begin these depositions immediately following the conclusion of Mr. Dees' deposition, but I have yet to hear from you on this request. I have, therefore, taken the liberty of providing you with

POST OFFICE BOX 66710 · MOBILE ALABAMA 36660
1810 OLD GOVERNMENT STREET  ·  MOBILE ALABAMA 36606
PHONE 251.479.9010 · FAX 251.479.6747

Trent Scofield, Esq.
November 12, 2007
Page 2 of 2


amended notices of deposition for these witnesses for next Wednesday, November 21st. We are prepared to stay in Montgomery for as long as necessary to complete these depositions.

     With best regards, I remain

                                    Very truly yours,

                                      JEFFREY R. SPORT

JRS/jrs

w/ enc.

# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile:  205.328.6000
www.ogletreedeakins.com

**J. TRENT SCOFIELD**
Direct Dial: (205) 714-4422
E-mail: trent.scofield@odnss.com



November 13, 2007

**VIA FACSIMILE AND U. S. MAIL**

Jeffrey R. Sport, Esq.
Kilborn, Roebuck & McDonald
P.O. Box 66710
Mobile, AL  36660

> Re:    **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**

Dear Jeff:

This will respond to your letter dated November 12, 2007, which I received via facsimile this morning.  Please accept it in the spirit of cooperation in which it is intended.

Regarding the HMMA 30(b)(6) deposition issue, please consider the following.  The parties do not agree on the appropriate scope of the examination and Defendants have moved for a protective order regarding the same.  The Court has not ruled on Defendants' motion, and we believe it reasonable (and most efficient) to await direction from the Court before proceeding with either 30(b)(6) deposition.  Once we receive instruction from the Court, we will timely comply and make corporate representative(s) available for deposition in accordance with those directions.  We do not oppose your right to reschedule the deposition.  However, in light of these circumstances, we will oppose any request for remedies under Rule 37.

Regarding Plaintiff's Request to Inspect and Photograph, there is nothing disingenuous regarding our expectation that you would comply with the Rules of Civil Procedure.  I will timely provide additional objections so that you may consider them and we may conference regarding the same.  Regarding your proposed extension of time, please see my response in paragraphs which follow.

Regarding Mr. Dees' deposition, we will be prepared to take it on November 20, 2007, and I will forward an amended deposition notice.  We are in the process of working on scheduling the five fact witness depositions you have previously noticed.  Presently, it appears that scheduling conflicts will prohibit these depositions going forward on November 21, 2007.  As we previously informed you, Greg Prater is no longer employed by HMMA and does not reside in Montgomery.  We are in the process of contacting Mr. Prater in hopes of securing his voluntary attendance for deposition on a date, time, and location convenient for him. We will



Jeffrey R. Sport, Esq.
*Re:  Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*
November 13, 2007
Page 2


work with you to get all of these depositions done in a timely manner and proximate to the completion of Mr. Dees' deposition.

We also wish to take Mr. Hall's deposition and will be serving a subpoena/deposition notice regarding the same.  In light of the fact that there are multiple depositions to complete and your request to inspect and photograph currently pending, it is logical to agree to extend the discovery period in order to accomplish the same.  I suggest we file a joint motion to amend the Scheduling Order to extend discovery for these limited purposes and endeavor to complete the same by December 14, 2007.  This date corresponds with the extended summary judgment deadline.  Please advise if you are in agreement, and I will prepare a joint pleading for your review.

Finally, please do not underestimate the efficiency of using the telephone to discuss these matters.  It would minimize the unnecessary expense of exchanging letters on a daily basis.  I will be traveling tomorrow, so if you need to reach me regarding any of the issues discussed in this letter, please call my cell phone: (205) 999-2975.

Very truly yours,

J. Trent Scofield

JTS/skp

cc:    Matt Johnson  (via pdf attachment)

ATTORNEYS AT LAW

VINCENT F. KILBORN, III     M. LLOYD ROEBUCK     DAVID A. MCDONALD     W. PERRY HALL     JEFFREY R. SPORT

November 13, 2007

<u>Via Fax and U.S. Mail</u>

J. Trent Scofield, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

EXHIBIT
6

Re:    *Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*

Dear Trent:

This is to address a couple of follow up matters. First, in reviewing the documents you originally produced (Bates No.'s HMMA 00001-00093), it is impossible to tell which documents were in Mr. Dees employment/team relations files and which documents were not. Therefore, please have Ms. Warner bring Mr. Dees' original employment and team relations files to her deposition on Thursday. I have included a revised deposition notice duces tecum so that this will be clear.

