IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JERRY LEON DEES, JR.,            )
                                 )
    Plaintiff,                   )
                                 )
                                 )   CIVIL ACTION NO.
    v.                           )    2:07cv306-MHT
                                 )        (WO)
HYUNDAI MOTOR MANUFACTURING      )
ALABAMA, LLC, and HYUNDAI        )
MOTOR AMERICA, INC.,             )
                                 )
    Defendants.                  )
```

OPINION AND ORDER

Plaintiff Jerry Leon Dees, Jr., brings this suit against defendants Hyundai Motor Manufacturing Alabama, LLC (HMMA) and Hyundai Motor America, Inc. (HMA), for allegedly discharging him in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301-4334 (USERRA). During discovery, Dees requested that the court issue an order to compel HMMA and HMA to produce additional information concerning other alleged violations of employees' civil rights. The United States Magistrate Judge granted the order only "To

the extent the plaintiff requests documents and other information relating to any HMMA employee in the military who submitted a complaint to members of HMMA management, the EEOC, or a court regarding treatment at HMMA that violated the complainant's civil rights."  Order (Doc. No. 38), at 2.  This case is now before the court on Dees's objection to the magistrate judge's order.

## I. APPLICABLE STANDARDS

Fed. R. Civ. P. 26(b)(1) permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party. ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  This phrasing of the rule was adopted in 2000 to limit the scope of discovery to, in general, "the actual claims and defenses involved in the action."  Fed. R. Civ. P. 26(b)(1) committee note. Because "[w]hether a matter is 'relevant' for discovery

purposes is ultimately a fact-specific inquiry defying efforts to define it precisely," 6 James Wm. Moore, et al., Moore's Federal Practice § 26.41[7][a] (3d ed.), at 26-121, it follows that the magistrate judge hearing a discovery dispute "must have a broad range of discretion to determine relevance."  Id.; see Williams v. City of Dothan, 745 F.2d 1406, 1415 (11th Cir. 1984) (a judge has "broad discretion in shaping the scope of discovery under Fed. R. Civ. P. 26(b)").

A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)--or, to put it another way in the absence of a legal error, only if there was an "abuse of discretion" by the magistrate judge.  Cf. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 401 (1990) ("When an appellate court reviews a district court's factual findings, the abuse-of-discretion and clearly erroneous

standards are indistinguishable:  A court of appeals would be justified in concluding that a district court had abused its discretion in making a factual finding only if the finding were clearly erroneous.").

## II. DISCUSSION

In his motion to compel, Dees requested (1) documents relating to any other allegations that HMMA or HMA violated employees' civil rights in the State of Alabama; (2) identification of all employees who had complained regarding violations of their civil rights; and (3), for all such employees, personnel files and a statement explaining why they are no longer employed.  HMMA and HMA assert that they have already fully responded with discovery by providing all documents concerning other USERRA complaints.  The remaining requests, they argue, are overly broad and irrelevant, since other civil rights complaints--such as discrimination on the basis of sex, national origin, and religion--have no relation to Dees's

USERRA claim.  At the heart of this discovery issue is whether evidence of other civil rights complaints are properly relevant to Dees's USERRA claim.

Dees cites a variety of cases where courts considering a discrimination lawsuit have permitted discovery concerning other types of discrimination.  See, e.g., Feingold v. New York, 366 F.3d 138, 151-52 (2d Cir. 2004) ("[A]llegations of racial animosity can ... be considered by a trier-of-fact when evaluating [a] religion-based claim."); Hafford v. Seidner, 183 F.3d 506, 515 (6th Cir. 1999) (evidence of religious harassment could support racially hostile work-environment claim).  These cases, however, show only that evidence regarding one type of claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a, 2000e through 2000e-17, may be relevant in another Title VII claim; they do not show the requisite relevance between discrimination cases under Title VII and those under USERRA.  While both statutes are similar

in that they generally seek to prevent workplace "discrimination," they are also materially dissimilar.

