**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:07-cv-00306-MHT-CSC** |
| | ) | |
| **HYUNDAI MOTOR MANUFACTURING** | ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** | ) | |
| **AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION TO QUASH NON-PARTY
SUBPOENA TO ALABAMA PSYCHIATRIC SERVCIES AND SAEED A. SHAH, M.D.**

Defendants Hyundai Motor Manufacturing Alabama, LLC (HMMA) and Hyundai Motor
America, Inc. ("HMA") (collectively "Defendants"), pursuant to Rule 45 (c)(3)(A) of the Federal
Rules of Civil Procedure, file their objections to the issuance of Plaintiff Jerry Leon Dees'
Subpoenas for Production of Documents to the Custodian of Records, Alabama Psychiatric
Services and Saeed A. Shah, M.D seeking the medical and psychiatric records of James Allen
Brookshire, a non-party fact witness in this litigation.  In support of their objection, Defendants
state as follows:

**A.    Introduction and Factual Background**

1.    This is a single plaintiff case alleging violations of USERRA, and claims of
outrage and conversion.  Plaintiff, Jerry Leon Dees, a former employee for HMMA, alleges he
was terminated because of his military service.  HMMA contends that the Plaintiff's employment
ended as a result of his sleeping on the job.  In particular, HMMA contends that Mr. Brookshire

found Plaintiff sleeping on the job.  HMA contends it is not a proper party due to the fact that it

has never employed Plaintiff.

2.      On or about December 3, 2007, Plaintiff's counsel served on Defendants' counsel

subpoenas to Dr. Saeed A. Shah and Alabama Psychiatric Services.[1] *See* Exhibit A.

3.      The subpoenas seek medical and psychiatric records relating to Mr. James Allen

Brookshire, a non-party fact witness who was employed by HMMA when he reported Plaintiff

sleeping during his shift.

4.      In particular, the subpoenas to Alabama Psychiatric Services and Saeed A. Shah,

M.D.  seek:

> any and all records, notes, memoranda, correspondence,
> physician's notes, nurses notes, medical reports, written results of
> laboratory tests, medical history records, records of prescriptions
> written, written results of diagnostic tests, hospital records,
> psychiatric records and reports, therapy records and reports, reports
> to attorneys, reports submitted to Hyundai Motor Manufacturing
> Alabama, LLC, its medical clinic ("HMMA Medical Clinic") or
> Hyundai Motor America, Inc. (or any individual(s) representing or
> acting on behalf of those entities, including but not limited to,
> Wendy Warner), reports to other physicians, photographs and bills
> for services rendered pertaining to the treatment of James Allen
> Brookshire, date of birth: xx/xx/xxxx[2], SSN: xxx-xx-xxxx; address
> 1048 E. Poplar St., Prattville, AL, 36066 for the time period
> February 1, 2007 through the present.  You may produce the
> documents requested by mailing or facing (251-479-6747) copies
> to Plaintiff's attorney at the address below, enclosing your invoice
> for copying charges within 10 days of the date of service; or you
> may notify Plaintiff's attorney of a convenient date and time to
> review documents at your place of business by calling (251) 479-
> 9010.  *See* Exhibit A.

---

[1] Local Rule 45.2 provides, "prior notice of [a subpoena for hospital records] shall be served on all parties."
Plaintiff did not provide Defendants with prior notice of these subpoenas.
[2] Defendants have redacted Mr. Brookshire's personal identifiers in compliance with the E-Government Act of
2002.

B.    **The Subpoenas Should Be Quashed Because They Seek Information Clearly Protected by the Psychiatrist-Patient Privilege.**

5.    A subpoena must be quashed or modified if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii); *see also Kelly v. Owens*, 2007 WL 2580492, *2 (M.D. Ala. Sept. 4, 2007)(*citing Stevenson v. Stanley Bostich, Inc*., 201 F.R.D. 551, 555 (N.D. Ga. 2001)).

