**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JERRY LEON DEES, JR.,**         ) | |
|         ) | |
|     **Plaintiff,**         ) | |
|         ) | **CIVIL ACTION NO.:** |
| v.         ) | **2:07-cv-00306-MHT-CSC** |
|         ) | |
| **HYUNDAI MOTOR MANUFACTURING**         ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR**         ) | |
| **AMERICA, INC.,**         ) | |
|         ) | |
|     **Defendants.**         ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), and Hyundai Motor America, Inc. ("HMA") (collectively referred to as "Defendants"), and respectfully move this Honorable Court pursuant to Rule 56 of the Federal Rules of Civil Procedure, for entry of an order granting judgment as a matter of law, on all claims alleged against it by Plaintiff, Jerry Leon Dees ("Dees"). Defendants seek this relief based upon the following separate, severable, and alternative grounds:

1.  Dees asserts claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301, *et seq.* ("USERRA"), alleging he was harassed and ultimately terminated due to his uniformed service as well as state law claims of outrage and conversion against HMMA and HMA. Judgment as a matter of law is appropriate as to all claims.

2.  HMMA employed Dees and, for purposes of this motion, Defendants admit that Dees performed service in the uniformed services as defined by 38 U.S.C. § 4303(16) while employed by HMMA.

3.  However, Dees was not and has not ever been an employee of HMA. Therefore, HMA was not Dees' "employer" pursuant to USERRA. *See* 38 U.S.C. § 4303. Dees' claims against HMA fail because HMA did not have an employment relationship with Dees. *Id*.

4.  Dees' USERRA harassment allegations fail as a matter of law on both procedural and substantive grounds. Procedurally, Dees cannot recover under USERRA for a hostile work environment claim. The Eleventh Circuit and its district courts have never recognized a harassment claim under USERRA and the statute itself does not provide for such protection. *See* 38 U.S.C. §§ 4303(2) and 4311(a).

5.  Assuming *arguendo* that this Court finds USERRA provides Dees with protection from harassment, his harassment allegations do not rise to the requisite level to establish the "severe and pervasive" standard as articulated by the Eleventh Circuit for a hostile work environment claim. As such, Dees' harassment claim fails as a matter of law on substantive grounds.

6.  Dees' USERRA termination claim also fails as a matter of law. A member of HMMA management, who incidentally did not supervise Dees' or participate in the decision regarding his employment status, observed Dees intentionally sleeping during work hours. The member of management reported Dees' misconduct to HMMA's Team Relations department. Team Relations investigated the report and provided information to HMMA's termination committee. The termination committee did not discuss Dees' military service during the meeting. Taking the evidence in the light most favorable to Dees, he cannot provide any evidence that his uniformed service was a motivating factor is HMMA's decision to terminate his employment.

7.      Even if Dees successfully ties his uniformed service to the termination decision, HMMA is entitled the affirmative defense set forth in 38 U.S.C. § 4311 (c)(1) because it demonstrates that the termination decision was consistent with HMMA's practice of firing other Team Members that have been caught sleeping on the job.  Therefore, HMMA proves it would have terminated Dees regardless of his uniformed service.

8.      Dees' state law claim of outrage fails as a matter of law because he cannot meet the high standard necessary to prove an outrage claim.  The alleged conduct in question, while arguably boorish or undesirable, was not extreme and outrageous and certainly resulted in no severe emotional distress.  There simply is not sufficient evidence to support Dees' claim as a matter of law.

9.      Finally, there is no credible evidence to support Dees' state law claim of conversion.

10.     Because there are no genuine issues of material fact, Defendants are entitled to judgment as a matter of law with respect to all claims set forth in Dees' Complaint.

11.     In support of their Motion for Summary Judgment, Defendants will rely upon the pleadings that have been filed, the discovery that has been served and responded to, the depositions that have been taken, as well as their supporting brief and all evidentiary materials that have been filed contemporaneously herewith.

WHEREFORE, premises considered, Defendants respectfully request that this Court GRANT their Motion for Summary Judgment, and enter an order dismissing Plaintiff's claims with prejudice and award Defendants their costs incurred in defending this action, including reasonable attorneys' fees.

Respectfully submitted this 14th day of December, 2007.

/s/ J. Trent Scofield

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of December, 2007, I electronically filed the foregoing *Defendants' Motion for Summary Judgment* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, T. Scott Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com