IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., * | |
| * | |
| Plaintiff, * | |
| * | |
| Vs. * | CASE NO. |
| * | 2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING * | |
| ALABAMA, LLC, and HYUNDAI * | |
| MOTOR AMERICA, INC., * | |
| * | |
| Defendants. * | |

**RESPONSE IN OPPOSITION TO DR. SAEED A. SHAH'S MOTION TO QUASH SUBPOENA**

COMES NOW the Plaintiff, Jerry Leon Dees, Jr., ("Dees") and files this Response in Opposition to Dr. Saeed A. Shah's Motion to Quash Subpoena. In support thereof, Dees states as follows:

1. The subpoena to Dr. Shah should be upheld because the privilege has been waived.

**ARGUMENT**

**I. The Subpoenas Should Be Upheld Because the Privilege Has Been Waived**

Defendants are correct that the U.S. Supreme Court recognized a psychotherapist/patient privilege in *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923 (1996). In *Jaffee*, the survivors of a man fatally shot by a police officer sued the officer and the city, claiming violation of the decedant's constitutional rights by the use of excessive force. *Id.* Even though several eyewitnesses saw the shooting, plaintiff attempted to discover the contents of the officer's records of counseling undergone because of the incident. When the licensed clinical social

- 1 -

worker and the officer both refused to produce the records, the trial court allowed a jury charge whereby the jury could "presume that the contents of the [un-produced records] would have been unfavorable to [the officer]." *Id.* at 4-5, 116 S.Ct. at 1925-26. After a verdict for Plaintiff, the Court of Appeals for the Seventh Circuit reversed and remanded. The U.S. Supreme Court affirmed, noting the "reason and experience" of the consensus of all fifty states in recognizing a psychotherapist privilege. *Id.* at 13, 116 S.Ct. at 1930. The Court further pointed out that the privilege "serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of a mental or emotional problem." *Id.* at 11, 116 S.Ct. at 1929. The Supreme Court also recognized that the psychotherapist privilege and the attorney-client privilege are both "rooted in the imperative need for confidence and trust." *Id.* at 10, 116 S.Ct. at 1928 (citations omitted).

The Court further noted that "the policy decisions of the States bear on the question whether federal courts should recognize a new privilege or amend the coverage of an existing one." *Id.* at 12-13, 116 S.Ct. 1929-30, citing *Trammel v. United States*, 445 U.S. 40, 48-50, 100 S.Ct. 906, 911-912 (1980); *United States v. Gillock*, 445 U.S. 360, 368, n. 8, 100 S.Ct. 1185, 1191, n. 8 (1980).

The Supreme Court, however, did not define the limits of or exceptions to the psychotherapist privilege, noting that "(b)ecause this is the first case in which we have recognized a psychotherapist privilege, it is neither necessary or feasible to delineate its full contuours in a way that would govern all conceivable future questions in this area." *Id.* at 18, 116 S.Ct. at 1932. The Court further observed that "(a)lthough it would be premature to speculate about most future developments in the federal psychotherapist privilege, we do not doubt that there are situations in which the privilege must give way…" *Id.*, n. 19, 116 S.Ct. at 1932, n. 19.

The courts since *Jaffee* have carved out various exceptions to the psychotherapist privilege. The privilege is waived if a party discloses privileged material himself. *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 228 (D. Mass. 1997). The privilege is waived if protected materials are intentionally disclosed to third parties. *Doe v. Ensey*, 220 F.R.D. 422, 426 (M.D. Pa. 2004). The privilege is also waived if a party makes his mental state an issue. *Kelly v. Owens*, 2007 WL 258042 (M.D. Ala.).

Here, any privilege relating to the records of the diagnosis and treatment of Mr. Brookshire with respect to his HMMA-mandated substance abuse treatment has been waived. First, records and or reports of Mr. Brookshire's diagnosis and treatment have been disclosed to the HMMA medical clinic. As indicated in Mr. Brookshire's Conditional Letter of Employment, attached hereto as Exhibit A, Mr. Brookshire agreed to the release of his treatment records to the HMMA medical clinic so that it could monitor his progress and communicate with his treatment providers. (Ex. A, numbered ¶ 3.) This monitoring and release of treatment records was confirmed by Mr. Brookshire and his counsel during his deposition. See excerpts of Mr. Brookshire's deposition at Exhibit B hereto, pp. 84-85, 96-97. Since any records that might have been protected by the privilege have been voluntarily released to the HMMA medical clinic, a third party to the psychotherapist/patient relationship, the privilege has been waived.

Second, Mr. Brookshire waived any privilege relating to his diagnosis and treatment by voluntarily disclosing the details of same during his deposition. Mr. Brookshire was represented by two attorneys at the deposition (Ex. B, pp. 8-10), and his attorneys instructed him not to answer certain questions to protect his right against self-incrimination (Ex. B, pp. 69-71). When asked detailed questions about his diagnosis and treatment in the program HMMA mandated Mr. Brookshire attend, however, Mr. Brookshire testified in detail. See Ex. B, pp. 79-83. As made

clear in *Vanderbilt*, supra, if a party discloses privileged material himself, privilege is waived. Therefore, Mr. Brookshire waived any privilege regarding his diagnosis and treatment at APS.

WHEREFORE, the PREMISES CONSIDERED, Defendants' Motion to Quash Non-Party Subpoena to Alabama Psychiatric Services and Saeed A. Shah, M.D. should be denied.

s/ Vincent F. Kilborn, III
Vincent F. Kilborn, III (KILBV4484)

s/ David A. McDonald
David A. McDonald (MCDOD5329)

s/ W. Perry Hall
W. Perry Hall (HALLW9043)

s/ Jeffrey R. Sport
Jeffrey R. Sport (SPORJ5390)

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
E-mail: vfk@krmlaw.us
E-mail: dam@krmlaw.us
E-mail: wph@krmlaw.us
E-mail: jeff.sport@sportlaw.us

**Attorneys for Plaintiff**

- 5 -

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on the 20th day of December, 2007, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
Post Office Box 2757
Greenville, SC  29602

                                                s/ Jeffrey R. Sport_____
                                                COUNSEL