IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JERRY LEON DEES, JR., <br><br> Plaintiff, <br><br> Vs. <br><br> HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC., <br><br> Defendants. | * <br> * <br> * <br> * <br> *     **CASE NO.** <br> *     **2:07-cv-00306-MHT-CSC** <br> * <br> * <br> * <br> * <br> * |

**MOTION FOR CONTINUANCE OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(f)**

Comes now the Plaintiff, JERRY LEON DEES, JR. ("Dees"), by and through his counsel and, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, respectfully moves the Court allow Dees additional time to respond to Defendants' motions for summary judgment. As grounds for this motion, Dees submits the following:

1. On December 14, 2007, Defendants filed their motion for summary judgment on Dees' claims (Doc.'s 67-69). Defendants' motion requests that summary judgment be granted on all of Dees' claims, including the issue of whether HMA is a proper party in Dees' action.

2. On December 17, 2007, the Court set the date for Plaintiff's response to Defendants' motion for summary judgment as January 4, 2008 (Doc. 72).

3. Through no fault of Plaintiff, Dees has been unable to complete discovery. Additional depositions are scheduled for January 8, 2008, including the deposition of Mr. Gwang Mun, a Korean expatriate employed by Hyundai Motor Company at the Hyundai Motor Manufacturing Alabama, LLC ("HMMA") facility in Montgomery, Alabama. Plaintiff had

- 1 -

noticed Mr. Mun's deposition for December 20, 2007, but, according to Defendants, Mr. Mun was scheduled to be in Korea until after the end of the year. Plaintiff was subsequently able to notice Mr. Mun's deposition for January 8, 2008.

4. As set out in the accompanying Affidavit, Mr. Mun's testimony is expected to be a significant piece of evidence bolstering Plaintiff's proof showing that Defendants' reasons for firing Dees were pretextual. See Exhibit A hereto.

5. Additionally, although Plaintiff has gathered some evidence supporting its integrated enterprise/alter ego theory for asserting liability against Hyundai Motor America, Inc. ("HMA"), Plaintiff has not been able to take any depositions of HMA or HMMA corporate representatives or other specific witnesses because Plaintiff has been unable to reach an agreement with Defendants regarding the scope of the depositions. This issue has previously been briefed and argued before the court (Doc.'s 46, 48, 54, and 63).

6. The Court, in its order dated May 8, 2007 (Doc. 11), stated that "(t)he court believes the matter raised by the motion should be resolved either on summary judgment or a trial." Accordingly, Plaintiff is entitled to discovery regarding the relationship between HMA and HMMA, but Plaintiff has been denied any meaningful discovery by Defendants.

7. Also as more particularly set out in the accompanying Affidavit, Plaintiff believes that this discovery will show that HMMA and HMA are operated as one integrated enterprise and, therefore, Dees is entitled to assert his claims against HMA as well as HMMA.

8. Once the Court rules on the outstanding motions regarding the scope of the 30(b)(6) depositions, Plaintiff believes that the depositions and subsequent response to Defendants' motion regarding HMA as a proper party to this action can be accomplished in a timely fashion.

- 3 -

9. Plaintiff sought Defendants' agreement as to this motion for additional time. However, Defendants' counsel was unable to respond due to the Holidays. See Exhibit B hereto.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully moves the Court to continue the time allowed for Dees to respond to Defendants' motion for summary judgment until January 14, 2007, regarding HMMA's summary judgment arguments. Plaintiff further moves the court to allow sufficient time to allow Plaintiff to respond to HMA's summary judgment argument. Plaintiff respectfully suggests seven days after the depositions of HMMA and HMA personnel concerning the relationship between HMA and HMMA.

        Respectfully submitted,

        s/ Jeffrey R. Sport
        Jeffrey R. Sport (SPORJ5390)

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
E-mail: jeff.sport@sportlaw.us

        **Attorney for Plaintiff**

- 4 -

**CERTIFICATE OF SERVICE**

     I do hereby certify that I have on the 31st day of December, 2007, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

                                              s/ Jeffrey R. Sport_____
                                              COUNSEL

*DEES v. HYUNDAI MOTOR MANUFACTURING, LLC, et al.*
*Case No. 2:07-cv-00306-MHT-CSC*

## MOTION FOR CONTINUANCE OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(f)

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| Vs. | * | **CASE NO.** |
| | * | **2:07-cv-00306-MHT-CSC** |
| HYUNDAI MOTOR MANUFACTURING | * | |
| ALABAMA, LLC, and HYUNDAI | * | |
| MOTOR AMERICA, INC., | * | |
| | * | |
| Defendants. | * | |

### AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION SEEKING ADDITIONAL TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(f)

STATE OF ALABAMA     )

COUNTY OF MOBILE    )

Jeffrey R. Sport, being duly sworn, deposes and states:

1.  My name is Jeffrey R. Sport and this Affidavit is made to support Plaintiff's motion seeking additional time to respond to Defendants' motion for summary judgment and in accordance with Rule 56(f) of the Federal Rules of Civil Procedure.

2.  I am over the age of 18 years and an attorney licensed to practice law in the State of Alabama and an a member of the Bar of this Court.

