IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  2:07-CV-306-MHT |
| | ) | (WO) |
| HYUNDAI MOTOR MANUFACTURING | ) | |
| ALABAMA, LLC, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

The plaintiff has issued subpoenas to the custodian of records of Alabama

Psychiatric Services, Saeed A Shah, M.D. and Industrial Care Management seeking the

medical and psychiatric records of James Allen Brookshire.  Brookshire is the Hyundai

employee who allegedly discovered Dees sleeping during work at the Hyundai plant.  The

plaintiff wants to use the medical and psychiatric information for impeachment purposes.

The corporate defendants and Dr. Shah have filed motions to quash the subpoenas. (doc. #

# 61, 66 and 76).  For the reasons which follow, the motions to quash are due to be granted.

The information sought by the plaintiff is privileged and not subject to disclosure.

FED. R. EVID. 501; *Jaffee v. Redmond*, 518 U.S. 1 (1996).  Recognizing that, the plaintiff

mounts several arguments, none of which are persuasive.

**The Standing Issue.**  First, the plaintiff contends that the corporate defendants lack

standing to contest the subpoenas.  It is unnecessary for the court to reach this issue

because even if the corporate defendants lack standing, Dr. Shah has standing to raise the

privilege issue on behalf of his patient.

**The Waiver Issue.**  Dees contends that Brookshire has waived any privilege he has regarding his medical and psychiatric records.  First, Dees argues that in response to questioning during his deposition Brookshire testified in detail about his diagnosis and treatment.  The deposition page references Dees provided to the court are pages 79-83 of Brookshire's deposition.  Brookshire testified that he attended a three-week substance abuse program, that he was randomly drug tested during that time, that it was a 12 step program, that he also attended AA meetings, and that he saw a psychiatrist and a licenced therapist.  He explained what he had to do during AA meetings.  In response to a question about whether he had to admit in the drug abuse program that he was addicted to drugs, he said, "That wasn't the clinical analysis that was done by the doctor or therapist."  Finally, in response to a question about how he ended up in AA, Brookshire stated the following:

> Because the position that was given by my therapist and psychiatric doctors that were there, they had clinically diagnosed it wasn't a substance abuse problem that I have.  They had seen with the disposition of my family in the past with my mother being an alcoholic and my grandfather being an alcoholic and – and I admitted to them that I would drink on weekends but I did not drink during the week while I was working.  But I admitted it to them.  And they had ran me through, like I said, with a psychiatrist and a therapist that's what they deemed the most important thing was for me to attend AA meetings.

Brookshire Dep. at 81.

Brookshire's testimony hardly qualifies as detailed testimony about his diagnosis and treatment.  At best, Brookshire's statements are lay versions of diagnostic conclusions by mental health personnel about the proper approach to treatment for him.  In *Jaffee*, the Supreme Court rejected a test under which a court would recognize the privilege only if the

"evidentiary need" outweighed a patient's privacy interest. *Jaffee*, 518 U.S. at 7. "Making

the promise of confidentiality contingent upon a trial judge's later evaluation of the relative

importance of the patient's interest in privacy and the evidentiary need for disclosure would

eviscerate the effectiveness of the privilege." *Id.* at 17. In the same vein, treating any

benign comment about what diagnostic conclusion was reached by a therapist as a waiver

eviscerates the privilege. Brookshire did not testify about communications between

himself and his psychiatrist or therapist. What he spoke about was in the context of

explaining why he attended the drug abuse program and AA meetings and was not

disclosure of his confidential exchanges with his psychiatrist or therapist. The privilege

was not waived by Brookshire's deposition testimony.

**The Remaining Issues.** The motions to quash also contend that the information

sought is not relevant and is not subject to a prior protective order entered by the court.

Unsurprisingly, Dees disagrees. Given the court's conclusion about the existence of the

privilege and waiver, it is unnecessary for the court to resolve these issues. Accordingly, it

is

ORDERED that the motions to quash (doc. # # 61, 66 and 76) be and are hereby

GRANTED.

Done this 4TH day of January, 2008.


        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE

3