IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:07-CV-306-MHT |
| | ) | (WO) |
| HYUNDAI MOTOR MANUFACTURING | ) | |
| ALABAMA, LLC, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

The plaintiff, a member of the Alabama Army National Guard, has served two tours of duty in Iraq. When he was called to serve he was an employee of at least one of the defendant corporations building Hyundai automobiles at a plant in Alabama. The federal aspect of this case arises under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §§ 4301 *et seq*.[1] The plaintiff alleges generally that he was harassed, retaliated against and ultimately terminated because of his military duties.[2] The present controversy is about the scope of depositions which the plaintiff wants to take. In paragraph 4 of the plaintiff's complaint he alleges as follows:

Defendant, HYUNDAI MOTOR AMERICA, INC., is the alter ego of

---

[1] The plaintiff also has two state law claims: outrage and conversion. The conversion claim is based on his contention that when he was fired he was not permitted to collect his personal items from his locker at the Hyundai plant.

[2] The defendants contend he was fired for sleeping on the job. Of course, at this juncture the court takes no position about which version of the facts is right.

defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC. Further, defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC is a mere instrumentality of defendant, HYUNDAI MOTOR AMERICA, INC. These two defendants are hereinafter collectively referred to a "Hyundai."

USERRA provides that a member of the uniformed services "shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation" by an employer. 38 U.S.C. § 4311(a). USERRA defines the term "employer" as "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities." 38 U.S.C. § 4304(4)(A).

The plaintiff contends that he should be able to plumb the relationship between the two corporate defendants to show the verity of what he alleges in paragraph 4 of the complaint. In their answers both corporate defendants have denied the allegations about their relationship. The corporate defendants want the court to issue a protective order to limit the scope of the depositions and prohibit the plaintiff from making this factual inquiry.[3]

> Plaintiff's Rule 30(b)(6)designations are not relevant to the legitimate claim or defense of any party because the relationship between HMMA and HMA for purposes of piercing the corporate veil on an alter ego or mere instrumentality theory is not limited to whether HMA is an "employer", i.e. whether HMA "pa[id] salary or wages for work performed or [had] control

---

[3] The motion for protective order also sought relief about the location of the depositions. The court has already resolved that issue.

>over employment opportunities…." 38 U.S.C. §4303(4)(a). Plaintiff's alter ego or mere instrumentality theory is not supported by or necessary under the USERRA statute, and is not a basis of liability in the case law. Because liability under USERRA is limited to discrimination by an "employer," Plaintiff's purported inquiry beyond this issue is irrelevant and not discoverable.

Defs.' Mot. For Protective Order at 8 (doc. # 46).

Interestingly, the court has found no case in which the so-called "alter ego theory" or instrumentality theory was pursued unless relief could not be granted by the immediate employer.  For example, in Title VII cases no protection is afforded an employee unless the employer employs 15 or more people.  42 U.S.C. § 2000e(b).[4]  However, to fulfill the promise of Title VII courts often employ one of several tests to determine who is the real employer.  *See generally Morrison v. Magic Carpet Aviation*, 383 F.3d 1253, 1254-55 (11th Cir.2004) (discussing integrated enterprise, joint employer and agency tests).  In the instant case, there is no contention that Hyundai Motor Manufacturing Alabama, LLC is impoverished or unable to afford complete relief to the plaintiff if he is entitled to relief.

But ability to provide complete relief is not the test for what discovery is permissible.  Venerable FED.R.CIV.P. 26(b)(1) controls the decision here.  That rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . "  While it may be that Hyundai Motor Manufacturing Alabama, LLC is the only entity that paid wages to the plaintiff, it is not at

---

[4]Actually what the statute says is that Title VII applies if the employer "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  But that is not important here.

3

all yet determined that Hyundai Motor America, Inc. did not in some way control the plaintiff's employment opportunities. If it did, then Hyundai Motor America, Inc. might well come within the ambit of USERRA's definition of "employer." Discovery of the facts about the relationship between the two corporations, therefore, should be permitted.[5]

The corporate defendants also complain about the broad scope of the FED.R.CIV.P. 30(b)(6) deposition notices because the plaintiff wants information about non-production days in 2007, a period after the plaintiff left Hyundai's employment. The defendants further argue that the broad scope of the 30(b)(6) notices seek discovery about confidential and sensitive information. In response, the plaintiff argues that the non-production days information is relevant to his damages, and he is right. If he was wrongfully terminated, his damage calculation must necessarily take into account those days when he would not have worked in any event. The plaintiff is also entitled to know if Hyundai Motor America, Inc. controlled the decision about non-production days because, as he argues, that information is relevant to his alter-ego theory.

The corporate defendants finally argue that much of the information sought by the plaintiff is sensitive and confidential.[6] About that the court has no doubt; however, that

---

[5]Unfortunately for the defendants, the relevant facts are pretty broad. Regardless of the test employed, the factual inquiry is necessarily broad because corporate relationships take many forms. Consequently, the scope of any permissible enquiry is necessarily broad.

[6]For example, the defendants argue that the reasons for non-production days are not relevant to the plaintiff's claims and involve sensitive business decisions. That contention ultimately proves too much. It may be that the reasons are not relevant within the meaning of FED. R. EVID. 401. However, FED.R.CIV.P. 26(b)(1) permits discovery of inadmissible relevant information if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Those reasons may well

(continued...)

alone is not sufficient to prohibit discovery. Rather, the court will restrain the use of that information.

As a practical matter the court is skeptical about the efficacy of the plaintiff spending time, effort and money to pursue a theory that ultimately will profit him little or nothing. Even if he is successful on his claims, the plaintiff's recovery will not be changed by showing that Hyundai Motor America, Inc. had anything to do with his treatment.[7] Indeed, the court has been tempted to employ the general provisions of FED.R.CIV.P. 1 to restrict the scope of the depositions "to secure the just, speedy and inexpensive determination of" this action. But in the end, the plaintiff knows his case the best, and where as here the discovery is consistent with the rules, the court should not interfere simply because the court thinks the tactics are fruitless and wasteful. Accordingly, it is

ORDERED as follows:

1. That the defendants' motion for protective order (doc. # 46) be and is hereby DENIED.

2. That with respect to the depositions of representatives of the corporate defendants and any documents produced by the corporate defendants in connection with the FED.R.CIV.P. 30(b)(6) depositions which are the subject of the motion for protective

---

(...continued)
bear on the resolution of any alter ego theory.

[7]And, of course, if he is not successful he only has substantially increased his cost of litigation.

order, the information and documents shall be used only for the conduct of this litigation and the information and documents shall not be disclosed to any person not necessary for the conduct of this litigation. Any documents produced shall be returned to the corporate defendants not later than 30 days after the conclusion of this litigation.

Done this 4th day of January, 2008.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE