IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JERRY LEON DEES, JR., | * |
| | * |
| Plaintiff, | * |
| | * |
| Vs. | *    CASE NO. |
| | *    2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING | * |
| ALABAMA, LLC, and HYUNDAI | * |
| MOTOR AMERICA, INC., | * |
| | * |
| Defendants. | * |

## MOTION TO COMPEL

Comes now the Plaintiff, JERRY LEON DEES, JR. ("Dees"), and, pursuant to Rules 26 and 37 of the Alabama Rules of Civil Procedure, respectfully moves the Court to enter an Order compelling Defendants to fully respond to certain Interrogatories and Requests for Production. As grounds for this motion, the Board submits the following:

1.      In his interrogatories and requests for production, Dees requested information regarding other incidents of HMMA employees being found sleeping on the job. Request for production number 7. requested "[a]ll documents relating to any incident within the last five years relating to any employee being found sleeping on the job, including documentation of all disciplinary actions relating to each incident."

2.      Defendant HMMA responded as follows:

"Defendant objects to this request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous ("for cause" is undefined and subject to multiple interpretations), and seeks the production of documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence. Further, to the extent that this request seeks '[a]ll documents relating to any incident within the last five years relating to any employee being found sleeping on the job" it seeks the production of documents that invade the privacy of those

not parties to this litigation. Subject to those objections, Defendant would show that the following documents pertaining to incidents within the last five years related to employees found sleeping on the job may be responsive to this request and will be produced upon the execution of a mutually agreeable protective order to ensure this Team Member's privacy rights:

    (a)    The Team Relations file of Ontario King; and

    (b)    The Team Relations file of Sharon Baker."

3. The parties subsequently agreed upon the terms of a protective order, which was entered by the court (Doc. 27), and HMMA produced the two team relations files noted above.

4. Plaintiff has attempted to confirm with counsel for HMMA that the above response is intended to convey that all documents responsive to any and all incidents of HMMA employees being found sleeping on the job within the last five years have been produced. Counsel for HMMA indicated that they would confirm this with HMMA personnel. Plaintiff, however, has not heard back from Defendant.

5. Plaintiff is entitled to all documents or other evidence regarding any HMMA employee that has been found sleeping on the job, particularly evidence of any disciplinary action taken against the employee. Whether or not all of those other employees who behaved as Plaintiff was accused of behaving were treated similarly to Plaintiff would certainly be relevant to Plaintiff's case.

6. To the extent any documents responsive to Plaintiff's request have not been produced because of Defendant's objections regarding relevance, "[i]t is not for a party to determine, by a unilateral review of documentation, whether information is relevant to the case." *Sanchez v. U.S. Airways, Inc.*, 202 F.R.D. 131, 135 (E.D. Pa., 2001).

7. Plaintiff certifies, in accordance with Rule 37(a)(2), that he has attempted to resolve this issue with Defendant, but has been unsuccessful. As indicated above, Plaintiff

- 3 -

attempted to confirm the meaning of HMMA's response with HMMA's counsel, but has not gotten a response.

    WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully moves the court to enter and order compelling HMMA to produce any and all documents that refer or relate to any incidences of HMMA employees being found sleeping on the job during the last five years, including documents relating to disciplinary action taken with respect thereto.

    s/ Jeffrey R. Sport
    Jeffrey R. Sport (SPORJ5390)

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
E-mail: jeff.sport@sportlaw.us

**Attorney for Plaintiff**

- 4 -

**CERTIFICATE OF SERVICE**

    I do hereby certify that I have on this 15th day of January, 2008, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602


                                                s/ Jeffrey R. Sport_____
                                                COUNSEL