IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR.,      * | |
|                                          * | |
|     Plaintiff,                     * | |
|                                          * | |
| Vs.                                    * | **CASE NO.** |
|                                          * | **2:07-cv-00306-MHT-CSC** |
| HYUNDAI MOTOR MANUFACTURING   * | |
| ALABAMA, LLC, and HYUNDAI             * | |
| MOTOR AMERICA, INC.,                    * | |
|                                          * | |
|     Defendants.                 * | |

## PLAINTIFF'S OBJECTIONS TO ORDER GRANTING DEFENDANTS' MOTION TO QUASH NON-PARTY SUBPOENA TO INDUSTRUAL CARE MANAGEMENT

The Plaintiff hereby files his objections to the portion of the Magistrate Judge's Order of January 4, 2008 (Doc. 86) granting Defendants' motion to quash Plaintiff's non-party subpoena to Industrial Care Management ("ICM") on the grounds that the Order is contrary to the law respecting the psychiatrist-patient privilege and whether it applies to ICM in this instance.

Plaintiff had issued non-party subpoenas to Alabama Psychiatric Services ("APS"), Dr. Saeed Shah, and ICM, seeking certain treatment records relating to the James Brookshire, the HMMA employee that allegedly found the Plaintiff sleeping at work, which led to Plaintiff's termination of employment. In its order dated January 4, 2008 (Doc. 86), the court granted the motions to quash filed by Defendants (Docs. 61 and 76) and Dr. Shah (Doc. 66). In so doing, the Magistrate Judge found that (1) it was unnecessary to determine whether, as Plaintiff argued, Defendants had standing to object to the issuance of the non-party subpoena because Dr. Shah could and did assert the privilege on behalf of his patient, Mr. Brookshire, and (2) that Plaintiff's

argument regarding wavier of the privilege by Mr. Brookshire was not persuasive because Mr. Brookshire's testimony did not rise to the level of waiving the privilege. (Doc. 86).

The court, however, also granted Defendants' motion to quash Plaintiff's non-party subpoena to ICM. As discussed in Plaintiff's response in opposition to Defendants' motion to quash (Doc. 80), ICM was not a provider of psychiatric diagnostic or treatment services, but was the third-party that runs the HMMA medical clinic and received various reports and other documents relating to Mr. Brookshire's treatment in order to monitor his compliance with his conditional employment (Doc. 80).

As previously argued, the privilege does not apply to ICM. "For the privilege to attach, the communication must be both confidential and made in the course of diagnosis or treatment." *Doe v. Ensey*, 20 F.R.D. 422, 425 (M.D. Pa. 2004). Further, "the privilege does not apply to records maintained by [a third party] in monitoring [a patient's] rehabilitation." *Ex parte Etherton*, 773 So.2d 431, 434 (Ala. 2000). In *Etherton*, a patient sued her dentist alleging various claims. The patient attempted to subpoena the custodians of records at facilities where Dr. Etherton had sought treatment for chemical dependency. Dr. Etherton moved to quash the subpoenas, alleging the psychotherapist/patient privilege. The Alabama Supreme Court, in addressing the trial court's denial of Dr. Etherton's motions to quash, found that Dr. Etherton had not waived his privilege regarding confidential communications between himself and his treating psychological professionals. *Id.* at 436. **The court further found, however, that the records in the possession of Dr. Guin, who did not treat Dr. Etherton but only monitored his rehabilitation, were not protected by the privilege.** *Id.* at 434.

Here, ICM, as the contractor running the HMMA medical clinic, received medical records and/or reports from the providers of Mr. Brookshire's chemical dependency treatment in

- 3 -

order to monitor Mr. Brookshire's rehabilitation. (Doc. 74-2, numbered ¶ 3.) As in *Doe* and *Etherton*, any records of Brookshire's treatment maintained by ICM are not protected by the psychotherapist privilege.

Based on the foregoing, the Plaintiff respectfully requests the Court to sustain his objections to the Order of January 4, 2008 and to allow the non-party subpoena to ICM to issue.

Dated: January 15, 2008.

                                            s/ Jeffrey R. Sport
                                            Jeffrey R. Sport (SPORJ5390)

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
E-mail: jeff.sport@sportlaw.us

                                **Attorney for Plaintiff**

- 4 -

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 15th day of January, 2008, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
Post Office Box 2757
Greenville, SC  29602

                                                        s/ Jeffrey R. Sport_____
                                                       COUNSEL