IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| Vs. | * | CASE NO. |
| | * | 2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING | * | |
| ALABAMA, LLC, and HYUNDAI | * | |
| MOTOR AMERICA, INC., | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S SECOND MOTION FOR CONTINUANCE OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(f)**

Comes now the Plaintiff, JERRY LEON DEES, JR. ("Dees"), by and through his counsel and, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, respectfully moves the Court allow Dees additional time to respond to Defendants' motions for summary judgment. As grounds for this motion, Dees submits the following:

1.  On December 14, 2007, Defendants filed their motion for summary judgment on Dees' claims (Doc.'s 67-69). Defendants' motion requests that summary judgment be granted on all of Dees' claims, including the issue of whether HMA is a proper party in Dees' action.

2.  On December 17, 2007, the Court set the date for Plaintiff's response to Defendants' motion for summary judgment as January 4, 2008 (Doc. 72).

3.  On January 2, 2008, the Court granted Plaintiff's first motion for additional time to respond to Defendants' motion for summary judgment, resetting the date for Plaintiff's opposing brief and evidentiary materials to January 25, 2008. (Doc. 85).

4. On January 4, 2008, the Court denied Defendants' Motion for Protective Order to Limit the Scope of 30(b)(6) depositions.

5. Plaintiff immediately re-noticed the depositions of Defendants' corporate representatives for Friday, January 18th (HMMA) and Monday, January 21st (HMA). Plaintiff requested that the documents in Plaintiff's 30(b)(5) document requests be produced as soon as possible before the depositions so that Plaintiff could have the opportunity to review the documents and formulate his questions to make his depositions thorough and efficient.

6. Plaintiff was notified by defense counsel late in the afternoon of Wednesday, January 16th, that no documents would be available until 3:00 p.m. on Thursday afternoon, January 17th. Despite Plaintiff having requested the documents two weeks prior to the deposition, and the 30(b)(5) document request being outstanding since May 2007, Plaintiff was unable to view the documents until approximately forty-five minutes before the deposition. Plaintiff was forced to proceed with the deposition of HMMA's corporate representatives without the benefit of analyzing the responsive documents.

7. Following the deposition of HMMA's corporate representatives, counsel for the parties held a discussion regarding the production of documents, with a resulting agreement that (1) HMMA documents selected by Plaintiff for copying would be copied by defense counsel and sent to Plaintiff as soon as possible, and (2) Plaintiff would not proceed with the expense of deposing the HMA corporate representatives until and unless Plaintiff received HMA's responsive documents ahead of time. Defense counsel has subsequently agreed to provide a disk with the responsive documents in electronic form as soon as possible.

8. Documents from HMMA were received on Tuesday, January 22nd. The disk containing the HMA documents has not yet been received.

9. Additionally, despite requesting that the deposition transcript of the HMMA corporate representatives be rushed, the transcript has not yet been received. Also, the deposition transcripts of Gwang Mun and Katherine Dees, whose depositions were taken on January 8, 2008, have just been received.

10. With Plaintiff's deadline to respond to Defendants' motion for summary judgment just two days away, Plaintiff has not yet received any documents from HMA, has just received documents from HMMA, has not yet received the deposition transcript of HMMA's corporate representatives, and has not deposed HMA's corporate representatives. Plaintiff anticipates being able to make a decision regarding the need to depose HMA's corporate representatives within 24 hours of receiving HMA's responsive documents. Also, due to copies of HMMA's responsive documents being received only yesterday, January 22nd, Plaintiff has not yet completed his analysis of those documents.

11. Due to the lateness of the hour which this motion is filed, Plaintiff was unable to seek Defendants' agreement as to this motion for additional time.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully moves the Court to continue the time allowed for Dees to respond to Defendants' motion for summary judgment until February 1, 2008, regarding HMMA's summary judgment arguments. Plaintiff further moves the court to allow sufficient time to allow Plaintiff to respond to HMA's summary judgment argument.

Respectfully submitted,

s/ Jeffrey R. Sport_____
Jeffrey R. Sport (SPORJ5390)

- 4 -

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
E-mail: jeff.sport@sportlaw.us

**Attorney for Plaintiff**

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on the 23rd day of January, 2008, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

                                                            s/ Jeffrey R. Sport
                                                            COUNSEL