IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| Vs. | * | CASE NO. |
| | * | 2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING | * | |
| ALABAMA, LLC, and HYUNDAI | * | |
| MOTOR AMERICA, INC., | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S AMENDED SECOND MOTION FOR CONTINUANCE OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(f)**

Comes now the Plaintiff, JERRY LEON DEES, JR. ("Dees"), by and through his counsel and, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, respectfully moves the Court allow Dees additional time to respond to Defendants' motions for summary judgment. As grounds for this motion, Dees submits the following:

1.　On December 14, 2007, Defendants filed their motion for summary judgment on Dees' claims (Doc.'s 67-69). Defendants' motion requests that summary judgment be granted on all of Dees' claims, including the issue of whether HMA is a proper party in Dees' action.

2.　On December 17, 2007, the Court set the date for Plaintiff's response to Defendants' motion for summary judgment as January 4, 2008 (Doc. 72).

3.　On January 2, 2008, the Court granted Plaintiff's first motion for additional time to respond to Defendants' motion for summary judgment, resetting the date for Plaintiff's opposing brief and evidentiary materials to January 25, 2008. (Doc. 85).

4.       On January 4, 2008, the Court denied Defendants' Motion for Protective Order to Limit the Scope of 30(b)(6) depositions.

5.       Plaintiff immediately re-noticed the depositions of Defendants' corporate representatives for Friday, January 18th (HMMA) and Monday, January 21st (HMA). Plaintiff requested that the documents in Plaintiff's 30(b)(5) document requests be produced as soon as possible before the depositions so that Plaintiff could have the opportunity to review the documents and formulate his questions to make his depositions thorough and efficient.

6.       Plaintiff was notified by defense counsel late in the afternoon of Wednesday, January 16th, that no documents would be available until 3:00 p.m. on Thursday afternoon, January 17th. Despite Plaintiff having requested the documents two weeks prior to the deposition, and the 30(b)(5) document request being outstanding since May 2007, Plaintiff was unable to view the documents until approximately forty-five minutes before the deposition. Plaintiff was forced to proceed with the deposition of HMMA's corporate representatives without the benefit of analyzing the responsive documents.

7.       Following the deposition of HMMA's corporate representatives, counsel for the parties held a discussion regarding the production of documents, with a resulting agreement that (1) HMMA documents selected by Plaintiff for copying would be copied by defense counsel and sent to Plaintiff as soon as possible, and (2) Plaintiff would not proceed with the expense of deposing the HMA corporate representatives until and unless Plaintiff received HMA's responsive documents ahead of time. Defense counsel has subsequently agreed to provide a disk with the responsive documents in electronic form as soon as possible.

8. Documents from HMMA were received on Tuesday, January 22nd. The documents responsive from HMA were received late in the afternoon on Wednesday, January 23rd.

9. Additionally, despite requesting that the deposition transcript of the HMMA corporate representatives be rushed, the transcript has not yet been received. Also, the deposition transcripts of Gwang Mun and Katherine Dees, whose depositions were taken on January 8, 2008, have just been received on Wednesday, January 23rd.

10. The documents and testimony of the Defedants' corporate representatives are expected to provide critical evidence in Plaintiff's response to Defendants' summary judgment arguments regarding Plaintiff's integrated enterprise claim. See Exhibit A attached hereto.

11. With Plaintiff's deadline to respond to Defendants' motion for summary judgment just two days away, Plaintiff has, has just received responsive documents from HMMA and HMA, has not yet received the deposition transcript of HMMA's corporate representatives, and has not deposed HMA's corporate representatives. Plaintiff anticipates being able to make a decision regarding the need to depose HMA's corporate representatives within 24 hours of receiving HMA's responsive documents. Also, due to copies of the Defendants' responsive documents just being received, Plaintiff has not yet completed his analysis of those documents.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully moves the Court to continue the time allowed for Dees to respond to Defendants' motion for summary judgment until February 1, 2008, regarding HMMA's summary judgment arguments. Plaintiff further moves the court to allow sufficient time to allow Plaintiff to respond to HMA's summary judgment argument.

Respectfully submitted,

s/ Jeffrey R. Sport_____  
Jeffrey R. Sport (SPORJ5390)

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD  
1810 Old Government Street  
Post Office Box 66710  
Mobile, Alabama 36660  
Telephone: (251) 479-9010  
Fax: (251) 479-6747  
E-mail: jeff.sport@sportlaw.us

**Attorney for Plaintiff**

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that I have on the 23rd day of January, 2008, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

J. Trent Scofield, Esq.  
T. Scott Kelly, Esq.  
OGLETREE, DEAKINS, NASH,  
 SMOAK & STEWART, P.C.  
One Federal Place, Suite 1000  
1819 Fifth Avenue North  
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.  
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.  
P.O. Box 2757  
Greenville, SC 29602

s/ Jeffrey R. Sport_____  
COUNSEL

- 4 -

*DEES v. HYUNDAI MOTOR MANUFACTURING, LLC, et al.*
*Case No. 2:07-cv-00306-MHT-CSC*

**PLAINTIFF'S AMENDED SECOND MOTION FOR CONTINUANCE OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(f)**

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * * * | |
| Plaintiff, | * * | |
| Vs. | * * | CASE NO. 2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC., | * * * * | |
| Defendants. | * | |

### AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION SEEKING ADDITIONAL TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(f)

STATE OF ALABAMA        )

COUNTY OF MOBILE     )

Jeffrey R. Sport, being duly sworn, deposes and states:

1. My name is Jeffrey R. Sport and this Affidavit is made to support Plaintiff's motion seeking additional time to respond to Defendants' motion for summary judgment and in accordance with Rule 56(f) of the Federal Rules of Civil Procedure.

2. I am over the age of 18 years and an attorney licensed to practice law in the State of Alabama and an a member of the Bar of this Court.

3. I am fully competent to make this Affidavit and have personal knowledge of the facts contained in this Affidavit. To my knowledge, all of the facts stated in this Affidavit are true and correct.

4. Plaintiff seeks additional time to respond to Defendants' motion for summary judgment because: (1) Documents from HMMA and HMA responsive to Plaintiff's 30(b)(5)

- 1 -

document requests have just been received; (2) Plaintiff has not yet received the deposition transcripts of his deposition of the HMMA corporate representatives; and (3) the deposition transcripts of the depositions of Gwang Mun and Katherine Dees have just been received.

5.  Analyzing the responsive documents from the Defendants as well as the deposition transcripts from depositions of Defendants' corporate representatives will provide critical evidence in responding to Defendants' summary judgment arguments regarding Plaintiff's integrated enterprise claim.

6.  Plaintiff should be able to analyze Defendants' responsive documents, receive the deposition transcripts of HMMA's corporate representatives, and adequately respond to Defendants' summary judgment arguments by February 1, 2008.

I sign this Affidavit on January 24th, 2008.

JEFFREY R. SPORT

STATE OF ALABAMA

COUNTY OF MOBILE

Before me, the undersigned Notary Public in and for the State of Alabama, personally appeared **JEFFREY R. SPORT**, whose name is signed to the foregoing affidavit, and who is known to me, being sworn, acknowledged that he, having been informed of the contents thereof, voluntarily executed and delivered the same on this date.

Given under my hand and official seal this the 24th day of January, 2008.

NOTARY PUBLIC

My Commission Expires: ____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: Sept 12, 2009
BONDED THRU NOTARY PUBLIC UNDERWRITERS