**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:07-cv-00306-MHT-CSC** |
| | ) | |
| **HYUNDAI MOTOR MANUFACTURING** | ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** | ) | |
| **AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' MOTION FOR LEAVE TO RESPOND TO PLAINTIFF'S SECOND
MOTION (AND AMENDED SECOND MOTION) FOR CONTINUANCE
OF TIME TO RESPOND TO DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT UNDER RULE 56(f)**

COME NOW Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and

Hyundai Motor America, Inc. ("HMA") and move this Honorable Court to allow Defendants to

respond to *Plaintiff's Second Motion for Continuance of Time to Respond to Defendants' Motion*

*for Summary Judgment Under Rule 56(f)* (Doc. 95), and Plaintiff's Amended Motion (Doc. 96)

related thereto. In support of this motion, HMMA and HMA state as follows:

1.        *Plaintiff's Second Motion for Continuance of Time to Respond to Defendants'*

*Motion for Summary Judgment Under Rule 56(f)* (Doc. 95) was filed at or about 10:00 p.m. on

January 23, 2008. Plaintiff then amended that motion (Doc. 96) at or about 9:40 a.m. on January

24, 2008. The current extended deadline for response to Defendants' motion for summary

judgment is January 25, 2008. (Doc. 85).

2.        Subsequent to the filing of Plaintiff's Second Motion for Continuance and the

Amended Motion, Defendants have not received notice of a right or duty to respond, or a

deadline for doing so. Regardless, Defendants would ask that this Court allow Defendants to respond and consider their *Opposition Response to Plaintiff's Second Motion (and Amended Second Motion) for Continuance of Time to Respond to Defendants' Motion for Summary Judgment Under Rule 56(f)*, filed herewith as **Exhibit A**, as Defendants' response.

WHEREFORE, premises considered, Defendants Hyundai Motor Manufacturing Alabama, LLC, and Hyundai Motor America, Inc., respectfully request that this Court consider their *Opposition Response to Plaintiff's Second Motion (and Amended Second Motion) for Continuance of Time to Respond to Defendants' Motion for Summary Judgment Under Rule 56(f)* and, if necessary, enter an Order allowing Defendants to respond, considering the related Exhibit A as Defendants' response.

Respectfully submitted this the 24th day of January, 2008.

/s/  J. Trent Scofield
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Granted 5/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2008, I electronically filed the foregoing *Defendants' Motion for Leave to Respond to Plaintiff's Second Motion (and Amended Second Motion) for Continuance of Time to Respond to Defendants' Motion for Summary Judgment Under Rule 56(f)* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey R. Sport, T. Scott Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

5451163.1

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 2:07-cv-00306-MHT-CSC |
| | ) | |
| HYUNDAI MOTOR MANUFACTURING | ) | |
| ALABAMA, LLC, and HYUNDAI MOTOR | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

# EXHIBIT   A

**Exhibit A to Defendant's Motion for Leave to Respond to Plaintiff's Second Motion (and Amended Second Motion) for Continuance of Time to Respond to Defendants' Motion for Summary Judgment Under Rule 56(f)**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | 2:07-cv-00306-MHT-CSC |
| | ) | |
| HYUNDAI MOTOR MANUFACTURING | ) | |
| ALABAMA, LLC, and HYUNDAI MOTOR | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

DEFENDANTS' OPPOSITION RESPONSE TO PLAINTIFF'S SECOND MOTION
(AND AMENDED SECOND MOTION) FOR CONTINUANCE OF TIME TO RESPOND
TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(f)

In connection with their motion for leave of Court, Defendant Hyundai Motor

Manufacturing Alabama, LLC ("HMMA") and Defendant Hyundai Motor America, Inc.

("HMA") respectfully submit the following opposition response to Plaintiffs' recently-filed

motion to extend the deadline to respond to Defendants' pending motion for summary judgment.

(See Docs. 95 and 96).

A.    **Relevant Deadlines / Procedural History**

1.    Defendants filed their motion for summary judgment on December 14, 2007.

(Docs. 67-69).  Plaintiff sought to extend his original response deadline, based on the alleged

need for additional discovery, (Doc. 82), and that motion was not opposed by Defendants.

2.    The Court granted Plaintiff's first extension request and established a January 25,

2008 summary judgment response deadline and a February 1, 2008 reply deadline.  (Doc. 85).

3.     This matter is currently set for pretrial conference on February 20, 2008 (Doc. 94) and has been set on the Court's trial term commencing March 31, 2008.  (Id.; See also Doc. 19 (Scheduling Order)).

4.     The Court's Initial Order makes clear "that dispositive motions shall be filed no later than 90 days prior to the pretrial date." (Doc. 10).  This logical requirement is presumably in place so that the Court may have a reasonable amount of time to consider any dispositive motion, the undisputed evidence, and any summary judgment opposition submission in advance of the pretrial conference.  This same requirement is confirmed in the Scheduling Order.  (Doc. 19, para. 2).

5.     The Scheduling Order (Doc. 19) further clearly states that, "Absent stated unforeseen and unavoidable circumstances beyond the control of the movant . . . "eleventh hour" extension requests and motions will be denied outright." (Doc. 19, para. 15(B)).

**B.     Events Since First Extension was Granted**

6.     Since Plaintiff's motion for extension of time was granted and the extended deadlines were established (Doc. 85), Defendants have in no way impeded or delayed Plaintiff's ability to conduct the discovery he claims he needs for summary judgment response.

7.     By agreement of the parties, the deposition of Gwang Mun and Katherine Dees were conducted on January 8, 2008, well in advance of the current January 25 response deadline.

8.     On January 4, 2008, two days after the Court granted Plaintiff's motion for additional time, Plaintiff noticed 30(b)(6) depositions for HMMA in Montgomery on January 18 and for HMA in Fountain Valley, California on January 21.  As such, Plaintiff presumably issued these notices with knowledge that the extended summary judgment response deadline was January 25.

2

9.    Defendants did not seek to alter, adjust or reschedule the 30(b)(6) depositions which were previously noticed.  The January 18 deposition was conducted in Montgomery on that date and Defendant HMA was prepared to make its corporate representative witnesses available for deposition on January 21, notwithstanding the fact that date was a federal and company-recognized holiday.

10.    Defendants strongly object to Plaintiff's implied allegation that Defendants have refused to timely make 30(b)(5) documents available for inspection.  By their very terms, Plaintiff's 30(b)(5) requests seek production of the requested documents **"at the time and place of your deposition."** (emphasis added).  For the Court's reference, Defendants attach hereto as Exhibit 1 Plaintiff's most recent 30(b)(6) deposition notices and document requests, as well as Defendants' responses served thereto.

11.    Review of the subject 30(b)(5) document requests indicates that they seek voluminous confidential operations and financial data from two large corporate defendants for multiple years.  Indeed, there is no reasonable manner in which just to "copy and send" voluminous data in advance of such a deposition, nor should a corporate defendant be reasonably expected to do so.  Nevertheless, in the spirit of cooperation, on January 16, Defendants' counsel informed Plaintiff's counsel that the documents would be available for inspection in Montgomery at 3:00 p.m. on January 17, the day before the scheduled HMMA 30(b)(6) deposition.  Plaintiff's counsel did not respond to this offer.

12.    The document inspection and HMMA 30(b)(6) deposition proceeded without apparent incident on January 18, 2007.  By agreement of counsel made on Friday, January 18, more than 1,700 documents were copied and shipped for express mail delivery to Plaintiff's counsel on Monday, January 21.

