**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JERRY LEON DEES, JR.,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | **2:07-cv-00306-MHT-CSC** |
| ) | |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** ) | |
| **AMERICA, INC.,** ) | |
| ) | |
|     **Defendants.** ) | |

**DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC'S
OPPOSITION RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
<u>FILED JANUARY 15, 2008</u>**

Defendant Hyundai Motor Manufacturing Alabama, LLC (hereinafter "Defendant HMMA") files the following Opposition Response to Plaintiff's Motion to Compel (Doc. 90), which was filed on January 15, 2008.

**A.    Questionable "Good Faith Effort"**

1.    As this Court well knows, Rule 37 requires a motion to compel movant to certify he "has in good faith conferred or attempted to confer with the party failing to answer or respond [to a pending written discovery request] in an effort to obtain such answer or response without court action." Fed. R. Civ. P. 37(d).

2.    Though movant's pleading reflects the requisite certification, the events preceding the filing of Plaintiff's motion to compel make this motion highly suspect and, for the reasons explained below, any "good faith effort" should be considered non-existent.

3.     On January 15, 2008, at approximately 11:20 a.m., Defendant's counsel (Mr. Scofield) received a telephone call from Plaintiff's counsel (Mr. Sport). During that call, Mr. Sport told Mr. Scofield that he wanted Defendant HMMA to "clarify" its response to Request No. 7, which is the subject of the pending motion to compel.

4.     In response to Mr. Sport's telephone request, Mr. Scofield informed Mr. Sport that he believed the response to be complete. Mr. Scofield further offered to confirm the same with his client contact at Defendant HMMA. The conversation concluded by Mr. Sport informing Mr. Scofield that he "needed a response by the end of the day" and if no response was received, he would file a motion to compel.

5.     The pending motion to compel was filed at 6:17 p.m. on January 15, 2008.

6.     Defendant HMMA served the subject written discovery response on July 10, 2007. Plaintiff's counsel waited more than seven (7) months to raise this issue with Defendant HMMA's counsel and then waited less than seven (7) hours before filing a motion to compel.

7.     This is a single-Plaintiff, garden variety employment discrimination case. However, based on the questionable litigation tactics of Plaintiff's counsel, Defendant is again required to respond to another unfounded and unnecessary motion. On this basis alone, the subject motion is due to be denied. See e.g., Beckett v. Ford, 2007 WL 2891122, * 11 (N.D. Ohio) ("As far as the Magistrate can discern, Plaintiff has not made a good faith effort to resolve the dispute.").

**B.     Defendant HMMA's Objections are Valid and Its Response is Complete**

8.     Plaintiff's motion does not identify the manner in which he contends Defendant HMMA's response is allegedly deficient.

9. Defendant HMMA's document request response is accurately reprinted in Plaintiff's motion.[1] Defendant HMMA's objections regarding the overly broad and vague nature of this request, as well as the undue burden associated with it, are clearly well-founded under the rules of discovery. See, e.g. Freedman v. Lincoln Nat. Life Ins. Co., 2005 WL 2850307, * 2 (M.D. Fla.) ("As the request is not naturally divisible into objectionable and unobjectionable items or otherwise easily remediable, the Court will not attempt to redraft it.")

10. Without waiver of objections, Defendant HMMA provided responsive documents related to discipline imposed on those employees who had been discovered purposely sleeping on the job, and Defendant HMMA stands by that response. Defendant HMMA respectfully reminds the Court that its legitimate non-discriminatory reason for terminating Plaintiff's employment was that he was found to have been purposefully sleeping on the job.

11. Plaintiff has taken the depositions of multiple HMMA management witnesses, and Defendant HMMA is unaware of any deposition testimony which could be interpreted as inconsistent with its response and documents produced. Indeed, Plaintiff's motion to compel does not offer any such testimony which would challenge the integrity of its response.

12. Because Defendant HMMA's response is complete and it has identified (and provided discipline documents) regarding any employee found intentionally sleeping on the job, Plaintiff's motion to compel is due to be denied.

THEREFORE, for good cause shown, Defendant HMMA requests that this Court enter an Order denying Plaintiff's motion to compel. (Doc. 90). Defendant HMMA also requests that

---

[1] Consistent with the terms of the Protective Order, the non-party personnel materials responsive to this request were marked as "Confidential" and delivered to Plaintiff's counsel on September 11, 2007.

3

the Court award it the reasonable attorney's fees and expenses required to defend against this unnecessary and meritless motion.

Respectfully submitted this the 28th day of January, 2008.

/s/  J. Trent Scofield
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com
Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Granted 5/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of January, 2008, I electronically filed the foregoing *Opposition Response to Plaintiff's Motion to Compel Filed January 15, 2008* on behalf of Defendant Hyundai Motor Manufacturing Alabama, LLC with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey R. Sport, T. Scott Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com