IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | |
|---|---|
| JERRY LEON DEES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:07cv306-MHT |
| ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, and HYUNDAI ) | |
| MOTOR AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

## <u>ORDER ON PRETRIAL HEARING</u>

A pretrial hearing was held in this case on February 20, 2008, wherein the following proceedings were held and actions taken:

1. <u>PARTIES AND TRIAL COUNSEL:</u>
Vincent F. Kilborn, III, David A. McDonald, W. Perry Hall and Jeffrey R. Sport of Kilborn, Roebuck and McDonald, Mobile, Alabama, represent Plaintiff Jerry Leon Dees, Jr.

Defendants Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc. are represented by Timothy A. Palmer and J. Trent Scofield. Mr. Palmer and Mr. Scofield practice in the Birmingham office of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

2. <u>JURISDICTION AND VENUE:</u>

Jurisdiction is proper because this action arises under the Uniformed Services Employment and Reemployment Rights Act of 1994 § 2(a), 38 U.S.C.A. §§ 4301 et seq.

Venue is proper over Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), as it maintains its principle place of business in Montgomery County, Alabama. Venue is also proper over Defendant Hyundai Motor America, Inc. ("HMA"), as it is qualified to do business in Alabama, has its registered agent in Montgomery, Alabama, and consistently maintains significant inventory in Montgomery County, Alabama.

The parties agree that the Court may exercise supplemental jurisdiction over Dees' state law claims pursuant to 28 U.S.C. § 1367.

3. <u>PLEADINGS:</u>

The following pleadings and amendments were allowed:

(a) Plaintiff's complaint (Doc. 2);
(b) Defendant HMMA's answer (Doc. 7); and
(c) Defendant HMA's answer (Doc. 17).

4. <u>CONTENTIONS OF THE PARTIES:</u>
   a. The Plaintiff contends the following:
      i. <u>Plaintiff's USERRA Claim</u>

Dees contends that he is a member of the uniformed services covered by USERRA, 38 U.S.C.A. §§ 4301 et seq. Dees contends that HMMA violated his civil rights as set forth by USERRA, and that he is entitled to compensatory,

punitive and/or liquidated damages, attorneys' fees, interest and court costs under USERRA, 38 U.S.C.A. § 4323.

Dees also contends that he is entitled to relief because of the spoliation of evidence by HMMA. Defendants do not deny that these documents were destroyed by HMMA; they simply argue that Plaintiff did not identify these documents as relevant in their initial disclosures. As previously argued by Plaintiff, the daily reports, prepared by each stamping maintenance team member each day and compiled in the maintenance office, would prove that Dees worked in the pit far more frequently than any of his co-workers. These documents were destroyed by HMMA after suit was filed by former HMMA employee Greg Prater, who was himself a material witness to the events now the subject of this lawsuit. Defendants never informed Plaintiff about the destruction. Instead, Defendants now argue that Plaintiff cannot prove that Dees worked in the pit more than anybody else, and is seeking to strike the declarations of Dees and his co-workers that declared that Dees worked in the pit more than anyone else, and claim that there is no other evidence supporting this contention, while knowing that the daily reports no longer exist. Plaintiff has shown that the daily reports existed, that the daily reports were responsive to Plaintiff's requests for production and otherwise relevant to Plaintiff's claims

3

and should have been preserved by HMMA, and that the daily reports are crucial evidence of HMMA's harassment of Dees. Plaintiff, therefore, contends that he is entitled to a variety of relief, as allowed by the law and as the Court sees fit, including appropriate jury charges regarding what the jury can infer from the destruction of the reports, a directed verdict on liability on Plaintiff's USERRA and outrage claims, striking of the Defendants' defenses, striking Defendants' answers to Plaintiff's complaint, striking Defendants' motion for summary judgment, disallowing of Defendants' evidence, and/or monetary sanctions against the Defendants.

ii. Plaintiff's Outrage Claim

Dees contends that HMMA created a harassing environment and subjected Dees to a pattern of harassment regarding Dees' membership in the Guard and Dees' Guard service obligations, and that Dees' termination by HMMA was the culmination of the protracted pattern of harassment related to Dees' Guard membership and requisite Guard service obligations, and therefore, violated the public policy of Alabama with respect to the employment of military reserve personnel. Dees also contends that the specific acts of harassment perpetrated by Hyundai were extreme and outrageous conduct.

