IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>HYUNDAI MOTOR MANUFACTURING )<br>ALABAMA, LLC, and HYUNDAI )<br>MOTOR AMERICA, INC., )<br>)<br>Defendants. ) | **CASE NO.**<br>**2:07-cv-00306-MHT-CSC** |

**PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SECOND NON-PARTY SUBPOENA TO INTERNATIONAL PAPER**

Plaintiff, JERRY LEON DEES, JR. ("Dees"), and, pursuant to Rules 45(c)(3)(A) of the Federal Rules of Civil Procedure, files his objections to the issuance of Defendants' non-party subpoena for the production of documents to the Custodian of Personnel Records, International Paper Co., seeking additional employment records of Plaintiff. As grounds for this motion, the Plaintiff submits the following:

1. On March 4, 2008, Plaintiff received notice that Defendants intend to serve another non-party subpoena on Plaintiff's current employer, International Paper Co., seeking the employment records of Plaintiff. See Exhibit A hereto.

2. Discovery in this case ended on January 15, 2008, per order of this Court (Doc. 63).

3. Through an agreement of the parties, Defendants deposed Plaintiff's expert, Robert Hall, CPA, on January 28, 2008, after the expiration of the discovery deadline. Mr. Hall, at his deposition, provided Defendants with a supplemental expert report containing revised

- 1 -

- 2 -

calculations of Plaintiff's compensatory damages based upon the most current salary and benefit information available at that time. Mr. Hall's entire file, including these updated earnings and benefits figures and other information of Plaintiff, were made available to Defendants at that time. Mr. Hall's file contained the exact type of information now sought again by Defendants in their second non-party subpoena to International Paper.

4. Further, Defendants deposed Plaintiff on November 20, 2007. Defendants knew at that time, if they did not know earlier, that Plaintiff worked for International Paper. Defendants had until January 15, 2008, almost two months, to issue a subpoena to International Paper for these records, but failed to do so.

5. The majority of federal courts that have addressed the issue of the treatment of a Rule 45 subpoena issued after the discovery deadline have held them to be discovery devices subject to a scheduling order's discovery deadlines. *Dryer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001). The references in Rules 26(a)(5) and Rule 34 to Rule 45 non-party subpoenas provide "a clear indication that procuring documents from third parties can constitute discovery." *Id.* at 123.

6. Because the discovery period has been closed for almost two months, the Defendants had ample opportunity to issue this non-party subpoena before the end of discovery, and because Defendants have been provided essentially this same information through January 28, 2008, the date of Mr. Hall's deposition, Defendants' second non-party subpoena to International Paper is due to be quashed.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff respectfully moves the Court to order the Clerk of Court to deny issuance of the Defendants' proposed subpoena directed to the Custodian of Personnel Records, International Paper Co.

- 3 -

                                        s/ Jeffrey R. Sport_____
                                        Jeffrey R. Sport (SPORJ5390)

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
E-mail: jeff.sport@sportlaw.us

                                      **Attorney for Plaintiff**

### CERTIFICATE OF SERVICE

     I do hereby certify that I have on this 6th day of March, 2008, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Timothy A. Palmer, Esq.
J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

                                        s/ Jeffrey R. Sport_____
                                        COUNSEL



# Ogletree Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

The Ogletree Building
300 North Main Street (29601)
Post Office Box 2757
Greenville, South Carolina 29602

Phone:  864.271.1300
Fax:    864.235.8806
www.ogletreedeakins.com

## FACSIMILE TRANSMITTAL

| DATE: | March 4, 2008 | TOTAL PAGES: | 2 (includes cover page) |
|---|---|---|---|
| TO: | Jeffrey R. Sport | FROM: | Glenda Coppock, Legal Assistant |
| COMPANY: | Kilborn, Roebuck & McDonald | PHONE: | 205-714-4400 |
| FAX: | 251.479.6747 | CLIENT/MATTER NO.: | 6363.34 |
| PHONE: |  | PHONE CODE: |  |

Original to follow in mail:     Yes ☐     No ☒

If problems arise with receipt of this transmission, please contact:

NOTES:

Attached is a copy of a subpoena we're sending to International Paper to obtain updated records since the prior subpoena.

Atlanta • Austin • Birmingham • Bloomfield Hills • Charleston • Charlotte • Chicago • Cleveland • Columbia • Dallas • Greensboro • Greenville • Houston • Indianapolis • Jackson • Kansas City
Los Angeles • Memphis • Miami • Morristown • Nashville • Philadelphia • Phoenix • Pittsburgh • Raleigh • St. Louis • St. Thomas • San Antonio • Tampa • Torrance • Tucson • Washington

***CONFIDENTIALITY NOTICE:*** *This message and the documents accompanying this facsimile are legally privileged, confidential, and exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, please be advised that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If this communication has been received in error, please notify us by telephone immediately to arrange for the return of the original documents to us. Thank you.*

# Ogletree Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, AL 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

**J. TRENT SCOFIELD**
Direct Dial: (205) 714-4422
E-mail: trent.scofield@odnss.com

March 4, 2008

**VIA FACSIMILE - 251-479-6747:**
Jeffrey R. Sport, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
Mobile, AL 36606

Re:   <u>Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.</u>

Dear Jeff:

    Enclosed is a copy of a subpoena we are serving on International Paper requesting updated records since the date of their last production in October, 2007.

Very truly yours,

J. Trent Scofield

JTS/gc
Enclosure

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

JERRY LEON DEES, JR.,

    Plaintiff,

v.

HYUNDAI MOTOR MANUFACTURING
ALABAMA, LLC, and HYUNDAI MOTOR
AMERICA, INC.,

    Defendants.

SUBPOENA IN A CIVIL CASE

Pending in the USDC for the
Middle District of AL (Northern Div)
Case No.: 2:06-cv-00306-MHT-CSC

TO:    Custodian of Personnel Records
         International Paper Co. – Legal Dept.
         6400 Poplar Ave.
         Memphis, TN 38197

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | * |
|  | DATE AND TIME |
|  | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **A certified copy of all employment records including, but not limited to, personnel file, payroll records and W2 statements, applications, evaluations or performance reviews, disciplinary information and records, attendance records, termination files, and any other records concerning the employment of Jerry Leon Dees, Jr. (SSN: 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, DOB – 1/19/65) from October 12, 2007 to the present.**

| PLACE: Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>One Federal Place, Suite 1000<br>1819 5th Avenue North<br>Birmingham, Alabama 35203-2118 | DATE AND TIME<br>March 18, 2008<br>9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>[signature] J. Trent Scofield, Esq. Attorney for Defendant | DATE<br>March 4, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
J. Trent Scofield, Esq. - Ogletree, Deakins, Nash, Smoak & Stewart, P.C.    205-328-1900
One Federal Place, Suite 1000, 1819 5th Avenue North, Birmingham, AL 35203-2118

## PROOF OF SERVICE

| SERVED | DATE<br>March 4, 2008 | PLACE<br>International Paper – Legal Dept. |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE<br><br>Fax  (910) 419-6871 |
| SERVED BY (PRINT NAME)<br>J. Trent Scofield, Esq. | | TITLE<br><br>Attorney for Defendant |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER


ADDRESS OF SERVER
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama  35203-2118

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.