**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **JERRY LEON DEES, JR.,** | |
| **Plaintiff,** | |
| | **CIVIL ACTION NO.:** |
| **v.** | **2:07-cv-00306-MHT-CSC** |
| **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC.,** | |
| **Defendants.** | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO QUASH DEFENDANTS' SECOND NON-PARTY**
**SUBPOENA TO INTERNATIONAL PAPER**

COME NOW Defendants, Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), by and through their undersigned counsel, and herewith respond to *Plaintiff's Motion to Quash Defendants' Second Non-Party Subpoena to International Paper* (Doc. 125) ("Plaintiff's Motion to Quash"), filed on March 6, 2008 by Plaintiff Jerry Leon Dees, Jr. ("Plaintiff"), as follows:

Plaintiff's Motion seeks to quash a subpoena served by Defendants upon Plaintiff's current employer, a non-party, International Paper. Plaintiff's Motion to Quash fails to address the fact that the challenged subpoena facsimile cover sheet and transmittal letter plainly state that Defendants are merely seeking "updated" records from International Paper. (See Plaintiff's Motion to Quash, Exhibit A). The subpoena at issue was designed to obtain updated records from International Paper, from whom records had previously been requested pursuant to a subpoena dated June 8, 2007. A copy of the original subpoena and cover letter to Plaintiff's

counsel are attached hereto as **Exhibit A**. Plaintiff ignores the significant fact that Defendants served a timely subpoena to International Paper well within the original discovery deadline. As noted in Exhibit A to Plaintiff's Motion to Quash, the original documents received from International Paper were received in October 2007. Because Plaintiff's wages and employment opportunities since October 2007 through trial are relevant to the back pay and future economic loss damages he has requested, such information is both relevant and discoverable.

Plaintiff's Motion to Quash fails for several reasons. Plaintiff's Motion to Quash fails to address, or meet, any of the required bases for quashing a subpoena pursuant to Rule 45(c)(3). Additionally, Plaintiff lacks standing to seek the relief requested. Finally, although the subpoena at issue was served after the discovery deadline, this situation is distinct from the only case Plaintiff cites in support of his argument that the subpoena is a discovery device prohibited by this Court's Scheduling Order. Each of these points is addressed further below.

I.     <u>**Plaintiff's Motion to Quash fails to address any of the required bases for quashing a subpoena pursuant to Rule 45(c)(3).**</u>

Rule 45(c)(3) outlines specific bases upon which a court may quash or modify a subpoena. An issuing court must quash or modify a subpoena if:

    (1)     "it fails to allow a reasonable time to comply";

    (2)     "it requires a person who is neither a party nor a party's officer to travel more than 100 miles . . .";

    (3)     "it requires disclosure of privileged or other protected matter . . ."; or

    (4)     "it subjects a person to undue burden."

Rule 45(c)(3)(A)(i)-(iv). Additionally, the issuing court is permitted to quash or modify a subpoena if it requires:

2

(1)    disclosing a trade secret or other confidential research, development, or commercial information;

(2)    disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute . . ."; or

(3)    a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial."

Rule 45(c)(3)(B)(i)-(iii).

Plaintiff's Motion to Quash fails to address any of the mandatory or permissive bases to quash or modify a subpoena.  Indeed, the relief sought by Plaintiff lacks even a remote relationship to any one of these factors.  Accordingly, Plaintiff's Motion to Quash should be denied.

## II.    Plaintiff lacks standing to seek the relief requested.

In this case, Plaintiff previously made the argument that Defendants lacked standing to object to the issuance of a non-party subpoena.  See, Plaintiff's Response in Opposition to Defendants' Motion to Quash Non-party Subpoena to Alabama Psychiatric Services in Saeed Shah, M.D. (Doc. 74), citing In re: Rum Marketing International, Ltd., 2007 U.S. Dist. LEXIS 681 (S.D. Fla. 2007), and Brown v. Braddick, 595 F.2d 967 (5th Cir. 1979).  Although factually distinct from and inapplicable to the present situation, Plaintiff's previous argument that Defendants have no standing to seek such relief is relevant here.  As Plaintiff previously argued against Defendants and to this Court, he is not "in possession of the subpoenaed materials" and he does not have "a personal right or privilege that should be enforced…."  Id.  Plaintiff seeks to prevent Defendants from obtaining updated, relevant and otherwise discoverable and admissible information concerning his current employment, wages, and benefits, all of which are critical elements to Plaintiff's claim for damages in this matter.

