IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:07-CV-306-MHT |
| | ) | |
| HYUNDAI MOTOR MANUFACTURING | ) | |
| ALABAMA, LLC, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

On March 25, 2008, the court heard argument on the plaintiff's motion to quash a FED.R.CIV.P. 45 document subpoena issued by the defendants to International Paper Co. requesting the production of "updated" records about the plaintiff's current employment with the company. The information sought is about the plaintiff's wages and other information relevant to the plaintiff's damage calculations. The plaintiff argues that the subpoena should be quashed because it was served after the January 15, 2008, discovery deadline established by the court. (doc. # 63). In response,[1] the defendants argue that even if the subpoena is properly considered a discovery device, it merely seeks updated information which is permissible in this instance because it is akin to the requirement

---

[1] The defendants also contend that the motion to quash fails because the plaintiff did not demonstrate compliance with FED.R.CIV.P. 45(c)(3) and the plaintiff lacks standing to seek the relief requested. These arguments are unpersuasive. While FED.R.CIV.P. 45(c)(3) sets out various grounds upon which a subpoena may be quashed, nothing in the rule compels the conclusion that the 45(c)(3) grounds are the exclusive basis upon which a court may act. As to the plaintiff's "standing" to contest the subpoena, even though he may not have possession of the documents sought, the documents are his employment records in which he certainly has an interest sufficient to support the requested protection of the court.

imposed on parties to supplement prior disclosures. *See* FED.R.CIV.P. 26(e). The defendants contend that because no similar duty is imposed on non-parties, it is appropriate to utilize FED.R.CIV.P. 45 to accomplish the same end.

The supplementation argument fails. The subpoena at issue requests employment records for the plaintiff from October 12, 2007, to the present. The subpoena issued in June 2007 requests employment records of the plaintiff "from approximately 1999 to 2005, at International Paper's Thorsby, AL plant." At argument, counsel agreed that the plaintiff was not continuously employed by International Paper and after 2005 there was a break in his employment. Given this fact and the specificity of the June 2007 request, characterization of the second subpoena as a request for updated information borders on the disingenuous. The subpoena seeks new information about the plaintiff's new employment with International Paper.

If the subpoena is properly considered a discovery device, it is untimely because it was served after the discovery deadline. Plainly, the majority rule is that a FED.R.CIV.P. 45 subpoena does in fact constitute discovery. *See Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir.1995), *Mortg. Info. Serv., Inc. v. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C.2002); *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D. Ind. 2001); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D.Cal.1999); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla.1995); 7 MOORE'S FEDERAL PRACTICE § 34.03[2][a]; 9A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2452 (3rd ed.2008). *But see O'Boyle v. Jensen*, 150 F.R.D. 519 (M.D.Pa.

1993). Thus, the court concludes that the subpoena is untimely and is due to be quashed.

During argument the court inquired about whether discovery was sought from the plaintiff about his damages. The consensus of counsel was that this type discovery was sought from the plaintiff. Thus, while the court will quash the subpoena, the court will order the plaintiff to insure that he has provided supplemental responses to discovery in compliance with FED.R.CIV.P. 26(e)(1) and to serve on the defendants a written notice to that effect on or before April 4, 2008. Accordingly, it is

ORDERED as follows:

1. That the motion to quash (doc. # 125) be and is hereby GRANTED.

2. That on or before April 4, 2008, the plaintiff shall serve on the defendant a written notice of compliance with FED.R.CIV.P. 26(e)(1).

Done this 25th day of March, 2008.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE