**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JERRY LEON DEES, JR.,**<br><br>      Plaintiff,<br><br>v.<br><br>**HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC.,**<br><br>      Defendants. | **CIVIL ACTION NO.:**<br>**2:07-cv-00306-MHT-CSC** |

**DEFENDANTS' MOTION IN LIMINE AND SUPPORTING AUTHORITIES
REGARDING OPINION TESTIMONY BY PLAINTIFF OR OTHERS**

Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), through undersigned counsel, respectfully move this Court *in limine* for an Order directing Plaintiff, his witnesses, and his attorneys not to mention or bring before the jury, either directly or indirectly, upon voir dire, reading of the pleadings, statement of the case, interrogation of witnesses, argument, or objections before the jury any of the following without first having called such matters to the Court's attention, out of the presence of the jury, and obtained a favorable ruling as to the admissibility of the matters identified herein.

This motion specifically seeks to exclude: (a) any and all testimony from Plaintiff or other witnesses as to their subjective beliefs or opinion that the Plaintiff has been discriminated against and/or unlawfully harassed; (b) any and all testimony from witnesses that they personally have been discriminated against and/or unlawfully harassed (i.e. "me too" testimony); and (c) any and all testimony from Plaintiff or other witnesses as to their beliefs or opinion of

Plaintiff's character, the quality of Plaintiff's military service and the opinion that because of his military service he would not fall asleep at work. Defendants submit that their Motion should be granted for the following reasons:[1]

**A.   Relevant Facts**

1.   In this action, Plaintiff has submitted the Declarations of his co-employees, and these same co-employees appear on Plaintiff's Witness List as trial witnesses. See Doc. 108, Plaintiff's Summary Judgment Opposition Evidentiary Submission Exhs. 8-10.

2.   Based on these Declarations, Defendants anticipate that one or more of these co-employees will attempt to testify as to their subjective belief or opinion Plaintiff was subjected to military discrimination or harassment and that they observed Plaintiff being "harassed" by Greg Prater, and that it is their opinion that this harassment was based on Plaintiff's military service. Id.[2]

3.   Defendants also move in limine for an Order precluding the introduction of any "me too" testimony - - testimony which would suggest that these co-employees were also subject to alleged discrimination and/or unlawful harassment.

4.   Plaintiff has additionally submitted the Declarations of Lt. Colonel (Ret.) Todd Harrison and Wendell Richburg. Id. at Exhs. 12 and 13. These individuals also appear on Plaintiff's Witness List as trial witnesses.

5.   Based on the Declarations that Plaintiff submitted in response to Defendants' Motion for Summary Judgment, Defendants anticipate that these individuals will be tendered to testify

---

[1] In order to streamline the pleadings in this action, Defendants have included the supporting authorities presented in connection with this motion in limine. Defendants respectfully request that this pleading be considered both as a motion and a supporting brief.

[2] Defendants have filed a motion to strike these allegations in connection with the dispositive motion pleadings. See Doc. 116.

2

regarding their beliefs or opinions regarding Plaintiff's character, the quality of Plaintiff's military service and their opinion that, based on Plaintiff's military service, he would not fall asleep at work.  Id.

6.      It is undisputed that Plaintiff is a member of the military who has standing to assert a claim under USERRA.

**B.      Argument and Authorities**

- **Opinion Testimony That Plaintiff Has Been Discriminated Against Should Be Excluded As Irrelevant and Prejudicial**

7.      Defendants anticipate that Plaintiff's counsel will attempt to illicit testimony from Plaintiff or other witnesses, stating their subjective belief or opinion Plaintiff was subjected to military discrimination or harassment.  Currently pending before the Court is Defendants' Motion to Strike such speculative and conclusory testimony previously offered by these witnesses.  See Doc. 116: Defendants' Motion to Strike.

8.      Such testimony, whether it comes from Plaintiff or from co-workers, is irrelevant and must be excluded.  *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1408 n.7 (10th Cir. 1997) (subjective beliefs are mere conjecture that employer discriminated against plaintiff insufficient to preclude summary judgment); *Little v. Republic Refining Co*., 924 F.2d 93, 96 (5th Cir. 1991) (stating that co-workers' subjective belief of discrimination was subject to the same criticism as the plaintiff's belief); *Trotter v. Todd*, 719 F2d 346, 349 (10th Cir. 1983) (excluding co-employees' opinion testimony under Rule 701 since the jury "could draw their own conclusions of law as to the ultimate issue").

9.      Such evidence should be excluded under Rule 403 of the Federal Rules of Evidence because it would confuse and mislead the jury if the Court were to allow witnesses to testify

regarding their own beliefs as to the ultimate issues in this case. As one Court has noted, an attempt to offer opinion testimony by other employees [or other witnesses] as to the motivations of others represents nothing more than "amateur psychoanalysis" which "certainly exceeds the competence of the lay witness." *Visser v. Packer Engineering Assoc.,* 924 F.2d 655, 659 (7th Cir. 1991).

10.     Testimony by Plaintiff or others as to their belief of alleged discrimination is not probative to this case and would certainly confuse and mislead the jury. For these reasons, such testimony much be excluded.

