IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JERRY LEON DEES, JR.,** ) | |
| ) | |
|    Plaintiff, ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | **2:07-cv-00306-MHT-CSC** |
| ) | |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** ) | |
| **AMERICA, INC.,** ) | |
| ) | |
|    Defendants. ) | |

**DEFENDANTS' MOTION IN LIMINE AND SUPPORTING AUTHORITIES
PRECLUDING TESTIMONY REGARDING ANY ALLEGED
EMOTIONAL DISTRESS SUFFERED BY PLAINTIFF**

Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), through undersigned counsel, respectfully move this Court *in limine* for an Order precluding Plaintiff, Plaintiff's witnesses, and Plaintiff's counsel from giving any testimony concerning, or in the presence of the jury, making any argument about or reference to, or asking any questions or soliciting testimony about, any alleged emotional distress suffered by Plaintiff as a result of Defendants' actions. In support of this motion,[1] Defendants state:

    1.    Plaintiff's Complaint lists causes of action under: (1) USERRA, (2) outrage, and (3) conversion. At the pretrial conference, the Court indicated that it intended to dismiss Plaintiff's outrage claim.

---

[1] In order to streamline the pleadings in this action, Defendants have included the applicable authorities in support of their motion in limine on alleged emotional distress. Defendants respectfully request that this pleading be considered both as a motion and supporting brief.

2. The available damages under USERRA are discrete and well-defined. Compensatory damages for mental anguish/emotional distress are not recoverable under USERRA. See Vander Wal v. Sykes Enters., 377 F. Supp. 2d 738, 746 (D.N.D. 2005). Likewise, USERRA does not allow for the recovery of punitive damages. Id. USERRA remedies are as follows: reinstatement, any loss of wages or benefits, and if the employer's actions were willful, the court may require the employer to compensate the employee in an amount equal to the amount of lost wages or benefits as liquidated damages. 38 U.S.C. § 4323(d).

3. USERRA draws its remedial scheme from the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq. The FLSA does not provide for punitive damages or compensatory damages for items such as pain, suffering, humiliation, or mental or emotional distress. 29 U.S.C. § 216(b); See Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 935 (11th Cir. 2000); Tombrello v. USX Corp., 763 F. Supp. 541, 546 (N.D. Ala. 1991).

4. Based upon this authority, any testimony regarding alleged emotional distress or mental anguish is not relevant to Plaintiff's claim of USERRA discrimination and is inadmissible pursuant to Federal Rule of Evidence 402.

5. Even if the Court were to find such information marginally relevant, under Federal Rule of Evidence 403, the Court should preclude this evidence because it would distract the jury from the issues at hand and cause unfair prejudice toward Defendants. Any probative value this evidence has is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. To allow testimony about Plaintiff's alleged emotional distress, which is totally unrelated to the issues in this lawsuit, will do nothing more than evoke sympathy from the jury for Plaintiff and cause prejudice to Defendants. Accordingly, Plaintiff

should not be allowed to present any testimony regarding alleged emotional distress or mental anguish.

6.      Plaintiff's conversion claim relates to Defendants' alleged failure to return his personal property contained in his locker after the termination of his employment. Despite its research, Defendants counsel cannot locate any authority which would allow Plaintiff to recover emotional distress damages in such a conversion of personal property context. Absent such authority, Plaintiff should be precluded from presenting emotional distress testimony related to this cause of action based on both Rule 402 and 403.

WHEREFORE, premises considered, Defendants request that this Court enter an Order precluding the Plaintiff, Plaintiff's witnesses, and Plaintiff's counsel from giving any testimony concerning or, in the presence of the jury, making any argument about or reference to, or asking any questions or soliciting testimony about any alleged emotional distress suffered by Plaintiff as a result of Defendants' actions.

Respectfully submitted this 31st day of March, 2008.

/s/  J. Trent Scofield

Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

        Matthew K. Johnson
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        P.O. Box 2757
        Greenville, SC  29602
        Tel.: (864) 271-1300
        Fax: (864) 235-8806
        E-mail: matthew.johnson@odnss.com
        **Pro Hac Vice Granted 05/15/07**

        Attorneys for Defendants Hyundai Motor
        Manufacturing Alabama, LLC and
        Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2008, I electronically filed the foregoing *Defendants' Motion in Limine and Supporting Authorities Precluding Testimony Regarding Any Alleged Emotional Distress Suffered by Plaintiff* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

        /s/ J. Trent Scofield
        Of Counsel