IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR.,                ) | |
|                                     ) | |
|     Plaintiff,                             ) | |
|                                     ) | CIVIL ACTION NO.: |
| v.                                             ) | 2:07-cv-00306-MHT-CSC |
|                                     ) | |
| HYUNDAI MOTOR MANUFACTURING  ) | |
| ALABAMA, LLC, and HYUNDAI MOTOR  ) | |
| AMERICA, INC.,                           ) | |
|                                     ) | |
|     Defendants.                          ) | |

**DEFENDANTS' MOTION IN LIMINE AND SUPPORTING AUTHORITIES
TO EXCLUDE TESTIMONY AND EVIDENCE THAT WOULD VIOLATE
<u>THE ATTORNEY-CLIENT OR WORK PRODUCT PRIVILEGES</u>**

Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), through undersigned counsel, respectfully move this Court *in limine* for an Order directing Plaintiff, his witnesses, and his attorneys not to mention or bring before the jury, either directly or indirectly, upon voir dire, reading of the pleadings, statement of the case, interrogation of witnesses, argument, or objections before the jury of any of the following without first having called such matters to the Court's attention, out of the presence of the jury, and obtained a favorable ruling as to the admissibility of the matters addressed herein.

This motion seeks specifically to exclude: any testimony, comments, or arguments relating to any discussions, meetings, advice or directions given by any member of HMMA's or HMA's Legal Department, including advice offered by Richard E. Neal, HMMA's General Counsel, and Christopher N. Smith, HMMA's Corporate Counsel, relating to the decision to

terminate Plaintiff or the handling of the termination procedure for Plaintiff; and, any reference to remarks made by Shane Archer, an employee identified by Plaintiff as a "will call" witness, to counsel for Defendants that Plaintiff was not sleeping on the job.

In support of their motion,[1] Defendants state:

**A. Relevant Facts**

1. In this matter, it is undisputed that Mr. Neal, while acting as HMMA's General Counsel, attended the Termination Committee meeting where the decision was made to terminate Plaintiff's employment. Mr. Neal's presence at the meeting was for the purpose of providing legal advice and counsel. Defendants have consistently maintained their position that any communication made by or to Mr. Neal during the course of this meeting is protected from disclosure by the attorney-client privilege.

2. Plaintiff has indicated in his Witness List that he may call both Mr. Neal and Mr. Smith[2] as witnesses at trial.

3. Defendants vigorously object to any testimony from Mr. Neal, Mr. Smith or any other current or former HMMA or HMA employee regarding their communications with HMMA's attorneys during the course of the Legal Department's involvement in the decision to

---

[1] In order to streamline the pleadings in this action, Defendants have included the applicable authorities in support of this motion in limine. Defendants respectfully request that this pleading be considered both as a motion and supporting brief.

[2] Mr. Smith has been actively involved with HMMA's legal defense of this case. He has attended depositions, attended hearings, and conducted legal research in support of pleadings and motions, among other things. Defendants recognize that Mr. Smith was present when Plaintiff's locker contents were inventoried. This activity occurred several months after this action was filed. Mr. Smith prepared a written inventory of locker contents, and the locker contents reflected on that list is not disputed by Plaintiff. That list was provided to Plaintiff based on a limited waiver of applicable privilege. Defendants reserve the right to assert applicable privilege related to any of the other "counsel" activities which Mr. Smith has performed in connection with this action.

terminate Plaintiff's employment or in the legal defense of this case because such testimony would violate the attorney-client privilege.

4.      Additionally, Plaintiff has provided this Court with a Declaration of Shane Archer, one of Plaintiff's former co-workers at HMMA. Mr. Archer's Declaration states that after Plaintiff filed this lawsuit, he told Defendants' outside counsel (during an interview) that Plaintiff was not sleeping on the job. The disclosure of this information violates the attorney-client privilege and/or work product doctrine and should not be mentioned in the presence of the jury.

**B.     Argument and Authorities**

5.      The attorney-client privilege, "the oldest of the privileges for confidential communications known to the common law," *United States v. Zolin,* 491 U.S. 554, 562 (1989) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)), protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice or assistance. *In re Grand Jury*, 845 F.2d 896, 897 (11th Cir.1988).

