IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 2:07-cv-00306-MHT-CSC |
| ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, and HYUNDAI MOTOR ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN LIMINE AND SUPPORTING AUTHORITIES
REGARDING THEIR FINANCIAL CONDITION**

Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), through the undersigned counsel, respectfully move this Court *in limine* for an Order directing Plaintiff, his witnesses, and his attorneys not to mention or bring before the jury, either directly or indirectly, upon voir dire, reading of the pleadings, statement of the case, interrogation of witnesses, argument or objections before the jury any of the following matters without having first called such matters to the Court's attention and obtained a favorable ruling as to admissibility.

This motion specifically seeks to exclude any testimony, references, comments, or arguments related to the alleged financial condition of Defendants HMA and HMMA, or Hyundai Motor Company ("HMC").[1] In support of their motion,[2] Defendants state:

---

[1] Defendants recognize that HMC is not a party to this action. However, Plaintiff has directed discovery efforts to information (both general and financial) regarding HMC. Therefore, Defendants include HMC in this motion in limine out of an abundance of caution.

**A.     Relevant Facts**

1.      Plaintiff's Complaint lists causes of action under: (1) USERRA, (2) outrage, and (3) conversion against HMMA and HMA.  At the pretrial conference, the Court indicated that it intended to dismiss Plaintiff's outrage claim.

2.      In an effort to prove Defendant HMA is liable under a theory of "joint or integrated employer" in this case, Plaintiff has discovered numerous sensitive and confidential business-related documents that contain highly-confidential financial information relating to both HMA and HMMA.

3.      A sample of documents produced by HMMA and HMA that contain sensitive and confidential financial information relating to both Defendants are as follows: (1) Service and Warranty Agreement between HMMA and HMA; (2) Distribution Agreement between HMMA and HMA; (3) First Amendment to Distribution Agreement between HMMA and HMA; (4) Satisfaction of Mortgage and Security Agreement and Fixture Filing; (5) Amendment Agreement; (6) Borrowing Estoppel Agreement; (7) Loan Advance Requests; (8) Mortgage and Security Agreements; (9) Note Modification Agreements; (10) expense reports for officers, directors and employees of HMMA and HMA; (11) HMMA Daily Production; (12) Payments to HMA by HMMA; (13) Tax Returns and other tax related documents for both HMMA, HMA and subsidiaries; (14) Financial Statements with Independent Auditor's Report; (15) North American Affiliate Expense Allocation Agreement; (16) Financial and other filings with the U.S. Government or other regulatory agencies; and (17) Income Sharing Agreement between HMA

---

[2]  In order to streamline the pleadings in this action, Defendants have included the applicable authorities in support of this motion in limine.  Defendants respectfully request that this pleading be considered both as a motion and supporting brief.

and HMMA.[3]  Many of these documents have been listed by Plaintiff in connection with Plaintiff's Exhibit List.  See Doc. 121.

**B.  Argument and Authorities**

- **Defendants' Financial Condition Is Irrelevant.**

4.  Defendants' financial condition has no relevance to any of Plaintiff's claims in this case. This is especially true if this Court dismisses HMA, as Defendants have so moved in their pending Motion for Summary Judgment.

5.  The available damages under USERRA are discrete and well-defined and do not include the recovery of punitive damages.  *See Vander Wal v. Sykes Enters.*, 377 F. Supp. 2d 738, 746 (D.N.D. 2005).

6.  USERRA draws its remedial scheme from the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*  The FLSA does not provide for punitive damages or compensatory damages for items such as pain, suffering, humiliation, or mental or emotional distress.  29 U.S.C. § 216(b); *See Snapp v. Unlimited Concepts, Inc.,* 208 F.3d 928, 935 (11th Cir. 2000); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 546 (N.D. Ala. 1991).

7.  Based upon this authority, any testimony regarding the financial condition of Defendants is not relevant to Plaintiff's claim of USERRA discrimination and is inadmissible pursuant to Federal Rule of Evidence 402.

---

[3] Defendants produced other documents containing financial information but only included specific references in this pleading to exhibits listed by Plaintiff in his filing (Court Doc. No. 121) dated March 5, 2008.

- **Defendants' Financial Condition Should Be Excluded as Unfairly Prejudicial.**

8.   It would be prejudicial to allow Plaintiff to offer evidence regarding the financial condition of Defendants.  If any evidence of Defendants' financial condition was found to be marginally relevant, it should be excluded pursuant to Fed.R.Evid. 403 because any probative value of that evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the possibility of misleading the jury.  Testimony and information relating to Defendants' financial condition would distract the jury from the issues at hand and cause unfair prejudice toward Defendants. Any probative value this evidence has is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury.  *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-271, 101 S.Ct. 2748, 2761-2762 (1981) ("[E]vidence of a [municipality's wealth, inasmuch as it has unlimited taxing power], may have a prejudicial impact on the jury, in effect encouraging it to impose a sizable award. The impact of such a windfall recovery is likely to be both unpredictable and, at times, substantial"); *see also Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 43, 111 S.Ct. 1032, 1056 (1991) (O'Connor, J., dissenting) (jurors, if not properly guided, may "target unpopular defendants ... and redistribute wealth"); *St. Cyr v. Flying J Inc.,* 2007 WL 2696791 *2 (Sept. 12, 2007 M.D. Fla.) (references to Defendant's net worth, revenues, profits and financial condition "inappropriate, and unfairly prejudicial").

9.   To allow testimony about Defendants' financial condition, which is totally unrelated to the issues in this lawsuit, will do nothing more than sway the jury to err on the side of the Plaintiff when calculating actual damages and cause prejudice to Defendants.  Accordingly,

Plaintiff should not be allowed to present any testimony regarding Defendants' (or HMC's) financial condition.

WHEREFORE, premises considered, Defendants respectfully request that this Court enter an Order precluding Plaintiff, Plaintiff's witnesses, and Plaintiff's attorneys from introducing into evidence, making comments or giving any testimony concerning, or making any argument relating to the financial condition of HMMA, HMA (or HMC). Likewise, Defendants request the Court to give limiting instructions at the appropriate times to avoid the concerns addressed by Fed.R.Evid. 403.

Respectfully submitted this 31st day of March, 2008.

/s/ J. Trent Scofield
Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: timothy.palmer@odnss.com
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

>Matthew K. Johnson
>OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>P.O. Box 2757
>Greenville, SC  29602
>Tel.: (864) 271-1300
>Fax: (864) 235-8806
>E-mail: matthew.johnson@odnss.com
>**Pro Hac Vice Granted 05/15/07**
>
>Attorneys for Defendants Hyundai Motor
>Manufacturing Alabama, LLC and
>Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2008, I electronically filed the foregoing *Defendants' Motion in Limine and Supporting Authorities Regarding their Financial Condition* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

>/s/ J. Trent Scofield
>OF COUNSEL