IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JERRY LEON DEES, JR.,** )<br>)<br>   **Plaintiff,** )<br>) | **CIVIL ACTION NO.:**<br>**2:07-cv-00306-MHT-CSC** |
| v. )<br>)<br>**HYUNDAI MOTOR MANUFACTURING** )<br>**ALABAMA, LLC, and HYUNDAI MOTOR** )<br>**AMERICA, INC.,** )<br>)<br>   **Defendants.** ) | |

**DEFENDANTS' MOTION AND SUPPORTING AUTHORITIES
TO BIFURCATE TRIAL**

Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), through undersigned counsel, file this Motion to Bifurcate the trial of this matter into two phases: (1) liability, and if, necessary, (2) damages. In support of this Motion, Defendants offer the following authority:[1]

**A.   Relevant Facts**

1.   Plaintiff Jerry Leon Dees (hereinafter "Plaintiff") alleges that Defendants violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq., and also committed the common law torts of outrage[2] and conversion. Plaintiff

---

[1]   In order to streamline the pleadings in this action, Defendants have included the applicable authorities in support of their motion to bifurcate this trial. Defendants respectfully request that this pleading be considered both as a motion and supporting brief.
[2]   At the pretrial conference, the Court indicated it would dismiss Plaintiff's outrage claim. However, because an Order to that effect has not been entered, Defendants have, out of an abundance of caution, included Plaintiff's outrage claim for discussion.

seeks a wide variety of damages related to each cause of action.[3] Both Plaintiff and Defendants have designated accountants to testify as expert witnesses regarding Plaintiff's alleged damages.

**B.    Argument and Authorities**

2.    The Court should exercise its discretion and bifurcate the trial so that Plaintiff's underlying claims for liability under USERRRA and state law will be tried separately from Plaintiff's claim for damages related to those causes of action. This Court should conduct separate trials because it will promote judicial economy by limiting the presentation of lengthy evidence (e.g., Plaintiff's subsequent employment, interim earnings and alleged lost employment opportunities, and the parties' competing experts' opinions) which may be unnecessary if the jury does not find Defendants liable.

3.    Bifurcation is also appropriate because the standards and evidence to prove liability are entirely different from the evidence required to prove damages. Further, bifurcation will not prejudice Plaintiff because the issues of liability and damages are legally distinct; by contrast, a non-bifurcated trial will likely prejudice Defendants, as issues of liability and damages will be unnecessarily intermingled.

- **Rule 42(b) Supports Bifurcating Claims For Damages In Order To Avoid Prejudice.**

4.    Federal Rule of Civil Procedure 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always persevering inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

---

[3] See Doc. 1, Plaintiff's Complaint.

Bifurcation is appropriate because evidence of damages is wholly unrelated to the issue of liability, and the evidence relevant to damages could have a prejudicial impact upon the jury's liability determination.  See Helminski v. Ayerst Lab., 766 F.2d 208, 212 (6th Cir. 1985) (explaining the role of bifurcation to reduce the possibility of prejudice).  Persuasive precedent suggests that bifurcation of a USERRA case is appropriate whether that bifurcation is agreed by the parties or ordered by the Court.  See Rogers v. City of San Antonio, Texas, 211 F. Supp. 2d 829, 831 n. 4 (W.D. Tex. 2002).

5.     In deciding whether to bifurcate a trial, the court should consider the convenience of bifurcation, judicial economy, and the risk of prejudice.  Alexander v. Fulton County, 207 F.3d 1303, 1324-25 (11th Cir. 2000).

6.     It is undisputed that each of Plaintiff's causes of action carries a different "damages" component.  For example, Plaintiff's USERRA claim uses the FLSA's framework to determine whether a "willful" violation exists.  Compare 38 U.S.C. § 4323(d) and 29 U.S.C. § 216(b).

7.     District Courts regularly employ bifurcation to separate FLSA liability and damages issues, and Defendants respectfully submit that the same reasoned approach should be taken here.[4]  See e.g. Wright v. Aargo Security Sys., Inc., 2001 U. S. Dist. LEXIS 13891, at *23-24 (S.D.N.Y.) (FLSA; explaining the distinctions between liability, damages, and willfulness); McGrath v. City of Philadelphia, 864 F. Supp. 466, 490 (E.D. Pa. 1994) (FLSA); Maldonado v. Lucca, 629 F. Supp. 483 (D.N.J. 1986) (FLSA)

8.     Defendants will be unfairly prejudiced if purported damages "evidence" is presented during the liability phase of the trial.  Conversely, Plaintiff will not suffer any prejudice from bifurcation.  Through bifurcation, the Court can admit this evidence when it is most relevant and

---

[4] USERRA draws its remedial scheme from the FLSA.

3

fair (during the damages phase), and it will have no impact on Plaintiff's case as it related to proving liability. Likewise, this concern will be mooted if the issues related to damages are bifurcated from the liability phase of the trial because there will be no need for such testimony unless liability is established.

Respectfully submitted this 31st day of March, 2008.

/s/ J. Trent Scofield

Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of March, 2008, I electronically filed the foregoing *Defendants' Motion and Supporting Authorities to Bifurcate Trial* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
Of Counsel