**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:07-cv-00306-MHT-CSC** |
| | ) | |
| **HYUNDAI MOTOR MANUFACTURING** | ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** | ) | |
| **AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EXHIBIT LIST**

Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai

Motor America, Inc. ("HMA") (collectively "Defendants"), and pursuant to the Court's Order of

May 25, 2007 (Doc. 19), make the following objections to the Plaintiff's Exhibit List (Doc. 121):

**A.    Global Objections**

1.    Thousands of pages of documents have been produced during the course of discovery in

this matter.  Contrary to the spirit of Rule 26(a)(3)(C), Plaintiff has utilized "bulk" Exhibit

designations, which deprive Defendants of a reasonable opportunity to provide meaningful

objections to many of the exhibits he has identified without undue burden.

2.    Defendants further object to Plaintiff's Exhibit List because it fails to separately identify

"those [exhibits] which the party expects to offer and those which the party may offer if the need

arises," as expressly required by Rule 26(a)(3)(C).  Again, this failure to comply with the

applicable Rule has imposed hardship on Defendants in formulating their responses to Plaintiff's

Exhibit List.

3.      Out of an abundance of caution, Defendants state that many of the documents identified by Plaintiff as trial exhibits have been previously designated as "Confidential" under the terms of the Protective Order (Doc. 27) entered in this action.  This Protective Order provides for a specific protocol which must be followed prior to the presentation of confidential information at trial.  Defendants object to any attempt to deviate from that protocol.

4.      In light of these global concerns, Defendants respectfully reserve the right to timely assert additional objections to admissibility once these deficiencies have been corrected.

**B.      Specific Objections to Plaintiff's Exhibits**

5.      Defendants object to Plaintiff's proposed **Exhibit 7** "HMMA's Response/Objections to the Rule 30(b)(5)/Exhibit A Attachment to the Amended Deposition Notice of Wendy Warner – documents attached – HMMA & HMA Corporate Details sheets, HMC Fact Sheet, HMMA Information Sheet and HMMA employee manual, pages i – 54 (Pl's Depo. Ex 7) (Warner Depo Docs 0001-0054)" on the grounds that this is not a pleading identified in the Pretrial Order and seeks to include hearsay information.  F.R.E. 801-802.

6.      Defendants object to Plaintiff's proposed **Exhibit 8** "Wendy Warner personnel file (Pl's Depo. Ex 8) (HMMA 00094-00125)" on the grounds that its description is not specific enough to allow Defendants to properly consider whether they have any objection thereto.  Defendants further object to this Exhibit to the extent it seeks to include irrelevant, immaterial, or hearsay information.  F.R.E. 401-403; 801-802.

7.      Defendants object to Plaintiff's proposed **Exhibit 9** "Documents produced by HMMA and HMA in its [sic] Initial Disclosures including Leon Dees' personnel file (Pl's Depo. Ex 9) (HMMA 0001-93) & other documents relating to Leon Dees' [sic] including his termination

(HMMA 0333-343 – Produced 11/30/07 – Bates numbers are duplicative)" on the grounds that its description is not specific enough to allow Defendants to properly consider whether they have any objection thereto.  Defendants further object to this Exhibit to the extent it seeks to include irrelevant, immaterial, or hearsay information.  F.R.E. 401-403, 801-803.

8.      Defendants object to Plaintiff's proposed **Exhibit 14** "Jim Brookshire Personnel file (Pl's Depo. Ex 14) (HMMA 00246-00282)" on the grounds that its description is not specific enough to allow Defendants to properly consider whether they have any objection thereto.  Defendants further object to this Exhibit to the extent it seeks to include irrelevant, immaterial, or hearsay information.  F.R.E. 401-403, 801-803.  Defendants further object to any document related to alleged drug use in connection with Defendants' pending motion in limine regarding the same.

9.      Defendants object to Plaintiff's proposed **Exhibit 17** "John Applegate Personnel & Team Relations File (Pl's Depo. Ex 17) (HMMA 00177-212)" on the grounds that its description is not specific enough to allow Defendants to properly consider whether they have any objection thereto.  Defendants further object to this Exhibit to the extent it seeks to include irrelevant, immaterial, or hearsay information.  F.R.E. 401-403, 801-803.

10.     Defendants object to Plaintiff's proposed **Exhibit 18** "Greg Prater Personnel file (Pl's Depo. Ex 18) (HMMA 00126-165)" on the grounds that its description is not specific enough to allow Defendants to properly consider whether they have any objection thereto.  Defendants further object to this Exhibit to the extent it seeks to include irrelevant, immaterial, or hearsay information.  F.R.E. 401-403, 801-803.

