IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JERRY LEON DEES, JR.,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | **2:07-cv-00306-MHT-CSC** |
| ) | |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** ) | |
| **AMERICA, INC.,** ) | |
| ) | |
|     **Defendants.** ) | |

**DEFENDANTS' MOTION IN LIMINE AND SUPPORTING AUTHORITIES
REGARDING THE ALLEGED DRUG USE OF "JB," A CO-WORKER[1]**

Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), through the undersigned counsel, respectfully move this Court *in limine* for an Order directing Plaintiff, his witnesses, and his attorneys not to mention or bring before the jury, either directly or indirectly, upon voir dire, reading of the pleadings, statement of the case, interrogation of witnesses, argument or objections before the jury any of the following matters without having first called such matters to the Court's attention and obtained a favorable ruling as to admissibility.

This motion specifically seeks to exclude any testimony, references, comments, or arguments related to the alleged drug use of JB, one of Plaintiff's co-workers, and JB's

---

[1] In an attempt to protect the legitimate privacy interests of this non-party, Defendants have referenced this individual only as "JB." The Court utilized the same approach in its Memorandum Opinion and Order entered March 17, 2008. See Doc. 128. This individual has provided a deposition and his identity is well-known to Plaintiff and his counsel.

subsequent participation in a drug treatment program as a term and condition of continued employment at HMMA. In support of their motion,[2] Defendants state:

**A.    Relevant Facts**

1.     As the Court correctly summarized in its recent Memorandum Opinion and Order that quashed Plaintiff's subpoena for JB's medical records (Doc. 128),[3] Defendant HMMA contends that Plaintiff Jerry Leon Dees' (hereinafter "Plaintiff") employment was terminated because he was intentionally sleeping on the job. The managerial employee who witnessed Plaintiff asleep on the job was JB.

2.     JB observed Plaintiff asleep on the job at approximately 1:00 a.m. on February 14, 2007. JB was drug-tested in late-March, 2007, six weeks after observing Plaintiff asleep, as part of treatment for a work-related, minor injury. JB tested positive for drugs, resulting in employer-mandated substance abuse treatment and a period of random drug testing thereafter. See Doc. 128, p. 1, n. 1.

3.     There is no evidence that JB had ever tested positive for drugs at any time before late-March, 2007. Likewise, there is no evidence which suggests that HMMA knew or should have known that JB had an alleged substance abuse problem at the time he reported seeing Plaintiff intentionally asleep on the job.

---

[2]  In order to streamline the pleadings in this action, Defendants have included the applicable authorities in support of this motion in limine. Defendants respectfully request that this pleading be considered both as a motion and supporting brief.

[3]  This Court previously quashed other subpoenas which Plaintiff attempted to issue to JB's medical providers. See Doc. 86.

**B.      Argument and Authorities**

•       **JB's Alleged Drug Use Is Irrelevant.**

4.      This Court should exclude any evidence of alleged drug use by JB because such evidence is irrelevant. *See Jiminez v. Paw-Paw's Camper City, Inc.*, 2001 WL 1297790 * 1-2 (October 24, 2001 E.D. La.) (evidence of cocaine use three months *after* plaintiff left defendant's employment is irrelevant to claims that plaintiff was a poor performer while employed).

5.      HMMA had no reason to doubt JB's credibility at the time he reported that Plaintiff was asleep at work or on February 26, 2007, when the decision was made to terminate Plaintiff's employment. *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) ("[a]n employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct."); *EEOC v. Total Systems Services, Inc.*, 221 F.3d 1171, 1175 (11th Cir. 2000) ("an employer is entitled to rely on its good faith belief about falsity, concealment, and so forth in an internal investigation and can properly discharge an employee who it believes has lied in an internal investigation") (internal citations omitted); *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (proper inquiry is whether the employer in good faith believed that the employee had done wrong and whether this belief was the reason for the termination).

