**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JERRY LEON DEES, JR.,**<br><br>    Plaintiff,<br><br>v.<br><br>**HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC.,**<br><br>    Defendants. | **CIVIL ACTION NO.:<br>2:07-cv-00306-MHT-CSC** |

## DEFENDANTS' PROPOSED VOIR DIRE

COME NOW the Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), and submit the following proposed subjects of voir dire to be directed to the jury venire:[1]

**Qualifications to Serve Pursuant to 28 U.S.C. § 1865:**

    1.    Are you a citizen of the United States?

    2.    Are you able to read, write, and understand the English language?

    3.    Are you able to speak the English language?

**Relationship with the Parties/Counsel/Witnesses:**

    4.    Do any of you, or any member of your immediate family, know Jerry Leon Dees, Jr., the Plaintiff in this case, or any member of his immediate family? If so, please explain how

---

[1] Defendants have attempted to avoid any potential duplication of matters addressed in the Court's juror questionnaire. Defendants reserve the right to amend this proposed voir dire based on information received pursuant to the juror questionnaire and/or based upon information presented by prospective jurors during the actual venire.

you know him or any member of his immediate family.

5. Have you, or any member of your immediate family, ever been represented by any of the attorneys involved in this case, or are you or any member of your immediate family acquainted, either socially or professionally, with the attorneys involved in this case or any members of their firms? The attorneys for Plaintiff Jerry Leon Dees, Jr. are:

    a. Vincent F. Kilborn, III, of Kilborn, Roebuck & McDonald;

    b. Jeffrey R. Sport, Kilborn of Roebuck & McDonald;

    c. David Allen McDonald of Kilborn, Roebuck & McDonald; and

    d. W. Perry Hall of Kilborn, Roebuck & McDonald.

The attorneys for Defendants Hyundai Motor Manufacturing Alabama, LLC, and Hyundai Motor America, Inc., are:

    a. J. Trent Scofield of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.;

    b. Timothy A. Palmer of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.;

If you answered "yes" as to any of the above, please explain.

12. Are any of you related by blood or marriage to any of the attorneys in this matter? If so, please explain.

13. Are you, or any member of your immediate family, acquainted, either socially or professionally, with any of the witnesses who may be called to testify at the trial of this case? The potential witnesses include:

    a. Jerry Leon Dees, Jr., Plaintiff;

    b. Katherine Dees, Plaintiff's wife;

    c. Wendy Warner, HMMA employee;

    d. Robert A. Clevenger, HMMA employee;

  e.  James A. Brookshire, HMMA employee;

  f.  John Applegate, HMMA employee;

  g.  William A. Ware, HMMA employee;

  h.  Greg Prater, former HMMA employee;

  i.  Kevin Hughes, HMMA employee;

  j.  Shane Archer, HMMA employee;

  k.  Mark Bornberg, HMMA employee;

  l.  John Wingo, former HMMA employee;

  m.  Kathy Parker, HMA employee;

  n.  Ron Haughey, HMA employee;

  o.  Mickey Phillips, HMMA employee;

  p.  John Kalson, HMMA employee;

  q.  Scott Gordy, HMMA employee;

  r.  Gwang Mun, HMMA employee;

  s.  Kisha W. Morris, former HMMA employee;

  t.  Greg Kimble, HMMA employee;

  u.  J. Timothy Downard, HMMA's Rule 702 witness;

  v.  Barry Jackson, HMMA employee;

  w.  John McClenney, American Citadel Guard employee;

  x.  Spenceur Lewis, former HMMA employee;

  y.  Sheron Rose, HMMA employee;

  z.  Steve Wilburn, HMMA employee;

    aa.  Bill Sievers, HMMA employee;

    bb.  Andy Dishman, HMMA employee;

    cc.  Craig Stapley, HMMA employee;

    dd.  Paul Dunbar, HMMA employee;

    ee.  Tim Haseltine, HMMA employee;

    ff.  Brian Robey, HMMA employee;

    gg.  Chris Weihe, HMMA employee;

    hh.  Drake Barefoot, HMMA employee;

    ii.  Mark Hanks, HMMA employee;

    jj.  Ronnie House, HMMA employee;

    kk.  Sgt. Wendell Richburg;

    ll.  Lt. Col. Todd Harrison;

    mm.  Sgt. Franklin Barnes;

    nn.  Sgt. James Martin;

    oo.  Cpt. Christopher Butler; and

    pp.  Robert P. Hall, II, CPA, Plaintiff's Rule 702 witness.

