**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JERRY LEON DEES, JR.,** | |
| **Plaintiff,** | |
| | **CIVIL ACTION NO.:** |
| **v.** | **2:07-cv-00306-MHT-CSC** |
| **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC.,** | |
| **Defendants.** | |

## DEFENDANTS' PROPOSED REQUESTED JURY CHARGES

Pursuant to Section 13 of the Court's Scheduling Order, Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants") submit the following proposed jury charges. In submitting these requested jury charges, Defendants do not waive, and to the contrary, expressly reserve the right to object to any charge to the jury unsupported by the evidence admitted in connection with the trial of this proceeding.

Currently pending is Defendants' Motion for Summary Judgment as to all of Plaintiff's claims. (Doc. 67). Defendants' submission of proposed jury charges on any and all claims asserted by Plaintiff shall not constitute a waiver in Defendants' position that they are entitled to judgment s a matter of law pursuant to Federal Rule of Civil Procedure 56. Further, to the extent such charges are submitted below, they are submitted by Defendants without waiver of their right to object to such charges at the conclusion of the evidence.

1

For ease of reference, Defendants' proposed jury instructions have been divided into the following tabbed sections:

**Tab A:**    **General Instructions**

- **Preliminary Instructions Before Trial**
- **Additional Preliminary Instructions**
- **Additional Preliminary Instructions**
- **Evidence**
- **Rules of Law**
- **Burden of Proof**

**Tab B:**    **Joint/Integrated Employer**

- **Joint/Integrated Employer**
- **Joint/Integrated Employer: Centralized Labor Relations**

**Tab C:**    **USERRA Discrimination/Termination**

- **Prohibited Discrimination**
- **Definition of "Employer"**
- **Definition of "Employee"**
- **Definition of "Benefit of Employment"**
- **Standard of Proof**
- **Burden of Proof**
- **Evidence of Discrimination**
- ***Prima Facie* Case**
- **Adverse Employment Action**
- **Motivating Factor**
- **Inference of Discrimination – Similarly Situated**
- **Defense: Same Decision**
- **Good Faith Belief – Burden**
- **Good Faith Belief**

**Tab D:**    **USERRA Hostile Work Environment**

- **Hostile Work Environment**
- **Factors Considered**
- **No Tangible Employment Action**

**Tab E:**     **USERRA Remedies**

- **Available Relief**
- **Backpay**
- **Liquidated Damages**
- **Definition of "Willful"**
- **Mitigation of Damages**

**Tab F:**     **Outrage**

- **Elements**

**Tab G:**     **Conversion**

- **General Definition of Conversion**
- **Measure of Damages – Conversion**
- **Damages – Punitive**
- **Burden of Proof**
- **Return of Property – Mitigation of Damages**

**Tab H:**     **Proposed Interrogatories Regarding Plaintiff's USERRA Claim**

# TAB A:

# GENERAL INSTRUCTIONS

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1.**

## PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.  I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.  The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Availabl**e. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Availabl**e. On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

* * * * *

**If Notetaking - Permitted**. If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.  If you do decide to take notes, do not try to write everything

down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places -- things that might be difficult to remember. Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes. If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

**If Notetaking - Not Permitted**. A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial. The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like. It is requested, however, that Jurors not take notes during the trial. One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in notetaking and may not wish to do so.

* * * * *

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law. Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any

6

manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at

the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show. I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

Authority:     Preliminary Instructions Before Trial, Pattern Jury Instructions, Civil Cases, U.S. 11th Circuit (2005).

_____ Granted     _____ Denied     _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2.**

## <u>ADDITIONAL PRELIMINARY INSTRUCTIONS</u>

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record. As you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions that reason and common sense lead you to make. In other words, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of your common experience. You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. I was there, I saw it, this is what happened. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. If someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining. The law makes no

distinction between the weight you may give to either direct or circumstantial evidence, or to the reasonable inferences you draw from direct or circumstantial evidence.

