**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JERRY LEON DEES, JR.,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| Vs. ) | **CASE NO.** |
| ) | **2:07-cv-00306-MHT-CSC** |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC, and HYUNDAI** ) | |
| **MOTOR AMERICA, INC.,** ) | |
| ) | |
|     **Defendants.** ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

       The Plaintiff Jerry Leon Dees, Jr., hereby submits his Proposed Jury Instructions for the trial of this case:

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1

**Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA)**

In this case the Plaintiff Jerry Leon Dees, Jr. ("Mr. Dees") makes a claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (referred to as "USERRA") that prohibits employers from discriminating against employees in the terms and conditions of their employment because of the employee's membership in the uniformed services, or performance or obligations of those services.

More specifically, Mr. Dees claims he was harassed and discharged from employment by the Defendants ("Hyundai") because of his membership in, performance and obligations of his services in the Army National Guard.

In order to prevail on this claim, Mr. Dees must prove each of the following facts by a preponderance of the evidence:

First: That he was harassed and discharged from employment by Hyundai; and

Second: That Mr. Dees' military status was a motivating factor in Hyundai's to discharge him.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's military status. So far as you are concerned in this case, an employer may discharge an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of Hyundai even though you personally may not favor the action taken and would have acted differently under the circumstances.

Neither does the law require an employer to extend any special or favorable treatment to employees because of their military status.

Military status is a motivating factor if Hyundai relied on, took into account, considered, or conditioned its decision on that consideration. A motivating factor in a USERRA case is not necessarily the sole cause of the action, but rather is one of the factors that a truthful employer would list if asked for the reasons for its decisions.

You may infer discriminatory motivation on the part of Hyundai from a number of considerations, such as the proximity in time between Mr. Dees' military activity and the termination of his employment, inconsistencies between Hyundai's proffered reason and other actions of Hyundai, Hyundai's expressed hostility towards those serving in the military together with knowledge of Mr. Dees' military activity, and disparate treatment of employees who are members of the military, including Mr. Dees, compared to other employees with similar work records.

If you find in Mr. Dees' favor with respect to each of the facts that he must prove, you must then decide whether Hyundai has shown by a preponderance of the evidence that Mr. Dees would have been dismissed for a legitimate reason regardless of Mr. Dees' military status.

If you are so convinced that Hyundai satisfied their burden with respect to their defense, then you must determine whether Mr. Dees has shown by a preponderance of the evidence that Hyundai's proffered explanation is a pretext for firing Mr. Dees. Mr. Dees may establish pretext by showing by a preponderance of the evidence that Hyundai's proffered explanation is false or unworthy of credence, or that the reason given by Hyundai did not exist, was not in fact relied upon, or was not the real reason for Hyundai's decision to terminate Mr. Dees. If you find that Mr. Dees satisfied his burden that Hyundai's explanation is pretextual, then you may infer that in terminating

Mr. Dees' employment, Hyundai acted with an unlawful motivation with respect to Mr. Dees' military status.

If you find for the Plaintiff and against the Defendants on their defense, you must then decide the issue of the Plaintiff's damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allow as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both mental and physical aspects of injury–tangible and intangible. Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

    (a)    Net lost wages and benefits to the date of trial;

    (b)    Emotional pain and mental anguish; and

    ( c)    Liquidated damages.

Eleventh Circuit Pattern Jury Instructions Section I.2.1 (modified for USERRA claim); 38 U.S.C. § 4301, et seq.; Harris v. City of Montgomery, 322 F. Supp. 2d 1319 (M.D. Ala. 2004); Fink v. City of New York, 129 F. Supp. 2d 511 (E.D.N.Y. 2001); Robinson v. Morris-Moore Chevrolet-Buick, Inc., 974 F. Supp. 571 (E.D.Tex. 1997); Sanguinetti v. United Parcel Serv., Inc., 114 F. Supp. 2d 1313 (S.D. Fla. 2000); Coffman v. Chugach Support Servs., Inc., 411 F.3d 1231, 1238 (11th Cir. 2005); Sheehan v. Dep't of the Navy, 240 F.3d 1009, 1014 (Fed. Cir. 2001); Herawi v. Ala. Dep't of Forensic Sciences, 311 F. Supp. 2d 1335 (M.D. Ala. 2004); Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000); Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1194-95 (11th Cir. 2004); Woodard v. Fanboy, LLC, 298 F.3d 1261 (11th Cir. 2002); EEOC v. Ethan Allen, Inc., 44 F.3d 116 (2d Cir. 1994); Duarte v. Agilent Techs., 366 F. Supp. 2d 1036 (D. Colo. 2005).

GIVEN     _____

REFUSED   _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2

**USERRA - Liquidated Damages**

If you find that Mr. Dees is entitled to compensatory damages, you must then consider whether Mr. Dees has proved by a preponderance of the evidence that Hyundai's actions toward Mr. Dees were willful which means that Hyundai engaged in conduct known to be prohibited or engaged in conduct with reckless disregard of its prohibition. If you are satisfied that Mr. Dees has satisfied this burden, you may award him an amount equal to the amount of compensatory damages you have awarded.

38 U.S.C. § 4323(d)(1)(C); <u>Duarte v. Agilent Techs.</u>, 366 F. Supp. 2d 1036 (D. Colo. 2005).

GIVEN        _____

REFUSED    _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3

**Conversion - General Definition**

A conversion is:

1. The appropriation of the personal property of one person by another to its own use and benefit; or,

2. By destruction of one's personal property by another; or,

3. The exercise of dominion by another over personal property to the exclusion or in defiance of the owner's right; or,

4. Withholding possession of personal property from the owner by another under a claim of title inconsistent with the owner's title, which includes the failure to return personal property to the owner after the owner has demanded such return.

