IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JERRY LEON DEES, JR.,** | * |
| | * |
|     **Plaintiff,** | * |
| | * |
| v. | * |
| | * |
| **HYUNDAI MOTOR MANUFACTURING** | *   Case No. 2:07-CV-00306-MHT-CSC |
| **ALABAMA, LLC, et al.** | * |
| | * |
|     **Defendants.** | * |

### PLAINTIFF'S VOIR DIRE

COMES NOW Plaintiff, Jerry Leon Dees, Jr. (hereinafter referred to as "Dees") in the above styled cause, and proposes the following *voir dire* questions to the jury venire:

1.    Do any of you have any family members or friends who have had a military obligation that required them to leave their employment to serve in the Armed Forces in any capacity? If so, please tell us about it.

2.    Have you or any of your family or friends run into any difficulties with an employer over active duty obligations, whether that be the current War in Iraq, Desert Storm or any other war? If so, please explain.

3.    Have any of you ever worked for an employer who had a claim against it for discriminating or mistreating an employee because of their military obligation? If so, please explain and what was the outcome?

4. Have any of you ever worked for an employer who had a claim against it for unlawfully taking an employment action against an employee because the employee was a member of a protected class other than military, such as age, disability, race, national origin or jury duty? If so, please explain your knowledge.

5. Have any of you or your family members ever served in a management capacity or otherwise participated in defending or opposing a claim by an employee that he or she was some how mistreated because of a military obligation? If so, please explain.

6. Do any of you have any knowledge or experience with a law called Uniformed Services Employment and Reemployment Rights Act (USERRA) that basically prevents an employer from, in any way, using a person's military duty or service as a reason to take any adverse employment action against that person? If so, what is the extent of your experience or knowledge?

7. Are there any of you who would not be able to accept and apply the law in this case regarding the legal protections of USERRA as given to you by the Judge?

8. Do any of you, your family members or friends have any current National Guard or other military obligation which might require them to be called up and go to Iraq or some other combat theater and leave their employment until the war or other combat is over? If so, do you believe that you could render a fair and impartial verdict in this case based on the law as given by the Judge and the facts presented in this Court? If not, why not?

9. Do any of you have a notion or belief, as contended by one of the Defendant's witnesses, that the National Guard reservists, like Sgt. Dees, use weekend drill obligations just to goof off and really do not deserve any special protection under the law? If so, please explain.

10. Sgt. Dees contends that his firing was "pretextual", a fancy word for "made up by the Defendant". In this regard, Sgt. Dees contends that the Defendant's reason for firing him, i.e., that he was intentionally sleeping on the job, was false and created to disguise the real reason, which was that Sgt. Dees' National Guard weekend duty interfered with the Defendant's work schedule or somehow inconvenienced the plant's production. Do any of you believe that you would not be able to consider the evidence and the law as given to you by the Judge and render a true verdict based on that? If not, why not?

11. Sgt. Dees will prove he had a spotless civilian work history, as well as, a decorated military record up until the Defendant got a letter from the National Guard explaining his reserve weekend obligations. Sgt. Dees contends that after that the Defendant started harassing him with complaints about his job performance, which resulted ultimately in the false charge of intentional sleeping. Are there any of you who would not be able to consider his employment history, both in and out of the military, in deciding whether he did, in fact, intentionally sleep on the job? If not, why not?

12. Sgt. Dees contends that the Defendant's Termination Committee was presented with false information about him and, in fact, evidence was deliberately either falsified or deliberately

withheld, so as to make their decision look fair. Sgt. Dees contends that this effort should be held against the Defendant and bear on the credibility of its witnesses. Do any of you believe that you would not be able to apply the rule the Judge will give you that if a witness testifies falsely on a material point like the reason for the firing, you can discount all or part of that witness's testimony if you wish?

13. Have any of you been a part of a termination committee, or other committee or group of management and/or other employees, or been acting individually, and responsible for terminating the employment of a fellow employee? If so, please describe.

