**IN THE UNITED STATES DISTRICT COURT**
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **CASE NO.** |
| | ) | **2:07-cv-00306-MHT-CSC** |
| HYUNDAI MOTOR MANUFACTURING | ) | |
| ALABAMA, LLC, and HYUNDAI | ) | |
| MOTOR AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXHIBIT LIST

Pursuant to the Court's Uniform Scheduling Order (Doc. 19), Plaintiff submits the following objections to the exhibit list filed by Defendants:

| Ex. No. | Defendants' Description | Objections |
|---|---|---|
| 25 | Videotape displaying "the pit" area during production | Plaintiff objects pursuant to Fed. R. Evid. ("FRE") 402, irrelevant, and 403, prejudicial and waste of time. Plaintiff was denied access to pit during operation, despite demand. Product of videotape is untimely under Rule 26(a)(1)(A). *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999). |
| 26 | Videotape displaying Veterans Recognition at HMMA | Plaintiff objects pursuant to FRE 402, irrelevant, and 403, prejudicial and waste of time. Plaintiff objects because production was untimely. *See Heidtman, supra.* |
| 27 | HMMA Toys for Tots support documents and photographs | Plaintiff objects pursuant to FRE 402 and 403. This material is irrelevant and a waste of time. Plaintiff also objects because production was untimely. *See Heidtman, supra.* |
| 28 | HMMA Veterans Day Observance information and photographs | Plaintiff objects pursuant to FRE 402, irrelevant, and 403, prejudicial and waste of time. Plaintiff is prejudiced because he had no opportunity to discover these documents. Plaintiff also objects because production was untimely. *See Heidtman, supra.* |
| 29 | HMMA Memorial Day | Plaintiff objects pursuant to FRE 402, irrelevant, and 403, |

| | | |
|---|---|---|
| | remembrance card information | prejudicial and waste of time. Plaintiff is prejudiced because he had no opportunity to discover these documents. Plaintiff also objects because production was untimely. *See Heidtman, supra.* |
| 30 | HMMA "Insights" newsletter, November 20, 2006 | Plaintiff objects pursuant to FRE 402, irrelevant, and 403, prejudicial and waste of time. Plaintiff is prejudiced because he had no opportunity to discover these documents. Plaintiff objects because production was untimely. *See Heidtman, supra.* |
| 31 | HMMA Military Appreciation – Veterans Day recognition list sign-up information | Plaintiff objects pursuant to FRE 402, irrelevant, and 403, prejudicial and waste of time. Plaintiff is prejudiced because he had no opportunity to discover these documents. Plaintiff also objects because production was untimely. *See Heidtman, supra.* |
| 60 | Correspondence to HMMA from L. Gordon Sumner, Jr., Ph.D., Executive Director of the Office of the Assistant Secretary of Defense, National Committee for Employer Support of the Guard and Reserve, congratulating HMMA for its nomination for the 2007 Secretary of Defense Employer Support Freedom Award, dated April 24, 2007, (Bates No. 00079) | Plaintiff objects pursuant to FRE 402, irrelevant, and 403, prejudicial and waste of time. |
| 82 | HMMA Summary Analysis of Daily Reports | Plaintiff objects pursuant to FRE 402, irrelevant, and 403, confusion, prejudicial and waste of time. Defendants' alleged summary of the daily reports is a purported summary of a set of documents known to be incomplete. Any summary of this incomplete set of documents is also incomplete, insofar as it does not consider all of the daily reports prepared by Dees and destroyed by HMMA. This summary would confuse the jury, and would be a waste of time. |
| 83 | Plaintiff's Bankruptcy records | Plaintiff objects pursuant to FRE 402 and 403. This material is irrelevant, prejudicial and a waste of time. Even if relevant, these records are eleven years old. |
| 84 | HMMA summary of Plaintiff's employment, including days actually worked, vacation days, | Plaintiff objects pursuant to FRE 402, irrelevant, and 403, prejudicial and waste of time. Plaintiff is prejudiced because he had no opportunity to discover these documents. This summary exhibit should have been |

| | | |
|---|---|---|
| | and uniformed service leave days | produced by Defendants during discovery, so that Dees' expert witness, Mr. Hall, could have compared it to his own analyses of Dees' work history. Production of this summary after the close of discovery unfairly prejudices Dees. Plaintiff also objects because production was untimely. *See Heidtman, supra.* |
| 85 | Document Hold Order, dated April 25, 2007 (produced subject to limited waiver of applicable attorney-client and work product privileges related to this particular subject matter. No additional waiver is intended or authorized). | Plaintiff objects pursuant to FRE 402, irrelevant, and 403, waste of time and confusion. The document hold order Defendants seek to introduce provides no assurance that all persons within Defendant corporations complied with the order and preserved documents; only that they should have done so. Preservation of these documents, as a legal matter, would have been required without the order. Introduction of this document would merely confuse the trier of fact and be a waste of time. |

Dated: March 31, 2008

                                              Respectfully submitted,

                                              s/ Jeffrey R. Sport
                                              Jeffrey R. Sport (SPORJ5390)

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
E-mail: jeff.sport@sportlaw.us

                                              **Attorney for Plaintiff**

- 4 -

**CERTIFICATE OF SERVICE**

    I do hereby certify that I have on this 31st day of March, 2008, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Timothy A. Palmer, Esq.
J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

                                                s/ Jeffrey R. Sport_____
                                                COUNSEL