**IN THE UNITED STATES DISTRICT COURT**
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| Vs. ) | **CASE NO.** |
| ) | **2:07-cv-00306-MHT-CSC** |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, and HYUNDAI ) | |
| MOTOR AMERICA, INC., ) | |
| ) | |
|     Defendants. ) | |

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE CERTAIN OF DEFENDANTS' WITNESSES AND EXHIBITS

COMES NOW the Plaintiff, JERRY LEON DEES, JR. ("Dees"), and respectfully move this Court *in limine* for an Order directing the Defendants, their witnesses, and their attorneys not to mention or bring before the jury, either directly or indirectly, upon voir dire, reading of the pleadings, statement of the case, interrogation of witnesses, argument, or objections before the jury any of the following without first having called such matters to the Court's attention, out of the presence of the jury, and obtained a favorable ruling as to the admissibility of the matters identified herein.

This motion seeks to exclude certain witnesses and evidentiary exhibits, as more fully set out below, on the grounds that they were not timely produced by Defendants to Plaintiff before the close of discovery on January 15, 2008, as well as on evidentiary grounds.

**Introduction**

Defendants filed their initial disclosures in the above-styled cause on June 7, 2007. See Exhibit A hereto. Defendants further supplemented their initial disclosures three more times

before the close of discovery, on September 11, 2007, November 29, 2007 and December 10, 2007. See Exhibits B, C and D, respectively, hereto.

In their initial disclosures and each supplement thereto prior to the close of discovery on January 15, 2008, Defendants disclosed various persons that may have discoverable information relative to this case, as well as documents that they "may use to support its claims or defenses…" Plaintiff relied on these disclosures required by Fed. R. Civ. P. 26(a)(1)(A) in significant part in determining what depositions to take and what topics to cover in those depositions.

Defendants supplemented their initial disclosures a fourth time (although Defendants call it their Third Supplemented Initial Disclosures) on March 5, 2008, seven weeks after the close of discovery. These untimely disclosures were produced contemporaneously with Defendants' Witness List and Exhibit List.

## Certain Witnesses Should be Excluded from Testifying at Trial

Defendants' untimely supplemented initial disclosure on March 5, 2008 contained a number of persons who allegedly have discoverable information relating to the issues in this action and who have now been included on Defendants' Witness List, to wit:

(a)     Brian Roby, Assistant Manager, Plant Engineering, HMMA;
(b)     Andy Dishman, Assistant Manager, Safety, HMMA;
(c)     Paul Dunbar, Specialist, Public Relations, HMMA;
(d)     Tim Haseltine, Assistant Manager, Public Relations, HMMA; and
(e)     Sheron Rose, Govt. Affairs/Diversity Mgr., HMMA.

[Exhibit E; Doc. 123]

These individuals were not timely identified as required by Rule 26(a)(1)(A), nor have Defendants offered any "substantial justification" for not disclosing them during discovery. Their exclusion is therefore proper. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) (non-disclosing party offered no explanation for failure to disclose; exclusion proper).

What's more, most courts addressing this issue have held the exclusion remedy under Fed. R. Civ. P. 37 to be mandatory. *Klonoski v. Mahlab*, 156 F.3d 255, 268 (1st Cir. 1998) (exclusionary sanction of *Fed. R. Civ. P. 37(c)(1)* contemplates stricter adherence to discovery supplementation requirements and harsher sanctions for breaches of those requirements, and required sanction in ordinary case is mandatory preclusion). *See also Coalition to Save Our Children v. State Bd. Of Educ.*, 90 F.3d 752, 775-776 (3rd Cir. 1996); *Newman v. GHS Osteopathic*, 60 F.3d 153, 156 (3rd Cir. 1995); *Salgado by Salgado v. GMC*, 150 F.3d 735, 742 n. 6 (7th Cir. 1998); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230-1231 (7th Cir. 1996); *Nelson v. Ford Motor Co.*, 150 F.3d 905, 907 (8th Cir. 1998); *Patterson v. State Auto. Mut. Ins. Co.*, 105 F.3d 1251, 1252 (8th Cir. 1997).

