## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR.,                    ) | |
|                                                  ) | |
|    Plaintiff,                              ) | |
|                                                  ) | CIVIL ACTION NO.: |
| v.                                                    ) | 2:07-cv-00306-MHT-CSC |
|                                                  ) | |
| HYUNDAI MOTOR MANUFACTURING  ) | |
| ALABAMA, LLC, and HYUNDAI MOTOR  ) | |
| AMERICA, INC.,                              ) | |
|                                                  ) | |
|    Defendants.                          ) | |

## DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE

Defendants Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc. (collectively "Defendants"), file this motion for leave of Court to file a Reply to Plaintiff's Opposition to Defendants' Motion to Continue. Defendants further state:

1. Defendants' Motion to Continue (Doc. 135), was filed on March 31, 2008.

2. Plaintiff's Opposition Response (Doc. 155) was filed at or about 12:31 p.m. on April 1, 2008.

3. Based on the expedited nature of the relief sought and to address inferences contained in Plaintiff's Opposition, Defendants wish to submit a brief Reply.

4. Defendants' Reply is attached hereto as Exhibit A.

Respectfully submitted this 1st day of April, 2008.

                                            /s/  J. Trent Scofield
                                            Timothy A. Palmer (PAL-009)

        J. Trent Scofield (SCO-024)
        T. Scott Kelly (KEL-053)
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        One Federal Place, Suite 1000
        1819 Fifth Avenue North
        Birmingham, AL 35203-2118
        Tel.: (205) 328-1900
        Fax: (205) 328-6000
        E-mail: timothy.palmer@odnss.com
        E-mail: trent.scofield@odnss.com
        E-mail: scott.kelly@odnss.com

        Matthew K. Johnson
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        P.O. Box 2757
        Greenville, SC 29602
        Tel.: (864) 271-1300
        Fax: (864) 235-8806
        E-mail: matthew.johnson@odnss.com
        **Pro Hac Vice Granted 05/15/07**

        Attorneys for Defendants Hyundai Motor
        Manufacturing Alabama, LLC and
        Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.


        /s/ J. Trent Scofield
        OF COUNSEL

6185577.1

# EXHIBIT A

Case 2:07-cv-00306-MHT-CSC   Document 157-2   Filed 04/01/2008   Page 1 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | 2:07-cv-00306-MHT-CSC |
| ) | |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, and HYUNDAI MOTOR ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO CONTINUE**

Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), through the undersigned counsel, submit the following reply to Plaintiff's Opposition to Defendants' Motion to Continue (Doc. 155). In support of their position, Defendants respectfully state:

1. Plaintiff's opposition is premised on two points: (1) Mr. Palmer, Defendants' lead trial counsel, works for a large firm and presumably can be easily replaced; and (2) Plaintiff anticipates being again deployed to Iraq before the end of the calendar year.

2. Regarding Mr. Palmer's trial conflict, Defendants respectfully submit that the competing trial commitments were not of Mr. Palmer's making and, as an officer of the Court, he has done everything in his power to timely apprise both tribunals of this problem. Mr. Palmer served as lead trial counsel for Defendant HMMA in <u>Debra Looney v. Hyundai Motor</u>

<u>Manufacturing Alabama, LLC.</u>, Civil Action 2:04-CV-00121-WHA-DRB, the only employment discrimination case that tried before this Court, and its is Defendants' respectful position that he should be allowed to serve in that same role in this case as well.

3.     Defendants further state that Plaintiff's inference that Mr. Palmer's role in this case is calculated to cause delay is completely untrue and should not be well-received. At the time of the February 20 pretrial conference in this case, there was no trial scheduling conflict. (<u>See</u> Mr. Palmer's March 7, 2008 letter, attached to Doc. 135 as Exhibit No. 1). It was only after the pretrial conference was held in the <u>Gallagher</u> case (on February 22, 2008) that this scheduling conflict presented itself.

4.     Regarding Plaintiff's anticipated deployment to Iraq, he fails to disclose contrary sworn testimony provided by his retained expert.

5.     Robert Hall, II, CPA, was deposed on January 28, 2008, approximately two months after Plaintiff provided the deposition testimony he now presents to the Court.

6.     Specifically, Mr. Hall testified:

> Q.     ... In your discussions with Mr. Dees, did he indicate to you that he intended to go serve overseas in the future?
>
> A.     At one point he did but it seems recently he's not so sure he's going this time.
>
> Q.     And why is that?
>
> A.     I don't know. I guess ---
>
> Q.     Have you spoken to him about it?
>
> A.     That's where the information came from, Mr. Dees.
>
> Q.     Okay. And what exactly did Mr. Dees say about the possibility of he might not go overseas?

2

   A. I don't remember exactly, but I can tell you the gist of it was he's not as sure now that he's going over to Iraq again.[1]

7. Because Plaintiff did not disclose this testimony to the Court, Defendants feel compelled to do so in order to provide the Court with all potentially relevant information related to the present controversy it has been asked to decide.

