## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| **JERRY LEON DEES, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **CASE NO.** |
| ) | **2:07-cv-00306-MHT-CSC** |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC, and HYUNDAI** ) | |
| **MOTOR AMERICA, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S EXPERT

Hyundai argues for exclusion of the testimony of the Plaintiff's expert witness Robert Hall, II, CPA on three grounds: "(1) his opinions are legal conclusions and are not appropriate for expert testimony; (2) he is not qualified to render expert testimony regarding the application of USERRA and its remedial structure; and (3) his methodology appears unreliable and unverifiable." [Defs.' Mot., p. 4 at ¶ 8]. Hyundai's arguments are all misguided.

The Plaintiff has offered Hall as an expert witness with respect to Plaintiff's damages. [Defs.' Mot., Ex. 1, Hall's Expert Report]. Hall does not offer expert testimony on "'bottom line' legal matters" or "the issue of USERRA liability," as Hyundai claims. [Defs.' Mot., p. 5 at ¶¶ 11 & 12]. Rather, the parts of Hall's expert report to which Hyundai points are in his "Background Understanding" section. [*Id.*, ¶ 4 & n. 2, citing Ex. 2, supplemental expert report at ¶¶ 4-10].

Hyundai wrongly confuses an expert's opinions with the reasonable assumptions on which those opinions are based. Every expert must assume certain facts to be true in order to render an opinion and put the opinion in context. No expert has been excluded for assuming the truth of his client's reasonable version of the disputed facts. Here, Hall rendered an opinion on Dees' damages,

properly based on an <u>assumption</u> inherent in Dees' case that Hyundai wrongfully terminated Dees based on his military status. See <u>Tuf Racing Prods. v. Am. Suzuki Motor Corp.</u>, 223 F.3d 585, 591 (7th Cir. 2000). See also, <u>Walker v. Soo Line R.R. Co.</u>, 208 F.3d 581, 587 (7th Cir. 2000) (when addressing reliability of expert testimony court should not consider the "factual underpinnings" of testimony but should determine whether "it was appropriate for [the expert] to rely on the test that he administered and upon the sources of information which he employed"); <u>Walker v. Gordon</u>, 46 Fed. Appx. 691, 695-96 (3d Cir. 2002) (expert is "permitted to base his opinion on a particular version of disputed facts and the weight to be accorded to that opinion is for the jury"); <u>Perez v. Townsend Eng'g Co.</u>, No. 05-2337, 2008 U.S. Dist. LEXIS 17067 (M.D. Pa. Mar. 5, 2008) (finding expert's report reliable against argument that he relied on disputed evidence).

  A similar argument was rejected by the Eleventh Circuit in <u>Maiz v. Virani</u>, 253 F.3d 641, 666 (11th Cir. 2001) wherein defendants argued that the plaintiffs' expert "was not entitled to testify in his capacity as an expert regarding the meaning of the parties' contracts." <u>Id.</u> at 666. As in the case at bar, the defendants contended the expert's "statements about the agreements are unreliable and do not 'fit' the facts because his own assumptions are based largely on the assumptions of others regarding the import of contract language and the applicable law." The court found, however, that the expert was certainly qualified to opine on accounting issues, as in the instant case, and "as part of that process he was entitled to state reasonable assumptions regarding the requirements of the applicable contract in order to put his opinion in context." <u>Id.</u> at 667. And, "[a]lthough Defendants challenge many of those assumptions as unfounded, that argument simply reflects their own view of the agreements. . . ." <u>Id.</u> The court also noted that the defendants "had ample opportunity to cross-examine [plaintiffs' expert] vigorously about the sources and content of his assumptions" and

further pointed out that if found necessary a jury instruction could be "used to prevent a jury from placing too much weight on an expert's legal conclusions." Id. See also, Stecyk v. Bell Helicopter Textron, Inc., 295 F.3d 408, 414 (3d Cir. 2002) ("Rule 705, together with Rule 703, places the burden of exploring the facts and assumptions underlying the testimony of an expert witness on opposing counsel during cross-examination").

Likewise here, Hall is certainly qualified to opine on accounting issues relating to Dees' damages and as part of that process he is entitled to state reasonable assumptions regarding facts underlying Dees' termination to put his opinion in context. He applied an appropriate methodology, the well-established "but for" method, upon which accountants rely in the ordinary course of their trade. Hyundai's own expert did not take issue with this methodology, but only had a different opinion on some of the underlying variables and disagreed with Hall's conclusions. Hyundai offers no more than a conclusory assertion that Hall's methodology "appears unreliable and unverifiable."

The "bottom line" cases cited by Hyundai are not even close on point. For example, in Woods v. Lecureux, 110 F.3d 1215 (6th Cir. 1997), the trial court properly prohibited an expert witness from opining that defendants' actions were "deliberately indifferent," since that was a legal term to be defined by the court not testifying witnesses. See also, Minasian v. Standard Chartered Bank, PLC, 109 F.3d 1212 (7th Cir. 1997) (expert opinion on legal conclusion that Bank's action was not "commercially reasonable" was "devoid of analysis"). Again Dees is not offering Hall's expert testimony to establish that Hyundai violated USERRA or wrongfully terminated Dees, but to assist the jury in determining Dees' damages should it determine that Hyundai did violate USERRA.

The matter raised by Hyundai concerning Hall's reliance on information concerning a pay raise Dees would have received had he still been employed goes to the weight of Hall's testimony

on which they may cross-examine him; this is not a matter necessitating exclusion of his testimony. The court's "gatekeeping function focuses on an examination of the expert's methodology. The soundness of the factual underpinnings of the expert's analysis and the correctness of the expert's conclusions based on that analysis are factual matters to be determined by the trier of fact." Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000) (citing *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 595 (1993)). It is significant also that the Defendants do not deny that Dees would have been entitled to the pay raise of more than $2.50 per hour had he still been employed at Hyundai. In any event, as this Court has noted, "where the expert testimony 'rest[s] upon 'good grounds, based on what is known, it should be tested by the adversary process – competing expert testimony and active cross-examination – rather than excluded from jurors' scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies." Senn v. Carolina Eastern, Inc., 111 F. Supp. 2d 1218, 1222 (M.D. Ala. 2000). See also, Payton v. Abbott Labs, 780 F.2d 147, 156 (1st Cir. 1985) (claim that "factual underpinning of an expert's opinion is weak ... is a matter affecting the weight and credibility of the testimony–a question to be resolved by the jury").

Based on the foregoing, Defendants' Motion to Disqualify Plaintiff's Expert is due to be denied.

Dated:    April 18, 2008.

          Respectfully submitted,

          /s/ W. Perry Hall
          VINCENT F. KILBORN, III
          W. PERRY HALL (HALLW9043)
          JEFFREY R. SPORT
          Kilborn, Roebuck & McDonald

1810 Old Government Street
Mobile, Alabama 36606
Tele: 251/479-9010
Fax: 251/479-6747

OF COUNSEL:

David A. McDonald
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

## CERTIFICATE OF SERVICE

     I hereby certify that I have served a copy of the foregoing on counsel of record on April 18, 2008, by filing on the CMF/ECF system, which will transmit a copy to the following:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL  35203-2118

Matthew K. Johnson, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
Post Office Box 2757
Greenville, SC  29602

                                       /s/ W. Perry Hall
                                           COUNSEL