**IN THE UNITED STATES DISTRICT COURT**
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **CASE NO.** |
| ) | **2:07-cv-00306-MHT-CSC** |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, and HYUNDAI ) | |
| MOTOR AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE TRIAL

COMES NOW the Plaintiff, JERRY LEON DEES, JR. ("Dees"), and respectfully objects to Defendants' motion to bifurcate the trial (Doc. 142), stating as follows:

Defendants have moved to bifurcate the trial of liability and damages in this action, citing that "Defendants will be unfairly prejudiced if purported damages 'evidence' is presented during the liability phase of the trial," and that "Plaintiff will not suffer any prejudice from bifurcation." [Doc. 142, ¶ 8] Defendants, however, present no evidence of what "prejudice" Defendants will suffer from a routine trial of this action, other than their conclusory statement of prejudice cited above.

The decision to bifurcate is committed to the sound discretion of the trial court. *Home Elevators, Inc. v. Millar Elevator Service Co.*, 933 F.Supp. 1090, 1091 (N.D. Ga. 1996), citing *Kimberly-Clark Corp. v. James River Corp.*, 131 F.R.D. 607, 608 (N.D. Ga. 1989). "Not withstanding this discretion, a judge should *not routinely* order separate trials." *THK America, Inc. v. Nippon Seiko K.K.*, 141 F.R.D. 463, 464 (N.D. Ill. 1991) (emphasis in original, additional

- 1 -

citations omitted). *See also* Fed. R. Civ. P. 42(b) (Advisory Committee Notes to 1966 Amendment). "While it may be appropriate to hold separate trials in certain cases, 'separation of issues is *not the usual course* that should be followed.'" *THK America*, 141 F.R.D. at 464 (emphasis in original, additional citations omitted). Further, "(t)he party requesting bifurcation has the burden to show that it is warranted in that particular case." *Home Elevators*, 933 F.Supp. at 1091. *See also Svege v. Mercedes-Benz Credit Corp.*, 329 F.Supp.2d 283, 284 (D. Conn. 2004) (bifurcation is the exception, not the rule, and the movant must justify it); *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (N.D. Ill. 2000) (the party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials); *Industrias Metalicas Marva, Inc. v. Lausell*, 172 F.R.D. 1, 2 (D. P.R. 1997) (bifurcation is not and should not be routine).

Here, Defendants have presented no evidence, other than their conclusory statement that Defendants will be prejudiced by a routine trial of this action, in support of their motion to bifurcate liability and damages issues.

Also, in a survey of over 320 USERRA cases cited on Westlaw, only one was bifurcated, not by the court, but by agreement of the parties. *See Rogers v. City of San Antonio, Texas*, 211 F. Supp. 2d 829, 831 (W.D. Tex. 2002), reversed on other grounds, 392 F.3d 758 (5th Cir. 2004). Defendants cited *Rogers* as precedent for the proposition that "bifurcation of a USERRA case is appropriate whether that bifurcation is agreed by the parties or ordered by the Court." [Doc. 142, ¶ 4] The actual text of *Rogers* cited by Defendants, however, only mentions in passing that bifurcation of liability and damages was agreed to by the parties. *Rogers* deals entirely with both parties' motions for summary judgment on liability. The court in *Rogers* does not address bifurcation other than to mention the parties' agreement to bifurcate.

Defendants are similarly incorrect that Plaintiff would not be prejudiced by separate trials. Plaintiff would be significantly prejudiced by bifurcation of liability and damages issues. Plaintiff would have to call witnesses twice to testify about the same set of facts and circumstances. If Plaintiff does not present the facts regarding liability in the damages phase, the jury would not have been presented the proper factual predicate to adequately decide the damages issue.

Further, "the issue to be tried must be so distinct and separable from the other that a trial of it alone may be had without injustice." *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964).[1] Here, the issues of liability and damages are so intertwined that separate trials on those issues would cause the Plaintiff injustice. Plaintiff has a claim under USERRA for liquidated damages under the statute because of Defendants' willful violations of USERRA. Facts relating to Defendants' willful conduct, central to Plaintiff's liability claims, would have to be reintroduced in the damages phase in order for the jury to decide the liquidated damages claim and prevent injustice to Plaintiff. Likewise, doing so increases the combined time the two trials would take. The routine trial of this case is expected to take approximately four days. Of this time, the damages issue should take no more than a couple of hours. Bifurcation in this case, therefore, also hampers judicial economy.

WHEREFORE, the PREMISES CONSIDERED, Plaintiff respectfully objects to Defendants' requested bifurcation of the trial of this action, and asks the Court to deny Defendants' motion to bifurcate.

Respectfully submitted,

---

[1] In *Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

                                      s/ Jeffrey R. Sport_____
                                      Jeffrey R. Sport (SPORJ5390)

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
E-mail: jeff.sport@sportlaw.us

                              **Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 18th day of April, 2008, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Timothy A. Palmer, Esq.
J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

                                      s/ Jeffrey R. Sport_____
                                      COUNSEL