**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **JERRY LEON DEES, JR.,**     ) | |
|     **Plaintiff,**     ) | |
|          ) | |
| Vs.     ) | **CASE NO.** |
|      ) | **2:07-cv-00306-MHT-CSC** |
| **HYUNDAI MOTOR MANUFACTURING**     ) | |
| **ALABAMA, LLC, and HYUNDAI**     ) | |
| **MOTOR AMERICA, INC.,**     ) | |
|     **Defendants.**     ) | |

**MOTION FOR LEAVE TO FILE RESPONSE TO**
**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**
**IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The Plaintiff moves the Court for leave to submit a brief response to Defendants' Notice of Supplemental Authority in Support of Motion for Summary Judgment. As grounds for this motion, the Plaintiff states that on April 16, 2008, Defendants moved for leave to submit supplemental authority in support of their summary judgment motion [Doc. 169], in which they argued the reasons they believe a recent Eighth Circuit case provides supplemental authority supporting their pending motion. [*Id.*, citing Soto v. Core-Mark Intern., Inc., No. 07-1301, 2008 WL 850237, 2008 U.S. App. LEXIS 6828 (8th Cir. Apr. 1, 2008)]. The Court granted Defendants' motion. Plaintiff respectfully submits he should be entitled to inform the Court why Soto is distinguishable from the case at bar and thus does not support Hyundai's summary judgment motion.

Based on the foregoing, the Plaintiff respectfully moves for leave of Court to file a short response to Defendants' Notice of Supplemental Authority in Support of their Motion for Summary Judgment.

    Dated:          May 12, 2008.

                                          Respectfully submitted,

    /s/ W. Perry Hall
VINCENT F. KILBORN, III
W. PERRY HALL (HALLW9043)
JEFFREY R. SPORT
Kilborn, Roebuck & McDonald
1810 Old Government Street
Mobile, Alabama 36606
Tele: 251/479-9010
Fax: 251/479-6747

OF COUNSEL:

David A. McDonald
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing on counsel of record on May 12, 2008, by filing on the CMF/ECF system, which will transmit a copy to the following:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL  35203-2118

Matthew K. Johnson, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
Post Office Box 2757
Greenville, SC  29602

    /s/ W. Perry Hall
      COUNSEL

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JERRY LEON DEES, JR.,**   ) | |
|     Plaintiff,   ) | |
|   ) | |
| Vs.   ) | **CASE NO.** |
|   ) | **2:07-cv-00306-MHT-CSC** |
| **HYUNDAI MOTOR MANUFACTURING**   ) | |
| **ALABAMA, LLC, and HYUNDAI**   ) | |
| **MOTOR AMERICA, INC.,**   ) | |
|     Defendants.   ) | |

**RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The Defendants contend that a recent Eighth Circuit case provides supplemental authority supporting their pending summary judgment motion. The case, Soto v. Core-Mark Intern., Inc., No. 07-1301, 2008 WL 850237, 2008 U.S. App. LEXIS 6828 (8th Cir. Apr. 1, 2008), is distinguishable, legally and factually, from the case at bar and does not support Hyundai's summary judgment motion. In fact, a comparison of the Soto case with the instant case highlights the evidence the plaintiff has presented.

In Soto, the plaintiff simply argued his employer was not entitled to summary judgment based on conflicting evidence on whether the plaintiff was actually sleeping on the job-his employer said he was and that was why he was terminated and he testified he was not. The court found the material issue was not whether plaintiff was sleeping but whether his employer had a good faith belief that the plaintiff was sleeping based on "reasonable and credible evidence." 2008 U.S. App. LEXIS 6828, at *12. The plaintiff presented no evidence on the issue of the employer's good faith belief, or lack thereof, and whether the stated reason for his termination (sleeping) was a mere pretext for retaliation.

In the instant case, Dees has not merely presented evidence that he was not sleeping on the

job. He has also proffered evidence showing that Hyundai's purported reason for terminating him–sleeping on the job–was not based on reasonable and credible evidence, but was a mere pretext. Specifically, the record evidence shows that the Termination Committee decided to fire Dees for intentionally sleeping on the job based on two alleged facts presented to it which the Committee (and specifically John Applegate, the senior manager over Dees' department who was on the committee) knew were false. [See Pl.'s Br., pp. 26-28 & 9-12 and evidence cited therein]. Moreover, Applegate knew of the ongoing problems relating to Dee's Guard service obligations, specifically the heightened harassment Dees suffered after the Guard sent a letter to Hyundai on March 26, 2007 and Dees' email to human resources on February 6, 2008 shortly before Dees was terminated. [Pl.'s Summ. J. Ex. 16 – March 26, 2007 Letter; and Ex. 1, Dees Dep. Tr., pp. 142-143, 163-65 and 167-174]. Despite all this, Applegate never mentioned to his fellow Termination Committee members Dees' Guard services and the problems Dees encountered relating thereto. Adding to the foregoing is the fact that the Termination Committee never interviewed the employee who was working side-by-side with Dees that night, despite Dees' request that it do so.

The evidence of discriminatory motivation in the instant case is much greater than presented in Soto. In Soto, the plaintiff claimed he suffered retaliation for pointing out to his employer on a number of occasions his belief he was being discriminated against based on his national origin because white employees were allowed to wear jackets over their uniforms and to use cell phones. The employer then required that if the plaintiff wanted to meet with Human Resources, he had to make an appointment through his manager. In the instant case, the evidence shows that for months Dees suffered a pattern of repeated, ongoing harassment relating to his military status and service obligations. [Pl.'s Br., pp. 5-9 and evidence cited therein]

The Soto case does not support the Defendants' position. For the reasons set out above and in Dees' Response in opposition to Defendants' Motion for Summary Judgment, the Defendants' motion is due to be denied.

Dated:      May 12, 2008.

Respectfully submitted,

/s/ W. Perry Hall
VINCENT F. KILBORN, III
W. PERRY HALL (HALLW9043)
JEFFREY R. SPORT
Kilborn, Roebuck & McDonald
1810 Old Government Street
Mobile, Alabama 36606
Tele: 251/479-9010
Fax: 251/479-6747

OF COUNSEL:

David A. McDonald
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on counsel of record on May 12, 2008, by filing on the CMF/ECF system, which will transmit a copy to the following:

J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North

Birmingham, AL  35203-2118

Matthew K. Johnson, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
Post Office Box 2757
Greenville, SC  29602

                                      /s/ W. Perry Hall
                                          COUNSEL