IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JERRY LEON DEES, JR.,**<br><br>    Plaintiff,<br><br>v.<br><br>**HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC.,**<br><br>    Defendants. | **CIVIL ACTION NO.:**<br>**2:07-cv-00306-MHT-CSC** |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S**
**PROPOSED JURY INSTRUCTIONS**

Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), through undersigned counsel, assert the following objections related to Plaintiff's Proposed Jury Instructions (Doc. 150). In support, Defendants state:

**A.    Procedural History**

1.    In accordance with the Uniform Scheduling Order, counsel for the parties separately submitted proposed jury instructions. Defendants' Proposed Requested Jury Charges (Doc. 149) were filed on March 31, 2008. Plaintiff's Proposed Jury Instructions pleading (Doc. 150) was also filed on March 31, 2008.

2.    This matter is currently set for trial on May 27, 2008. Defendants file these written objections at this time and out of an abundance of caution, so that the Court may have adequate time to consider them in advance of trial.

    3.    Defendants recognize that the proposed jury charges must conform to the evidence actually admitted in this proceeding. Therefore, Defendants respectfully reserve the right to amend their objections to these proposed jury charges at the conclusion of the evidence.

**B.    Defendants' Objections to Plaintiff's Requested Jury Instructions**

    4.    Plaintiff's Request Jury Instruction No. 1 (USERRA) is objectionable on numerous grounds. This requested jury instruction attempts to state a "harassment" cause of action which is not recognized in the statute, nor has it been a recognized cause of action by the Eleventh Circuit. See e.g., 38 U.S.C. § 4311(a) (setting forth unlawful bases of discrimination under USERRA). This requested jury instruction does not define the "preponderance of evidence" standard application in connection with the burden of proof. Plaintiff's requested jury instruction no. 1 is further objectionable because it interjects a "pretext" standard that is not applied in USERRA cases. The "damages" component of this jury instruction is clearly erroneous and contrary to the express language of the statute. For example, Plaintiff would have the jury believe they can award damages for "emotional pain and mental anguish," and no such damages are recoverable under the statute. See 38 U.S.C. § 4323(d)(1).

    5.    Plaintiff's Requested Jury Instruction No. 2 (USERRA Liquidated Damages) is objectionable because it is incomplete. Defendants refer the Court to their proposed jury charge no. 22 for a complete proposed instruction related to the definition of "Willful."

    6.    Plaintiff's Requested Jury Instruction No. 3 (Conversion) is objectionable because it exceeds the scope of the cited pattern jury instruction. Nowhere in said pattern instruction does it suggest that the "failure to return personal property to the owner" constitutes actionable conversion under Alabama law. See APJI § 39.00.

7.  Plaintiff's Requested Jury Instruction No. 7 (Punitive Damages) is objectionable because it is incomplete. To the extent that any claim asserted by Plaintiff that carries with it the potential recovery for punitive damages is presented to the jury, Defendants request that additional instructions be provided by the Court regarding burden of proof and appropriate limitations imposed on such damages.

8.  Plaintiff's Requested Jury Instruction No. 8 (Uncalled Witness Equally Available) is objectionable because there is no factual predicate in this case which would justify such a jury charge.

9.  Plaintiff's Requested Jury Instruction No. 9 (Party's Failure to Produce Evidence) is objectionable because there is no factual predicate in this case to justify such a jury charge.

Respectfully submitted this the 20th day of May, 2008.

/s/ J. Trent Scofield
Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: timothy.palmer@odnss.com
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

        Matthew K. Johnson
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        P.O. Box 2757
        Greenville, SC  29602
        Tel.: (864) 271-1300
        Fax: (864) 235-8806
        E-mail: matthew.johnson@odnss.com
        **Pro Hac Vice Granted 05/15/07**

        Attorneys for Defendants Hyundai Motor
        Manufacturing Alabama, LLC and
        Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2008, I electronically filed the foregoing *Defendants' Objections to Plaintiff's Proposed Jury Instructions* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

        /s/ J. Trent Scofield
        OF COUNSEL