IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JERRY LEON DEES, JR.,**<br><br>    Plaintiff,<br><br>v.<br><br>**HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC.,**<br><br>    Defendants. | **CIVIL ACTION NO.:**<br>**2:07-cv-00306-MHT-CSC** |

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED VOIR DIRE

COME NOW the Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and Hyundai Motor America, Inc. ("HMA") (collectively "Defendants"), and make the following objections to Plaintiff Jerry Leon Dees, Jr.'s ("Dees") proposed voir dire questions (Doc. 151) as follows:

**Plaintiff's Proposed Question No. 2 states:**

Have you or any of your family or friends run into any difficulties with an employer over active duty obligations, whether that be the current War in Iraq, Desert Storm or any other war? If so, please explain.

**Objection:**

Defendants object to this question on the ground that it is not a legitimate, proper question but instead is argumentative and designed solely to prejudice the jury venire against Defendants by implying that the question is a fair and accurate summary of the facts in the instant case. This case does not involve "active duty obligations" and does not involve any

issues or allegations by Dees related to any military actions in Iraq or otherwise. The question is not a legitimate question aimed at discovering probative information related to juror qualifications or impartiality, but instead is merely an attempt to incite the jurors and prejudice them against Defendants. Finally, any response to such question should be stated privately to the Court and counsel so as not to taint any member of the jury venire.

**Plaintiff's Proposed Question No. 3 states:**

Have any of you ever worked for an employer who had a claim against it for discriminating or mistreating an employee because of their military obligation? If so, please explain and what was the outcome?

**Objection:**

Defendants object to this question on the ground that the response to such question should be stated privately to the Court and counsel so as not to taint any member of the jury venire.

**Plaintiff's Proposed Question No. 5 states:**

Have any of you or your family members ever served in a management capacity or otherwise participated in defending or opposing a claim by an employee that he or she was some how mistreated because of a military obligation? If so, please explain.

**Objection:**

Defendants object to this question on the ground that it is not a legitimate, proper question but instead, to the extent it suggests Dees was "mistreated," is argumentative and designed solely to prejudice the jury venire against Defendants by implying that the question is a fair and accurate summary of the facts in the instant case. The question is not a legitimate question aimed at discovering probative information related to juror qualifications or

impartiality, but instead is merely an attempt to incite the jurors and prejudice them against Defendants. Finally, any response to such question should be stated privately to the Court and counsel so as not to taint any member of the jury venire.

**Plaintiff's Proposed Question No. 6 states:**

Do any of you have any knowledge or experience with a law called Uniformed Services Employment and Reemployment Rights Act (USERRA) that basically prevents an employer from, in any way, using a person's military duty or service as a reason to take any adverse employment action against that person? If so, what is the extent of your experience or knowledge?

**Objection:**

Defendants object to this question on the ground that is not a legitimate, proper question but instead is argumentative and designed solely to prejudice the jury venire against Defendants by implying that the question is a fair and accurate summary of the law in the instant case. The question is not a legitimate question aimed at discovering probative information related to juror qualifications or impartiality, but instead is merely an attempt to incite the jurors and prejudice them against Defendants.

**Plaintiff's Proposed Question No. 8 states:**

Do any of you, your family members or friends have any current National Guard or other military obligation which might require them to be called up and go to Iraq or some other combat theater and leave their employment until the war or other combat is over? If so, do you believe that you could render a fair and impartial verdict in this case based on the law as given by the Judge and the facts presented in this Court? If not, why not?

3

**Objection:**

Defendants object to this question on the ground that is not a legitimate, proper question but instead is argumentative and designed solely to prejudice the jury venire in favor of Plaintiff by implying that the question is a fair and accurate summary of the facts in the instant case. This case does not involve any issues or allegations by Dees related to service in "Iraq or some other combat theater." The question is not a legitimate question aimed at discovering probative information related to juror qualifications or impartiality, but instead is merely an attempt to prejudice the jurors in favor of Dees over irrelevant and prejudicial matters. Finally, any response to such question should be stated privately to the Court and counsel so as not to taint any member of the jury venire.

**Plaintiff's Proposed Question No. 9 states:**

Do any of you have a notion or belief, as contended by one of the Defendant's witnesses, that the National Guard reservists, like Sgt. Dees, use weekend drill obligations just to goof off and really do not deserve any special protection under the law? If so, please explain.

**Objection:**

Defendants object to this question on the ground that is not a legitimate, proper question but instead is argumentative and designed solely to prejudice the jury voir dire against Defendants by implying that the question is a fair and accurate summary of the facts in the instant case. The question is not a legitimate question aimed at discovering probative information related to juror qualifications or impartiality, but instead is merely an attempt to incite the jurors and prejudice them against Defendants.