Second, we expect you to do what you offered last week: to make the corporate representative available to us, and we will ask the questions we want to ask, and you will object to whatever you wish to. We are coming to Montgomery, and we want to get as far as we can get. If we have to come back to complete the HMMA 30(b)(6) after the court rules, it won't cost one nickel more. We might as well get as far as we can while we are there. With respect to your objections to Rule 37 remedies, that is certainly your right.

Third, please find attached a deposition notice for Richard E. Neal, also for Wednesday, November 21st. It is odd that you finally notified me today that there is some "scheduling conflict" preventing depositions next Wednesday, when I have been asking you to confirm this date for several weeks. Please clarify whether this conflict is with the witnesses, or with counsel. I reiterate what I said in my letter yesterday: We stand ready to depose these witnesses until the depositions are complete, whether it runs into the holiday or not. Since the date for these depositions has been set for some time, we have booked up most of December with depositions in another case. Therefore, we will not be able to take all of our fact witness depositions in December. There is simply no time on our calendar for any more delay. We demand that the

Trent Scofield, Esq.
November 13, 2007
Page 2 of 2

witnesses be made available on November 21st, since we repeatedly have asked for confirmation of this date and been ignored.

Fourth, we can make our expert, Mr. Hall, available for deposition on Friday, November 30, 2007. The time and place noticed are fine. As a courtesy, we will accept service of the revised subpoena duces tecum for Mr. Hall. Just serve me on Thursday in Mongtomery, since I will be out of the office tomorrow.

Finally, let me clarify what I said yesterday regarding your objection to our Request to Inspect and Photograph being disingenuous. I am aware of the rules of discovery. I have never believed, however, that they should be used as tools to prevent the free exchange of discoverable information between the parties. As I stated in my transmittal to you at the time, I was hoping for a courtesy regarding the time since the request involved no effort on your part or on the part of Hyundai, and the request is entirely reasonable. Further, I find it disingenuous that you object only as to the rule, and withhold your substantive objections, despite repeated requests for same, to apparently delay the request even longer. Since my request for courtesy has been rebuked, and you stated that you will "timely provide additional objections," I will give you the opportunity to timely file them.

With best regards, I remain

Very truly yours,

JEFFREY R. SPORT

JRS/jrs

w/ enc.

**KILBORN ROEBUCK & MCDONALD**

**ATTORNEYS AT LAW**

VINCENT F. KILBORN, III     M. LLOYD ROEBUCK     DAVID A. MCDONALD     W. PERRY HALL     JEFFREY R. SPORT

November 13, 2007

**EXHIBIT**

**7**

tabbies'

**Via Fax and U.S. Mail**

J. Trent Scofield, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

Re:     *Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*

Dear Trent:

This is to address a couple of follow up matters. First, in reviewing the documents you originally produced (Bates No.'s HMMA 00001-00093), it is impossible to tell which documents were in Mr. Dees employment/team relations files and which documents were not. Therefore, please have Ms. Warner bring Mr. Dees' original employment and team relations files to her deposition on Thursday. I have included a revised deposition notice duces tecum so that this will be clear.

Second, we expect you to do what you offered last week: to make the corporate representative available to us, and we will ask the questions we want to ask, and you will object to whatever you wish to. We are coming to Montgomery, and we want to get as far as we can get. If we have to come back to complete the HMMA 30(b)(6) after the court rules, it won't cost one nickel more. We might as well get as far as we can while we are there. With respect to your objections to Rule 37 remedies, that is certainly your right.

Third, please find attached a deposition notice for Richard E. Neal, also for Wednesday, November 21st. It is odd that you finally notified me today that there is some "scheduling conflict" preventing depositions next Wednesday, when I have been asking you to confirm this date for several weeks. Please clarify whether this conflict is with the witnesses, or with counsel. I reiterate what I said in my letter yesterday: We stand ready to depose these witnesses until the depositions are complete, whether it runs into the holiday or not. Since the date for these depositions has been set for some time, we have booked up most of December with depositions in another case. Therefore, we will not be able to take all of our fact witness depositions in December. There is simply no time on our calendar for any more delay. We demand that the

Trent Scofield, Esq.
November 13, 2007
Page 2 of 2

witnesses be made available on November 21st, since we repeatedly have asked for confirmation of this date and been ignored.

Fourth, we can make our expert, Mr. Hall, available for deposition on Friday, November 30, 2007. The time and place noticed are fine. As a courtesy, we will accept service of the revised subpoena duces tecum for Mr. Hall. Just serve me on Thursday in Mongtomery, since I will be out of the office tomorrow.