USERRA and Title VII are, in a broad sense, animated by fundamentally different goals. Congress enacted Title VII "to achieve equality of employment opportunities and remove barriers that have operated in the past to favor an identifiable group." Griggs v. Duke Power, 401 U.S. 424, 430-31 (1971). USERRA, on the other hand, states that its goals include "encourag[ing] noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service" and "minimiz[ing] the disruption to the lives of persons performing service in the uniformed services as well as to their employers." 38 U.S.C. § 4301(a). As stated in the legislative history of a predecessor statute, "If these young men are essential to our national defense, then certainly our Government and employers have a moral obligation to see that their economic well being is disrupted to the

minimum extent possible." H.R. Rep. No. 1303, 89th Cong. (1966) (quoted in Monroe v. Standard Oil Co., 452 U.S. 549, 561, 569 (1981)).

This evidence of legislative purpose suggests that Congress did not enact USERRA primarily "to combat an ignorant or vicious stereotyping of [members of the armed services] as undependable employees" but intended only "to encourage people to join" the armed services. Velasquez v. Frapwell, 160 F.3d 389, 392 (7th Cir. 1998), vacated in part on other grounds, 165 F.3d 593 (1999) (citing Monroe v. Standard Oil Co., 452 U.S. 549 (1981)). USERRA's primary focus is thus not on negative opinions of certain groups but on the reality that employers may not wish to hire employees who, as members of the armed services, could frequently be absent for long periods of time. Because of these differing legislative purposes, evidence in a USERRA case of past discrimination under Title VII may not have the probative value it might have in a Title VII case, where "an employer's past

discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination." Hawkins v. Hennepin Tech. Ctr., 900 F.2d 153, 155-56 (8th Cir.), cert. denied, 498 U.S. 854 (1990). There is no reason, however, to believe that unlawful discrimination against employees on the basis of race, sex, or religion necessarily correlates with discrimination on the basis of being a member of the armed services. The latter group is, for the most part, protected not as an effort to overcome the effects of historical discrimination but to ensure that citizens will not refrain from joining the armed services for fear of losing their civilian jobs. Therefore, the court cannot categorically, that is, as a matter of law, hold that evidence of all forms of Title VII discrimination by an employer is always relevant and discoverable in an USERRA claim against that employer.

However, the court also cannot categorically hold that evidence of forms Title VII discrimination by an

employer is never relevant and discoverable in an USERRA claim against that employer. For, there may circumstances--such as, for example, an employer's reticence to hire women because of concerns that they would take too much time off for child-rearing--where the comparison between USERRA and Title VII discrimination claims might bear relevance. The relevance issue must instead be decided on a case-by-case basis, and the question for a court reviewing a magistrate judge's order on the issue is whether the magistrate judge was clearly erroneous, that is, abused his discretion. Here, Dees has not shown that the magistrate judge, in the exercise of his broad discretion, was clearly erroneous in his conclusion that the information Dees seeks is not relevant to the claim or defense of any party in this case. Nowhere in the record does Dees make a specific showing to the magistrate judge of circumstances in this case where the comparison between USERRA and Title VII discrimination claims might bear relevance.

The court acknowledges that USERRA should "be liberally construed for the benefit of those who left private life to serve their country," Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1238 (11th Cir. 2005). But, in this case, such a liberal interpretation cannot overcome the fact that Dees has failed to show that the magistrate judge's discovery order is clearly erroneous. In other words, while evidence of other types of discrimination may be relevant in other USERRA cases, Dees has not shown that 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) warrant rejecting the magistrate judge's contrary conclusion in this case.

***

For the above reasons, it is ORDERED that plaintiff Jerry Leon Dees, Jr.'s objection to order (Doc. No. 39) is overruled.

DONE, this the 30th day of November, 2007.

      /s/ Myron H. Thompson    
   UNITED STATES DISTRICT JUDGE