6.    The term "privileged" refers to protections afforded by the rules of evidence. *See Unites States v. Reynolds,* 34 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953); *Southern Ry. Co. v. Lanham*, 403 F.2d 119, 134 n. 15 (5th Cir. 1968) (privileges referred to in the discovery rules correspond to those in the rules of evidence).

7.    The Supreme Court established a psychotherapist-patient privilege in *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996).   In recognizing the psychotherapist-patient privilege the Supreme Court explained that "[l]ike the spousal and attorney-client privileges, the psychotherapist-patient privilege is 'rooted in the imperative need for confidence and trust.' " *Id*. (quoting *Trammel v. United States*, 445 U.S. 40, 50, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980)).   The Court found that important private and public interests were served by recognizing the privilege and noted that, in contrast, the denial of the privilege was unlikely to lead to evidentiary benefit:

> If the privilege were rejected, confidential conversations between psychotherapists and their patients would surely be chilled, particularly when it is obvious that the circumstances that give rise to the need for treatment will probably result in litigation. Without a privilege, much of the desirable evidence to which litigants such as petitioner seek access-for example, admissions against interest by a party-is unlikely to come into being. This unspoken "evidence" will therefore serve no greater truth-seeking function than if it had been spoken and privileged.

*Id.* at 11-12, 116 S.Ct. 1923.[3]

8.    In this case, Mr. Brookshire has signed no waiver consenting to the release of these medical and psychiatric records.

9.    Furthermore, no Qualified Protective Order under HIPAA has been entered in this matter and Plaintiff counsel's reliance on the Protective Order entered by this Court on August 23, 2007 (Court Doc. No. 27) is misplaced.[4]

10.    Accordingly, this subpoena is due to be quashed pursuant to FRCP 45 (c)(3)(A)(iii).

**C.    The Subpoenas Should Be Quashed Because They Seek Irrelevant Information.**

11.    Mr. Brookshire's medical and psychiatric records are completely irrelevant with respect to Plaintiff's USERRA, conversion and outrage claims.

12.    Presumably, Plaintiff is attempting to show an alleged medical and/or psychiatric condition affected Mr. Brookshire's ability to witness Plaintiff sleeping on the job. However, the proper inquiry is whether HMMA honestly believed Mr. Brookshire's account of the events. *See Jones v. Gerwins*, 874 F.2d 1534, 1540 (11th Cir. 1989) ("The law is clear that, even if a … claimant did not in fact commit the violation with which he is charged, an employer successfully rebuts any *prima facie* case of disparate treatment by showing that it honestly believed the employee committed the violation.")

---

[3] In *Jaffee*, the Court held the privilege was also extended "with equal force to treatment by a clinical social worker …" *Jaffee*, 518 U.S. at 15.
[4] Plaintiff's counsel references the Protective Order entered in this case in his cover letter to Alabama Psychiatric Services and Saeed A. Shah, M.D. stating that it will "ensure that all records produced will remain confidential and be used only for purposes of this litigation." *See* Ex. B. However, the Protective Order entered in this case covers records pertaining to the parties: Plaintiff, HMMA and HMA. Therefore, the Protective Order will not provide ***any*** protections to Mr. Brookshire, a non-party fact witness.

4

12.     Accordingly, these subpoenas are due to be quashed.

**D.     These Subpoenas Are Intended To Harass Mr. Brookshire and Defendants.**

13.     Plaintiff's counsel has subpoenaed these records in an effort to harass Mr. Brookshire and Defendants.  *See* Federal Rule of Civil Procedure 26 (c) ("Upon motion by a party or by the person from whom discovery is sought, ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (1) that the disclosure or discovery not be had ... (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.").

14.     Plaintiff's counsel has failed to comply with Rule 45(c)(1) of the Federal Rules of Civil Procedure by failing to take reasonable steps to avoid imposing undue burden or expense with respect to the issuance of these subpoenas.