3.  I am fully competent to make this Affidavit and have personal knowledge of the facts contained in this Affidavit. To my knowledge, all of the facts stated in this Affidavit are true and correct.

4.  Plaintiff seeks additional time to respond to Defendants' motion for summary judgment because: (1) Important deposition testimony of Mr. Mun, which will bolster Plaintiff's

proof that Defendants' reason for firing Plaintiff was pretextual has not yet been obtained; and (2) Plaintiff has not yet been able to discover facts surrounding the relationship between the Defendants in support of Plaintiff's contention that Hyundai Motor America, Inc. ("HMA") is a proper party defendant to this action, as previously ruled upon by this Court (Doc. 11).

5.  Plaintiff has not been able to take the deposition of Mr. Gwang Mun, a Korean expatriate employed by Hyundai Motor Company at the Hyundai Motor Manufacturing Alabama, LLC ("HMMA") facility in Montgomery, Alabama. Mr. Mun is believed to have evidence that Defendants' alleged reason for firing Dees is pretextual.

6.  Plaintiff had noticed Mr. Mun's deposition for December 20, 2007, but, according to Defendants, Mr. Mun was departing for Korea on or about December 15, 2007, and not scheduled to return until after the end of the year. Plaintiff was subsequently able to notice Mr. Mun's deposition for January 8, 2008.

7.  Additionally, although Plaintiff has gathered some evidence supporting its integrated enterprise/alter ego theory for asserting liability against Hyundai Motor America, Inc. ("HMA"), Plaintiff has not been able to take any depositions of HMA or HMMA corporate representatives or other specific witnesses on the integrated enterprise issue because Plaintiff has been unable to reach an agreement with Defendants regarding the scope of the depositions. This issue has previously been briefed and argued before the court (Doc.'s 46, 48, 54, and 63).

8.  The Court, in its order dated May 8, 2007 (Doc. 11), stated that "(t)he court believes the matter raised by the motion should be resolved either on summary judgment or a trial." Accordingly, Plaintiff is entitled to discovery regarding the relationship between HMA and HMMA, but Plaintiff has been denied any meaningful discovery by Defendants.

9.   Plaintiff believes that this discovery will show that HMMA and HMA are operated as one integrated enterprise and, therefore, Dees is entitled to assert his claims against HMA as well as HMMA.

10.   Once Mr. Mun's deposition is taken on January 8, 2008, Plaintiff should be able to respond fully to Defendants' motion for summary judgment on all issues except for the integrated enterprise issue by January 14, 2008.

11.   Once Plaintiff is allowed to take the necessary discovery regarding the relationship between HMA and HMMA, Plaintiff should be able to fully respond to Defendants' motion for summary judgment on this issue within 7 calendar days.

I sign this Affidavit on December 31, 2007.

JEFFREY R. SPORT

STATE OF ALABAMA

COUNTY OF MOBILE

Before me, the undersigned Notary Public in and for the State of Alabama, personally appeared **JEFFREY R. SPORT**, whose name is signed to the foregoing affidavit, and who is known to me, being sworn, acknowledged that he, having been informed of the contents thereof, voluntarily executed and delivered the same on this date.

Given under my hand and official seal this the 31st day of December, 2007.

Brenda M. Crenshaw
NOTARY PUBLIC

My Commission Expires:   NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: July 17, 2010
BONDED THRU NOTARY PUBLIC UNDERWRITERS

- 3 -

*DEES v. HYUNDAI MOTOR MANUFACTURING, LLC, et al.*
Case No. 2:07-cv-00306-MHT-CSC

**MOTION FOR CONTINUANCE OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(f)**

# EXHIBIT B

# Jeffrey Sport

| | |
|---|---|
| **From:** | "Scofield, J. Trent" <Trent.Scofield@ogletreedeakins.com> |
| **To:** | <jeff.sport@sportlaw.us>; "Johnson, Matthew K." <Matthew.Johnson@ogletreedeakins.com> |
| **Cc:** | <wph@krmlaw.us>; <dam@krmlaw.us>; <ChopperChief@aol.com> |
| **Sent:** | Friday, December 28, 2007 3:19 PM |
| **Subject:** | Re: Dees - Motion for additional time |

Jeff: I am out of the office until Jan 2, and HMMA is shut down until that date as well. As such, I do not have authority to consent to the motion you propose. I am available by cell if you wish to further discuss. However, I cannot consent to any motion without discussing it with my client. Thanks, Trent.

Trent Scofield
Ogletree Deakins

-----Original Message-----
From: Jeffrey Sport <jeff.sport@sportlaw.us>
To: Scofield, J. Trent; Johnson, Matthew K.
CC: Perry Hall <wph@krmlaw.us>; David A McDonald <dam@krmlaw.us>; Vince Kilborn <ChopperChief@aol.com>
Sent: Fri Dec 28 15:22:27 2007
Subject: Dees - Motion for additional time

Gentlemen:

Calls your offices yielded voice mails, so I am sending this e-mail. I would like your agreement to not oppose our motion for some additional time to respond to your summary judgment motion because there are still fact witness depo's to be taken, and we have had no discovery on the HMA issue.

If I don't hear from you by the close of business today, I will have to file the motion without your agreement.

Thanks, and I hope you have a good holiday.

--Jeff Sport