3

13.     Defendants and Defendants' counsel did not learn, until after the HMMA 30(b)(6) deposition had concluded late in the afternoon on January 18, that Plaintiff's counsel had no intention of traveling to California for the January 21 deposition they had previously noticed. Plaintiff's counsel's failure to timely communicate regarding this issue has cost Defendants significantly in both attorneys' fees and resources allocated to defense against Plaintiff's highly dubious "integrated employer" theory of recovery asserted in this case.

14.     Notwithstanding this clear gamesmanship by opposing counsel, Defendant HMA has tendered its responsive documents in advance of the now-postponed 30(b)(6) deposition. Plaintiff's amended second motion acknowledges receipt of these documents. (Doc. 96, para. 8).

15.     Despite their unilateral cancellation of the January 21 HMA 30(b)(6) deposition in California, Plaintiff's counsel has reserved the right to take it.   This begs the question regarding when it can be rescheduled under the existing deadlines in place in this action.

16.     In light of these events, Defendants necessarily oppose the relief sought by Plaintiff in his second motion to continue.

## C.     Proposed Alternative Relief

17.     Defendants respectfully submit that Plaintiff's motion is due to be denied in its entirety.   Assuming arguendo that the Court decides otherwise, Defendants offer the following alternative relief for the Court's consideration.

18.     Should the Court again extend Plaintiff's summary judgment response deadline, it should also continue the current pretrial conference and trial setting in order to afford the Court a reasonable amount of time for consideration of Defendants' dispositive motion and the undisputed evidence in this case.   Such alternative relief would benefit the parties by saving time

and money associated with preparing for trial on claims that are due to be dismissed. Likewise, it would preserve the Court's resources and related trial docket.

19.    On a related note, Defendant HMMA states that the matter of <u>Larry Smith v. Hyundai Motor Manufacturing Alabama, LLC</u>, United States District Court for the Middle District of Alabama, Northern Division, 2:06-cv-00966-ID-SRW, remains pending before the Honorable Ira DeMent.[1] Defendant HMMA is awaiting a ruling on its dispositive motion filed in that case. Should summary judgment be denied, the <u>Smith</u> matter is also set for trial on March 31, 2008. The <u>Smith</u> matter was filed approximately seven (7) months before this action was filed.

20.    Defendant HMMA raised this potential conflict in its Objection to Scheduling Order, filed June 8, 2007. In denying Defendant's objection without prejudice, the Court indicated it would allow Defendant HMMA to raise this potential trial conflict at a later date. (Doc. 25).

21.    In light of these events which precede the pending motion and out of an abundance of caution, Defendant HMMA raises this potential trial conflict at this time for the Court to consider as it must unfortunately sort through the procedural problems presented by Plaintiff's eleventh hour second motion for extension.

THEREFORE, for good cause shown, Defendants submit that Plaintiff's second motion for an extension of the summary judgment response deadline should be denied. Alternatively, should the Court grant Plaintiff's motion, the existing pretrial and trial setting deadlines should be adjusted in order to allow a reasonable amount of time for Defendants' dispositive motion to be considered.

---

[1] The <u>Smith</u> pretrial conference is scheduled for February 26, 2008.

Respectfully submitted this the 24th day of January, 2008.

/s/  J. Trent Scofield

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com
Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Granted 5/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of January, 2008, I electronically filed the foregoing *Defendants' Opposition Response to Plaintiff's Second Motion (and Amended Second Motion) for Continuance of Time to Respond to Defendants' Motion for Summary Judgment Under Rule 56(f)* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey R. Sport, T. Scott Kelly, and Matthew K. Johnson.

<div style="margin-left:40%">

/s/ J. Trent Scofield

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                    )
                                         )
        Plaintiff,                       )
                                         )        CIVIL ACTION NO.:
v.                                       )        2:07-cv-00306-MHT-CSC
                                         )
HYUNDAI MOTOR MANUFACTURING              )
ALABAMA, LLC, and HYUNDAI MOTOR          )
AMERICA, INC.,                           )
                                         )
        Defendants.                      )

# EXHIBIT   1

**Exhibit 1 to Defendant's Opposition Response to Plaintiff's Second Motion
(and Amended Second Motion) for Continuance of Time to Respond to
Defendants' Motion for Summary Judgment Under Rule 56(f)**

ATTORNEYS AT LAW

| VINCENT F. KILBORN, III | M. LLOYD ROEBUCK | DAVID A. MCDONALD | W. PERRY HALL | JEFFREY R. SPORT |

January 4, 2008

<u>Via Fax and U.S. Mail</u>

J. Trent Scofield, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esquire
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

Re:   *Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*

Gentlemen:

Per Judge Coody's order this date, the depositions of the HMMA and HMA corporate representatives will proceed as previously noticed. Please provide the documents requested as soon as possible so that we can keep the depositions as short as possible.

I have placed a call to Mr. Hall to see when he is available for deposition. If he is not available until after the 15th, we will, of course, accommodate you. We expect the same accommodation with respect to the depositions of the corporate representatives.

I have enclosed amended deposition notices for the corporate representatives for January 18th (HMMA) and 21st (HMA). As I recall, you warranted to the court that the HMMA corporate representative deposition could be taken at the HMMA facility, so I have noticed it for there. We can take it in the conference room where Dees was terminated, or such other conference room as you designate.

Although I do not understand what the Judge meant by footnote 4 regarding his having resolved the location of the depositions (I only understood that he expressed his general impressions, and had not made any ruling), I have noticed HMA's deposition at their offices in Fountain Valley, California.

01/04/2008  05:42    12514796747              KRM ATTORNEYS                    PAGE  03/15

J. Trent Scofield, Esq.
January 4, 2008
Page 2 of 2

With best regards, I remain

Very truly yours,

JEFFREY R. SPORT
For the Firm

JRS/jrs

w/ enc.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                          *

    Plaintiff,                                *

vs.                                            *    Case No. 2:07-cv-00306-MHT-CSC

HYUNDAI MOTOR MANUFACTURING                    *
ALABAMA, LLC and HYUNDAI MOTOR
AMERICA, INC.,                                 *

    Defendants.                               *

## AMENDED NOTICE OF DEPOSITION OF
## HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC
## PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:      J. Trent Scofield
       OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
       One Federal Place, Ste. 1000
       1819 Fifth Avenue North
       Birmingham, AL 35203

       Matthew K. Johnson, Esq.
       OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
       P.O. Box 2757
       Greenville, SC 29602

DEPONENT: HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC

DATE:     January 18, 2008

TIME:     10:00 a.m.

LOCATION:     HMMA Plant
          700 Hyundai Blvd.
          Montgomery, Alabama

     PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of the Defendant HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC by its designated agent or agents most knowledgeable about and familiar with the matters set forth below, at the time, date and location indicated above upon oral examination before a Notary Public or other officer duly authorized to administer oaths and swear witnesses. The oral examination(s) will continue from day to day until completed.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

The subject matters for which the deponent(s) will be requested to testify are as follows:

1.  The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC. to show the extent to which HMMA is the alter ego of HMA and/or that HMMA is a mere instrumentality of HMA.

2.  The circumstances surrounding the decision to halt production for several calendar days in 2007.

## DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified hereby to appear for this deposition, be prepared to testify in the matters described and enumerated above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure and make available for copying the following documents, records, and other items set forth in Exhibit A attached.

Dated this 4th day of January, 2008.