4

Dees further contends that, as a result of Hyundai's extreme and outrageous conduct, Dees has suffered severe emotional distress, and is entitled to compensatory and punitive damages, reasonable attorneys' fees and court costs, and other relief as the Court finds appropriate.

iii. <u>Plaintiff's Conversion Claim</u>

Dees contends that HMMA converted Dees' personal belongings that HMMA refused to allow Dees to collect when HMMA wrongfully terminated Dees, and then never returned them to him later, and that Dees is entitled to compensatory and punitive damages, reasonable attorneys' fees and court costs, and other relief as the Court finds appropriate.

iv. <u>Plaintiff's Claims Against Hyundai Motor America, Inc. ("HMA")</u>

Dees contends HMA and HMMA are an integrated enterprise, or are the alter ego or mere instrumentality of one another, to such an extent that HMA should be deemed Dees' employer under USERRA and, therefore, Dees asserts similar claims to the above against HMA.

b. The Defendants contend the following:

The Defendants are Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA").

Defendant HMA contends that it is entitled to judgment in its favor because Plaintiff cannot prove that HMA was Plaintiff's "employer," "joint employer," and/or an "alter ego/mere instrumentality" under any

5

theory of liability as applied to any claim presented by Plaintiff. In the event the Court was to deny Defendant HMA's pending dispositive motion and out of an abundance of caution, Defendant HMA has joined Defendant HMMA in the presentation of additional contentions which are stated below.

    1.   <u>USERRA Claim</u>

Defendants contend that they are entitled to judgment in their favor on Plaintiff's USERRA claim because Plaintiff cannot challenge the legitimate, non-discriminatory reason for the termination of his employment. Defendants state that Plaintiff's employment was terminated after he was determined to have violated its Serious Misconduct Policy by intentionally sleeping on the job. Defendants further state that, according to the Serious Misconduct Policy, termination is an appropriate penalty for a serious misconduct offense.

Defendants contend that Plaintiff's military service played no role in any adverse employment action taken again him. Defendants state that Plaintiff's military service was certainly not a motivating factor in any adverse employment action, and Defendants can prove that the same action would have been taken in the absence of Plaintiff's military

service. 38 U.S.C. § 4311 (c). Defendants further contend that Plaintiff cannot offer any facts that prove the decision to terminate his employment was not based on a good faith belief that Plaintiff had engaged in serious misconduct by intentionally sleeping on the job.

Defendants contend that Plaintiff cannot state a claim for USERRA "hostile work environment" and/or "harassment" under existing law and that Plaintiff has abandoned any such claim based on his failure to respond to Defendants' challenge at the summary judgment stage. Defendants further state that the alleged "harassment" claimed by Plaintiff does not constitute an adverse employment action, nor was such alleged harassment severe or pervasive.

Defendants contend that Plaintiff's USERRA claim also fails because the alleged discrimination, which Defendants deny occurred, was allegedly undertaken by a fellow member of the military service. Therefore, there can be no unlawful animus based on a shared protected classification.

In response to Plaintiff's contention regarding the alleged spoliation of evidence, Defendants vigorously deny such allegations and

further deny that Plaintiff is entitled to any of the relief which he seeks regarding the same.

 2.  State Law Claims

 Defendants contend that they are entitled to judgment in their favor on the outrage and conversion claims asserted by Plaintiff.