3

III.     **This situation is distinct from the case Plaintiff cites in support of his argument that the subpoena is a discovery device subject to this Court's Scheduling Order.**

Plaintiff cites a single case from the Northern District of Indiana in support of his position that the "majority of federal courts that have addressed the issue of the treatment of a Rule 45 subpoena issued after the discovery deadline have held them to be discovery devices subject to a scheduling order's discovery deadlines." (Plaintiff's Motion to Quash, ¶ 5, <u>citing</u> <u>Dreyer v. GACS, Inc.</u> 204 FRD 120, 122 (Ind. 2001). Plaintiff fails to cite any other authority, much less any precedent relevant to this Court. Further, this should not be construed to suggest that a majority of courts favor Plaintiff's argument. The <u>Dreyer</u> opinion recognizes that courts are split regarding whether pretrial subpoenas constitute general "discovery" within the meaning of Rules 26 and 34. <u>Dreyer</u>, 204 F.R.D. at 122. Defendants' research has not discovered an Eleventh Circuit decision on point with this issue.

Furthermore, this situation is significantly different from the situation in <u>Dreyer</u>, or any of the other cases that have resulted in subpoenas issued after the discovery deadline being quashed, because it merely involves <u>updating</u> records related to an original subpoena issued prior to the discovery deadline. Unlike discovery pursuant to Rules 26, 33, and 34, non-parties do not have a duty to seasonably supplement responses to subpoenas. Thus, Defendants merely sought to serve an additional subpoena to ensure receipt of records as reasonably close to trial as possible, to ensure completeness, but sufficiently prior to trial to allow International Paper a reasonable time to respond. Defendants should not be punished by the fact that the discovery deadline is approximately three months prior to trial. Further, Defendants should not be prohibited from obtaining relevant information related to Plaintiff's subsequent employment, wages, and benefits, all of which are key elements of Plaintiff's claim for damages.

Plaintiff's arguments would be more persuasive had the subpoena to which Plaintiff objects not been a <u>second</u> subpoena designed to simply <u>update</u> records subpoenaed approximately eight (8) months previously.  Given this distinction, and in light of the relevance of the updated records being requested by Defendants with respect to Plaintiff's alleged damages, updated records should be allowed as a matter of justice and fairness.

Respectfully submitted this the 18th day of March, 2008.

<div style="margin-left:40%">

/s/  J. Trent Scofield_____

Timothy A. Palmer (PAL-009)

J. Trent Scofield (SCO-024)

T. Scott Kelly (KEL-053)

OGLETREE, DEAKINS, NASH,

  SMOAK & STEWART, P.C.

One Federal Place, Suite 1000

1819 Fifth Avenue North

Birmingham, AL 35203-2118

Tel.: (205) 328-1900

Fax: (205) 328-6000

E-mail: timothy.palmer@odnss.com

E-mail: trent.scofield@odnss.com

E-mail: scott.kelly@odnss.com


Matthew K. Johnson

OGLETREE, DEAKINS, NASH,

  SMOAK & STEWART, P.C.

P.O. Box 2757

Greenville, SC  29602

Tel.: (864) 271-1300

Fax: (864) 235-8806

E-mail: matthew.johnson@odnss.com

**Pro Hac Granted 5/15/07**


Attorneys for Defendants Hyundai Motor

Manufacturing Alabama, LLC and

Hyundai Motor America, Inc.

</div>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 18th day of March, 2008, I electronically filed the foregoing *Defendants' Response in Opposition to Plaintiff's Motion to Quash Defendants' Second Non-Party Subpoena to International Paper* on behalf of Defendants Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey R. Sport, T. Scott Kelly, Matthew K. Johnson and Timothy A. Palmer.

/s/ J. Trent Scofield
Of Counsel

5552323.1

# Jerry Dees v. HMMA and HMA
## 2:07-cv-00306-MHT-CSC

# EXHIBIT   A

**Defendants' Response in Opposition to Plaintiff's Motion to Quash Defendants' Second Non-Party Subpoena to International Paper**

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **JERRY LEON DEES, JR.,** | **SUBPOENA IN A CIVIL CASE** |
| **Plaintiff,** | |
| v. | **PENDING IN THE USDC FOR THE NORTHERN DISTRICT OF AL (NORTHERN DIVISION)** |
| **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC.,** | **Case No.: 2:06-cv-00306-MHT-CSC** |
| **Defendants.** | |

TO:     Custodian of Personnel Records
         International Paper Co. – Legal Dept.
         6400 Poplar Ave.
         Memphis, TN  38197
         Attn:  Kevin J. Mencke, Esq.

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | * |
| | DATE AND TIME |
| | * |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **A certified copy of all employment records including, but not limited to, personnel file, payroll records and W2 statements, applications, evaluations or performance reviews, disciplinary information, attendance records, termination files, and any other records concerning the employment of Jerry Leon Dees, Jr. (SSN: 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, DOB – 1/19/65) from approximately 1999 to 2005, at International Paper's Thorsby, AL plant.**

| PLACE: Ogletree, Deakins, Nash, Smoak & Stewart, P.C. One Federal Place, Suite 1000 1819 5th Avenue North Birmingham, Alabama 35203-2118 | DATE AND TIME June 22, 2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| T. Scott Kelly, Esq. Attorney for Defendant | June 8, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

T. Scott Kelly, Esq. - Ogletree, Deakins, Nash, Smoak & Stewart, P.C.     205-328-1900
One Federal Place, Suite 1000, 1819 5th Avenue North, Birmingham, AL  35203-2118