- **"Me Too" Evidence Is Irrelevant And Unfairly Prejudicial**

11.     This Court should exclude any evidence of alleged unfair or discriminatory treatment of other co-workers because such evidence is irrelevant. Other courts are in accord that evidence of alleged unfair treatment of other employees by the defendant must be excluded under Fed.R.Evid. 401 and 402 unless there is logical or reasonable connection to the particular claims of the plaintiff. *See Schrand v. Federal Pacific Electric Co.*, 851 F.2d 152, 156 (6th Cir. 1988) (lower court erroneously admitted prior acts of discrimination because the evidence could not logically or reasonably be tired to the decision to terminate [plaintiff]"); *Goff v. Continental Oil, Co.*, 678 F.2d 593, 597 (5th Cir. 1982) (plaintiff not allowed to introduce testimony of three other employees alleging discrimination because such testimony did not relate to whether the *plaintiff* had suffered discrimination), *overruled on other grounds, Carter v. South Central Bell,* 912 F.2d 832 (5th Cir. 1990).

12.     Likewise, it would be prejudicial to allow Plaintiff to offer evidence regarding others that believe they have suffered discrimination by Defendants. If any "me too" evidence was found to relevant, it should be excluded pursuant to Fed.R.Evid. 403, because any probative value of that

evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the possibility of misleading the jury. *See, e.g., McWhorter v. Birmingham*, 906 F.2d 674, 679 (11th Cir.), *reh'g denied,* 917 F.2d 570 (11th cir. 1990) (affirming trial court's exclusion of testimony of three co-employees allegedly harassed and intimidated by the same police chief because any probative value of the evidence was substantially outweighed by "its ability to confuse and mislead the jury"): *Haskell v. Kaman Corp.,* 743 F.2d 113, 120 (2d Cir. 1984) (any probative value of testimony of former company officers concerning their terminations were substantially outweighed by the danger of unfair prejudice); *Moorehouse v. Boeing Co.,* 501 F.Supp. 390, 393 n. 4 (E.D. Pa.) ("even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant laid him off because of [unlawful discrimination]").*aff'd,* 639 F.2d 774 (3rd Cir. 1980).

13.  Further, the testimony of any alleged discrimination or retaliation suffered by other employees of Defendants must be excluded from this case under Fed.R.Evid. 403 because its admission would result in the inevitable "litigation" of this claims, resulting in a trial within a trial. *See, e.g., McWhorter*, 906 F.2d at 679 (affirming exclusion of other officer's grievances because it "could have resulted in a series of mini-trials centering on the employment history of each officer"); *Ramos-Melendez v. Valdejully,* 960 F.2d 4, 6 (1st Cir. 1992) (affirming exclusion of testimony about alleged discrimination against other employees of defendant "on the ground that for their testimony to be significant, it would be necessary in effect to try their cases, as well as the plaintiff's"); *Harpring v. Continental Oil Co.,* 628 F.2d 406, 410 (5th Cir. 1980) ("me too" evidence properly excluded to avoid "trying another lawsuit within the existing lawsuit"), *cert. denied*, 454 U.S. 819 (1981); *Moorehouse*, 501 F.Supp. 390 (excluding testimony of six witnesses in part because the employer would have been forced, in effect, to try all six cases).

14.     The allowance of "me too" evidence from others would result in the Court having to conduct mini-trials over claims by persons not parties to this lawsuit. Therefore, this irrelevant and prejudicial "me too" evidence must be excluded.

- **Testimony Regarding Plaintiff's Character, Quality of Military Service, And Opinion That Plaintiff Would Not Sleep At Work Is Both Irrelevant And Unfairly Prejudicial**

15.     In addition to the co-workers identified by Plaintiff, Defendants further anticipate that Plaintiff will attempt to elicit testimony from other witnesses (his military colleagues) regarding Plaintiff's character, the quality of Plaintiff's military service, and their belief that falling asleep "on duty, even in a civilian job" . . . "would be completely contrary to [Plaintiff's] character." See Doc. 108 and Exhs. 12 and 13.

16.     As noted above, it is undisputed that Plaintiff is in a protected USERRA classification. The speculative opinion testimony offered by his military colleagues has no relevance to his cause of action. Further, such testimony, even if considered relevant, is unfairly prejudicial in that it would serve no purpose other than to inflame the passion of the jury against Defendants in this action. Therefore, such testimony must be excluded under Rule 403.

**C.     Conclusion**

For the foregoing reasons, Defendants request that this Court grants their Motion in Limine and enter an Order prohibiting Plaintiff, his witnesses, and his attorneys from submitting (a) any subjective beliefs or opinion testimony relating to any alleged discriminatory actions that were directed to Plaintiff; (b) any "me too" evidence; and (c) the opinions of his military

colleagues regarding his character and their opinion that he could not be capable of sleeping on the job.

Respectfully submitted this the 31st day of March, 2008.

/s/  J. Trent Scofield
Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail:  tim.palmer@odnss.com
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Granted 5/15/07**

Attorneys for Defendants Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of March, 2008, I electronically filed the foregoing *Motion in Limine and Supporting Authorities Regarding Opinion Testimony by Plaintiff or Others* on behalf of Defendants Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey R. Sport, T. Scott Kelly, Matthew K. Johnson and Timothy A. Palmer.

/s/ J. Trent Scofield
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com