6.      Based on the theory that "sound legal advice or advocacy . . . depends upon the lawyer's being fully informed by the client," the privilege is designed "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn*, 449 U.S. at 389.

7.      The Supreme Court's holding in *Upjohn Co. v United States*, 449 U.S. 383 (1981), makes clear that when an in-house counsel conducts an internal investigation into a legal matter, the communications held with employees as part of that investigation are subject to the attorney-client privilege. In *Upjohn*, the Supreme Court noted: "The [attorney-client] privilege

only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." 449 U.S. at 395.

8. Here, Defendants acknowledge that Plaintiff is free to inquire of other members of the Termination Committee or any other HMMA employee about the factors discussed and relied upon to terminate Plaintiff's employment. However, Plaintiff is not entitled to inquire of Messrs. Neal, Smith or any other employees regarding communications made to or by HMMA's in-house counsel during the Termination Committee Meeting or advice given regarding the handling of the termination procedure as it related to Plaintiff. Likewise, communications by Defendants' employees with Defendants' counsel, who were investigating the claims of this lawsuit, are also covered by the attorney-client privilege.

9. One court has properly summarized the reasoning for excluding testimony regarding conversations between an attorney and those employees he interviewed to provide a statement of the underlying facts to the EEOC:

> Garstka's response to the EEOC's questionnaire was similar to an attorney answering interrogatories served upon him during litigation. To properly respond to interrogatories, an attorney must interview his client. Few attorneys would then argue that the communications which enabled a response to the interrogatory are not confidential and protected by the attorney-client privilege. As the Supreme Court explained in *Upjohn* [*v. United States*, 449 U.S. 383 (1981)], "The [attorney-client] privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." 449 U.S. at 395. The EEOC is therefore free to question Koch officers and employees concerning their personal knowledge of Koch's alleged failure to maintain the employment applications in issue. **The communications between Garstka and Koch's representatives, however, are protected by the attorney-client privilege**. *See* [*In Re*] *Feldberg*, 862 F2d 622 [, 629 (7th Cir. 1988)] ("rare is the case in which attorney-client conversations do not lead to some disclosure. The criminal defense lawyer gathers information and formulates strategy in preparation for a trial; since the trial is public, does it follow that antecedent conversations are unprivileged?"); *Solomon v Scientific American, Inc.*, 125 FRD 34, 37 (SDNY 1988) ("if the confidentiality of a client's communications about possible litigation were to be destroyed by the intention that the attorney use the

information conveyed in order to assert his client's right, the privilege would have no meaning. [This would be tantamount to sealing] the attorney's lips concerning the facts of the case serving no societal purpose").

*EEOC v. Koch Meat Co.*, 1992 U.S. Dist. LEXIS 17133 (N. D. Ill. 1992) (emphasis added).

10. The attorney-client privilege applies to these communications, and HMMA has not waived the privilege. HMMA's counsel has taken no action that would constitute the waiver of the privilege.

11. Testimony from Mr. Archer regarding what he allegedly told Defendants' outside counsel is likewise covered by both the attorney/client privilege and the work product doctrine.

WHEREFORE, premises considered, Defendants request that this Court enter an Order precluding Plaintiff, Plaintiff's witnesses, and Plaintiff's attorneys from introducing into evidence or giving any testimony concerning or, in the presence of the jury, making any comment or argument relating to all evidence relating to any communications protected by the attorney-client privilege and/or work product doctrine.

Respectfully submitted this 31st day of March, 2008.

/s/ J. Trent Scofield

Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: timothy.palmer@odnss.com
E-mail: scott.kelly@odnss.com

        Matthew K. Johnson
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        P.O. Box 2757
        Greenville, SC  29602
        Tel.: (864) 271-1300
        Fax: (864) 235-8806
        E-mail: matthew.johnson@odnss.com
        **Pro Hac Vice Granted 05/15/07**

        Attorneys for Defendants Hyundai Motor
        Manufacturing Alabama, LLC and
        Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2008, I electronically filed the foregoing *Defendants' Motion in Limine and Supporting Authorities to Exclude Testimony and Evidence Protected By the Attorney-Client and Work Product Privileges* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

        /s/ J. Trent Scofield
        J. Trent Scofield (SCO-024)