11.     Defendants object to Plaintiff's proposed **Exhibit 19** "Greg Prater's Team Relations file (Pl's Depo. Ex 19) (HMMA 00166-176)" on the grounds that its description is not specific enough to allow Defendants to properly consider whether they have any objection thereto.

3

Defendants further object to this Exhibit to the extent it seeks to include irrelevant, immaterial, or hearsay information.  F.R.E. 401-403, 801-803.

12.    Defendants object to Plaintiff's proposed **Exhibit 20** "Supplement to Greg Prator's [sic] personnel file (Pl's Depo. Ex 20) (HMMA0326-0331)" on the grounds that its description is not specific enough to allow Defendants to properly consider whether they have any objection thereto.  Defendants further object to this Exhibit to the extent it seeks to include irrelevant, immaterial, or hearsay information.  F.R.E. 401-403, 801-803.

13.    Defendants object to Plaintiff's proposed **Exhibit 27** "Organizational Charts (Pl's Depo. Ex 27) (HMMA 00353-354)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

14.    Defendants object to Plaintiff's proposed **Exhibit 30** "April 1, 2005 Service & Warranty Agreement between HMA and HMMA (Pl's Depo. Ex 1a) (HMMA 30b5000002-13)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

15.    Defendants object to Plaintiff's proposed **Exhibit 30A** "May 9, 2005 Distribution Agreement between HMMA and HMA (Pl's Depo. Ex 1a) (HMMA 30b5000014-33)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

16.    Defendants object to Plaintiff's proposed **Exhibit 30B** "May 9, 2005 First Amendment to Distribution Agreement between HMMA and HMA (Pl's Depo Ex 1a) (HMMA 30b5000034)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

17.    Defendants object to Plaintiff's proposed **Exhibit 30C** "May 9, 2005 Second Amendment to the Distribution Agreement between and [sic] HMMA and HMA (Pl's Depo. Ex

1a) (HMMA 30b5000035-36)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

18.     Defendants object to Plaintiff's proposed **Exhibit 30D** "May 25, 2007 Memorandum of Understanding between HMA and HMMA (Pl's Depo. Ex 1a) (HMMA 30b5000037-49)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

19.     Defendants object to Plaintiff's proposed **Exhibit 31** "August 18, 2004 Satisfaction of Mortgage and Security Agreement and Fixture Filing (Pl's Depo. Ex 1c) (HMMA 30b5000051-60)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

20.     Defendants object to Plaintiff's proposed **Exhibit 31A** "April 12, 2004 Amendment Agreement (Pl's Depo. Ex 1c) (HMMA 30b5000061-66)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

21.     Defendants object to Plaintiff's proposed **Exhibit 31B** "April 13, 2004 Borrowing Estoppel Certificate (Pl's Depo. Ex 1c) (HMMA 30b5000067-69)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

22.     Defendants object to Plaintiff's proposed **Exhibit 31C** "April 7, 2004 Load Advance Request (Pl's Depo. Ex 1c) (HMMA 30b5000070-72)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

23.     Defendants object to Plaintiff's proposed **Exhibit 31D** "April 13, 2004 Loan Advance Request (Pl's Depo. Ex 1c) (HMMA 30b5000073-75)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

24.     Defendants object to Plaintiff's proposed **Exhibit 31E** "March 9, 2004 Mortgage and Security Agreement (Pl's Depo. Ex 1c) (HMMA 30b5000076-102)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

25.     Defendants object to Plaintiff's proposed **Exhibit 31F** "April 12, 2004 Note Modification Agreement (Pl's Depo. Ex 1c) (HMMA 30b5000103-109)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

26.     Defendants object to Plaintiff's proposed **Exhibit 31G** "April 12, 2004 Promissory Note (Pl's Depo. Ex 1c) (HMMA 30b5000110-119)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

27.     Defendants object to Plaintiff's proposed **Exhibit 32** "HMA and HMMA expense reports, vouchers, etc., evidencing travel of officers, directors or employees of HMA or HMMA (Pl's Depo. Ex. 1eA) (HMMA 30b5000126-555)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

28.     Defendants object to Plaintiff's proposed **Exhibit 32A** "HMA and HMMA expense reports, vouchers, etc., evidencing travel of officers, directors or employees of HMA or HMMA (Pl's Depo. Ex 1eB) (HMMA 30b5000557-793)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

29.     Defendants object to Plaintiff's proposed **Exhibit 33** "HMMA Daily Production Actual (Pl's Depo. Ex 1f (g included here also) (HMMA 30b5000795)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