6.      Indeed, as the Court recognized in its recent Memorandum Opinion and Order, ". . . [i]t is not at all clear that evidence of JB's acuity of observation is relevant if at the time he reported the plaintiff's sleeping, Hyundai was unaware of his substance abuse problem and reasonably believed the report. An employer's mistaken belief in a legitimate reason for an adverse action is not a violation of Title VII." Doc. 128, p. 4, n. 4 (citations omitted).

7.      The timing of JB's report of Plaintiff sleeping on the job and JB's subsequent positive drug screen support HMMA's position that it had no reason to doubt JB's version of events. Additionally, Plaintiff's own testimony reveals that JB had no discriminatory animus towards Plaintiff's military status.  For example, Plaintiff testified:

      Q.      Did you know [JB] well?
      A.      He was -- Yeah.  Working with him every day near about.
      Q.      Okay.  Did you ever have any problems with him?
      A.      No.  Not like with everyone else, no.

(Deposition Transcript of Plaintiff at 228: 6-13).

- **JB's Alleged Drug Use Should Be Excluded as Unfairly Prejudicial.**

8.      It would be prejudicial to allow Plaintiff to offer evidence regarding JB's alleged drug use.  If any evidence of JB's alleged drug use was found to be relevant, it should be excluded pursuant to Fed.R.Evid. 403 because any probative value of that evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the possibility of misleading the jury. *See Harless v. Boyle-Midway Division, American Home Products*, 594 F.2d 1051, 1057-58 (5th Cir. 1979)[4] (evidence that a juvenile had, on one occasion, smoked marijuana was prejudicial and should not have been admitted); *Baldauf v. Davidson*, 2007 WL 2155967 * 2 (July 24, 2007 S.D. Ind.) ("Against testimony of such slim value is the prejudicial effect attending allegations that Baldauf was an illegal drug user and the risk that the jury would view her drug use as an issue in the case.  Federal Rule of Evidence 403 strongly weights against the use of such evidence"); *Simco v. Ellis*, 222 F.Supp.2d 1139, 1140-41 (W.D. Ark. 2000) ("the mere mention of cocaine would inflame the jury and be extremely prejudicial to the defendant.")

---

[4] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

9.     The potential for prejudice is substantial. Recognizing that "there are few subjects more inflammatory than narcotics," the Second Circuit has stated that evidence of drug use "should usually be excluded in a non-narcotics trial." *United States v. Ong*, 541 F.2d 331, 339-340 (2d Cir. 1976) cert. denied, 429 U.S. 1075 (1977).

10.    The jury must decide whether HMMA had a good faith belief to terminate Plaintiff based on JB's report that led to its comprehensive investigation that Plaintiff was sleeping on the job, not if JB used drugs on the date of the report. JB did not fail a drug screen until some six weeks <u>after</u> he reported his observation that Plaintiff was asleep at work. HMMA had no reason to doubt JB's report and at the time it was made, had no knowledge that JB would fail a drug screen in six weeks. In considering JB's possible drug use, the jury might improperly infer that JB was under the influence of drugs at the time he reported Plaintiff asleep at work. Therefore, such unduly prejudicial evidence must be excluded.

    WHEREFORE, premises considered, Defendants respectfully request that this Court enter an Order precluding Plaintiff, Plaintiff's witnesses, and Plaintiff's attorneys from introducing into evidence, making comments or giving any testimony concerning, or making any argument relating to the alleged drug use of JB, a co-worker, as well as JB's participation in a drug treatment program. Likewise, Defendants request the Court to give limiting instructions at the appropriate times to avoid the concerns addressed by Fed.R.Evid. 403.

    Respectfully submitted this 31st day of March, 2008.

/s/ J. Trent Scofield  
Timothy A. Palmer (PAL-009)  
J. Trent Scofield (SCO-024)  
T. Scott Kelly (KEL-053)

Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: timothy.palmer@odnss.com
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2008, I electronically filed the foregoing *Defendants' Motion in Limine and Supporting Authorities Regarding the Alleged Drug Use of "JB," a Co-Worker* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
OF COUNSEL