If you answered "yes" as to any of the above, please explain. Would your knowledge of any of these witnesses affect your ability to render a fair and impartial verdict in this case?

  14.  Are any of you related by blood or marriage to any of the witnesses in this matter? If so, please explain.

  15.  Have you, any immediate family member, or any close friend ever applied for employment with HMMA or HMA? If so, you, your immediate family member, or close friend

hired? If applicable, when was your approximate start date, in which department did you work, and what was your position?

16. Do you, any immediate family member, or any close friend currently work at HMMA or HMA? If so, please state you date of hire and position,

17. Have you, any immediate family member, or any close friend previously worked at HMMA or HMA? If so, please state the timeframe, position, and reason for separation.

18. Have you, any member of your immediate family, or any close friend ever had or asserted any type of claim or lawsuit against HMMA or HMA? If so, please approach the bench so that I may discuss this with you privately.

19. Have you ever had a dispute with an automotive manufacturer other than HMMA/HMA that was not resolved to your satisfaction? If so, please briefly describe your dispute.

20. Do any of you own a Hyundai automobile?

**Legal/Factual Background:**

21. This case involves claims by Plaintiff that he was harassed and ultimately terminated due to his uniformed service in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301, *et seq.* ("USERRA"), as well as additional state law claims against HMMA and HMA. Do any of you know anything about the facts of this case? If so, please approach the bench so I can discuss this with you privately. What did you hear about this case? From whom did you hear it? Would such knowledge affect your ability to render a fair and impartial verdict in this case?

22.     This case involves a defense by HMMA that Plaintiff was terminated based on a good faith belied that Plaintiff was sleeping on the job. Have you, any immediate family member, or a close friend ever been accused of intentionally sleeping on the job?

23.     Have you, any immediate family member, or a close friend ever intentionally slept on the job or been terminated for sleeping on the job?

24.     HMMA alleges it had a post-termination peer review process. Have you, any immediate family member, or a close friend worked for an employer with such a process? Have you taken part in such a process? If so, please briefly describe the process and the nature of the allegations resulting in this process being utilized.

**Uniformed Service Background:**

25.     Have you, any immediate family member, or any close friend served in the uniformed services while also employed by a civilian employer? By "uniformed services" I mean any of the following:

        a.     United States Army;

        b.     United States Marine Corps;

        c.     United States Navy;

        d.     United States Air Force;

        e.     United States Coast Guard;

        f.     National Oceanic and Atmospheric Administration Commissioned Corps ;

        g.     United States Public Health Service Commissioned Corps;

        h.     Any National Guard or Reserve component of the armed forces; or

        i.     Any State Guard, State Military Reserve, or State militia?

Would this fact effect your ability to render a fair and impartial verdict in this case?

**Employment Background:**

26. Are you familiar with the term "at-will employment"? If so, do you consider yourself an "at-will" employee?

27. Are you aware that the mere fact that an employment decision seems unfair or unjust to you does not make it unlawful? Do you agree with that statement?

28. Have you, any immediate family member, or a close friend ever worked in a manufacturing facility, including an automotive manufacturer? If so, please state the name of the company, the type of product manufactured, the last date of employment, and the most recent position held.

29. Have you, any immediate family member, or a close friend ever been discharged or involuntarily terminated from a job? If so, please approach the bench and privately tell us by whom and explain the circumstances under which this occurred. Did you, your family member, or your friend ever return to work for that employer? If so, why.