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of this case or a related case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things about which he or she testified? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

<u>Authority:</u>     Preliminary Instructions Before Trial, Pattern Jury Instructions, Civil Cases, U.S. 11th Circuit, Nos. 2.2, 3 (2005).

_____ Granted     _____ Denied     _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3.**

## <u>ADDITIONAL PRELIMINARY INSTRUCTIONS</u>

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

<u>Authority:</u>    Preliminary Instructions Before Trial, Pattern Jury Instructions, Civil Cases, U.S. 11th Circuit, Nos. 4.1 (2005).

_____ Granted    _____ Denied        _____ Modified

11

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4.**

## <u>EVIDENCE</u>

Certain things are not evidence.

     1.     Statements, arguments, and questions by lawyers are not evidence.

     2.     Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or document.  If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only.  If this does occur during the trial, I will try to clarify this for you at that time.

     3.     Anything you see or hear outside the Courtroom is not evidence and must be disregarded.  You are to decide this case solely on the evidence presented here in the Courtroom.

     4.     At times during the trial, I may ask questions of the witnesses.  This does not mean that I have an opinion about the facts of the case.

<u>Authority:</u>    Fed. R. Evid. 614; <u>Connell v. Sears, Roebuck & Co.</u>, 559 F. Supp. 229 (N.D. Ala.), <u>Aff'd in part, Modified in part, Vacated in part;</u> 722 F.2d 1542 (Fed. Cir. 1983); <u>Stoutmire v. Strickland</u>, 599 F. Supp. 314, 318 (N.D. Ill. 1984) (witness credibility is for jury); <u>American Hoist & Derrick Co. v. Sowa & Sons, Inc.</u>, 725 F.2d 1350 (Fed. Cir.), <u>cert. denied</u>, 469 U.S. 821, 105 S. Ct. 95 (1984); <u>Henn v. National Geographic Soc'y</u>, 819 F.2d 824, 831 (7th Cir.), <u>cert. denied</u>, 484 U.S. 964, 108 S. Ct. 454 (1987).

_____ Granted    _____ Denied      _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5.**

## <u>RULES OF LAW</u>

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room to begin your discussions—what we call deliberations.

<u>Authority:</u>     *Eleventh Circuit Pattern Jury Instructions (Civil Cases)*, Basic Instructions No. 1 (2005).

_____ Granted     _____ Denied          _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6.**

## **BURDEN OF PROOF**

In this case it is the responsibility of the Plaintiff to prove every essential part of his claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claims are more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

Authority:     Pattern Jury Instructions, Civil Cases, U.S. 11th Circuit, No. 6.1 (2005).

_____ Granted     _____ Denied     _____ Modified

**TAB B:**

**JOINT / INTEGRATED EMPLOYER**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7.**

### Joint/Integrated Employer

In determining whether two companies are considered to be a "joint" or "integrated" employer, you must consider whether certain factors are present between the two companies. These factors include: (1) the interrelation of operations between the two companies, (2) centralized control of labor relations between the two companies, (3) common management between the two companies, and (4) common ownership or financial control.

Authority:      *Lyes v. City of Riviera Beach, Florida*, 166 F.3d 1332, 1341-42 (11th Cir. 1999);
                *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930, 933 (11th Cir.
                1987) (citations omitted).


_____ Granted      _____ Denied         _____ Modified

16

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8.**

<u>**Joint/Integrated Employer:  Centralized Labor Relations**</u>

The "centralized control of labor relations" factor is the most important to determine whether a "joint/integrated employer" relationship exists.  To satisfy this factor, Plaintiff needs to show more than a parent company's broad general policy statements regarding employment matters of the subsidiary.  The critical inquiry under this prong is "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?"

<u>Authority:</u>     *Fike v. Gold Kist, Inc.,* 514 F. Supp. 722, 727 (N.D. Ala. 1981); *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1363 (10th Cir. 1993); *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

_____ Granted     _____ Denied          _____ Modified

17

**TAB C:**

**USERRA DISCRIMINATION / TERMINATION**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9.**

## USERRA:  Prohibited Discrimination

According to federal law:

A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

Authority:     38 U.S.C. §4311 (2006).