Ala. Pattern Jury Instruction Civil 39.00; Birmingham Jefferson County Transit Auth. v. Arvan, 669 So. 2d 825 (Ala. 1995); Brown v. Campbell, 536 So. 2d 920 (Ala. 1988).

GIVEN   _____

REFUSED _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4

**Conversion - Measure of Damages**

The measure of damages for the conversion of personal property is the value of the property as of the date of the conversion; or the value of the property at any time between the date of the conversion and the trial, whichever is greater, with interest at the rate of six percent (6%) per annum from the date of the conversion.

Ala. Pattern Jury Instruction Civil 39.01

GIVEN    _____

REFUSED  _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5

**Conversion - Punitive Damages**

If you are reasonably satisfied from the evidence that the conversion by the Defendant was willful or the result of a trespass under the circumstances of insult or malice, you may in your discretion, also award punitive damages.

Ala. Pattern Jury Instruction Civil 39.02.

GIVEN    _____

REFUSED  _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6

**Outrage**

If you are reasonably satisfied by the evidence that the Defendants' conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, so as to be regarded as atrocious and utterly intolerable in civilized society and such conduct either intentionally or recklessly caused the Plaintiff emotional distress, so severe that no reasonable person could be expected to endure it, then the Defendants are subject to liability in damages for such distress and also any bodily harm resulting from the distress.

Ala. Pattern Jury Instruction Civil 29.05

GIVEN   _____

REFUSED   _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7

**Punitive Damages: Definition and Purpose**

If, based upon the law as given to you by the Court, you award compensatory damages to Mr. Dees on his claim for outrage or conversion, or both, you may also consider an award of punitive damages, in accordance with the following principles. Punitive damages are allowed to Mr. Dees and may be awarded in your sound discretion if Mr. Dees has proved by clear and convincing evidence that Hyundai consciously or deliberately engaged in oppression, fraud, wantonness or malice with regard to Mr. Dees and Mr. Dees has met certain other proofs that are required in cases involving torts or civil wrongs.

Clear and convincing proof involves a degree of belief greater than the usually-imposed burden of proof by a preponderance of the evidence. Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind not only that the proposition at issue is probable, but also that it is highly probable.

The purpose of awarding punitive damages is to allow money recovery to the plaintiff by way of punishment to the defendants, and for the added purpose of protecting the public in deterring the defendants and others from doing such wrong in the future. If you award punitive damages, in fixing the amount you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

Ala. Pattern Jury Instructions Civil 23.21.

GIVEN _____

REFUSED _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8

**Uncalled Witness Not Equally Available**

You have heard evidence about a witness who has not been called to testify, counsel for Plaintiff has argued that this witness could have given material testimony in this case, and that the Defendants were in the best position to produce this witness.

If you find that this witness could have been called as a witness by the Defendants, and that the Defendants were in the best position to produce him, and that this witness would have given important new testimony, then you are permitted, but not required, to infer that the testimony of this witness would have been unfavorable to the Defendants.

In deciding whether to draw this inference, you should consider whether this witness' testimony would merely have repeated other testimony and evidence already before you. You may also consider whether the Defendants had a reason for not calling this witness which was explained to your satisfaction.

Any inference you decide to draw should be based on all of the facts and circumstances in this case.

4-75 Modern Federal Jury Instructions-Civil, Instruction 75-3; <u>Jones v. Otis Elevator</u>, 861 F.2d 655 (11th Cir. 1988).

GIVEN    _____

REFUSED  _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9

**Party's Failure to Produce Evidence**

You have heard testimony about evidence which has not been produced. Counsel for the Plaintiff has argued that this evidence was in the Defendants' control and would have proven facts material to the matter in controversy.

If you find that the Defendants could have produced this evidence, and that the evidence was within their control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the Defendants.

In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you. You may also consider whether the Defendants had a reason for not producing this evidence, which was explained to your satisfaction. Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.


4-75 Modern Federal Jury Instructions-Civil, Instruction 75-7; <u>Testa v. Wal-Mart Stores, Inc.</u>, 144 F.3d 173, 177 (1st Cir. 1998); <u>Stevenson v. Union Pacific R.R. Co.</u>, 354 F.3d 739 (8th Cir. 2003).


GIVEN        _____

REFUSED      _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10

**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seems to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

Eleventh Circuit Pattern Jury Instructions (Civil Cases), Instruction No. 3.

GIVEN       _____

REFUSED   _____

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11

**Consideration Of The Evidence**
**Duty To Follow Instructions**
**Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in

arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

Eleventh Circuit Pattern Jury Instructions (Civil Cases), Instruction No. 2.2.

GIVEN  _____

REFUSED  _____

Dated: March 31, 2008.

Respectfully submitted,

/s/ Jeffrey R. Sport
VINCENT F. KILBORN, III
W. PERRY HALL (HALLW9043)
JEFFREY R. SPORT
Kilborn, Roebuck & McDonald
1810 Old Government Street
Mobile, Alabama 36606
Tele: 251/479-9010
Fax: 251/479-6747

OF COUNSEL:

David A. McDonald
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on counsel of record on March 31, 2008, by filing on the CMF/ECF system, which will transmit a copy to the following:

Timothy A. Palmer, Esq.
J. Trent Scofield, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL  35203-2118

Matthew K. Johnson, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Post Office Box 2757
Greenville, SC  29602

/s/ Jeffrey R. Sport
COUNSEL