14. Some of the Defendant's witnesses are still employed by it and are subject to being terminated themselves. One of them, Mr. Brookshire, is currently on conditional employment for failing a random drug screen for cocaine while on the job. Do any of you believe that you could not consider the current relationship between the Defendant and its witnesses in deciding a witness's credibility? If not, why not?

15. Sgt. Dees contends the Defendants staged photographs of the place where he was allegedly intentionally sleeping to bolster their contention he made a "blind" to hide from view while sleeping. Do any of you believe that you could not consider the fact, if you find it to be fact, that evidence was manufactured by the Defendant, in deciding the credibility of the Defendant's position? If not, why not?

16.     Sgt. Dees contends the Defendants destroyed or disposed of documents called daily reports in which he documented the number of times he was forced to work in the "pit," an underground area beneath the stamping presses that was an undesirable assignment. If you find it to be fact that Defendants destroyed or disposed of these daily reports, could you follow the court's instruction regarding your right to assume that the contents of these daily reports, if available, would be harmful to Defendants' case? If not, why not?

17.     The Defendant Hyundai Motor Manufacturing Alabama, LLC is located at 700 Hyundai Boulevard, Montgomery, Alabama and Defendant Hyundai Motor America, Inc. has an office located in Fountain Valley, California.  Have any of you or members of your immediate family, friends or neighbors ever been employed by Hyundai Motor Manufacturing Alabama LLC or Hyundai Motor America, Inc. or any of its divisions or subsidiary companies, or have you ever been to the plant?

18.     Do any of you speak Korean?

19.     Are any of you opposed to the war in Iraq? If so, would you be able to render a just and fair verdict in favor of the Plaintiff, if the facts so dictate, given that he is a member of American's uniformed services, and a decorated war hero who has served his nation twice before in Iraq and plans to do so again later this year?

20.     Do any of you know the HMMA managment or employees in this case, including

Gwang Mun, John Applegate, Kevin Hughes, J. S. Ahn, Jason Lee, H. I. Kim, Jim Brookshire, Rob Clevenger, Wendy Warner, Chris Smith, Richard Neal or Greg Prater?

21. Would any of you be unable, if the facts so dictate and based upon the instructions by the Court, to render a verdict including an award of punitive damages? If not, why not?

22. Have any of you ever been represented by the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., or any of the lawyers of that firm who are in this case, Timothy A. Palmer, J. Trent Scofield, Matthew Johnson and T. Scott Kelly?

23. In this case, the Defendants intend to call an expert witness, J. Timothy Downard of Haynes Downard, LLC located at 2121 Second Avenue, North, Ste. 100 in Birmingham, Alabama. Do any of you or members of your immediate family do business with Mr. Downard or Haynes Downard LLC, or have you ever done so in the past?

Dated this the 31st day of March, 2008.

                        s/ Jeffrey R. Sport
                        Jeffrey R. Sport (SPORJ5390)
                        Vincent F. Kilborn, III, Esquire (KILBV4484)
                        KILBORN, ROEBUCK & MCDONALD
                        1810 Old Government Street
                        Post Office Box 66710
                        Mobile, Alabama 36660
                        Telephone: (251) 479-9010
                        Fax: (251) 479-6747

OF COUNSEL
David A. McDonald, Esquire
KILBORN, ROEBUCK & MCDONALD
P.O. Box 832
Mobile, AL 36601
(251) 434-0045 Telephone
(251) 434-0047 Fax
Email:  dam@krmlaw.us

## CERTIFICATE OF SERVICE

I do hereby certify that I have served on this 31st day of March, 2008, the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

J. Trent Scofield, Esq.
Timothy A. Palmer, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Ste. 1000
1819 Fifth Avenue North
Birmingham, AL 35203

Matthew Kinard Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
PO Box 2757
Greenville, SC 29602

                                                              s/ Jeffrey R. Sport
                                                              COUNSEL