Defendants' failure to disclose these witnesses was not harmless. Dees has been prejudiced by the untimely disclosure of these witnesses, and admission of their testimony would violate Fed. R. Evid. ("FRE") 403. All of the individuals above have been identified as having knowledge regarding some issue in this case that was known well before the end of discovery. *See Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998) (party's failure to disclose metallurgist's opinion that defect in manufacture caused failure of bicycle frame, resulting in party's injury, was not "harmless" because of prejudice to other party and disruption of court's trial docket that would result from continuance to allow other party to alleviate prejudice).

For example, had Dees known that additional parties would be identified having knowledge of the dangerous working conditions in the pit (*e.g.*, Dishman and Dunbar above), Dees would have deposed those individuals. However, Defendants refused to allow Dees to observe the pit in operation, and only allowed Dees to inspect the pit during a shut down period after Dees filed a motion to shorten time to respond to Dees's Request for Entry to Inspect and

Photograph the pit. [Doc. 50] Dees acquiesced to Defendants' "take it or leave it" demands in an effort to move the case along. The dangerous nature of the pit has been an issue in this case since the filing of the complaint. Now, after discovery has closed, Defendants want to introduce two new witnesses and a videotape of the pit in operation [Doc. 124, Exh. 25] These witnesses should be excluded.

Similarly, Haseltine and Rose have been untimely identified as having knowledge about Defendants' efforts to support America's military personnel. Since Defendants' treatment of Dees, as a member of America's uniformed services, has been central to this case, it is certainly prejudicial that these witnesses (and related exhibits) be produced seven weeks after the close of discovery, so that Dees has no opportunity to depose these witnesses and ascertain the relevance of their knowledge, if any. These witnesses should also be excluded under Fed. R. Civ. P. 37 as well as under FRE 403.

Defendants have also untimely identified Roby as having knowledge about the search for the Daily Reports that mysteriously disappeared. Dees put Defendants on notice during Mr. Dees' deposition in November 2007, almost two months before discovery ended, that Dees was entitled to these documents as responsive to existing requests for production. Identification of Roby as a witness having discoverable evidence seven weeks after discovery has closed is certainly prejudicial to Dees. Roby, therefore, should be excluded as a witness under Fed. R. Civ. P. 37 as well as FRE 403.

**<u>Certain Exhibits Should be Excluded from being Introduced at Trial</u>**

Defendants identified eight exhibits in their Exhibit List produced to Plaintiff on March 5, 2008 containing documents not previously disclosed by Defendants prior to the close of discovery. Defendants also disclosed their Third Supplemental Initial Disclosures (actually the

fourth supplement) of the same date. See Exhibit E hereto. These newly identified exhibits are Def. Exhibits 25-31 and 84.

Exhibit 25 is a videotape of the "pit" during production. The Plaintiff was denied access to view the pit during operation, even though the Plaintiff issued a Request for Entry to Inspect and Photograph. In an effort to move the case along, Plaintiff agreed to Defendants' demand that Plaintiff only view the pit while production was shut down. Now Defendants want to introduce a videotape of the pit in operation. This certainly prejudices Plaintiff, as Plaintiff has had no independent opportunity to view the pit in production, nor to depose the parties that made the video, since it was untimely produced after the close of discovery. Exhibit 25 should be excluded under Fed. R. Civ. P. 37 as well as FRE 403.

Exhibits 26-31 are various documents produced by Defendants in an untimely attempt to show that Defendants care about America's uniformed servicemen, and care about the community in general. Defendants did not disclose these documents prior to the close of discovery as required by Rule 26, nor have Defendants offered any "substantial justification" for not disclosing them during discovery. Their exclusion is therefore proper. *Klonoski*, 156 F.3d at 268 (exclusionary sanction of *Fed. R. Civ. P. 37(c)(1)* contemplates stricter adherence to discovery supplementation requirements and harsher sanctions for breaches of those requirements, and required sanction in ordinary case is mandatory preclusion). *See also Coalition to Save Our Children v. State Bd. Of Educ.*, 90 F.3d 752, 775-776 (3rd Cir. 1996); *Newman v. GHS Osteopathic*, 60 F.3d 153, 156 (3rd Cir. 1995); *Salgado by Salgado v. GMC*, 150 F.3d 735, 742 n. 6 (7th Cir. 1998); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230-1231 (7th Cir. 1996); *Nelson v. Ford Motor Co.*, 150 F.3d 905, 907 (8th Cir. 1998); *Patterson v. State Auto. Mut. Ins. Co.*, 105 F.3d 1251, 1252 (8th Cir. 1997).