Respectfully submitted this 1st day of April, 2008.

             /s/ J. Trent Scofield
             Timothy A. Palmer (PAL-009)
             J. Trent Scofield (SCO-024)
             T. Scott Kelly (KEL-053)
             OGLETREE, DEAKINS, NASH,
              SMOAK & STEWART, P.C.
             One Federal Place, Suite 1000
             1819 Fifth Avenue North
             Birmingham, AL 35203-2118
             Tel.: (205) 328-1900
             Fax: (205) 328-6000
             E-mail: timothy.palmer@odnss.com
             E-mail: trent.scofield@odnss.com
             E-mail: scott.kelly@odnss.com

             Matthew K. Johnson
             OGLETREE, DEAKINS, NASH,
              SMOAK & STEWART, P.C.
             P.O. Box 2757
             Greenville, SC 29602
             Tel.: (864) 271-1300
             Fax: (864) 235-8806
             E-mail: matthew.johnson@odnss.com
             **Pro Hac Vice Granted 05/15/07**

             Attorneys for Defendants Hyundai Motor
             Manufacturing Alabama, LLC and
             Hyundai Motor America, Inc.

---

[1] See Exhibit A, Hall Depo. Excerpt, p. 34.

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of April, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

                                        /s/ J. Trent Scofield
                                        OF COUNSEL

6184901.1

# EXHIBIT A

**ROBERT HALL, III, CPA**

```
 1        IN THE UNITED STATES DISTRICT COURT
 2         FOR THE MIDDLE DISTRICT OF ALABAMA
 3                   NORTHERN DIVISION
 4   CIVIL ACTION NO.: 2:07-CV-00306-MHT-CSC
 5
 6   JERRY LEON DEES, JR.,
 7         Plaintiff,
 8   vs.
 9   HYUNDAI MOTOR MANUFACTURING
10   ALABAMA, LLC., AND HYUNDAI MOTOR
11   AMERICA, INC.,
12         Defendants.
13
14        DEPOSITION OF ROBERT HALL, III, CPA
15              S T I P U L A T I O N S
16        IT IS STIPULATED AND AGREED by and between the
17   parties, through their respective counsel, that the
18   deposition of ROBERT HALL, III, CPA, may be taken before
19   Kathleen Cavazos, Commissioner, at the law offices of
20   Kilborn, Roebuck & McDonald, 1810 Old Government Street,
21   Mobile, Alabama, on the 28th day of January, 2008.
22        IT IS FURTHER STIPULATED AND AGREED that the
23   signature to and the reading of the deposition by the
                                                         1
```

```
 1   witness is waived, the deposition to have the same force
 2   and effect as if full compliance had been had with all
 3   laws and rules of Court relating to the taking of
 4   depositions.
 5        IT IS FURTHER STIPULATED AND AGREED that it
 6   shall not be necessary for any objections to be made by
 7   counsel to any questions except as to form or leading
 8   questions, and that counsel for the parties may make
 9   objections and assign grounds at the time of the trial,
10   or at the time said deposition is offered in evidence, or
11   prior thereto.
12        IT IS FURTHER STIPULATED AND AGREED that the
13   notice of filing of the deposition by the Commissioner is
14   waived.
15
16
17
18
19
20
21
22
23
                                                         2
```

```
 1                  EXAMINATION INDEX
 2   ROBERT HALL, II, CPA:                     PAGE
 3     BY MR. JOHNSON ................. 5
 4                   EXHIBIT INDEX
 5   DEFENDANT'S:
 6   1   RULE 26(a)(2)(B) FEDERAL RULES OF CIVIL    5
         PROCEDURE DISCLOSURE OF EXPERT TESTIMONY -
         INITIAL REPORT
 7
 8   2   RULE 26(a)(2)(B) FEDERAL RULES OF CIVIL   24
         PROCEDURE DISCLOSURE OF EXPERT TESTIMONY -
         SUPPLEMENTAL REPORT
 9
10   3   ARTICLE ENTITLED SOUTH KOREA: HYUNDAI     27
         DENIES US PLANT CUT PLANS
11
12   4   ARTICLE ENTITLED HYUNDAI HALTS PRODUCTION 27
         AS SONATA SALES DIP
13   5   ARTICLE ENTITLED HYUNDAI'S GENESIS TARGETS 27
         LUXURY MARKET
14
15   6   ARTICLE ENTITLED STATE LURES GOOD JOBS BUT 27
         COMPANIES WORRY ABOUT WORKERS
16
17   7   HYUNDAI MOTOR AMERICA, HYUNDAI MOTOR      27
         FINANCE COMPANY - SUMMARY OF BENEFITS AND
         PROGRAMS
18   8   WORK SCHEDULE                            44
19   9   LABOR AGREEMENT                          75
20
21
22
23
                                                         3
```

```
 1                   A P P E A R A N C E S
 2
 3   4   KILBORN, ROEBUCK & MCDONALD, by Vincent F.
 4   Kilborn, Esq., 1810 Old Government Street, Mobile,
 5   Alabama 36606, appearing on behalf of the Plaintiff.
 6
 7       OGLETREE, DEAKINS, NASH, SMOAK & STEWART, by
 8   Matthew K. Johnson, Esq., P.O. Box 2757, Greenville,
 9   South Carolina 29602, appearing on behalf of the
10   Defendants.
11
12
13
14
15
16
17
18
19
20
21
22
23
                                                         4
```