**Plaintiff's Proposed Question No. 10 states:**

Sgt. Dees contends that his firing was "pretextual", a fancy word for "made up by the Defendant". In this regard, Sgt. Dees contends that the Defendant's reason for firing him, i.e., that he was intentionally sleeping on the job, was false and created to disguise the real reason, which was that Sgt. Dees' National Guard weekend duty interfered with the Defendant's work schedule or somehow inconvenienced the plant's production. Do any of you believe that you would not be able to consider the evidence and the law as given to you by the Judge and render a true verdict based on that? If not, why not?

**Objection:**

Defendants object to this question on the ground that is argumentative and that it is an attempt by Dees to argue his case through voir dire. The question is not a legitimate question aimed at discovering probative information related to juror qualifications or impartiality, but instead is merely an attempt to incite the jurors and prejudice them against Defendants.

**Plaintiff's Proposed Question No. 11 states:**

Sgt. Dees will prove he had a spotless civilian work history, as well as, a decorated military record up until the Defendant got a letter from the National Guard explaining his reserve weekend obligations. Sgt. Dees contends that after that the Defendant started harassing him with complaints about his job performance, which resulted ultimately in the false charge of intentional sleeping. Are there any of you who would not be able to consider his employment history, both in and out of the military, in deciding whether he did, in fact, intentionally sleep on the job? If not, why not?

5

**Objection:**

Defendants object to this question on the ground that is not a legitimate, proper question but instead is argumentative and designed solely to prejudice the jury venire against Defendants by implying that the question is a fair and accurate summary of the facts in the instant case. The question is not a legitimate question aimed at discovering probative information related to juror qualifications or impartiality, but instead is merely an attempt to incite the jurors and prejudice them against Defendants. Further, the assertion in the question that "Dees will prove he had a spotless civilian work history" is improper and irrelevant as neither Dees' allegations nor Defendants defenses relate to Dees' prior work history.

**Plaintiff's Proposed Question No. 12 states:**

Sgt. Dees contends that the Defendant's Termination Committee was presented with false information about him and, in fact, evidence was deliberately either falsified or deliberately withheld, so as to make their decision look fair. Sgt. Dees contends that this effort should be held against the Defendant and bear on the credibility of its witnesses. Do any of you believe that you would not be able to apply the rule the Judge will give you that if a witness testifies falsely on a material point like the reason for the firing, you can discount all or part of that witness's testimony if you wish?

**Objection:**

Defendants object to this question on the ground that is not a legitimate, proper question but instead is argumentative and designed solely to prejudice the jury venire against Defendants by implying that the question is a fair and accurate summary of the facts in the instant case. The question is not a legitimate question aimed at discovering probative information related to juror

qualifications or impartiality, but instead is merely an attempt to incite the jurors and prejudice them against Defendants.

**Plaintiff's Proposed Question No. 14 states:**

Some of the Defendant's witnesses are still employed by it and are subject to being terminated themselves. One of them, Mr. Brookshire, is currently on conditional employment for failing a random drug screen for cocaine while on the job. Do any of you believe that you could not consider the current relationship between the Defendant and its witnesses in deciding a witness's credibility? If not, why not?

**Objection:**

Defendants object to this question on the grounds that is argumentative and that it is an attempt by Dees to argue his case through voir dire. Further, the question is not a legitimate question aimed at discovering probative information related to juror qualifications or impartiality, but instead is merely an attempt to incite the jurors and prejudice them against Defendants. Information concerning any employee's failing a random drug screen is irrelevant and, with respect to the instance described in Dees' question, is subject to an existing motion in limine to exclude testimony or evidence in this regard. (See, Doc. 147). Such information will also be subject to objection at trial and, regardless of the Court's determination of Defendants' motion in limine, may not be known to the jury. Accordingly, discussion of such topics during voir dire can only improperly prejudice the jury venire.

**Plaintiff's Proposed Question No. 15:**

Sgt. Dees contends that Defendants staged photographs of the place where he was allegedly intentionally sleeping to bolster their contention he made a "blind" to hide from view while sleeping. Do any of you believe that you could not consider the fact, if you find it to be fact, that

7

evidence was manufactured by the Defendant, in deciding the credibility of the Defendant's position? If not, why not?

**Objection:**

Defendants object to this question on the ground that is not a legitimate, proper question but instead is argumentative and designed solely to prejudice the jury venire against Defendants by implying that the question is a fair and accurate summary of the facts in the instant case. The question is not a legitimate question aimed at discovering probative information related to juror qualifications or impartiality, but instead is merely an attempt to incite the jurors and prejudice them against Defendants.

**Plaintiff's Proposed Question No. 16 states:**

Sgt. Dees contends the Defendants destroyed or disposed of documents called daily reports in which he documents the number of times he was forced to work in the "pit," an underground area beneath the stamping presses that was an undesirable assignment. If you find it to be fact that Defendants destroyed or disposed of these daily reports, could you follow the court's instruction regarding your right to assume that the contents of these daily reports, if available, would be harmful to Defendants' case? If not, why not?