Finally, let me clarify what I said yesterday regarding your objection to our Request to Inspect and Photograph being disingenuous. I am aware of the rules of discovery. I have never believed, however, that they should be used as tools to prevent the free exchange of discoverable information between the parties. As I stated in my transmittal to you at the time, I was hoping for a courtesy regarding the time since the request involved no effort on your part or on the part of Hyundai, and the request is entirely reasonable. Further, I find it disingenuous that you object only as to the rule, and withhold your substantive objections, despite repeated requests for same, to apparently delay the request even longer. Since my request for courtesy has been rebuked, and you stated that you will "timely provide additional objections," I will give you the opportunity to timely file them.

With best regards, I remain

Very truly yours,

JEFFREY R. SPORT

JRS/jrs

w/ enc.

**ATTORNEYS AT LAW**

VINCENT F. KILBORN, III    M. LLOYD ROEBUCK    DAVID A. MCDONALD    W. PERRY HALL    JEFFREY R. SPORT

November 13, 2007

<u>Via Fax and U.S. Mail</u>

J. Trent Scofield, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

> **EXHIBIT**
>
> **8**

Re:    *Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*

Dear Trent:

This is to follow up on one unaddressed point from earlier today.

We agree to your proposed extension of the discovery deadline to December 14, 2007. We understand that this does not change any other deadlines or the trial setting. We further understand that this is not for the purpose of delaying the depositions of the HMMA fact witness that have already been noticed.

With best regards, I remain

Very truly yours,

JEFFREY R. SPORT

JRS/jrs

w/ enc.

**Ogletree**
**Deakins**

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

J. TRENT SCOFIELD
Direct Dial: (205) 714-4422
E-mail: trent.scofield@odnss.com

November 14, 2007

EXHIBIT
9
tabbies®

**VIA FACSIMILE AND U. S. MAIL**

Jeffrey R. Sport, Esq.
Kilborn, Roebuck & McDonald
P.O. Box 66710
Mobile, AL 36660

Re:    Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.

Dear Jeff:

Regarding your letter transmitted via facsimile on November 13, 2007 at 4:52 p.m., as well as your letter transmitted via facsimile on November 14, 2007 at 7:58 a.m., I respond as follows.

1.    HMMA has maintained the original files regarding documents produced. Without objection, I will bring the requested original Dees documents to Ms. Warner's deposition.

2.    Regarding 30(b)(6) deposition testimony, we offered to make representative(s) available consistent with the scope we believe appropriate and you rejected that offer. Defendants have moved for a protective order and are entitled to a ruling from the Court. Your statement regarding, "If we have to come back to complete the HMMA 30(b)(6) after the court rules, it won't cost one nickel more", is incorrect. We are entitled to know the precise subject matter for purposes of 30(b)(6) testimony and this will now necessarily require a ruling on the motion for protective order. Absent this ruling and reasonable time to prepare appropriate representative(s), we are not designating an HMMA 30(b)(6) representative on November 15, 2007. I trust Defendants' position is clear on this.

3.    Rick Neal is HMMA's General Counsel and was acting in that role at all times related to Mr. Dees' termination of employment. It is Defendant HMMA's position that Mr. Neal's legal advice is protected by the attorney-client privilege and is not subject to disclosure. Therefore, we object to your deposition notice and request that you withdraw it. If you do not agree to do so, we will be required to move for a protective order. Please promptly favor me with your response so that I may move forward with that motion if necessary.

Atlanta ▪ Austin ▪ Birmingham ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Greensboro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City
Los Angeles ▪ Memphis ▪ Miami ▪ Morristown ▪ Nashville ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Raleigh ▪ San Antonio ▪ St. Thomas ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington, DC



Jeffrey R. Sport, Esq.
*Re: Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*
November 14, 2007
Page 2

4.    Regarding your deposition notices scheduled for November 21, please recall that you have always conditioned Mr. Dees' deposition on Plaintiffs' ability to complete both 30(b)(6) depositions and Ms. Warner's deposition. Yesterday was the first day on which you confirmed you would move forward with Mr. Dees' deposition on November 20th. The scheduling conflicts referenced in my letter are those of counsel (Matt, Scott, and me). Not one of us is available for the entire day on November 21, and your demand, with the threat of continuing the depositions on Thanksgiving Day, is not well-received. Further, I do not understand your "follow up" letter. You agree to extend discovery but do not release November 21 as a demanded deposition date.

5.    I will defer to Matt regarding your proposed date change on Mr. Hall's deposition. I will get back with you as soon as I am able to do so.

6.    Regarding your Request for Inspection, I see that you have now filed a motion with the Court. I can provide the additional objections by November 21, which is the relief sought in your motion. Therefore, I suggest you withdraw your motion and let's attempt to work through this issue without further burdening the Court.

As always, I am available to discuss any of these issues by telephone, so please do not hesitate to call.

Very truly yours,

J. Trent Scofield

JTS/skp

cc:    Matt Johnson  (via pdf attachment)