15.     Accordingly, these subpoenas are due to be quashed pursuant to Rule 45(c)(3)(A)(iv) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendants request this Honorable Court to order the Clerk of Court to deny issuance of the Plaintiff's proposed subpoena directed to the Custodian of Records of Alabama Psychiatric Services and Saeed A. Shah, M.D.

Respectfully submitted this 4th day of December, 2007.

/s/  J. Trent Scofield

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North

5

Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of December, 2007, I electronically filed the foregoing *Defendants' Motion to Quash Non-Party Subpoena to Alabama Psychiatric Services and Saeed A. Shah, M.D.* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, T. Scott Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com

6

5366961.1

# KILBORN, ROEBUCK & McDONALD

## *FAX TRANSMISSION COVER SHEET*

*Date:*      December 3, 2007

*To:*         T. Scott Kelly, Esq.                                205-328-6000 (54)

                Matt Johnson, Esq.                              864-235-8806 (54)

*Message*   Dees vs. Hyundai

*Sender:*    Jeffrey R. Sport

*YOU SHOULD RECEIVE _____ PAGE(S), INCLUDING THIS COVER SHEET. IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL 251-479-9010.*

## CONFIDENTIAL

This facsimile is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. We will reimburse you for your postage. If there are any problems or pages missing when receiving this transmission, please call (251) 479-9010 immediately. Thank you.

# KILBORN
# ROEBUCK &
# MCDONALD

VINCENT F. KILBORN, III    M. LLOYD ROEBUCK    DAVID A. MCDONALD    W. PERRY HALL    JEFFREY R. SPORT

December 3, 2007

Dr. Saeed A. Shah, MD
c/o Medical Records Custodian
Alabama Psychiatric Services
5906 Carmichael Place
Montgomery, Alabama 36117

Re:   *Dees v. Hyundai Motor Manufacturing Alabama, LLC*
      *and Hyundai Motor America, Inc.*

Dear Sir or Madam:

Enclosed is a copy of a federal, non-party subpoena for records to **Dr. Saeed A. Shah**, individually, and **Alabama Psychiatric Services** requesting the medical records (more fully described in the enclosed subpoena) of James A. Brookshire. Also enclosed is a Certification of Medical Records which should be signed by you before a notary public.

As noted in the two non-party subpoenas, you may mail the requested records to Plaintiff's attorney **within 10 days** of the date of service at the address provided. If you require prepayment for the copies, please notify Vickie Lisenba of my office and she will mail a check to you promptly for the copying expenses.

Also enclosed for your information is the Protective Order entered in the case which ensures that all records produced will remain confidential and be used only for purposes of this litigation. The Certificate of Service attached also shows that the Defendants' counsel is aware that these subpoenas are being served.

If you have any questions, please do not hesitate to call.

Very truly yours,

JEFFREY R. SPORT
For the Firm

JRS/vsl (Enclosures)

POST OFFICE BOX 66710  ·  MOBILE ALABAMA 36660
1810 OLD GOVERNMENT STREET    MOBILE ALABAMA 36606
PHONE 251.479.9010    FAX 251.479.6747

OAO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

Middle District                    DISTRICT OF                    Alabama

Jerry Leon Dees, Jr.

V.

Hyundai Motor Manufacturing Alabama, LLC, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:07cv306-MHT

TO:  Alabama Psychiatric Services
     5906 Carmichael Place,
     Montgomery, Alabama (AL) 36117

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

***CERTIFIED*** copies of any and all records, notes, memoranda, correspondence, physician's notes, nurses notes, medical reports, written results of any laboratory tests, medical history records, records of prescriptions written, written results of diagnostic tests, hospital records, psychiatric records and reports, therapy records and reports, reports to attorneys, reports submitted to Hyundai Motor Manufacturing Alabama LLC, its medical clinic ("HMMA Medical Clinic") or Hyundai Motor America, Inc. (or any individual(s) representing or acting on behalf of those entities, including, but not limited to, Wendy Warner), reports to other physicians, photographs and bills for services rendered pertaining to the treatment of James Allen Brookshire, date of birth: ▮▮▮▮▮ SSN: ▮▮▮▮▮ address ▮▮▮▮▮, Prattville, AL, 36066 for the time period February 1, 2007 through the present. You may produce the documents requested by mailing or faxing (         ) copies to Plaintiff's attorney at the address below, enclosing your invoice for copying charges within 10 days of the date of service; or you may notify Plaintiff's attorney of a convenient date and time to review documents at your place of business by calling (251) 479-9010.