01/04/2008  05:42    12514796747                KRM ATTORNEYS                    PAGE  06/15

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL:

David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 4th day of January, 2008, the foregoing pleading on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

COUNSEL

Page 3
*Case No. 2:07-cv-00306-MHT-CSC*

### EXHIBIT A
### PRODUCTION OF DOCUMENTS PURSUANT
### TO RULE 30(b)(5)

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:

   a. Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

   b. Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

c. Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d. Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e. Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;

f. Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g. If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h. Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i. Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 through the present;

j. Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present.

k. Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l. Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m. All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and

2

01/04/2008  05:42    12514796747                KRM ATTORNEYS                        PAGE  09/15

n.  Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office or building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

2.  Organizational chart showing the management hierarchy within HMA and HMMA as well as the reporting lines of communication and control above HMA and HMMA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | * | |
| Plaintiff, | * | |
| vs. | * | Case No. 2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC., | * | |
| | * | |
| Defendants. | * | |

### AMENDED NOTICE OF DEPOSITION OF HYUNDAI MOTOR AMERICA, INC. PURSUANT TO RULE 30(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO:.        J. Trent Scofield
            OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
            One Federal Place, Ste. 1000
            1819 Fifth Avenue North
            Birmingham, AL 35203

            Matthew K. Johnson, Esq.
            OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
            P.O. Box 2757
            Greenville, SC 29602

DEPONENT:   HYUNDAI MOTOR AMERICA, INC.

DATE:       January 21, 2008

TIME:       9:00 a.m.

LOCATION:   HMA Corporate Headquarters
            10550 Talbert Avenue
            Fountain Valley, CA 92708

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, attorneys for the Plaintiff, JERRY LEON DEES, JR., will take the deposition of the Defendant HYUNDAI MOTOR AMERICA, INC. by its designated agent or agents most knowledgeable about and familiar with the matters set forth below, at the time, date and location indicated above upon oral examination before a Notary Public or other officer duly authorized to administer oaths and swear witnesses. The oral examination(s) will continue from day to day until completed.

## MATTERS ON WHICH EXAMINATION IS REQUESTED

The subject matters for which the deponent(s) will be requested to testify are as follows:

1. The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC and HYUNDAI MOTOR AMERICA, INC. to show the extent to which HMMA is the alter ego of HMA and/or that HMMA is a mere instrumentality of HMA.

2. The circumstances surrounding the decision to halt production for several calendar days in 2007.

## DUCES TECUM

Please take further notice that the witness or witnesses designated by the plaintiff, notified hereby to appear for this deposition, be prepared to testify in the matters described and enumerated above, and are requested to bring to the deposition pursuant to Rule 30(b)(5) of the Federal Rules of Civil Procedure and make available for copying the following documents, records, and other items set forth in Exhibit A attached.

Dated this 4th day of January, 2008.

Jeffrey R. Sport (SPORJ5390)
Vincent F. Kilborn, III (KILBV4484)
KILBORN & ROEBUCK
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

OF COUNSEL
David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
203 South Warren Street (36602)
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email: dam@krmlaw.us

### CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 4th day of January, 2008, the foregoing pleading
on all counsel of record by depositing a copy of same in the United States Mail with postage prepaid
to:

J. Trent Scofield
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203\

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

COUNSEL

## EXHIBIT A
## PRODUCTION OF DOCUMENTS PURSUANT
## TO RULE 30(b)(5)

Please produce at the time and place of your deposition noticed on the attached NOTICE OF DEPOSITION the following documents (the words **"document"** or **"documents"** as used herein shall include, without limitation, all written, recorded, electronically-generated, or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, tangible things, correspondence, communications, telegrams, cables, facsimile messages, memoranda, notes, notations, work papers, work orders, transcripts, minutes, reports, records of telephone or other conversations, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, jottings, agendas, bulletins, notices, announcements, instructions, guidelines, video tapes, audio tapes, electronically-stored data, e-mails, attachments to e-mails, computer disks, CAD, charts, manuals, brochures, publications, schedules, journals, books of accounts, diaries, lists, tabulations, newsletters, drafts, proofs, galleries, or other pre-publication forms or materials, telephone lists or indexes, Rolodexes, records or invoices reflecting business operations, canceled checks, vouchers, ledger sheets, spreadsheets, witness statements, findings of investigations, minutes of any corporate meetings, minutes of meetings of boards of directors of corporations, records of negotiations, reports of experts, reports of consultants, any notes or drafts relating to any of the foregoing, all records kept by electronic, photographical, optical, or mechanical means, on "C:" or similar drives, all things similar to the foregoing, and any other documents as defined by the *Federal Rules of Civil Procedure* of any kind in your possession, custody or control, or known by you to exist):

1. Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:

   a. Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;

   b. Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;

---

[1] "Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.

1

c. Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;

d. Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;

e. Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;

f. Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;

g. If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;

h. Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;

i. Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 through the present;

j. Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present.

k. Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;

l. Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;

m. All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and

2

n.  Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office or building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.

2.  Organizational chart showing the management hierarchy within HMA and HMMA as well as the reporting lines of communication and control above HMA and HMMA.

3

# Ogletree Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile:  205.328.6000
www.ogletreedeakins.com

J. TRENT SCOFIELD
Direct Dial: (205) 714-4422
E-mail: trent.scofield@odnss.com

January 17, 2008

**VIA FACSIMILE AND U. S MAIL**

Jeffrey R. Sport, Esq.
Kilborn, Roebuck & McDonald
P.O. Box 66710
Mobile, AL  36660

Re:    **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**

Dear Jeff:

Please find enclosed Defendant Hyundai Motor Manufacturing Alabama, LLC's Response to Plaintiff's Amended Rule 30(b)(6) Deposition Notice, served January 4, 2008, which I am serving upon you by fax and U.S. Mail.

Consistent with my prior e-mail to you regarding the Rule 30(b)(6) deposition at HMMA on January 18th, we have made a good faith effort in responding to your numerous 30(b)(5) document requests. The responsive documents we have compiled are voluminous. HMMA will make the responsive documents available for inspection at the plant. Should you wish to copy any of the documents, you may make arrangements to have these documents photocopied at your expense. Based on the confidential nature of these documents, HMMA reserves the right to have a representative present at the time these documents are photocopied. Any original document requested for photocopy must be returned to HMMA on the same business day that the request for photocopy is made.

Consistent with Magistrate Coody's Order (Doc. 88), any document designated for response shall be covered by the Protective Order. Accordingly, and without waiving any rights under the Protective Order:

1.    Control and distribution of all such materials shall be your responsibility, and no copies of any protected information shall be made, furnished, or disclosed to any other person, firm, or corporation except as provided in the Protective Order.

2.    The information and documents that are produced shall be utilized **in this case only** and shall not be disclosed except as provided in the Protective Order.

---

Atlanta ▪ Austin ▪ Birmingham ▪ Charleston ▪ Charlotte ▪ Chicago ▪ Cleveland ▪ Columbia ▪ Dallas ▪ Greensboro ▪ Greenville ▪ Houston ▪ Indianapolis ▪ Jackson ▪ Kansas City
Los Angeles ▪ Memphis ▪ Miami ▪ Morristown ▪ Nashville ▪ Philadelphia ▪ Phoenix ▪ Pittsburgh ▪ Raleigh ▪ San Antonio ▪ St. Thomas ▪ Tampa ▪ Torrance ▪ Tucson ▪ Washington, DC



Jeffrey R. Sport, Esq.
*Re: Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*
January 17, 2008
Page 2

3.   The information and documents that are produced shall not be reproduced except as provided in the Protective Order and shall not be distributed outside the custody and control of the parties except as provided in the Protective Order. If confidential records are disclosed other than to the parties, you shall provide the recipient with a copy of the Protective Order and explain the confidential nature of the information and secure that person's agreement to protect the confidentiality of the information as provided in the Protective Order.

4.   The information and documents that are produced should not be filed with the Clerk of the Court except as required and under seal as provided in the Protective Order.