 Regarding the outrage claim, Defendants contend that Plaintiff cannot offer any facts that would prove that Defendants' alleged conduct: (1) was intentional or reckless, (2) was extreme and outrageous, and (3) caused emotional distress so severe that no reasonable person could be expected to endure it. Harrelson v. R.J., 882 So. 2d 317, 321 (Ala. 2003). Plaintiff certainly cannot prove that any of Defendants' alleged conduct was "so outrageous and so extreme in degree as to go beyond all possible bounds of decency, and . . . be regarded as atrocious and utterly intolerable in a civilized society." American Road Service Co. v. Inmon, 394, So. 2d 361, 365.

 Regarding the conversion claim, Defendants contend that Plaintiff cannot offer any facts that would prove he had "general or special title" to the alleged personal property in his locker or "the immediate right to possession of" such property. Lapeyrouse Grain Corp. v. Tallant, 439

**8**

So. 2d 105, 108 n. 1 (Ala. 1983).  Defendants further contend that Plaintiff cannot offer any facts that would prove that, if one of Defendants' agents committed an alleged unlawful "conversion," that such an act was: (1) in the line and scope of the agent's employment, or (2) that the agent's actions were in furtherance of Defendants' business, or (3) that Defendants participated in, authorized or ratified the agent's actions. <u>Joyner v. AAA Cooper Transportation</u>, 477 So. 2d 364, 365 (Ala. 1985).

3.    <u>Additional Defenses</u>

Defendants have also asserted the following additional defenses in response to Plaintiff's claims:

•    Plaintiff's Complaint fails to state a claim in whole or part upon which relief can be granted against both HMMA and HMA and, therefore, should be dismissed.•    To the extent Plaintiff is found to have failed to mitigate his alleged damages, his claim for backpay must be dismissed.•    Plaintiff's claims are barred or limited by application of the doctrines of *in pari delicto* and/or unclean hands.

•    Any adverse employment action taken against Plaintiff was based upon Defendants' good faith assessment of Plaintiff's misconduct and was not based upon any unlawful reason.

9

• **All of Defendants' decisions regarding Plaintiff's employment were motivated by legitimate, non-discriminatory and non-retaliatory reasons unrelated to Plaintiff's uniformed service.**

• **Plaintiff's alleged military service was not a motivating factor for any adverse employment action taken against Plaintiff.**

• **Defendants' conduct toward Plaintiff was at all times in good faith and was not willful, intentional or discriminatory.**

• **At all times relevant to this action, Plaintiff's employer, Defendant HMMA, maintained and enforced policies consistent with USERRA.**

• **Plaintiff was at all times an "at will" employee of Defendant HMMA.**

• **Some or all of Plaintiff's claims may be barred by doctrines of estoppel or waiver.**

• **Defendants deny that any of their actions have proximately caused any mental anguish or emotional distress to Plaintiff.  To the extent Plaintiff has suffered any alleged mental anguish or emotional distress, it was caused by factors unrelated to Plaintiff's employment.**

• **Plaintiff is not entitled to an award of punitive damages against Defendants to the extent that such an award is barred by the Constitution of the United States and the Constitution of the State of**

Alabama.  HMMA further alleges that any award of punitive damages would violate that prohibition against excessive fines found in the Eighth Amendment of the Constitution of the United States as applied to the state by way of the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.  Further, any award of punitive damages would violate the guaranty of due process found in the Fourteenth Amendment to the Constitution of the United States because of the lack of objective guidelines on which a jury might base its award and further that such guidelines to the extent that they exist are arbitrary and void for vagueness.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES:**

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last three days, are set for April 14, 2008, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama, 36104.

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs are required to be filed by April 9, 2008;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 19) entered by the court on May 25, 2007; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be

binding on all parties unless this order be hereafter modified by order of the court.

DONE, this the 22nd day of February, 2008.

___/s/ Myron H. Thompson___
**UNITED STATES DISTRICT JUDGE**