## PROOF OF SERVICE

| SERVED | DATE<br>June 8, 2007 | PLACE<br>International Paper – Legal Dept. |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE<br><br>Fax – 901-214-1941 |
| SERVED BY (PRINT NAME)<br>T. Scott Kelly, Esq. | | TITLE<br><br>Attorney for Defendant |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
              DATE

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama  35203-2118

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



**Ogletree Deakins**
ATTORNEYS AT LAW

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile:  205.328.6000
www.ogletreedeakins.com

GLENDA. C. COPPOCK, Legal Assistant
Direct Dial: (205) 714-4400
E-mail: glenda.coppock@odnss.com

June 8, 2007

Vincent F. Kilborn, III, Esq.
Kilborn, Roebuck & McDonald
P.O. Box 66710
Mobile, AL  36660

Jeffrey R. Sport, Esq.
Jeffrey R. Sport, P.C.
8475 Sterling Drive
Mobile, AL  36695-3619

Re:   Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.
        In the U. S. District Court of Alabama, Middle District of Alabama
        Civil Action No.:  2:07-cv-00306-MHT-CSC

Dear Sirs:

Enclosed are copies of subpoenas we are serving in the above case to International Paper Co., Simcala Inc. and Miller Mechanical Services, Inc.  We will, of course, provide copies of any records we receive from the subpoenas and ask you to provide us with copies of any records documents you obtain through subpoenas or authorizations in this case.

Very truly yours,

*Glenda C. Coppock*

Glenda C. Coppock
Legal Assistant

/gc
Enclosures
cc:    T. Scott Kelly, Esq.

# INTERNATIONAL ⟨A⟩ PAPER

**Dawn Y. Myles**
Records Management Coordinator
Direct (901) 419-3908
Fax (901) 419-3854

International Place II
6400 Poplar Avenue
Memphis, TN 38197

October 12, 2007

**VIA FEDEX OVERNIGHT DELIVERY**

Glenda C. Coppock, Legal Assistant
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
One Federal Place
1819 5ᵗʰ Avenue N.
Suite 1000
Birmingham, AL 35203

                        Re:    **Subpoena Request for Leon Dees, Jr.**
                               Case #: 2:06-cv-00306-MHT-CSC

Dear Ms. Coppock:

        In response to the above-referenced subpoena, please find enclosed documents
that relate to Mr. Dees' employment with International Paper Company.  I have enclosed
all requested records in our possession regarding Mr. Dees.

        I am not the custodian of records, only the person within the legal department
assigned to complete the task of requesting all records needed to comply with subpoenas
and records requests upon receipt of such documents.  These records are authentic and
kept in the regular course of business within our corporation. This letter is notarized for
authenticity purposes.

        Finally, pursuant to your subpoena, a representative of International Paper is not
expected to appear for the production of any records nor is International Paper Company
a party in the lawsuit.

        If you have any questions, please do not hesitate to call.

                        Sincerely,

                        Dawn Y. Myles

\dym
Enclosure

                        MY COMMISSION EXPIRES
                        October 26, 2010

*JOANNE N. WRIGHT
STATE OF TENNESSEE
NOTARY PUBLIC
SHELBY COUNTY*

DEES V HMMA 00078  SUBPOENA DOCS



OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

One Federal Place
1819 Fifth Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: 205.328.1900
Facsimile: 205.328.6000
www.ogletreedeakins.com

**Glenda C. Coppock, Legal Assistant**
Direct Dial: (205) 714-4400
E-Mail: glenda.coppock@odnss.com

October 18, 2007

Jeffrey R. Sport, Esq.
Vincent F. Kilborn, III, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
PO Box 66710
Mobile, AL  36660

Re:    **Dees v. Hyundai Motor Manufacturing Alabama, LLC, et al.**

Gentlemen:

Enclosed is a copy of the documents we received from our subpoena to International Paper (Bates Nos. 00078 through 00365).  Please forward your check in the amount of $43.20 as reimbursement for these copies (288 pages X $.15).

Very truly yours,

*Glenda C. Coppock*

Glenda C. Coppock
Legal Assistant

/gc
Encls.
cc:    Matthew K. Johnson, Esq. (w/encls)
       J. Trent Scofield, Esq.

---

Atlanta, GA ▪ Austin, TX ▪ Birmingham, AL ▪ Charleston, SC ▪ Charlotte, NC ▪ Chicago, IL ▪ Columbia, SC ▪ Dallas, TX ▪ Greensboro, NC ▪ Greenville, SC ▪ Houston, TX ▪ Indianapolis, IN ▪ Kansas City, MO

Los Angeles, CA ▪ Miami, FL ▪ Morristown, NJ ▪ Nashville, TN ▪ Phoenix, AZ ▪ Raleigh, NC ▪ St. Thomas, VI ▪ San Antonio, TX ▪ Tampa, FL ▪ Torrance, CA ▪ Tucson, AZ ▪ Washington, DC