30.     Defendants object to Plaintiff's proposed **Exhibit 34** "Payments to HMA (Pl's Depo. Ex 1h) (HMMA 30b5000797-808)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

31.     Defendants object to Plaintiff's proposed **Exhibit 35** "June 13, 2007 Memo regarding 2006 HMC Controlled Group Coverage Testing Projections (Pl's Depo. Ex 1j1) (HMMA 30b5000811-827)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

32.     Defendants object to Plaintiff's proposed **Exhibit 35A** April 12, 2002 Limited Liability Company Agreement of HMMA (Pl's Depo. Ex 1j2) (HMMA 30b5000828-838)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

33.     Defendants object to Plaintiff's proposed **Exhibit 36** "December 22, 2004 Memo from Bob Davidson with HMA to Tim Price with HMMA regarding Intercompany Billing for Taxes – As of December 2003 with attached schedule (Pl's Depo. Ex 1kA) (HMMA 30b5000840-845)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

34.     Defendants object to Plaintiff's **Exhibit 36A** "2006 HMA & Subsidiaries Corporation Income Tax Declaration (Pl's Depo. Ex 1kB) (HMMA 30b5001283-1487)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

35.     Defendants object to Plaintiff's **Exhibit 36B** "2004 HMMA Employer's Quarterly Federal Tax Return (Pl's Depo. Ex 1kC) (HMMA 30b5001489-1522)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

36.     Defendants object to Plaintiff's proposed **Exhibit 37** "December 31, 2006 and 2005 HMMA Financial Statements with Independent Auditor's Report (Pl's Depo. Ex 11) (HMMA 30b5001524-1541)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

37.    Defendants object to Plaintiff's proposed **Exhibit 38** "September 1, 2006 North American Affiliate Expense Allocation Agreement (Pl's Depo. Ex. 1d1) (HMMA 30b5000122-124)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

38.    Defendants object to Plaintiff's proposed **Exhibit 38A** "September 15, 2005 Benefits Letter to Keith Duckworth with HMA from Greg Kimble (Pl's Depo. Ex 1d2) (HMMA 30b5000121)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

39.    Defendants object to Plaintiff's proposed **Exhibit 39** "2005 HMA & Subsidiaries Corporation Income Tax Return (Pl's  Depo. Ex 1k1) (HMMA 30b5000947-1281)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

40.    Defendants object to Plaintiff's proposed **Exhibit 39A** "Hyundai Motor Company fact document (Pl's Depo. Ex. 1k2) (HMMA 30b5000846-897)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

41.    Defendants object to Plaintiff's proposed **Exhibit 39B** "September 11, 2006 Hyundai Motor America Advance Pricing Agreement Renewal Request (Pl's Depo. Ex 1k3) (HMMA 30b5000898-946)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

42.    Defendants object to Plaintiff's proposed **Exhibit 40** "Financial and other filings with the U.S. Government or other regulatory agencies (Pl's Depo. Ex 1m) (HMMA 30b5001543-1728)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

43.     Defendants object to Plaintiff's proposed **Exhibit 41** "November 30, 2007, February 9, 2007 & November 28, 2007 HMA  Special Lease Agreement (Pl's Depo. Ex 1n) (HMMA 30b5001730-1744)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

44.     Defendants object to Plaintiff's proposed **Exhibit 41A** "March 24, 2003 Income Tax sharing Agreement between HMA and HMMA (Pl's Depo. Ex 1n) (HMMA 30b5001745-1750)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

45.     Defendants object to Plaintiff's proposed **Exhibit 41B** "July 13, 2005 letter forwarding May 16, 2005 HMMA Non-Exclusive License Agreement (Pl's Depo. Ex 1n) (HMMA 30b5001751-1757)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

46.     Defendants object to Plaintiff's proposed **Exhibit 42** "HMMA Organization Charts (Pl's Depo. Ex 2 – (30b5 depo) (HMMA 30b5001760-1761)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

47.     Defendants object to Plaintiff's proposed **Exhibit 45** "March 26, 2007 Franklin D. Barnes, Sgt. Memorandum for the Record regarding instructional letter for Human Resource Officer (DEES 000001-2)" based on lack of foundation and hearsay.  F.R.E. 601, 801-802.

48.     Defendants object to Plaintiff's proposed **Exhibit 49** "Expert report of Robert Hall and any supplements thereto" on the grounds outlined in Defendants' contemporaneously-filed Motion to Disqualify Plaintiff's Expert.