30. Likewise, if you, any immediate family member, or a close friend has ever been discharged or involuntarily terminated from a job, did you, your family member, or your friend ever re-apply? Were you, your family member, or your friend ever invited to re-apply for other work or offered the opportunity to return to work? If so, was the invitation or offer accepted or declined and why?

31. Have any of you ever been temporarily laid off? If so, why?

32. Do you believe that an employer ever discriminated against you, any immediate family member, or a close friend at a job? If so, please approach the bench and tell us privately

about that discrimination. What action did you, your family member, or your friend take? Were you, your family member, or your friend satisfied with the company's response to the situation?

33. Do you believe that an employer ever harassed you, any immediate family member, or a close friend at a job? If so, please approach the bench and tell us privately about that harassment. What action did you, your family member, or your friend take? Were you, your family member, or your friend satisfied with the company's response to the situation?

34. Have you, any immediate family member, or any close friend ever been discriminated against, harassed at work, or wrongfully terminated due to service in uniformed services? If so, please approach the bench and tell us privately about such incident(s) of discrimination, harassment, or wrongful termination.

35. Do you believe that an employer otherwise wronged or mistreated you, any immediate family member, or a close friend at a job? If so, please tell us about that situation. What action did you, your family member, or your friend take? Were you, your family member, or your friend satisfied with the company's response to the situation?

36. Have any of you felt that you were treated unfairly at work because of your race, gender, age, religion, national origin, disability or sexual preference? If so, what happened? If so, what action did you take? If so, were you satisfied with the company's response to the situation?

37. Have any of you felt that you were treated differently at work based on any other reason? If so, what happened? If so, what action did you take? If so, were you satisfied with the company's response to the situation?

38. Have you, any immediate family member, or a close friend ever been involved in any investigation of discrimination, harassment, or retaliation of any kind at a place of employment? If so, please describe the allegation and the investigation.

39. Have you, an immediate family member, or a close friend ever been discharged or discriminated against because you, your immediate family member, or close friend told the truth in the investigation of a harassment or discrimination claim against an employer or supervisor? If so, tell us about it.

40. Have you, any immediate family member, or a close friend ever had a complaint about an employer, co-worker, or supervisor in which you, your family member, or your friend complained to a supervisor or the company's human resources department? If so, please identify the complaint, the events surrounding the complaint, and outcome.

41. Has you ever been falsely accused of discrimination or harassment in the workplace? If so, please identify the accusation, the surrounding facts, the person that accused you, and the outcome of any investigation into such accusation.

42. Are any of you members of a labor union or have you ever been a member of a labor union in the past?

43. Have any of you ever served as an officer of a labor union, an organizer of a labor union, or a member of a contract bargaining committee of a labor union?

44. Have any of you, as part of your employment, ever filed a written complaint, or in the case of a unionized employer, a grievance, about working conditions in your workplace? If so, what was the complaint/grievance and was it resolved to your satisfaction?

45. Have any of you ever owned your own business? If so, please describe the nature of your business and the dates you were in operation.

46. Other than your current employment, have you previously held a management or supervisory position within a company? If so, please describe your prior employment, the number of employees managed/supervised, and the type of employees your managed/supervised.

**Other Lawsuits and Claims:**

47. Have you, any immediate family member, or a close friend ever filed a <u>lawsuit</u> against an employer alleging discrimination, harassment, or retaliation in employment? If so, what was the claim? How was the matter finally resolved?

48. Have any of you ever filed a <u>charge</u> against an employer with the Equal Employment Opportunity Commission (EEOC) or any other governmental entity alleging any type of discrimination, harassment, or retaliation in employment? If so, what was the charge? How was the matter finally resolved?

49. Have you, any member of your immediate family, or any of your close friends ever filed a claim or charge against an employer with the Department of Labor (DOL), the Veterans' Employment and Training Service (DOL/VETS), or the Employer Support of the Guard and Reserve (ESGR) related to the rights of members of the uniformed services?