_____ Granted     _____ Denied          _____ Modified

19

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10.**

### <u>USERRA:  Definition of "Employer"</u>

USERRA applies to "Employers" and "Employees."

    "Employer" means any person, institution, organization, or other entity that pays salary or wages for work performed, or that has control over employment opportunities.

<u>Authority:</u>     38 U.S.C. § 4303 (4)(A); 20 C.F.R. §1002.5(d) (2006).

_____ Granted     _____ Denied     _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11.**

## <u>USERRA:  Definition of "Employee"</u>

According to USERRA:

"Employee" means any person employed by an employer. The term also includes any person who is a citizen, national or permanent resident alien of the United States who is employed in a workplace in a foreign country by an employer that is an entity incorporated or organized in the United States, or that is controlled by an entity organized in the United States. "Employee" includes the former employees of an employer.


<u>Authority:</u>      38 U.S.C. § 4303(3); 20 C.F.R. §1002.5(c) (2006).


_____ Granted      _____ Denied          _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12.**

**USERRA:  Definition of "Benefit of Employment"**

According to USERRA:

"Benefit, benefit of employment, or rights and benefits" means any advantage, profit, privilege, gain, status, account, or interest (other than wages or salary for work performed) that accrues to the employee because of an employment contract, employment agreement, or employer policy, plan, or practice. The term includes rights and benefits under a pension plan, health plan, or employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or the location of employment.

Authority:      38 U.S.C. § 4303(2); 20 C.F.R. §1002.5(c) (2006).

_____ Granted      _____ Denied         _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13.**

## <u>USERRA:  Standard of Proof</u>

The standard of proof in claims and defenses raised under USERRA is by a preponderance of the evidence.

<u>Authority:</u>    *Brinkley v. Dialysis Clinic, Inc.*, 403 F. Supp.2d 1090, 1100 (M.D. Ala. 2005);
               *Sheehan v. Department of the Navy*, 240 F.3d 1009 (Fed. Cir. 2001).

_____  Granted    _____  Denied         _____  Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14.**

### <u>USERRA:  Burden of Proof</u>

The Plaintiff has the burden of proving that a status or activity protected by USERRA was one of the reasons that the employer took action against him, in order to establish that the action was discrimination or retaliation in violation of USERRA.  If the Plaintiff succeeds in proving that the status or activity protected by USERRA was one of the reasons the employer took action against him, the employer has the burden to prove the affirmative defense that it would have taken the action anyway.

<u>Authority:</u>     *Brinkley v. Dialysis Clinic, Inc.*, 403 F. Supp.2d 1090, 1100 (M.D. Ala. 2005); 20 C.F.R. §1002.22 (2006).

_____ Granted     _____ Denied     _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15.**

<u>**USERRA:  Evidence of Discrimination**</u>

In order to prove that the employer discriminated against the Plaintiff, he must first show that the employer's action was motivated by one or more of the following:

(1)    Membership or application for membership in a uniformed service;

(2)    Performance of service, application for service, or obligation for service in a uniformed service;

(3)    Action taken to enforce a protection afforded any person under USERRA;

(4)    Testimony or statement made in or in connection with a USERRA proceeding;

(5)    Assistance or participation in a USERRA investigation; or,

(6)    Exercise of a right provided for by USERRA.


<u>Authority:</u>    38 U.S.C. § 4311; 20 C.F.R. §1002.23 (2006).


_____    Granted    _____    Denied    _____    Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16.**


## USERRA:  *Prima Facie* Case

The Plaintiff must make an initial showing that military status was at least a motivating factor in the employer's adverse employment action.


Authority:     *Brinkley v. Dialysis Clinic, Inc.*, 403 F. Supp.2d 1090, 1100 (M.D. Ala. 2005);
               *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001).