Defendants' failure to disclose these witnesses was not harmless. Plaintiff has been prejudiced by the untimely disclosure of these documents. The exhibits would be relevant to Defendants' defense that Defendants could not have discriminated against Plaintiff because it actively promoted America's uniformed service personnel. These documents should have been produced under Rule 26(a)(1)(A) early on in this case; not seven weeks after the close of discovery, and are properly excludable. *Trost*, 162 F.3d at 1008. Exhibits 26-31 should be excluded under Fed. R. Civ. P. 37 as well as FRE 403. Further, to the extent Exhibits 26-31 are offered by Defendants for the purpose of showing that Defendants are good corporate citizens, these exhibits should be excluded because that is irrelevant under FRE 402 and a waste of time under FRE 403.

Plaintiff objects to Defendants' Exhibit 84 on the grounds that it was untimely filed under Rule 26, for the reasons set out above. This summary exhibit should have been produced by Defendants during discovery, so that Dees' expert witness, Mr. Hall, could have compared it to his own analyses of Dees' work history. Production of this summary after the close of discovery unfairly prejudices Dees. Exhibit 84 should be excluded under Fed. R. Civ. P. 37 as well as FRE 403.

The court has broad discretion under Rule 37 to enter sanctions for violating discovery rules. These sanctions include the exclusion of witnesses or evidence, as well as attorneys fees and other relief as set out in the Rule.

## Conclusion

For the foregoing reasons, Plaintiff requests that this Court grant his Motion *in Limine* and enter an Order prohibiting Defendants, their witnesses, and their attorneys from submitting testimony of the witnesses or the evidentiary exhibits complained of above.

Respectfully submitted,


s/ Jeffrey R. Sport
Jeffrey R. Sport (SPORJ5390)


OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
E-mail: jeff.sport@sportlaw.us

**Attorney for Plaintiff**


## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this 31st day of March, 2008, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Timothy A. Palmer, Esq.
J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602


s/ Jeffrey R. Sport
COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CASE NO.** |
| | ) | **2:07-cv-00306-MHT-CSC** |
| HYUNDAI MOTOR MANUFACTURING | ) | |
| ALABAMA, LLC, and HYUNDAI MOTOR | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### HYUNDAI MOTOR MANUFACTURING ALABAMA LLC'S AND HYUNDAI MOTOR AMERICA, INC.'S INITIAL DISCLOSURES

Defendants Hyundai Motor Manufacturing Alabama LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), provide the following identification of witnesses, documents, damages and insurance coverage as provided for in Federal Rule of Civil Procedure 26(a)(1):

**A.**    **Persons Likely To Have Discoverable Information**

Defendants state that Plaintiff's counsel is ethically prohibited by Rule 4.2 of the Alabama Rules of Professional Conduct from contacting HMMA and HMA employees who possess management authority or whose admissions could bind Defendant(s). As such, Plaintiff is prohibited from contacting witnesses designated below as 2-8. Without waiving and in accordance with this statement, Defendants are aware of the following individuals responsive to this disclosure requirement:

1.    Jerry Leon Dees, Jr.
c/o Plaintiff's counsel



Jerry Leon Dees, Jr. is believed to have knowledge of the allegations set forth in his Complaint.

    2.     Wendy Warner
           Manager of the Employment Section, HMMA
           c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
           One Federal Place, Suite 1000
           1819 5th Avenue North
           Birmingham, AL   35203-2118

Ms. Warner has information regarding the relationship between HMA and HMMA, information relating to HMMA's employment of Plaintiff, and the events alleged in this lawsuit.

    3.     Jim Brookshire
           Stamping Manager, HMMA
           c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
           One Federal Place, Suite 1000
           1819 5th Avenue North
           Birmingham, AL   35203-2118
           (205) 328-1900

Mr. Brookshire is familiar with the incident and investigation that led to the termination of Plaintiff's employment with HMMA and the events alleged in this lawsuit.

    4.     William Ware
           Team Relations Specialist, HMMA
           c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
           One Federal Place, Suite 1000
           1819 5th Avenue North
           Birmingham, AL   35203-2118
           (205) 328-1900

Mr. Ware is familiar with the investigation of the incident that led to the termination of Plaintiff's employment with HMMA and the events alleged in this lawsuit.