HENDERSON & ASSOCIATES COURT REPORTERS, INC.
P. O. BOX 2263, MOBILE, AL 36652  (251)694-0950  (888)557-2969

ROBERT HALL, III, CPA

| | |
|---|---|
| 1  Q. And how much does he expect to be away for 2008?<br>2  A. I believe 200 hours.<br>3  Q. And did you actually reduce his income or the<br>4  amount that he worked by 200 hours in calculating his<br>5  projected earnings?<br>6  A. I did.<br>7  Q. And what about 2009?<br>8  A. I used the same estimate, 200 hours.<br>9  Q. And for -- did you use that -- how many years<br>10 going forward?<br>11  A. Well, I don't know what's left. I mean, the<br>12 total work life is 19 years. So everything from, you<br>13 know, 2008, 2009 and then forward.<br>14  Q. Through his work-life expectancy?<br>15  A. Exactly.<br>16  Q. And did you talk to Mr. Dees about where that<br>17 200-hour figure came from?<br>18  A. I did.<br>19  Q. And where did it come from? What's the basis<br>20 for 200 hours?<br>21  A. Well, he's got 80 hours every year of just<br>22 regular summer guard duty, I think they call it, and,<br>23 again, he's expecting to be gone this year for three<br>33 | 1  A. I didn't get the feeling, but I didn't -- you<br>2  know, it's not like I interrogated him about it.<br>3  Q. And going back to what we've marked as Exhibit 4<br>4  to your deposition, is there anything else in this<br>5  article that influenced or changed your opinions and<br>6  conclusions from the first report to the second?<br>7  A. We're back on Hyundai Halts Production as<br>8  Sonatas Dip?<br>9  Q. Yes.<br>10 A. No.<br>11 Q. Okay. Now, if you would, turn to what we've<br>12 marked as your Deposition Exhibit Number 5, an article<br>13 entitled Hyundai's Genesis Targets Luxury Market. Did<br>14 anything in that article influence or change your<br>15 opinions and conclusions from the time you prepared your<br>16 first report to the supplemental?<br>17 A. Well, what I was looking for was a trend that<br>18 there would be more shutdown days, you know, to see if I<br>19 needed to include some estimate of 10 shutdown days a<br>20 year. So as far as changing my report, no.<br>21 Q. Okay.<br>22   MR. KILBORN: Wait. I think I've got your<br>23 original because it's got blue marks there and I've<br>35 |
| 1  weeks, I think, or -- What's that, 120 hours?<br>2  Q. Okay. And where do the extra 80 hours come<br>3  from?<br>4  A. Well, it's 80 hours for two weeks summer duty<br>5  and then 120 for his active-duty training.<br>6  Q. Okay. In your discussions with Mr. Dees, did he<br>7  indicate to you that he intended to go serve overseas in<br>8  the future?<br>9  A. At one point he did but it seems recently he's<br>10 not so sure he's going this time.<br>11 Q. And why is that?<br>12 A. I don't know. I guess --<br>13 Q. Have you spoken to him about it?<br>14 A. That's where that information came from,<br>15 Mr. Dees.<br>16 Q. Okay. And what exactly did Mr. Dees say about<br>17 the possibility of he might go overseas or he might not<br>18 go overseas?<br>19 A. I don't remember exactly, but I can tell you the<br>20 gist of it was he's not as sure now that he's going over<br>21 to Iraq again.<br>22 Q. Did he suggest that was because of a choice that<br>23 he had made or --<br>34 | 1  already marked on it.<br>2  A. That's fine.<br>3  Q. Would it be fair to say that with respect to<br>4  Exhibit 5, that it did not cause any change from your<br>5  first report to your second?<br>6  A. You know, I mean, it makes me uncomfortable to<br>7  have a question couched like that because from report one<br>8  to report two I'm trying to gather information to make a<br>9  reasonable estimate of what his damage is, you know.<br>10 Q. Sure. I guess what I'm saying, in trying to<br>11 gather that information, is there any information in here<br>12 that influenced your decision as to what his damages<br>13 would be?<br>14 A. Well, I guess if you ask it like that, yes.<br>15 Q. What would that be?<br>16 A. It influenced me not to make a projection of<br>17 plant shutdown days going forward.<br>18 Q. Anything else?<br>19 A. I don't believe so.<br>20 Q. Okay. Now, let's look at Exhibit Number 6 which<br>21 also appears to be an Internet article entitled State<br>22 Lures Good Jobs but Companies Worry About Workers.<br>23 A. Right.<br>36 |