**Objection:**

Defendants object to this question on the ground that is not a legitimate, proper question but instead is argumentative and designed solely to prejudice the jury venire against Defendants by implying that the question is a fair and accurate summary of the facts in the instant case. The question is not a legitimate question aimed at discovering probative information related to juror qualifications or impartiality, but instead is merely an attempt to incite the jurors and prejudice them against Defendants.

**Plaintiff's Proposed Question No. 19 states:**

Are any of you opposed to the war in Iraq? If so, would you be able to render a just and fair verdict in favor of the Plaintiff, if the facts so dictate, given that he is a member of American's uniformed services, and a decorated war hero who has served his nation twice before in Iraq and plans to do so again later this year?

**Objection:**

Defendants object to this question on the grounds that is not a legitimate, proper question but instead is argumentative and designed solely to prejudice the jury in Dees' favor by implying that the question is a fair and accurate summary of the facts in the instant case. To the extent the question suggests Dees' intends to perform uniformed service in Iraq "later this year," such statement is contrary to the evidence in this case. (See, Doc. 157). Likewise, it is not a legitimate question aimed at discovering probative information related to juror qualifications or impartiality, but instead is merely an attempt to prejudice the jurors in Dees' favor.

**Plaintiff's Proposed Question No. 20 states:**

Do any of you know the HMMA management or employees in this case, including Gwang Mun, John Applegate, Kevin Hughes, J. S. Ahn, Jason Lee, H. I. Kim, Jim Brookshire, Rob Clevenger, Wendy Warner, Chris Smith, Richard Neal or Greg Prater?

**Objection:**

Defendants object to this question on the grounds that it does not appropriately identify HMMA's witnesses. Specifically, the witnesses identified as J.S. Ahn, Jason Lee, and H.I. Kim have not been identified as potential witnesses by either Dees or Defendants. Further, with respect to Chris Smith and Richard Neal, Defendants have not listed either individual as a witness and, to the extent Dees has done so, Defendants have filed objections to Dees' Witness

List in that regard. (See, Doc. 145). Finally, this question fails to include numerous witnesses identified by Defendants in their Witness List. (See, Doc. 124).

**Plaintiff's Proposed Question No. 21 states:**

Would any of you be unable, if the facts so dictate and based upon the instructions by the Court, to render a verdict including an award of punitive damages? If not, why not?

**Objection:**

Defendants object to this question on the grounds that it is argumentative and that it is an attempt by Dees to argue his case through voir dire. The question is not a legitimate question aimed at discovering probative information related to juror qualifications or impartiality, but instead is merely an attempt to suggest that punitive damages are appropriate and, thereby, prejudice the jury venire against Defendants.

**Plaintiff's Proposed Question No. 22 states:**

Have any of you ever been represented by the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., or any of the lawyers of that firm who are in this case, Timothy A. Palmer, J. Trent Scofield, Matthew Johnson and T. Scott Kelly?

**Objection:**

Defendants object to this question on the grounds that it improperly suggests that Matthew K. Johnson and T. Scott Kelly are "in this case" when, in fact, neither attorney will appear at trial for Defendants.

**Plaintiff's Proposed Question No. 23 states:**

In this case, the Defendants intend to call an expert witness, J. Timothy Downard of Haynes Downard, LLC located at 2121 Second Avenue, North, Ste. 100 in Birmingham, Alabama. Do

any of you or members of your immediate family do business with Mr. Downard or Haynes Downard LLC, or have you ever done so in the past?

**Objection:**

Defendants object to this question on the grounds that it improperly characterizes Defendants' intentions with respect to their expert witness, J. Timothy Downard. As stated in Defendants' Witness List, Downard has been identified as a witness Defendants "may call if the need arises." (See, Doc. 123). Defendants seek to avoid a "missing witness" argument by Dees' counsel if Defendants ultimately elect not to call Downard as an expert witness.

**WHEREFORE**, Defendants HMMA and HMA move this Court to reject the proposed voir dire questions referenced herein, and preclude them from being heard by the jury venire.

Respectfully submitted this the 20th day of May, 2008.

/s/ J. Trent Scofield
Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: timothy.palmer@odnss.com
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

        Matthew K. Johnson
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        P.O. Box 2757
        Greenville, SC  29602
        Tel.: (864) 271-1300
        Fax: (864) 235-8806
        E-mail: matthew.johnson@odnss.com
        **Pro Hac Granted 5/15/07**

        Attorneys for Defendants Hyundai Motor
        Manufacturing Alabama, LLC and
        Hyundai Motor America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2008, I electronically filed the foregoing *Defendants' Objections to Plaintiff's Proposed Voir Dire* on behalf of Defendants Hyundai Motor Manufacturing Alabama, LLC and Hyundai Motor America, Inc. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey R. Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

      /s/ J. Trent Scofield
      OF COUNSEL