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| (ATTY FOR PLAINTIFF) | 12/3/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Vincent F. Kilborn, III, Esq., Jeffrey R. Sport, Esq., Kilborn, Roebuck & McDonald, P.O. Box 66710, Mobile, AL, 36660. 251-479-9010

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |

| | | |
|---|---|---|
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on December 3, 2007, the foregoing pleading on all counsel of record by facsimile and by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew Kinard Johnson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PO Box 2757
Greenville, SC 29602

                    Jeffrey R. Sport, Esquire (SPORJ5390)
                    Vincent F. Kilborn, III, Esquire (KILBV4484)
                    KILBORN, ROEBUCK & MCDONALD
                    1810 Old Government Street
                    Post Office Box 66710
                    Mobile, Alabama 36660
                    Telephone: (251) 479-9010
                    Fax: (251) 479-6747

OF COUNSEL
David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                       *

    Plaintiff,                              *

vs.                                          *        Case No. 2:07-cv-00306-MHT-CSC

HYUNDAI MOTOR MANUFACTURING                  *
ALABAMA, LLC and HYUNDAI MOTOR
AMERICA, INC.,                               *

    Defendants.                             *

## CERTIFICATION OF MEDICAL RECORDS

    I hereby certify and affirm in writing that I am the Custodian of the medical records in the offices of ALABAMA PSYCHIATRIC SERVICES, a medical facility organized and/or operated pursuant to or under the laws of the State of Alabama, located at 5906 Carmichael Place, Montgomery, Alabama, 36117, and that the attached records are an exact, full, true and correct copy of the records pertaining to JAMES A. BROOKSHIRE.

    I further certify that said records were made and kept in the usual and regular course of the business of said medical provider, and that it was in the regular course of business of said medical provider to make and keep the said records, and that the said records were made at the time such acts, transactions, occurrences or events therein referred to occurred, arose or were made, or within a reasonable time thereafter.

    All of which I certify and affirm on this the _____ day of _____, 2007.

BY: _____        Title: _____

SWORN TO AND SUBSCRIBED BEFORE ME THIS ____ DAY OF _____, 2007.

_____
NOTARY PUBLIC
My Commission Expires: _____

AO88 (Rev. 12/06) Subpoena in a Civil Case

### Issued by the

# UNITED STATES DISTRICT COURT

| Middle District | DISTRICT OF | Alabama |

Jerry Leon Dees, Jr.

V.

Hyundai Motor Manufacturing Alabama, LLC, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:07cv306-MHT

TO:   Dr. Saeed A. Shah, MD
      Alabama Psychiatric Services
      5906 Carmichael Place,
      Montgomery, Alabama (AL) 36117

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

***CERTIFIED*** copies of any and all records, notes, memoranda, correspondence, physician's notes, nurses notes, medical reports, written results of any laboratory tests, medical history records, records of prescriptions written, written results of diagnostic tests, hospital records, psychiatric records and reports, therapy records and reports, reports to attorneys, reports submitted to Hyundai Motor Manufacturing Alabama LLC, its medical clinic ("HMMA Medical Clinic") or Hyundai Motor America, Inc. (or any individual(s) representing or acting on behalf of those entities, including, but not limited to, Wendy Warner), reports to other physicians, photographs and bills for services rendered pertaining to the treatment of James Allen Brookshire, date of birth: ▓▓▓▓ SSN: ▓▓▓▓▓▓▓ address ▓▓▓▓▓, Prattville, AL, 36066 for the time period February 1, 2007 through the present. You may produce the documents requested by mailing or faxing (251-479-6747) copies to Plaintiff's attorney at the address below, enclosing your invoice for copying charges within 10 days of the date of service; or you may notify Plaintiff's attorney of a convenient date and time to review documents at your place of business by calling (251) 479-9010.