5.   The information and documents that are produced should be used during depositions and at trial only as provided in the Protective Order.

6.   The information and documents that are produced, if utilized as exhibits at trial, shall be returned immediately following final judgment as provided in the Protective Order.

7.   Upon the conclusion of this litigation by an Order which has become final due to the expiration of time for appeal or rehearing or due to the denial of rehearing, or in the event of a settlement, the information and documents that are produced shall be either: (1) destroyed by you with written verification being provided to HMMA's and HMA's counsel as to the destruction of said records or (2) returned to HMMA's and HMA's counsel within thirty (30) days after the conclusion of this action as provided in the Protective Order.

If you wish to further discuss, please do not hesitate to contact me.

Very truly yours,

J. Trent Scofield

JTS/skp

Enclosure

cc:   Matthew K. Johnson, Esq. (with enclosure, via pdf attachment)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                    )
                                         )
        Plaintiff,                       )
                                         )        CIVIL ACTION NO.:
v.                                       )        2:07-cv-00306-MHT-CSC
                                         )
HYUNDAI MOTOR MANUFACTURING              )
ALABAMA, LLC, and HYUNDAI MOTOR          )
AMERICA, INC.,                           )
                                         )
        Defendants.                      )

DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC'S
RESPONSE TO PLAINTIFF'S AMENDED RULE 30(b)(6)
DEPOSITION NOTICE, SERVED JANUARY 4, 2008

Defendant Hyundai Motor Manufacturing Alabama, LLC ("Defendant HMMA") serves the following responses to Plaintiff's Amended 30(b)(6) Deposition Notice, served January 4, 2008.

A.    **PRELIMINARY STATEMENT**

Defendant HMMA and its counsel have thoroughly reviewed the Court's Opinion and Order (Doc. 88), entered January 4, 2008, regarding Defendants' motion for protective order to limit the scope of 30(b)(6) depositions. Defendant HMMA makes the following responses and designations in a good faith effort to comply with the Court's Order and satisfy its discovery obligations under the applicable Federal Rules of Civil Procedure. Defendant HMMA's counsel stands ready to confer with Plaintiff's counsel regarding any area of disagreement regarding scope and/or designation of corporate representative testimony.

## B.    GENERAL OBJECTIONS

Defendant HMMA objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production of documents on each and all of the following grounds:

1.    Defendant HMMA reserves any and all objections as to competence, relevance, materiality or other grounds that would require exclusion of any answer, or part thereof, if made by a witness present and testifying in court or the exclusion of any document and/or thing produced.    Any and all such objections and grounds are expressly reserved and may be interposed at the time of trial.

2.    To the extent any such answer contains or refers to matters otherwise protected from discovery by the work product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters that are or may be subject to such protection or otherwise privileged.

3.    The responses herein are based only upon information presently available to Defendant HMMA and are given in a good faith effort to comply with Plaintiff's requests.

4.    Documents produced in connection herewith are produced subject to the provisions of the Protective Order entered in this case.

5.    Defendant HMMA objects to Plaintiff's 30(b)(6) areas of designation and 30(b)(5) requests for production to the extent they are vague, oppressive and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules.

6.    The supplying of any information does not constitute an admission by Defendant HMMA that such information is relevant in this lawsuit.    All information provided by Defendant HMMA is for use in this litigation and for no other purpose.

2

7.    Defendant HMMA objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it seeks information that is equally available to the Plaintiff and the burden on the Defendant HMMA to obtain the requested information is no greater than the burden on Plaintiff.

8.    Defendant HMMA objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed.

9.    Defendant HMMA reserves the right to supplement its responses to the Plaintiff's 30(b)(6) areas of designation and 30(b)(5) requests for production upon completion of discovery regarding this issue.

**C.    OBJECTIONS AND RESPONSES TO THE 30(b)(6) DESIGNATIONS**

1.    *The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC AND HYUNDAI MOTOR AMERICA, INC. to show the extent to which HMMA is the alter ego of HMA and/or that HMMA is a mere instrumentality of HMA.*

**ADDITIONAL OBJECTIONS:**

Defendant HMMA objects to No. 1 because such request is global in nature, vague, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope.   Likewise, despite Plaintiff's assertions, such request is not relevant to the legitimate claim or defense of any party.   Although Plaintiff seeks to conduct discovery concerning the relationship between Defendant HMMA and Defendant HMA on an alter ego theory, such theory is not relevant to Plaintiff's claims concerning liability under the Uniformed Service Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301, et seq. ("USERRA").  38 U.S.C. §4311(b) states that, "An employer may not discriminate in

3

employment against or take any adverse employment action against any person because such person ... has exercised a right provided for in this chapter." (Emphasis added.) "Employer" is defined as, "any person, institution, organization, or other entity that <u>pays salary or wages for work performed or that has control over employment opportunities</u>...." 38 U.S.C. §4303(4)(a). (Emphasis added.) The "alter ego" or "mere instrumentality" theories asserted by Plaintiff are not supported by the statute, and are not found as a basis of liability in the caselaw. Liability under USERRA is limited to discrimination by an employer. Thus, "alter ego" or "mere instrumentality" issues are not relevant to the claims and defenses asserted by the parties and are not discoverable.

Defendant HMMA further objects to this request to the extent that it is vague, overly broad, oppressive, and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules. Defendant HMMA further objects to this request because it violates Rule 30(b)(6)'s requirement that the Notice "describe with reasonable particularity the matters on which examination is requested."

**RESPONSE:**

In a good faith attempt to respond to Plaintiff's query number 1, Defendant HMMA has reviewed the authority cited by the Court, as well as the authority cited by Plaintiff in this opposition to Defendant's motion for protective order to limit the scope of 30(b)(6) depositions. <u>See</u> Docs. 48 and 88. Using these authorities for guidance, Defendant HMMA shall designate representatives to testify regarding the following aspects of "the relationship" between Defendant HMMA and Defendant HMA:

1. Common management between Defendant HMMA and Defendant HMA, if any;

4

2.    Interrelation between operations of Defendant HMMA and Defendant HMA, if any;

3.    Centralized control of labor relations between Defendant HMMA and Defendant HMA, if any; and

4.    Degree of common ownership/financial control; if any.

Additionally, in connection with designation number 3 above, Defendant HMMA shall designate a representative to testify regarding the undisputed facts that: (1) Defendant HMMA was Plaintiff's employer; (2) Defendant HMMA paid wages to Plaintiff for his work provided; and (3) Defendant HMMA controlled Plaintiff's employment opportunities, i.e., Defendant HMMA hired Plaintiff and Defendant HMMA terminated his employment.

**2.    *The circumstances surrounding the decision to halt production for several calendar days in 2007.***

**ADDITIONAL OBJECTIONS:**

Defendant HMMA objects to No. 2 because such request is not relevant to any legitimate claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence, and is asked solely for purposes of harassment, annoyance, and/or embarrassment. Plaintiff and Plaintiff's counsel are aware that the non-production days in question at HMMA occurred well after Plaintiff's termination and bear no relationship to Plaintiff's termination or the decision to terminate him. Defendant HMMA further objects to No. 2 to the extent that it is vague, oppressive, and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules.

**RESPONSE:**

In light of the Court's Order and in a good faith attempt to respond to Plaintiff's query

5

number 2, Defendant HMMA shall designate a representative to testify regarding the circumstances and corresponding decision to halt production at the Montgomery plant for several calendar days in 2007.