49.     Defendants object to Plaintiff's proposed **Exhibit 50** "All documents relied upon by Robert Hall for the preparation of his expert report which were produced at deposition on

January 28, 2008" on the grounds that its description is not specific enough to allow Defendants to properly consider whether they have any objection thereto. Defendants further object to this Exhibit to the extent it seeks to include irrelevant, immaterial, or hearsay information. F.R.E. 401-403, 801-803.

50.     Defendants object to Plaintiff's proposed **Exhibit 56** "Leon Dees' Military Honors, Achievement Recognition, Awards and Promotions – July 2, 2004 Promotion Notification of Leon Dees (DEES 000296-297, DEES 000359-405)" on the grounds of relevance, undue prejudice, and confusion of the issues. F.R.E. 401-403. Defendants further object to the hearsay nature of these documents. F.R.E. 801-803.

51.     Defendants object to Plaintiff's proposed **Exhibit 59** "Switchboard Results for Hyundai in Montgomery, Alabama (DEES000316)" on the grounds of relevance, lack of foundation, and hearsay. F.R.E. 401, 601, 801-803.

52.     Defendants object to Plaintiff's proposed **Exhibit 60** "March 3, 2007 email from "Dick and Mitch" to Bob Foreman regarding ESGR Case # 68400 (DEES000317)" on the grounds of relevance, lack of foundation, and hearsay. F.R.E. 401, 601, 801-803.

53.     Defendants object to Plaintiff's proposed **Exhibit 62** "Personnel and Team Relations file of Kevin Hughes (HMMA 00213-245)" on the grounds that its description is not specific enough to allow Defendants to properly consider whether they have any objection thereto. Defendants further object to this Exhibit to the extent it seeks to include irrelevant, immaterial, or hearsay information. F.R.E. 401-403, 801-803.

54.     Defendants object to Plaintiff's proposed **Exhibit 65** "All HMMA Daily Reports (HMMA 00365-1064) (2/15/08 and 2/27/08 production – Includes Bates numbers that are duplicative)" on the grounds that its description is not specific enough to allow Defendants to

properly consider whether they have any objection thereto.  Defendants further object to this Exhibit to the extent it seeks to include irrelevant, immaterial, or hearsay information, as well as a lack of foundation.  F.R.E. 401-403, 601, 801-803.

55.    Defendants object to Plaintiff's proposed **Exhibit 66** "Documents relating to the investigation of the sexual harassment claim by Veronica Stallworth (HMMA 00309-341)" on the grounds of relevance, unfair prejudice, confusion of the issues, as well as the inherent privacy concerns raised in these documents.  F.R.E. 401-403.

56.    Defendants object to Plaintiff's proposed **Exhibit 67** "Documents relating to the investigation and EEOC claim filed by William Johnson (HMMA 00342-406)" on the grounds of relevance, unfair prejudice, confusion of the issues, as well as the inherent privacy concerns raised in these documents.  F.R.E. 401-403.

57.    Defendants object to Plaintiff's proposed **Exhibit 68** "HMMA Staffing Organization Chart (HMMA 0353-354) & HMA Admin Services Organization Chart (HMMA 0352) (Produced 12/17/07. Bates numbers are duplicative)" on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

58.    Defendants object to Plaintiff's proposed **Exhibit 69** "Documents relating to William Sievers (HMMA 0355-364)" on the grounds that its description is not specific enough to allow Defendants to properly consider whether they have any objection thereto.  Defendants further object to this Exhibit to the extent it seeks to include irrelevant, immaterial, or hearsay information, as well as a lack of foundation.  F.R.E. 401-403, 601, 801-803.  Defendants further object because no showing has been made which would demonstrate Sievers is "similarly situated" to Plaintiff and therefore this evidence threatens to confuse the issues and cause unfair prejudice.  F.R.E. 401-403.

59.    Defendants object to Plaintiff's proposed **Exhibit 73** "Documents provided in response to Plaintiff's 30(b)(5) request to HMA (HMA   30b50000001-1016)" on the grounds that its description is not specific enough to allow Defendants to properly consider whether they have any objection thereto.    Defendants further object to this Exhibit on the grounds of lack of foundation (F.R.E. 602), as well as confidential/proprietary information.

Defendants reserve the right to offer further objections at trial if any of the above challenged exhibits are offered into evidence.

Respectfully submitted this 31st day of March, 2008.

/s/  J. Trent Scofield

Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st day of March, 2008, I electronically filed the foregoing *Defendants' Objections to Plaintiff's Exhibit List*  with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)

13