50. Have you, an immediate family member, or a close friend ever been discharged, harassed, retaliated against, or otherwise treated unfairly because you, your immediate family member, or friend made or filed a claim or charge against an employer, co-worker, or supervisor? If so, tell us about it.

51.     Have you, an immediate family member, or a close friend ever worked for the Equal Employment Opportunity Commission (EEOC) or Department of Labor?

52.     Have you or any member of your family ever held a job where you had to handle claims of discrimination or other employment-related claims on behalf of your employer?

53.     Have you, any immediate family member, or a close friend ever filed a workers' compensation claim against an employer? If so, did the employer oppose the claim? How was the matter finally resolved?

54.     Have you ever been involved in any dispute where your employer transferred another employee because of a complaint you had about that employee? If so, please explain.

55.     Have you ever been involved in any dispute where your employer transferred you because of a complaint another employee had about you? If so, please explain.

56.     Have you, any member of your immediate family, or any close friend ever had a dispute of any kind with your employer over unpaid wages, salary, or other employee benefits? If so, please describe the nature of your dispute.

**Legal Background:**

57.     Do you or any member of your household or immediate family have any training in law?

58.     Do you have any close relatives who are lawyers or judges? If so, whom?

59.     Have you ever worked for a lawyer or had any legal training? If so, please explain.

60. Have you ever worked in a Human Resources or Personnel department? If so, in what capacity and for what employer? What were your job duties and responsibilities? If you are not still in that position, why did you leave it?

**Philosophical Views:**

61. Do any of you believe that employers should be able to decide what actions are most appropriate when dealing with an employee who is not meeting company standards?

62. This is a case of an individual against two corporations. Is there anything about the fact that Mr. Dees is an individual and HMMA and HMA are corporations that would make you more likely to side with Mr. Dees?

63. Do any of you feel that corporations or specifically large corporations are treated unfairly by our justice system?

64. Do any of you feel that you are more likely to side with an individual than with a corporation, regardless of the facts?

65. Do any of you feel that you cannot decide a case of an individual against a corporation fairly because you do not like large corporations in general?

66. Would any of you have any difficulty being impartial towards HMMA and/or HMA and giving them a fair trial because they are large companies?

67. Do any of you feel that there are too many lawsuits filed in the United States? If so, why?

68. Do any of you feel that lawsuits have a negative impact on you, your business, or your employer?

69. Do any of you feel that the civil justice system should be changed to limit or cap the amount of money an individual can be awarded in a lawsuit?

70. Do any of you feel jury awards in the past have been too high? Would that cause you to limit your award in this case?

71. Do any of you feel that lawsuits in general do more harm than good for society?

**Fairness Issues:**

72. Have any of you ever had any experience that would result in your being unable to decide in favor of HMMA or HMA? If so, please explain.

73. Can you listen to the evidence in this case and decide the case fairly regardless of whether the parties are individuals or corporations?

74. Is there any reason why you cannot be fair and impartial towards Mr. Dees, HMMA, or HMA in this case?

75. Do any of you have any personal feelings about HMMA and/or HMA that would affect your ability to be fair and impartial in this case?

76. Do any of you know any other reason, or has anything occurred to you during this questioning, that might in any way influence you, or prevent you from being completely fair and impartial as a juror in this trial? If so, please explain.

77. Are any of you aware of any reason why you could not judge the facts of this case fairly and impartially, based upon the evidence presented at trial and the legal instructions given by this Court? If so, please explain.

Respectfully submitted this 31st day of March, 2008.

/s/  J. Trent Scofield

Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: timothy.palmer@odnss.com
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Granted 5/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2008, I electronically filed the foregoing *Defendants' Proposed Voir Dire* on behalf of Defendants Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey R. Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

                                    /s/ J. Trent Scofield
                                    OF COUNSEL

5525655.2