_____ Granted     _____ Denied          _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17.**

## USERRA "Adverse Employment Action"

An "adverse employment action" under the USERRA includes the denial of initial employment, reemployment, retention in employment, promotion, and/or any benefit of employment, including, but not limited to, rights and benefits under a pension plan, health plan, or employee stock ownership plan, insurance coverage and awards, bonuses, severance pay, supplemental unemployment benefits, vacations, and the opportunity to select work hours or the location of employment.

Authority:    38 U.S.C. §4311 (2006); 20 C.F.R. §1002.5(c) (2006).

_____ Granted    _____ Denied    _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18.**

## <u>USERRA: Motivating Factor</u>

Military status is a motivating factor if the employer relied on, took into account, considered, or conditioned its decision on that consideration. A motivating factor does not mean that it had to be the sole cause of the employment action. Instead, it is one of the factors that a truthful employer would list if asked for the reasons for its decision.

Authority:    *Brinkley v. Dialysis Clinic, Inc.*, 403 F. Supp.2d 1090, 1100 (M.D. Ala. 2005);
              *Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231, 1238 (11th Cir. 2005).


_____ Granted    _____ Denied        _____ Modified

28

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19.**

### <u>USERRA:  Inference of Discrimination — Similarly Situated</u>

To be deemed similarly situated, individuals with whom Plaintiff seeks to compare his treatment must have dealt with the same decisonmakers, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.

<u>Authority:</u>    *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (Title VII); *Johnson v. Kroger Co.*, 319 F.3d 858, 867 (6th Cir. 2003); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1232 (10th Cir. 2000).

_____  Granted    _____  Denied    _____  Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20.**

<u>**USERRA Defense:  Same Decision**</u>

If the Plaintiff meets his burden of proving that an adverse action was motivated by his military service, the burden shifts to the employer to prove the affirmative defense that legitimate reasons for terminating his employment, standing alone, would have the employer to take the same adverse action.

If the employer proves it would have taken the same action despite the Plaintiff's protected status, it does not violate USERRA.

Authority:    *Brinkley v. Dialysis Clinic, Inc.*, 403 F. Supp.2d 1090, 1100 (M.D. Ala. 2005);
                   *Sheehan v. Department of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001).

_____ Granted     _____ Denied          _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21.**

## GOOD FAITH BELIEF – BURDEN

Based on the evidence presented in this case, you must decide whether Defendants had a good faith belief that Plaintiff was intentionally sleeping at work. You must also decide whether Defendants honestly believed Plaintiff was intentionally sleeping at work when the decision was made to terminate Plaintiff's employment.

Authority:     *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (age discrimination); *see also, Jones v. Gerwins*, 874 F.2d 1534, 1540 (11th Cir. 1989) (Title VII race discrimination); *Lee v. GTE Florida, Inc.,* 226 F.3d 1249, 1253 (11th Cir. 2000) ("A plaintiff must show not merely that the defendant's employment decisions were mistaken, but that they were in fact motivated by sex.") (Title VII sex discrimination); *Alexander v. Fulton County*, Ga., 207 F.3d 1303, 1339 (11th Cir. 2000) ("A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race.")(Title VII and Section 1981 race discrimination); *Wolf v. Buss (America) Inc.,* 77 F.3d 914, 919 (7th Cir. 1996)("Pretext means more than a mistake on the part of the employer; pretext means a lie, specifically a phony reason for some action.") (internal marks and citations omitted) (age discrimination).

_____ Granted     _____ Denied          _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 22.**


### Good Faith Belief

An employer who fires an employee under the mistaken but honest belief that the employee

violated a work rule is not liable for unlawful discrimination.


Authority:    *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999) (age discrimination); *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (age discrimination); *see also, Jones v. Gerwins*, 874 F.2d 1534, 1540 (11th Cir. 1989) (Title VII race discrimination); *Lee v. GTE Florida, Inc.,* 226 F.3d 1249, 1253 (11th Cir. 2000) ("A plaintiff must show not merely that the defendant's employment decisions were mistaken, but that they were in fact motivated by sex.") (Title VII sex discrimination); *Alexander v. Fulton County*, *Ga.,* 207 F.3d 1303, 1339 (11th Cir. 2000) ("A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race.")(Title VII and Section 1981 race discrimination); *Wolf v. Buss (America) Inc.,* 77 F.3d 914, 919 (7th Cir. 1996)("Pretext means more than a mistake on the part of the employer; pretext means a lie, specifically a phony reason for some action.") (internal marks and citations omitted) (age discrimination).