    5.     Greg Prater
           Manager, Plant Engineering, HMMA
           c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
           One Federal Place, Suite 1000
           1819 5th Avenue North
           Birmingham, AL   35203-2118
           (205) 328-1900

Mr. Prater has information relating to Plaintiff's employment at HMMA and the events alleged in this lawsuit.

6.    Kevin Hughes
      Team Leader, Plant Engineering, HMMA
      c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
      One Federal Place, Suite 1000
      1819 5th Avenue North
      Birmingham, AL  35203-2118
      (205) 328-1900

Mr. Hughes is generally familiar with the employment of Plaintiff at HMMA and the events alleged in this lawsuit.

7.    Rob Clevenger
      Team Relations, HMMA
      c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
      One Federal Place, Suite 1000
      1819 5th Avenue North
      Birmingham, AL  35203-2118
      (205) 328-1900

Mr. Clevenger assisted in the investigation of an incident that led to the termination of Plaintiff's employment and has information of the events alleged in this lawsuit.

8.    John Applegate
      Sr. Manager, Plant Engineering, HMMA
      c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
      One Federal Place, Suite 1000
      1819 5th Avenue North
      Birmingham, AL  35203-2118
      (205) 328-1900

Mr. Applegate is familiar with the job duties of HMMA maintenance members, familiar with events surrounding the termination of Plaintiff's employment and with the events alleged in this lawsuit.

Defendants reserve the right to timely supplement these Initial Disclosures.

**B.**    **Relevant Documents**

Defendants state that some documents listed below may be protected by the attorney-client privilege, or the attorney work product doctrine, or as trial preparation materials under Rule 26(b)(3). By listing such documents, Defendants do not waive the privilege(s) attached thereto. In addition, Defendants do not waive any other objection it may have to discovery requests with respect to such documents (such as a requirement that certain document requests be limited in scope and/or be subject to a mutually agreeable protective order).

Without waiving and in accordance with the above statements, Defendants are currently aware of the following documents responsive to the disclosure requirement:

1. Employment file for Jerry Leon Dees, Jr.
2. Team Relations file for Jerry Leon Dees, Jr.
3. Benefits file for Jerry Leon Dees, Jr.
4. Payroll file for Jerry Leon Dees, Jr.
5. Team Member Handbook
6. Military Leave policy
7. Any documents disclosed by any party during the discovery of this case.

Defendants reserve the right to timely supplement these Initial Disclosures.

**C.**    **Computation of Claimed Damages**

HMMA and HMA do not claim damages at this time, however, discovery is ongoing. HMMA and HMA reserve the right to supplement this response as discovery proceeds, and claim attorneys fees and expenses if it prevails and if the Court determines that such fees and expenses are recoverable under applicable rule or statute. HMMA and HMA further reserve the right to claim damages, attorney's fees and expenses for any counter-claim or third-party claim that it makes in this action.

**D.**    **Insurance Agreement**

There is an insurance agreement that may be applicable to any judgment entered in this proceeding.

Defendants reserve the right to supplement these disclosures as discovery proceeds.

Served this the 7th day of June, 2007.

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com


Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**


Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

5

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2007, I served a copy of the foregoing via U.S. Mail,

postage prepaid, and addressed as follows:

Vincent F. Kilborn, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
P.O. Box 68710
Mobile, AL 36660

Jeffrey R. Sport, Esq.
Jeffrey R. Sport, P.C.
8475 Sterling Drive
Mobile, AL 36695

Of Counsel

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEON DEES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. |
| | ) | 2:07-cv-00306-MHT-CSC |
| HYUNDAI MOTOR MANUFACTURING | ) | |
| ALABAMA, LLC, and HYUNDAI MOTOR | ) | |
| AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**HYUNDAI MOTOR MANUFACTURING ALABAMA LLC'S AND
HYUNDAI MOTOR AMERICA, INC.'S FIRST SUPPLEMENTAL DISCLOSURES**

Defendants Hyundai Motor Manufacturing Alabama LLC ("HMMA") and Hyundai

Motor America, Inc. ("HMA") (collectively "Defendants"), supplement the identification of

persons likely to have discoverable information as provided for in Federal Rule of Civil

Procedure 26(a)(1) as follows:

**A.     Persons Likely To Have Discoverable Information**

Defendants state that Plaintiff's counsel is ethically prohibited by Rule 4.2 of the

Alabama Rules of Professional Conduct from contacting HMMA and HMA employees who

possess management authority or whose admissions could bind Defendant(s).  As such, Plaintiff

is prohibited from contacting witnesses designated below as 1-4.  Without waiving and in

accordance with this statement, Defendants are aware of the following individuals responsive to

this disclosure requirement:

EXHIBIT
**B**

1.    John Kalson
      Vice President Production, HMMA
      c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
      One Federal Place, Suite 1000
      1819 5th Avenue North
      Birmingham, AL  35203-2118

   Mr. Kalson is familiar with the decision-making process that resulted in Dees'
termination.

2.    Scott Gordy
      Manager of Payroll, HMMA
      c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
      One Federal Place, Suite 1000
      1819 5th Avenue North
      Birmingham, AL  35203-2118

   Mr. Gordy is familiar with the decision-making process that resulted in Dees'
termination.

3.    Richard E. Neal
      General Counsel, HMMA
      c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
      One Federal Place, Suite 1000
      1819 5th Avenue North
      Birmingham, AL  35203-2118

   Mr. Neal is familiar with the decision-making process that resulted in Dees' termination
because he was consulted as General Counsel to ensure that the termination process was legally
defensible and, therefore, Mr. Neal's involvement is attorney-client privileged.

4.    In addition, the following individuals are familiar with the decision-making
process that resulted in Dees' termination: (a) John Applegate; (b) Rob Clevenger; and (c)
Wendy Warner.

   Defendants reserve the right to supplement these disclosures as discovery proceeds.

Served this the 11th day of September, 2007.

                                        _____
                                        J. Trent Scofield (SCO-024)
                                        T. Scott Kelly (KEL-053)

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 11th, 2007, I served a copy of the foregoing via
Federal Express and addressed as follows:

Vincent F. Kilborn, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Jeffrey R. Sport, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
P.O. Box 68710
Mobile, AL 36660

_____
Of Counsel

5184350.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

JERRY LEON DEES, JR.,           )
                                      )
        Plaintiff,          )
                                      )
vs.                          )          **CASE NO.**
                                      )    **2:07-cv-00306-MHT-CSC**
HYUNDAI MOTOR MANUFACTURING   )
ALABAMA, LLC, and HYUNDAI MOTOR  )
AMERICA, INC.,                 )
                                      )
        Defendants.        )

## DEFENDANTS' SUPPLEMENTED INITIAL DISCLOSURES/DOCUMENT PRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants, Hyundai Motor Manufacturing Alabama LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), make the following supplementations to their Initial Disclosures and production of documents which have been made during the course of discovery to date. In making this supplementation, Defendants hereby adopt and incorporate their complete objections, responses, and identification of documents which have been previously produced during the course of discovery.

A.     **Persons Likely To Have Discoverable Information**

Defendants recognize that the 30(b)(6) deposition scope issue regarding the relationship between HMMA and HMA is currently pending before the Court. Both Defendants HMMA and HMA shall designate corporate representative(s) to provide information responsive to the appropriate scope, as that scope is determined by the Court or otherwise agreed to by the parties.



EXHIBIT

C

Out of an abundance of caution, Defendants include these corporate representatives as persons likely to have discoverable information, for purposes of supplementation of their Initial Disclosures. Defendants reserve the right to further supplement as justice requires.

**B.    Relevant Documents**

    Defendants supplement their document disclosures/document production as follows:

1.    Documents from Plaintiff's original employment file (Bates # 309 – 325, previously provided).

2.    Contents removed from Plaintiff's locker and provided to Plaintiff on November 20, 2007.

3.    DVD memorializing removal of Plaintiff's locker contents, previously provided to Plaintiff's counsel.

4.    List of contents removed from Plaintiff's locker (Bates #332).

5.    Copies of "original" files marked at the deposition of Wendy Warner, deposition exhibits nos. 1 – 4, available from Court Reporter.

6.    Documents responsive to the duces tecum requests served in connection with Wendy Warner's deposition (Warner Depo Doc. # 0001 - 54, previously provided).

7.    E-mail from Plaintiff to Greg Kimble, dated February 6, 2007 (Bates #333), attached hereto.

8.    Updated Employment department file of Greg Prater, to reflect documents added to his file as of September 7, 2007 (Bates # 0326 – 331).