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *(ATTY FOR PLAINTIFF)* | DATE  12/3/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Vincent F. Kilborn, III, Esq., Jeffrey R. Sport, Esq., Kilborn, Roebuck & McDonald, P.O. Box 66710, Mobile, AL, 36660, 251-479-9010.

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88. (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on December 3, 2007, the foregoing pleading on all counsel of record by facsimile and by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew Kinard Johnson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PO Box 2757
Greenville, SC 29602

Jeffrey R. Sport, Esquire (SPORJ5390)
Vincent F. Kilborn, III, Esquire (KILBV4484)
KILBORN, ROEBUCK & MCDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL
David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                              *

    Plaintiff,                                 *

vs.                                               *     Case No.  2:07-cv-00306-MHT-CSC

HYUNDAI MOTOR MANUFACTURING          *
ALABAMA, LLC and HYUNDAI MOTOR
AMERICA, INC.,                                    *

    Defendants.                                *

## CERTIFICATION OF MEDICAL RECORDS

    I hereby certify and affirm in writing that I am the Custodian of the medical records in the offices of DR. SAEED A. SHAH, Alabama Psychiatric Services, a medical facility organized and/or operated pursuant to or under the laws of the State of Alabama, located at 5906 Carmichael Place, Montgomery, Alabama, 36117, and that the attached records are an exact, full, true and correct copy of the records pertaining to JAMES A. BROOKSHIRE.

    I further certify that said records were made and kept in the usual and regular course of the business of said medical provider, and that it was in the regular course of business of said medical provider to make and keep the said records, and that the said records were made at the time such acts, transactions, occurrences or events therein referred to occurred, arose or were made, or within a reasonable time thereafter.

    All of which I certify and affirm on this the _____ day of _____, 2007.

BY: _____     Title: _____

SWORN TO AND SUBSCRIBED BEFORE ME THIS _____ DAY OF _____, 2007.

_____
NOTARY PUBLIC
My Commission Expires: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                    )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )    CIVIL ACTION NO. 2:07cv306-MHT
                                         )
HYUNDAI MOTOR                            )
MANUFACTURING ALABAMA, LLC,             )
                                         )
        Defendants.                      )

## PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), for good cause shown and by agreement of all parties, it is hereby ORDERED as follows:

1.      The purpose of this Protective Order is to protect from general disclosure information which is ordinarily and customarily regarded as confidential and/or proprietary by defendants Hyundai Motor Manufacturing Alabama, Inc. ("HMMA") and Hyundai Motor America, Inc., ("HMA"). Control and distribution of all material covered by this Protective Order shall be the responsibility of the attorneys of record, and no copies of any protected information shall be made, furnished, or disclosed to any other person, firm, or corporation except as provided herein.

2.      The information and documents that are produced in this case by HMMA and HMA shall be utilized **in this case only** and said information or documents shall not be disclosed to anyone other than the following:

        (a)     counsel representing the parties in this litigation, including counsel or

any other legal staff personnel who are employed by a party and are participating in litigation on behalf of a party;

      (b)    direct employees of counsel representing the parties in litigation;

      (c)    any party or director, officer, employee, consultant, or representative of any party or attorney for a party who is either required by such party or requested by counsel to assist with this litigation;

      (d)    expert consultants and expert witnesses including without limitation accountants, analysts, consultants, or engineers and employees or assistants under the control of any of the foregoing, who are engaged by counsel for the purpose of this litigation;

      (e)    actual witnesses or deponents as provided in paragraphs 6 and 7;

      (f)    such other persons as may be specifically designated by the Court.