**D.    OBJECTIONS AND RESPONSES TO THE 30(b)(5) DOCUMENT REQUESTS**

Defendant HMMA objects to Request No. 1 and its fourteen subparts because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable geographic scope, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, requests personal and private information, and is asked for purposes of harassment and annoyance, and to the extent it invades the privacy interests of non-parties.    Defendant HMMA further objects because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data.    Defendant HMMA further objects to the extent this request and its fourteen subparts seek information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

Similarly, to the extent these requests are intended to seek to conduct discovery concerning Plaintiff's "alter ego" or "mere instrumentality" theories, such theories are not relevant to Plaintiff's claims concerning liability under USERRA.    38 U.S.C. §4311(b) states that, "An employer may not discriminate in employment against or take any adverse employment action against any person because such person … has exercised a right provided for in this chapter." (Emphasis added.)  "Employer" is defined as, "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities …." 38 U.S.C. §4303(4)(a). (Emphasis added.)   The "alter ego" or "mere instrumentality" theories asserted by Plaintiff are not supported by the statute, and are not found

as a basis of liability in the caselaw. Liability under USERRA is limited to discrimination by an employer. Thus, "alter ego" or "mere instrumentality" issues are not relevant to the claims and defenses asserted by the parties and are not discoverable. Defendant HMMA further objects to this request because it violates Rule 34's requirement that said requests must be described with reasonable particularity.

Defendant HMMA further objects to Plaintiff's 30(b)(5) requests to the extent they seek information/documents that either pre-date or post-date Plaintiff's period of employment with Defendant HMMA.

Without waiver of the objections stated above and also the objections that follow, and in a good faith attempt to respond to these requests, Defendant HMMA offers the following responses to Plaintiff's 30(b)(5) document requests. Per the Court's Order (Doc. 88), any document produced in response to these requests shall be designated as Confidential and covered by the Protective Order entered in this case.

1.    *Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:*

   *a.    Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;*

**RESPONSE TO 1(a):**

Defendant HMMA specifically objects to subpart (a) and its definition of "Hyundai entity" to the extent it seeks to discover information regarding entities that are not parties to this

---

[1] *"Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.*

7

litigation and seeks information that has no bearing on Plaintiff's theories of liability asserted in this action. Defendant HMMA further objects to the extent this document request seeks information that is outside Defendant HMMA's custody or control. Without waiver of objections, Defendant HMMA will produce, for inspection and copying, the documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

> *b.* *Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;*

**RESPONSE TO 1(b):**

Without waiver of objections, Defendant HMMA states that it has no documents in its possession that it believes to be responsive to this request.

> *c.* *Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;*

**RESPONSE TO 1(c):**

Defendant HMMA specifically objects to subpart (c) and its definition of "Hyundai entity" to the extent it seeks to discover information regarding entities that are not parties to this litigation and seeks information that has no bearing on Plaintiff's theories of liability asserted in this action. Defendant HMMA further objects to the extent this document request seeks information that is outside Defendant HMMA's custody or control. Without waiver of objections, Defendant HMMA will produce, for inspection and copying, the documents it believes to be responsive to this request that it has maintained in the ordinary course of its business.

  *d. Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;*

**RESPONSE TO 1(d):**

  Without waiver of objections, Defendant HMMA will produce, for inspection and copying, the documents it believes to be responsive to this request that it has maintained in the ordinary course of its business.

  *e. Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;*

**RESPONSE TO 1(e):**

  Without waiver of objections, Defendant HMMA will produce, for inspection and copying, the documents it believes to be responsive to this request that it has maintained in the ordinary course of its business.

  *f. Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;*

**RESPONSE TO 1(f):**

  Without waiver of objections, Defendant HMMA will produce for inspection and copying, suitable summary information that it believes to be responsive to this request.

  *g. If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;*

**RESPONSE TO 1(g):**

  Defendant HMMA specifically objects to subpart (g) and its definition of "Hyundai entity" to the extent it seeks to discover information regarding entities that are not parties to this litigation and seeks information that has no bearing on Plaintiff's theories of liability asserted in

this action. Defendant HMMA further objects to the extent this document request seeks information that is outside Defendant HMMA's custody or control. Without waiver of objections, Defendant HMMA will produce, for inspection and copying, suitable summary information that it believes to be responsive to this request.

> **h.** *Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;*

**RESPONSE TO 1(h):**

Defendant HMMA specifically objects to subpart (h) and its definition of "Hyundai entity" to the extent it seeks to discover information regarding entities that are not parties to this litigation and seeks information that has no bearing on Plaintiff's theories of liability asserted in this action. Defendant HMMA further objects to the extent this document request seeks information that is outside Defendant HMMA's custody or control. Without waiver of objections, Defendant HMMA will produce, for inspection and copying, the documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

> **i.** *Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 to the present;*

**RESPONSE TO 1(i):**

Defendant HMMA specifically objects to subpart (i) because it is both vague and overly broad in both time period and subject matter requested. Defendant HMMA objects because compliance with this request would create an undue burden. Defendant HMMA acknowledges that it is in regular and frequent contact with Defendant HMA. However, there is no reasonable

manner in which it can be expected to gather all documents that evidence "communications

between HMA and HMMA from 2005 to the present."

    *j.     Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present;*

## RESPONSE TO 1(j):

Defendant HMMA specifically objects to subpart (j) because the terms "relationship,

business arrangement, or contact between" are vague and subject to an unreasonable amount of

conjecture. Without waiver of objections, Defendant HMMA will produce, for inspection and

copying, the documents it believes to be responsive to this request and that it has maintained in

the ordinary course of its business.

    *k.     Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;*

## RESPONSE TO 1(k):

Defendant HMMA specifically objects to subpart (k) and its definition of "Hyundai

entity" to the extent it seeks to discover information regarding entities that are not parties to this

litigation and seeks information that has no bearing on Plaintiff's theories of liability asserted in

this action. Defendant HMMA further objects to the extent this document request seeks

information that is outside Defendant HMMA's custody or control. Defendant HMMA further

objects to this request to the extent it seeks information and/or documents "prepared, maintained

or distributed outside of the United States" because such documents are outside Defendant

HMMA's custody and control and are neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence. Without waiver of objections, Defendant HMMA will

11

produce, for inspection and copying, the documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

*l.    Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;*

**RESPONSE TO 1(l):**

Defendant HMMA specifically objects to subpart (l) and its definition of "Hyundai entity" to the extent it seeks to discover information regarding entities that are not parties to this litigation and seeks information that has no bearing on Plaintiff's theories of liability asserted in this action. Defendant HMMA further objects to the extent this document request seeks information that is outside Defendant HMMA's custody or control. Defendant HMMA further objects to this request to the extent it seeks information and/or documents "prepared, maintained or distributed outside of the United States" because such documents are outside Defendant HMMA's custody and control and are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of objections, Defendant HMMA will produce, for inspection and copying, the documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

*m.    All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and*

**RESPONSE TO 1(m):**

Without waiver of objections, Defendant HMMA will produce, for inspection and copying, the documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

12

*n.    Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office of building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.*

**RESPONSE TO 1(n):**

Without waiver of objections, Defendant HMMA will produce, for inspection and copying, the documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

**2.    *Organizational chart showing the management hierarchy within HMMA as well as the reporting lines of communication and control above HMMA.***

**OBJECTION:**

Defendant HMMA objects to Request No. 2 because such request is global in nature, overly broad, and unduly burdensome as it contains no limitation of time, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is asked for purposes of harassment and annoyance.  Defendant HMMA also objects because the organizational and management structure of Defendant HMMA outside of the department in which the Plaintiff was employed is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant HMMA further objects to this request because the terms "reporting lines of communication and control above HMMA" are vague and subject to an unreasonable amount of conjecture.  Defendant further objects to the extent said request seeks documents outside its custody or control.