_____ Granted    _____ Denied    _____ Modified

**TAB D:**

**USERRA Hostile Work Environment[1]**

---

[1]  Defendants again respectfully object to any jury instructions based upon a "hostile work environment" because such a theory of recovery has not been recognized by the Eleventh Circuit.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 23.**

## <u>USERRA:  Hostile Work Environment</u>

Under USERRA, Plaintiff may raise a claim of hostile work environment by showing:

1.    [He] is protected under USERRA;

2.    [He] was subjected to harassment, either through words or actions, based on his military status;

3.    The harassment unreasonably interfered with his work performance and created an objectively intimidating, hostile, or offensive work environment; and

4.    There exists some basis for liability on the part of the employer.

Under the third prong, the harassment must be sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment. That is, conduct must be severe or pervasive enough to create an environment that a reasonable person would find hostile or abusive. Likewise, the Plaintiff must perceive the environment to be abusive, demonstrating that the conduct has actually altered the conditions of his employment.

Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—that is, an environment that a reasonable person would find hostile or abusive—is not actionable. Likewise, if Plaintiff does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of Plaintiff's employment, and there is no hostile work environment violation.


Authority:    *Miller v. City of Indianapolis*, 281 F.3d 648, 653 (7th Cir. 2002) (USERRA hostile work environment dicta); *Faragher v. City of Boca Raton*, 118 S. Ct. 2275, 2293 (1998); *Burlington Indus., Inc. v. Ellerth*, 118 S. Ct. 2257, 2270 (1998); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).


_____ Granted    _____ Denied    _____ Modified

2

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 24.**

**<u>USERRA:  Hostile Work Environment — Factors Considered</u>**

To demonstrate a viable claim for hostile work environment under the USERRA, Plaintiff must prove that the harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

Several factors may be considered to determine whether the harassment was sufficiently severe or pervasive: the frequency of the conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with Plaintiff's work performance.

<u>Authority:</u>     *Harris v. Forklift Sys.*, Inc., 510 U.S. 17, 21 (1993).

_____ Granted     _____ Denied     _____ Modified

3

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 25.**

<u>**USERRA:  Hostile Work Environment / No Tangible Employment Action**</u>

**[This proposed jury instruction is modeled after the Eleventh Circuit's Pattern Jury Instruction utilized in Title VII cases.  <u>See</u> Pattern Jury Inst. § 1.2.2]**

In this case, the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against their employees in the terms and conditions of their employment because of the employee's military status.

More specifically, the Plaintiff claims that he was subjected to a hostile or abusive work environment because of military harassment which is a form of prohibited employment discrimination.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First:</u>   That the Plaintiff was subjected to a hostile or abusive work environment, as hereafter defined, because of his military status;

<u>Second:</u>   That such hostile or abusive work environment was created or permitted by a supervisor with immediate or successively higher authority over the Plaintiff; and

<u>Third:</u>   That the Plaintiff suffered damages as a proximate or legal result of such hostile or abusive work environment.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

A work environment is hostile or abusive because of military harassment only if: (1) the Plaintiff was subjected to offensive acts or statements based on his military status; (2) such acts or statements were unwelcome and had not been invited or solicited, directly or indirectly, by the

4

Plaintiff's own acts or statements; (3) such acts or statements resulted in a work environment that was so permeated with discriminatory intimidation, ridicule or insult of sufficient severity or pervasiveness that it materially altered the conditions of the Plaintiff's employment; (4) a reasonable person, as distinguished from someone who is unduly sensitive, would have found that workplace to be hostile or abusive; and (5) the Plaintiff personally believes the workplace environment to be hostile or abusive.