9.    Defendant HMMA states that, with the exception of the documents identified in number 8 above, it has no additional documents to supplement regarding the Employment department and Team Relations department files of Kevin Hughes, Greg Prater, John Applegate, Jim Brookshire, and Wendy Warner.

10.    Additional electronic mail documents retrieved related to Plaintiff's termination meeting and de-activation of Plaintiff's HMMA I.T. account (Bates # 0334 - 338, attached hereto).

11.    Additional electronic mail documents retrieved by John Applegate from his work

computer related to Plaintiff's employment. (Bates # 0339 – 0343).

12.    Photographs taken by Rob Clevenger on March 5, 2007 (Bates # 0344 – 0350).

13.    Compact disc containing 219 photographs taken during November 28, 2007 On-Site Inspection noticed by Plaintiff's Counsel.

14.    Out of an abundance of caution, Defendants also identify all documents obtained from third parties via subpoena, which have been previously provided. Defendants shall also make available any documents provided pursuant to subpoena served on Plaintiff's cellular phone provider.

Defendants reserve the right to supplement as justice requires.

**C.    Computation of Claimed Damages**

HMMA and HMA do not claim damages at this time, however, discovery is ongoing. HMMA and HMA reserve the right to supplement this response as discovery proceeds, and claim attorneys fees and expenses if it prevails and if the Court determines that such fees and expenses are recoverable under applicable rule or statute. HMMA and HMA further reserve the right to claim damages, attorney's fees and expenses for any counter-claim or third-party claim that it makes in this action.

**D.    Insurance Agreement**

There is an insurance agreement that may be applicable to any judgment entered in this proceeding.

Defendants reserve the right to supplement these disclosures as justice requires.

Signed as to objections,

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,

3

SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com
Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**


Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2007, I served a copy of the foregoing via Hand

Delivery, and addressed as follows:

Jeffrey R. Sport, Esq.
Vincent F. Kilborn, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
Mobile, AL 36660


Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,                )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )        CASE NO.
                                     )    2:07-cv-00306-MHT-CSC
HYUNDAI MOTOR MANUFACTURING          )
ALABAMA, LLC, and HYUNDAI MOTOR      )
AMERICA, INC.,                       )
                                     )
        Defendants.                  )

## DEFENDANTS' SECOND SUPPLEMENTED INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants, Hyundai Motor Manufacturing Alabama LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), make the following supplementations to their Initial Disclosures which have been made during the course of discovery to date. In making this supplementation, Defendants hereby adopt and incorporate their complete objections, responses, and identification of documents which have been previously produced during the course of discovery.

A.    **Persons Likely To Have Discoverable Information**

Defendants supplement their Initial Disclosures to include Kathy Parker, Vice President, Human Resources and Community Relations of Hyundai Motor America, Inc. Ms. Parker is believed to have discoverable information regarding the fact that HMA has no control or influence over HMMA's Human Resources/Employment Department, and that HMA never employed Plaintiff or had any control over his employment opportunities.



Defendants reserve the right to further supplement as justice requires.

_____

J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC  29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**


Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

2

## CERTIFICATE OF SERVICE

I hereby certify that on December ___10ᵗʰ___, 2007, I served a copy of the foregoing via

Facsimile and First Class U. S. Mail, postage prepaid, addressed as follows:

>Jeffrey R. Sport, Esq.
>Vincent F. Kilborn, Esq.
>David Allen McDonald, Esq.
>W. Perry Hall, Esq.
>Kilborn, Roebuck & McDonald
>P.O. Box 66710
>Mobile, AL 36660

Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JERRY LEON DEES, JR.,

     Plaintiff,

v.

HYUNDAI MOTOR MANUFACTURING
ALABAMA, LLC, and HYUNDAI
MOTOR AMERICA, INC.,

     Defendants.

CIVIL ACTION NO.:
2:07-cv-00306-MHT-CSC

## DEFENDANTS' THIRD SUPPLEMENTED INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(e), Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA"), make the following supplementations to their Initial Disclosures which have been made during the course of discovery to date. In making this supplementation, Defendants hereby adopt and incorporate their complete objections, responses, and identification of documents which have been previously produced during the course of discovery.