3.    Definition of Protected Documents.  "Protected documents" as used in this Stipulated Protective Order shall mean those documents obtained via requests for production or subpoena to a non-party which contain information of a sensitive, confidential or proprietary nature, such as personnel files, tax returns and other tax information, medical records, information protected from disclosure by statute, sensitive personal information, trade secrets as defined by the Alabama Trade Secrets Act, financial information, or commercial information from which HMMA or HMA derive a commercial or competitive advantage and that are not known or available to the public.

4.    Confidential records shall not be photocopied, scanned, taped or filmed by anyone other than the parties identified in paragraph 2 above and their respective legal staff

2

(and/or third party copy vendors who agree to abide by the terms of this Protective Order), and the records shall not be distributed outside the custody and control of the parties identified in paragraph 2 above. Whenever confidential records have been disclosed to those parties identified in paragraph 2 above, counsel shall provide the recipient with a copy of this Protective Order and shall explain the contents thereof to sufficiently familiarize that person or persons of the confidential nature of the information and the scope of this Protective Order and shall secure that person's agreement to protect the confidentiality of the information and documents and to abide by the terms of this Protective Order.

5.      Confidential information and documents subject to this Protective Order should not be filed with the Clerk of the Court except when required in connection with motions under the Federal Rules of Civil Procedure or other matters pending before the Court. Any such protected documents filed with the Court shall be filed in sealed envelopes or other sealed containers that shall bear the caption of this action, an indication of the nature of the contents of such sealed envelope or container, the word "Confidential" and a statement substantially stating that the envelope or container is not to be opened, nor the contents thereof to be displayed or revealed, except by express order of the Court.

6.      Subject to the provisions of this Protective Order, a deponent during a deposition may be shown, and examined about, confidential records. To the extent necessary, confidential information within the deposition transcript may be designated as confidential and safe guarded by placing the protected testimony under seal and/or by undertaking other measures to protect the confidential information, any exhibits which

3

contain confidential information may remain under the care and custody of counsel.

7.    In the event counsel for any other party seeks to introduce confidential records during the trial of this case, counsel will inform the Court of this intent, and the Court will review the document's confidentiality and make arrangements for the document's confidentiality to be protected. Any such document utilized as exhibits at trial, whether admitted into evidence, will be impounded by order of this Court to be returned immediately following final judgment as provided herein.

8.    Upon the conclusion of this litigation by an Order which has become final due to the expiration of time for appeal or rehearing or due to the denial of rehearing, or in the event that the parties settle their dispute, all confidential and protected documents covered by the protective order, including all copies of such documents, summaries of such documents, documents containing extracts from such documents, or documents taking information for such protective documents shall be within thirty (30) days after the conclusion of this action either (1) destroyed by counsel and or their legal staff with written verification being provided to HMMA's and HMA's counsel as to the destruction of said records or (2) returned to HMMA's and HMA's counsel.

9.    Counsel for the Plaintiff may within fifteen (15) days of receipt of any protected information or document apply by motion to the Court for a ruling that such document (or category of documents) is not entitled to such status and protection. HMMA and HMA shall be given notice of the application and an opportunity to respond.

10.    HMMA and HMA shall have the right to disclose protected information or documents designated pursuant to paragraph one (1) of this Protective Order as it deems appropriate.

It is hereby further ORDERED that this Court shall retain jurisdiction to enforce the provisions of this Order and to make such amendments, modifications, and additions to this Order as the Court may deem appropriate upon notice to the parties and good cause shown.

Done this 23rd day of August, 2007.


                    /s/Charles S. Coody
              CHARLES S. COODY
              CHIEF UNITED STATES MAGISTRATE JUDGE

5

```
                    ********************
                    ***   RX REPORT   ***
                    ********************


     RECEPTION OK


     TX/RX NO                  7305
     RECIPIENT ADDRESS         12514796747
     DESTINATION ID
     ST. TIME                  12/03 16:57
     TIME USE                  02'05
     PGS.                         15
     RESULT                    OK
```