Without waiver of objections, Defendant HMMA will produce, for inspection and copying, the documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

13

Dated this __17ᵀᴴ__ day of January, 2008.

As to objections,

_____
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

14

## CERTIFICATE OF SERVICE

I hereby certify that on the _17th_ of January, 2008, I served a copy of the foregoing

Response to Plaintiff's Amended Rule 30(b)(6) Deposition Notice,  Served January 4, 2008, on

behalf of HMMA via U.S. Mail, *and fax* postage prepaid, and addressed as follows:

    Jeffrey R. Sport, Esq.
    Kilborn, Roebuck & McDonald
    P.O. Box 66710
    Mobile, AL  36660

_____
Of Counsel

15

# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

The Ogletree Building
300 North Main Street, Suite 500
Post Office Box 2757
Greenville, SC 29602
Telephone: 864.271.1300
Facsimile: 864.235.8806
www.ogletreedeakins.com

January 18, 2008

**VIA FACSIMILE AND U. S MAIL**

Jeffrey R. Sport, Esq.
Kilborn, Roebuck & McDonald
P.O. Box 66710
Mobile, AL 36660

     Re:    **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**

Dear Jeff:

Please find enclosed Defendant Hyundai Motor America, Inc.'s Amended Rule 30(b)(6) Deposition Notice, served January 4, 2008, which I am serving upon you by fax and U.S. Mail.

Consistent with my prior e-mail to you regarding the Rule 30(b)(6) deposition at HMA on January 21st, we have made a good faith effort in responding to your numerous 30(b)(5) document requests. HMA will make the responsive documents available for inspection at the time of the deposition. Should you wish to copy any of the documents, you may make arrangements to have these documents photocopied at your expense. Based on the confidential nature of these documents, HMA reserves the right to have a representative present at the time these documents are photocopied. Any original document requested for photocopy must be returned to HMA on the same business day that the request for photocopy is made.

Consistent with Magistrate Coody's Order (Doc. 88), any document designated for response shall be covered by the Protective Order. Accordingly, and without waiving any rights under the Protective Order:

    1.    Control and distribution of all such materials shall be your responsibility, and no copies of any protected information shall be made, furnished, or disclosed to any other person, firm, or corporation except as provided in the Protective Order.

    2.    The information and documents that are produced shall be utilized **in this case only** and shall not be disclosed except as provided in the Protective Order.

    3.    The information and documents that are produced shall not be reproduced except as provided in the Protective Order and shall not be distributed outside the custody and control of

Jeffrey R. Sport, Esq.
*Re: Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.*
January 18, 2008
Page 2



the parties except as provided in the Protective Order. If confidential records are disclosed other than to the parties, you shall provide the recipient with a copy of the Protective Order and explain the confidential nature of the information and secure that person's agreement to protect the confidentiality of the information as provided in the Protective Order.

4.      The information and documents that are produced should not be filed with the Clerk of the Court except as required and under seal as provided in the Protective Order.

5.      The information and documents that are produced should be used during depositions and at trial only as provided in the Protective Order.

6.      The information and documents that are produced, if utilized as exhibits at trial, shall be returned immediately following final judgment as provided in the Protective Order.

7.      Upon the conclusion of this litigation by an Order which has become final due to the expiration of time for appeal or rehearing or due to the denial of rehearing, or in the event of a settlement, the information and documents that are produced shall be either: (1) destroyed by you with written verification being provided to HMA's and HMMA's counsel as to the destruction of said records or (2) returned to HMA's and HMMA's counsel within thirty (30) days after the conclusion of this action as provided in the Protective Order.

If you wish to further discuss, please do not hesitate to contact me.

Very truly yours,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Matthew K. Johnson
matthew.johnson@ogletreedeakins.com

MKJ/rh

Enclosure

cc:      J. Trent Scofield, Esq. (with enclosure, via pdf attachment)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                    )
                                          )
        Plaintiff,                        )
                                          )
                                          )     CIVIL ACTION NO.:
v.                                        )     2:07-cv-00306-MHT-CSC
                                          )
HYUNDAI MOTOR MANUFACTURING               )
ALABAMA, LLC, and HYUNDAI MOTOR           )
AMERICA, INC.,                            )
                                          )
        Defendants.                       )

DEFENDANT HYUNDAI MOTOR AMERICA, INC.'S
RESPONSE TO PLAINTIFF'S AMENDED RULE 30(b)(6)
DEPOSITION NOTICE, SERVED JANUARY 4, 2008

Defendant Hyundai Motor America, Inc. ("Defendant HMA") serves the following responses to Plaintiff's Amended 30(b)(6) Deposition Notice, served January 4, 2008.

A.    **PRELIMINARY STATEMENT**

Defendant HMA and its counsel have thoroughly reviewed the Court's Opinion and Order (Doc. 88), entered January 4, 2008, regarding Defendants' motion for protective order to limit the scope of 30(b)(6) depositions. Defendant HMA makes the following responses and designations in a good faith effort to comply with the Court's Order and to satisfy its discovery obligations under the applicable Federal Rules of Civil Procedure. Defendant HMA's counsel stands ready to confer with Plaintiff's counsel regarding any area of disagreement regarding scope and/or designation of corporate representative testimony.

B.    **GENERAL OBJECTIONS**

Defendant HMA objects to each and every 30(b)(6) areas of designation and 30(b)(5)

requests for production of documents on each and all of the following grounds:

1.      Defendant HMA reserves any and all objections as to competence, relevance, materiality or other grounds that would require exclusion of any answer, or part thereof, if made by a witness present and testifying in court or the exclusion of any document and/or thing produced.   Any and all such objections and grounds are expressly reserved and may be interposed at the time of trial.

2.      To the extent any such answer contains or refers to matters otherwise protected from discovery by the work product doctrine or the attorney-client privilege, no waiver is intended; nor is any waiver intended as to any other matters which are or may be subject to such protection or otherwise privileged.

3.      The responses herein are based only upon information presently available to Defendant HMA and are given in a good faith effort to comply with Plaintiff's requests.

4.      Documents produced in connection herewith are produced subject to the provisions of the Protective Order entered in this case.

5.      Defendant HMA objects to Plaintiff's 30(b)(6) areas of designation and 30(b)(5) requests for production to the extent they are vague, oppressive and expensive and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules.

6.      The supplying of any information does not constitute an admission by Defendant HMA that such information is relevant in this lawsuit.   All information provided by Defendant HMA is for use in this litigation and for no other purpose.

7.      Defendant HMA objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it seeks information that is equally available to

Plaintiff and the burden on Defendant HMA to obtain the requested information is no greater than the burden on Plaintiff.

8.  Defendant HMA objects to each and every 30(b)(6) area of designation and 30(b)(5) request for production to the extent that it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed.

9.  Defendant HMA reserves the right to supplement its responses to Plaintiff's 30(b)(6) areas of designation and 30(b)(5) requests for production upon completion of discovery regarding this issue.

## C.   OBJECTIONS AND RESPONSES TO THE 30(b)(6) DESIGNATIONS

1.  *The relationship between HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC AND HYUNDAI MOTOR AMERICA, INC. to show the extent to which HMMA is the alter ego of HMA and/or that HMMA is a mere instrumentality of HMA.*

## ADDITIONAL OBJECTIONS:

Defendant HMA objects to No. 1 because such request is global in nature, vague, overly broad, and unduly burdensome as it contains no reasonable limitation of time or geographic scope.  Likewise, despite Plaintiff's assertions, such request is not relevant to the legitimate claim or defense of any party.  Although Plaintiff seeks to conduct discovery concerning the relationship between Defendant HMA and Defendant Hyundai Motor Manufacturing Alabama, LLC ("Defendant HMMA") on an alter ego theory, such theory is not relevant to Plaintiff's claims concerning liability under the Uniformed Service Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301, et seq. ("USERRA"). 38 U.S.C. §4311(b) states that, "An employer may not discriminate in employment against or take any adverse employment action against any person because such person ... has exercised a right provided for in this chapter."