Whether a workplace environment is "hostile" or "abusive" can be determined only by looking at all the circumstances including the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; and whether it unreasonably interfered with the employee's work performance. The effect on the employee's mental and emotional well being is also relevant to determining whether the Plaintiff actually found the workplace environment to be hostile or abusive; but while psychological harm, like any other relevant fact, may be taken into account, no single factor is required.

Conduct that only amounts to ordinary socializing in the workplace such as occasional horseplay, sporadic or occasional use of abusive language, military related jokes, and occasional teasing, does not constitute an abusive or hostile environment. Only extreme conduct amounting to a material change in the terms and conditions of employment is actionable.

When a hostile or abusive work environment is created by the conduct of a supervisor with immediate or successively higher authority over the Plaintiff, the Defendant employer is responsible under the law for such behavior and the resulting work environment.

[When a hostile or abusive work environment is created and carried on by nonsupervisory fellow workers of the Plaintiff, the Defendant, as the Plaintiff's employer, will be

responsible or liable for permitting such behavior only if the Plaintiff proves by a preponderance of the evidence that the Plaintiff's supervisor or successively higher authority knew (that it, had actual knowledge), or should have known (that is, had constructive knowledge), of the hostile or abusive work environment <u>and</u> permitted it to continue by failing to take remedial action.

To find that a supervisor had constructive knowledge of a hostile or abusive work environment – that is, that the supervisor should have known of such environment – the Plaintiff must prove that the hostile or abusive environment was so pervasive and so open and obvious that any reasonable person in the supervisor's position would have known that the harassment was occurring. Even though you may have already determined that the Plaintiff was in fact exposed to a hostile or abusive work environment, that alone is not determinative of the issue of the supervisor's knowledge; rather, you must find that the discriminatory harassment to which the Plaintiff was exposed was so pervasive and unconcealed that knowledge on the part of the supervisor may be inferred.]

Finally, in order for the Plaintiff to recover damages for having been exposed to a discriminatorily hostile or abusive work environment because of his military status, the Plaintiff must prove that such damages were proximately or legally caused by the unlawful discrimination. For damages to be the proximate or legal result of unlawful conduct, it must be shown that, except for such conduct, the damages would not have occurred.

If you find that the Plaintiff has proved each of the things he must prove in support of his claim, you will then consider the Defendants' affirmative defense to that claim.

In order to prevail on the affirmative defense, the Defendants must prove each of the following facts by a preponderance of the evidence.

First:    That the Defendant exercised reasonable care to prevent any harassing behavior (based on military status) in the workplace; and

Second:    That the Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Defendant to avoid or correct the harm [or otherwise failed to exercise reasonable care to avoid harm] **or** that, if the Plaintiff did take advantage of preventive or corrective opportunities, the Defendants responded by taking reasonable and prompt corrective action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

[Ordinarily, proof of the following facts will suffice to establish the exercise of "reasonable care" by the employer: (a) that the employer had promulgated an explicit policy against unlawful harassment in the work-place; (b) that such policy was fully communicated to its employees; and (c) that such policy provided a reasonable avenue for the Plaintiff to make a complaint to higher management.   Conversely, proof that an employee did not follow a complaint procedure provided by the employer will ordinarily suffice to establish that the employee "unreasonably failed" to take advantage of a corrective opportunity.]

Authority:    Eleventh Circuit Pattern Jury Instruction, § 1.2.2 (2005), modified for use in a USERRA case.

_____ Granted    _____ Denied    _____ Modified

7

**TAB E:**

**USERRA REMEDIES**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 26.**

## USERRA:  Available Relief

If you find a violation of the USERRA in this case, you may award relief as follows:

(A) You may require the employer to comply with the provisions of USERRA.

(B) You may require the employer to compensate the Plaintiff for any loss of wages or benefits suffered by reason of the employer's failure to comply with the provisions of USERRA.

(C) You may require the employer to pay the Plaintiff an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if you determine that the employer's failure to comply with the USERRA was willful.

Authority:    38 U.S.C. §4323(d)(1) (2006).