**A.**    **Persons Likely to Have Discoverable Information**

Defendants supplement their Initial Disclosures regarding potential witnesses to include the following individuals:

1.    Ron Haughey, Executive Director, Finance, HMA.

Mr. Haughey has knowledge regarding the financial operation of HMA and may testify regarding the nature of the financial relationship between HMA and HMMA.



EXHIBIT

E

2.    Craig Stapley, Senior Manager, Stamping, HMMA.

Mr. Stapley has knowledge regarding the Plaintiff's use of profanity in the workplace and may testify regarding Plaintiff's terms and conditions of employment.

3.    Brian Roby, Assistant Manager, Plant Engineering, HMMA.

Mr. Roby has knowledge regarding Defendant HMMA's efforts to locate Daily Report documents requested by Plaintiff in connection with discovery.

4.    Spenceur Louis, Assistant Manager, Plant Engineering, formerly employed by HMMA.

Mr. Louis has knowledge regarding Defendant HMMA's efforts to locate Daily Report documents requested by Plaintiff in connection with discovery.

5.    Andy Dishman, Assistant Manager, Safety, HMMA.

Mr. Dishman has knowledge regarding the safety considerations and working conditions present in the work area referred to by Plaintiff as "the pit."

6.    Steven Wilburn, Assistant Manager, Engine, HMMA.

Mr. Wilburn has knowledge regarding his nomination of HMMA for the 2007 Secretary of Defense Employer Support Freedom Award.

7.    Paul Dunbar, Specialist, Public Relations, HMMA.

Mr. Dunbar has knowledge regarding the steps taken to videotape the work area (on February 28, 2008) referred to by Plaintiff as "the pit," in preparation for trial of this case. John Applegate also has knowledge regarding the same subject matter.

8.    Tim Haseltine, Assistant Manager, Public Relations, HMMA.

Mr. Haseltine has knowledge regarding the steps taken to prepare Veteran's Day video presentation for publication via HMMA's internal television broadcast system.

9.    Sheron Rose, Governmental Affairs/Diversity Manager, HMMA.

Ms. Rose has knowledge regarding the steps taken by HMMA to support members of the military. Ms. Rose also has knowledge regarding the military recognition documents which are maintained by her department.

10.     Greg Kimble, Human Resources Director, HMMA.

Mr. Kimble has knowledge regarding Plaintiff's dates of employment and related leave of absence, as well as any personal contact he had with Plaintiff.

11.     Mickey Phillips, Senior Manager, Finance, HMMA.

Mr. Phillips has knowledge regarding the financial operation of HMMA and may testify regarding the nature of the financial relationship between HMMA and HMA.

**B.     Relevant Documents/Exhibits**

Defendants supplement their Initial Disclosures regarding documents/exhibits to include

the following descriptions:

1.     Transcript made from answering machine audio tape;

2.     Video displaying "the pit" area during production (filmed on 2/28/08);

3.     Video displaying Veterans Recognition at HMMA;

4.     HMMA "Toys for Tots" documents and photographs;

5.     HMMA Veterans' Day observance documents and photographs;

6.     HMMA Memorial Day remembrance card information;

7.     HMMA "insights" newsletter, November 20, 2006;

8.     HMMA Military Appreciation – Veterans Day recognition list sign-up information;

9.     HMMA Summary Analysis of Daily Reports (once completed);

10.     Plaintiff's bankruptcy records;

11.     HMMA summary of Plaintiff's employment, including days actually worked, vacation days, and uniformed service leave days (once completed);

12.     Document Hold Order, dated April 25, 2007 (Produced subject to limited waiver of applicable attorney-client and work product privileges related to this particular subject matter. No additional waiver is intended or authorized).

Served this the 5th day of March, 2008.

J. Trent Scofield

Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: timothy.palmer@odnss.com
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Matthew K. Johnson
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602
Tel.: (864) 271-1300
Fax: (864) 235-8806
E-mail: matthew.johnson@odnss.com
**Pro Hac Vice Granted 05/15/07**

Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC and
Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2008, I served a copy of the foregoing via Electronic and Federal Express, addressed as follows:

Jeffrey R. Sport, Esq.
Vincent F. Kilborn, Esq.
David Allen McDonald, Esq.
W. Perry Hall, Esq.
Kilborn, Roebuck & McDonald
1810 Old Government Street
Mobile, AL  36606

Of Counsel