3

(Emphasis added.) "Employer" is defined as, "any person, institution, organization, or other entity that <u>pays salary or wages for work performed or that has control over employment opportunities</u>...." 38 U.S.C. §4303(4)(a). (Emphasis added.) The "alter ego" or "mere instrumentality" theories asserted by Plaintiff are not supported by the statute, and are not found as a basis of liability in the caselaw. Liability under USERRA is limited to discrimination by an employer. Thus, "alter ego" or "mere instrumentality" issues are not relevant to the claims and defenses asserted by the parties and are not discoverable.

Defendant HMA further objects to this request to the extent that it is vague, overly broad, oppressive, and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules. Defendant HMA further objects to this request because it violates Rule 30(b)(6)'s requirement that the Notice "describe with reasonable particularity the matters on which examination is requested."

**RESPONSE:**

In a good faith attempt to respond to Plaintiff's query number 1, Defendant HMA has reviewed the authority cited by the Court, as well as the authority cited by Plaintiff in this opposition to Defendant's motion for protective order to limit the scope of 30(b)(6) depositions. <u>See</u> Docs. 48 and 88. Using these authorities for guidance, Defendant HMA shall designate representatives to testify regarding the following aspects of "the relationship" between Defendant HMA and Defendant HMMA:

1.  Common management between Defendant HMA and Defendant HMMA, if any;

2.  Interrelation between operations of Defendant HMA and Defendant HMMA, if any;

4

3.  Centralized control of labor relations between Defendant HMA and Defendant HMMA, if any; and

4.  Degree of common ownership/financial control; if any.

Additionally, in connection with designation number 3 above, Defendant HMA shall designate a representative to testify regarding the undisputed facts that: (1) Defendant HMA was not Plaintiff's employer; (2) Defendant HMA did not pay wages to Plaintiff for his work provided; and (3) Defendant HMA did not control Plaintiff's employment opportunities, i.e., Defendant HMA was not involved in hiring Plaintiff or the termination of his employment.

**2.     *The circumstances surrounding the decision to halt production for several calendar days in 2007.***

**ADDITIONAL OBJECTIONS:**

Defendant HMA objects to No. 2 because such request is not relevant to any legitimate claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence, and is asked solely for purposes of harassment, annoyance, and/or embarrassment. Plaintiff and Plaintiff's counsel are aware that the non-production days in question at Defendant HMMA occurred well after Plaintiff's termination and bear no relationship to Plaintiff's termination or the decision to terminate him. Defendant HMA further objects to No. 2 to the extent that it is vague, oppressive, and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure, or the Local Rules.

**RESPONSE:**

In light of the Court's Order and in a good faith attempt to respond to Plaintiff's query number 2, Defendant HMA shall designate a representative to testify regarding the process by which Defendant HMA establishes sales forecast and purchases vehicles from Defendant HMMA.

5

**D.**   **OBJECTIONS AND RESPONSES TO THE 30(b)(5) DOCUMENT REQUESTS**

Defendant HMA objects to Request No. 1 and its fourteen subparts because such request is global in nature, overly broad, and unduly burdensome as it contains no reasonable geographic scope, and seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, requests personal and private information, and is asked for purposes of harassment and annoyance, and to the extent it invades the privacy interests of non-parties. Defendant HMA further objects because the materials sought may constitute trade secrets, operations information, confidential statistical data and other confidential commercial and financial data. Defendant HMA further objects to the extent this request and its fourteen subparts seek information protected from disclosure by the attorney-client privilege and attorney-work product doctrine.

Similarly, to the extent these requests are intended to seek to conduct discovery concerning Plaintiff's "alter ego" or "mere instrumentality" theories, such theories are not relevant to Plaintiff's claims concerning liability under USERRA. 38 U.S.C. §4311(b) states that, "An <u>employer</u> may not discriminate in employment against or take any adverse employment action against any person because such person … has exercised a right provided for in this chapter." (Emphasis added.) "Employer" is defined as, "any person, institution, organization, or other entity that <u>pays salary or wages for work performed or that has control over employment opportunities</u> …." 38 U.S.C. §4303(4)(a). (Emphasis added.) The "alter ego" or "mere instrumentality" theories asserted by Plaintiff are not supported by the statute, and are not found as a basis of liability in the caselaw. Liability under USERRA is limited to discrimination by an employer. Thus, "alter ego" or "mere instrumentality" issues are not relevant to the claims and defenses asserted by the parties and are not discoverable. Defendant HMA further objects to this

request because it violates Rule 34's requirement that said requests must be described with reasonable particularity.

Defendant HMA further objects to Plaintiff's 30(b)(5) requests to the extent they seek information/documents that either pre-date or post-date Plaintiff's period of employment with Defendant HMMA.

Without waiver of the objections stated above and also the objections that follow, and in a good faith attempt to respond to these requests, Defendant HMA offers the following responses to Plaintiff's 30(b)(5) document requests. Per the Court's Order (Doc. 88), any document produced in response to these requests shall be designated as Confidential and covered by the Protective Order entered in this case.

1.    *Any and all documents that relate or refer to the relationship or affiliation of any kind (including but not limited to licensing agreements, stock ownership, common officers or directors, intercompany debt or debt guaranties or financing) between Hyundai Motor America, Inc. ("HMA") and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), including but not limited to:*

    *a.    Agreements for the sale or manufacture of automobiles or automobile parts and accessories between HMMA and HMA, including any agreements with any other "Hyundai entity"[1] for the sale or manufacture of vehicles or parts manufactured by HMMA;*

**RESPONSE TO 1(a):**

Defendant HMA specifically objects to subpart (a) and its definition of "Hyundai entity" to the extent it seeks to discover information regarding entities that are not parties to this litigation and seeks information that has no bearing on Plaintiff's theories of liability asserted in this action. Defendant HMA further objects to the extent this document request seeks information that is outside Defendant HMA's custody or control. Without waiver of objections,

---

[1]  *"Hyundai entity" refers to Hyundai Motor Company in Seoul, South Korea, as well as any affiliate, subsidiary, partner (limited or otherwise) or agent of Hyundai Motor Company.*

7

Defendant HMA would show that Defendant HMMA has previously produced, for inspection and copying, documents responsive to this request.

> *b.    Agreements between HMA and HMMA, including but not limited to, management agreements, stock option agreements, labor and/or collective bargaining agreements, executive compensation agreements, and retirement or pension plans and agreements;*

**RESPONSE TO 1(b):**

Without waiver of objections, Defendant HMA would show that Defendant HMMA has previously produced, for inspection and copying, documents responsive to this request and, further, that Defendant HMA will produce, for inspection and copying, similar documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

> *c.    Agreements between HMMA and any supplier of parts, materials and/or services in which HMA or any other Hyundai entity has any financial or beneficial interest in existence at any time from 2004 through present;*

**RESPONSE TO 1(c):**

Defendant HMA specifically objects to subpart (c) and its definition of "Hyundai entity" to the extent it seeks to discover information regarding entities that are not parties to this litigation and seeks information that has no bearing on Plaintiff's theories of liability asserted in this action.    Defendant HMA further objects to the extent this document request seeks information which is outside Defendant HMA's custody or control.    Without waiver of objections, Defendant HMA would show that Defendant HMMA has previously produced, for inspection and copying, documents responsive to this request.