_____ Granted    _____ Denied    _____ Modified

9

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 27.**

## <u>USERRA:  Backpay</u>

If you find by a preponderance of the evidence that Plaintiff's military status was a motivating factor in the employer's decision to terminate his employment, then you should consider the amount of damage to be awarded.

Plaintiff is entitled to backpay in the amount he would have earned had he continued to be employed until the date of trial, minus the amount of benefits and earnings from other employment or pension benefits received by Plaintiff during that time.

The amount of backpay which Plaintiff would have earned had he continued to be employed by the employer until the date of trial must be reduced by the amount which Plaintiff could have earned had he sought alternative employment with reasonable diligence.

<u>Authority:</u>     <u>Federal Jury Practice and Instructions</u>, § 173.70 (Compensatory Damages – ADEA); <u>See</u> <u>also</u> *Tribble v. Westinghouse Elec. Corp.*, 669 F.2d 1193, 1199 n.5 (8th Cir. 1982).

_____ Granted     _____ Denied          _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 28.**

## <u>USERRA:  Liquidated Damages</u>

Where employer has committed a "willful" violation of the USERRA, Plaintiff is entitled to recover liquidated damages in an amount equal to the back pay award such that the back pay award is doubled.

<u>Authority:</u>       *Julian v. City of Houston*, 314 F.3d 721, 729 (5th Cir. 2002).

_____ Granted    _____ Denied         _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 29.**

## <u>USERRA:  Definition of "Willful"</u>

The employer has acted "willfully" if it knew or showed reckless disregard for the matter of whether its conduct was prohibited by the USERRA.

To show that employer's act was willful, Plaintiff does not need to show that the employer's conduct was outrageous, nor does he need to provide direct evidence of the employer's motives.

Likewise, if the employer did not know, or knew only that USERRA was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by USERRA, even if it acted negligently, then its conduct was not willful.

<u>Authority:</u>    <u>Federal Jury Practice and Instructions</u>, (5th ed), § 175.35 - - Willful (FLSA Standard); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 614 (1993); *Equal Employment Opportunity Comm'n v. Board of Regents of the Univ. of Wisconsin*, 288 F.3d 296, 304 (7th Cir. 2002).

_____ Granted    _____ Denied        _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 30.**

## <u>USERRA:  Mitigation of Damages</u>

If you should find from a preponderance of the evidence that Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of Plaintiff's damages by the amount that could have been reasonably realized if Plaintiff had taken advantage of such opportunity.

<u>Authority:</u>    *Reiner v. Family Ford, Inc.*, 146 F. Supp. 2d 1279, 1286 (M.D. Fla. 2001).

_____ Granted    _____ Denied    _____ Modified

13

**TAB F:**

**OUTRAGE**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 31.**

<u>**Outrage:  Elements**</u>

If you are reasonably satisfied by the evidence that Defendants' conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in civilized society and such conduct either intentionally or recklessly caused Plaintiff emotional distress, so severe that no reasonable person could be expected to endure it, then the Defendants are subject to liability in damages for such distress and also any bodily harm resulting from the distress.

<u>Authority:</u>    *Alabama Pattern Jury Instructions (Civil Cases)*, Second Edition APJI 29.05

_____  Granted    _____  Denied    _____  Modified

15

**TAB G:**


**CONVERSION**

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 32.**

**<u>General Definition of Conversion</u>**

A conversion is:

1.   The appropriation of the personal property of one person by another to its own use and benefit; or,

2.   By destruction of one's personal property by another; or,

3.   The exercise of dominion by another over personal property to the exclusion or in defiance of the owner's right; or,

4.   Withholding the possession of personal property from the owner by another under a claim of title inconsistent with the owner's title.

<u>Authority:</u>     *Alabama Pattern Jury Instructions (Civil Cases)*, Second Edition APJI 39.00

_____ Granted     _____ Denied          _____ Modified

17

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 33.**

<u>**Measure of Damages – Conversion**</u>

The measure of damages for the conversion of personal property is the value of the property as of the date of the conversion; or the value of the property at any time between the date of the conversion and the trial, whichever is greater, with interest at the rate of six percent (6%) per annum from the date of the conversion.