> *d.    Any employment agreements or other documents evidencing any other arrangement or accommodations between HMA and HMMA relating to the sharing of the costs, benefits, charges or expenses of any officers, directors, or employees performing duties for both entities from 2004 through present;*

**RESPONSE TO 1(d):**

Without waiver of objections, Defendant HMA would show that Defendant HMMA has previously produced, for inspection and copying, documents responsive to this request and, further, that Defendant HMA will produce, for inspection and copying, similar documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

> *e.    Any expense reports, vouchers, or other documents evidencing travel of HMMA officers, directors, or employees to HMA, or HMA officers, directors, or employees to HMMA from 2004 through present;*

**RESPONSE TO 1(e):**

Without waiver of objections, Defendant HMA will produce, for inspection and copying, the documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

> *f.    Invoices for automobiles and parts sold by HMMA to HMA, or suitable summaries thereof from 2004 through present;*

**RESPONSE TO 1(f):**

Without waiver of objections, Defendant HMA would show that Defendant HMMA has previously produced, for inspection and copying, suitable summary information responsive to this request.

> *g.    If automobiles and/or parts are sold to another Hyundai entity for HMA's benefit, invoices for automobiles sold to that entity, or suitable summaries thereof, from 2004 through present;*

**RESPONSE TO 1(g):**

Defendant HMA specifically objects to subpart (g) and its definition of "Hyundai entity" to the extent it seeks to discover information regarding entities that are not parties to this

litigation and seeks information that has no bearing on Plaintiff's theories of liability asserted in this action. Defendant HMA further objects to the extent this document request seeks information that is outside Defendant HMA's custody or control. Without waiver of objections, Defendant HMA would show that Defendant HMMA has previously produced, for inspection and copying, suitable summary information responsive to this request.

> **h.**     *Any intercompany journal entries with supporting invoices, vouchers, or other documentation showing costs of HMA transferred to HMMA, or vice versa, including any costs of HMA or HMMA transferred to the other via pass-through of another Hyundai entity from 2004 through present;*

**RESPONSE TO 1(h):**

Defendant HMA specifically objects to subpart (h) and its definition of "Hyundai entity" to the extent it seeks to discover information regarding entities that are not parties to this litigation and seeks information that has no bearing on Plaintiff's theories of liability asserted in this action. Defendant HMA further objects to the extent this document request seeks information that is outside Defendant HMA's custody or control. Without waiver of objections, Defendant HMA would show that Defendant HMMA has previously produced, for inspection and copying, documents responsive to this request.

> **i.**     *Any and all documents, including correspondence, evidencing communications between HMA and HMMA from 2005 to the present;*

**RESPONSE TO 1(i):**

Defendant HMA specifically objects to subpart (i) because it is both vague and overly broad in both time period and subject matter requested. Defendant HMA objects because compliance with this request would create an undue burden. Defendant HMA acknowledges that it is in regular and frequent contact with Defendant HMMA. However, there is no reasonable

manner in which it can be expected to gather all documents which evidence "communications between HMA and HMMA from 2005 to the present."

> *j.*    *Any other documents that relate or refer to any relationship, business arrangement, or contact between HMA and HMMA from 2004 through present;*

**RESPONSE TO 1(j):**

Defendant HMA specifically objects to subpart (j) because the terms "relationship, business arrangement, or contact between" are vague and subject to an unreasonable amount of conjecture. Without waiver of objections, Defendant HMA would show that Defendant HMMA has previously produced, for inspection and copying, documents responsive to this request.

> *k.*    *Any consolidated federal or state tax returns evidencing the consolidated taxable income of HMA and HMMA, including any returns consolidating other Hyundai entities in addition to HMA and HMMA, and including any returns prepared, maintained or distributed outside of the United States from 2004 through present;*

**RESPONSE TO 1(k):**

Defendant HMA specifically objects to subpart (k) and its definition of "Hyundai entity" to the extent it seeks to discover information regarding entities that are not parties to this litigation and seeks information that has no bearing on Plaintiff's theories of liability asserted in this action. Defendant HMA further objects to the extent this document request seeks information that is outside Defendant HMA's custody or control. Defendant HMA further objects to this request to the extent it seeks information and/or documents "prepared, maintained or distributed outside of the United States" because such documents are outside Defendant HMA's custody and control and are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Without waiver of objections, Defendant HMA would show that Defendant HMMA has previously produced, for inspection and copying, documents responsive to this request and, further, that Defendant HMA will produce, for inspection and

11

copying, similar documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

> *l.    Any audited, reviewed, or compiled financial statements evidencing the consolidated results of HMA and HMMA, including financial statements prepared, maintained or distributed outside of the United States from 2004 through present;*

## RESPONSE TO 1(l):

Defendant HMA specifically objects to subpart (l) and its definition of "Hyundai entity" to the extent it seeks to discover information regarding entities that are not parties to this litigation and seeks information that has no bearing on Plaintiff's theories of liability asserted in this action.    Defendant HMA further objects to the extent this document request seeks information that is outside Defendant HMA's custody or control.    Defendant HMA further objects to this request to the extent it seeks information and/or documents "prepared, maintained or distributed outside of the United States" because such documents are outside Defendant HMA's custody and control and are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    Without waiver of objections, Defendant HMA would show that Defendant HMMA has previously produced, for inspection and copying, documents responsive to this request and, further, that Defendant HMA will produce, for inspection and copying, similar documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

> *m.    All required financial or other filings with the United States government or regulatory agencies thereof within the last three years from 2004 through present; and*

## RESPONSE TO 1(m):

Without waiver of objections, Defendant HMA states that it is aware of no documents in its possession that it believes to be responsive to this request.

12

*n.    Any documents or records evidencing the sharing or allocation of assets or resources of HMMA with HMA within the State of Alabama, including but not limited to, office of building space, real estate, equipment, employees, company vehicles, or funds from 2004 through present.*

**RESPONSE TO 1(n):**

Without waiver of objections, Defendant HMA would show that Defendant HMMA has previously produced, for inspection and copying, documents potentially responsive to this request.

2.    *Organizational chart showing the management hierarchy within HMMA as well as the reporting lines of communication and control above HMMA.*

**OBJECTION:**

Defendant HMA objects to Request No. 2 because such request is global in nature, overly broad, and unduly burdensome as it contains no limitation of time, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and is asked for purposes of harassment and annoyance. Defendant HMA also objects because the organizational and management structure of Defendant HMA outside of the department at Defendant HMMA in which Plaintiff was employed is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant HMA further objects to this request because the terms "reporting lines of communication and control above HMA" are vague and subject to an unreasonable amount of conjecture. Defendant HMMA further objects to the extent said request seeks documents outside its custody or control.

Without waiver of objections, Defendant HMA will produce, for inspection and copying, the documents it believes to be responsive to this request and that it has maintained in the ordinary course of its business.

13

Dated this 18th day of January, 2008.

As to objections,

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

14

## CERTIFICATE OF SERVICE

I hereby certify that on the __18th__ of January, 2008, I served a copy of the foregoing

Response to Plaintiff's Amended Rule 30(b)(6) Deposition Notice,  Served January 4, 2008, on

behalf of HMMA via U.S. Mail, postage prepaid, and addressed as follows:

Jeffrey R. Sport, Esq.
Kilborn, Roebuck & McDonald
P.O. Box 66710
Mobile, AL  36660

Of Counsel

5440127.1

15