<u>Authority:</u>    *Alabama Pattern Jury Instructions (Civil Cases)*, Second Edition APJI 39.01

_____ Granted    _____ Denied    _____ Modified

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 34.**

### <u>Damages – Punitive</u>

If you are reasonably satisfied from the evidence that the conversion by the Defendants was willful or the result of a trespass under the circumstances of insult or malice, you may in your discretion, also award punitive damages.

<u>Authority:</u>    *Alabama Pattern Jury Instructions (Civil Cases)*, Second Edition APJI 39.02

_____ Granted    _____ Denied    _____ Modified

19

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 35.**

<u>**Conversion:  Burden of Proof**</u>

An answer to Plaintiff's claim that the Defendants converted the property of the Plaintiff the Defendants have denied the allegations in the Complaint.

The burden of proof is on the Plaintiff to reasonably satisfy you from the evidence that the Defendants converted the property of the Plaintiff as defined for you [In one or more of the four definitions of Conversion APJI 39.00].

If you are reasonably satisfied that the Plaintiff has proven the Defendants converted the Plaintiff's property, the Plaintiff would further have to prove to your reasonable satisfaction the amount of such damages.  [As defined in either or both APJI 39.01 and APJI 39.02].

<u>Authority:</u>     *Alabama Pattern Jury Instructions (Civil Cases)*, Second Edition APJI 39.03

_____  Granted     _____  Denied          _____  Modified

20

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 36.**

**<u>Conversion:  Return of Property – Mitigation of Damages</u>**

If you are reasonably satisfied from the evidence that the Defendants converted the Plaintiff's property and you are further reasonably satisfied from the evidence that the property was returned to the Plaintiff prior to trial, the return of such property does not amount to a waiver of any rights to recovery by the Plaintiff, but may be considered by you in mitigation or reduction of the Plaintiff's damages.

<u>Authority:</u>    *Alabama Pattern Jury Instructions (Civil Cases)*, Second Edition APJI 39.05

_____  Granted    _____  Denied    _____  Modified

21

**TAB H:**

**PROPOSED INTERROGATORIES REGARDING
PLAINTIFF'S USERRA CLAIM**

**Proposed Interrogatories Regarding Plaintiff's USERRA Claim**

Based on a preponderance of the evidence, we make the following findings:

37.     The employer's decision to terminate Plaintiff's employment was motivated by his military status?

Yes _____            No _____

If your answer is "Yes," then proceed to the next section.  If your answer is "No," then proceed no further.


38.     Even if Plaintiff's military service was a motivating factor in terminating the Plaintiff's employment, the employer would have made the same decision regardless of the fact that Plaintiff was a member of the military?

Yes _____            No _____

If your answer is "Yes," you should proceed no further.  If your answer is "No," then proceed to the next section.


39.     If you have answered "Yes" to question no. 1 and "No" to question no. 2, do you find that Plaintiff should be awarded for lost pay and benefits under USERRA?

Yes _____            No _____

If your answer is "Yes," then proceed to the next section.  If your answer is "No," then proceed no further.


40.     If you believe the Plaintiff is entitled to lost/pay benefits under USERRA, then state the monetary amount you wish to award him in damages.

$_____

23

41.     If you find that Plaintiff is entitled to damages under USERRA, do you find that the employer willfully violated his rights under that statute?

       Yes _____          No _____

If you answer is "Yes," then proceed to the next section.  If your answer is "No," then proceed no further.


42.     If you find that a willful USERRA violation exists, do you wish to award an additional equal amount to Plaintiff as a liquidated damage?

       Yes _____          No _____

Respectfully submitted this 31st day of March, 2008.

/s/ J. Trent Scofield
Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: timothy.palmer@odnss.com
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st day of March, 2008, I electronically filed the foregoing *Defendants' Requested Jury Charges* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.


/s/ J. Trent Scofield_____
OF COUNSEL

26