IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JERRY LEON DEES, JR.,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| **v.** ) | **2:07-cv-00306-MHT-CSC** |
| ) | |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** ) | |
| **AMERICA, INC.,** ) | |
| ) | |
|     **Defendants.** ) | |

**DEFENDANT'S MOTION TO STRIKE
ALL PLAINTIFF'S CLAIMS FOR MONETARY RELIEF UNDER USERRA**

Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), through undersigned counsel, respectfully moves this Court to strike all of Plaintiff's claims for monetary relief under USERRA. In support of this motion, Defendant HMMA states:

1.   Plaintiff has two remaining claims against HMMA: (1) a hostile work environment claim under USERRA, and (2) a conversion claim.[1]

2.   The available damages under USERRA are discrete and well-defined. The only available remedies under USERRA are lost wages and benefits and injunctive relief. See 38 U.S.C. § 4323(d) (1) (A)-(B).

3.   These remedies allow a court to ensure that employers comply with the provisions of USERRA, and to make an employee whole when those provisions are violated. See Woodard

---

[1] This Court dismissed all of Plaintiff's claims against Defendant Hyundai Motor America ("HMA") and it dismissed Plaintiff's USERRA termination and outrage claim against HMMA on May 21, 2008. See Doc. No. 187.

v. New York Health and Hosp. Corp., 2008 WL 728887, at * 20 (E.D.N.Y. Mar. 17, 2008). USERRA also provides an additional "liquidated damages" remedy that can double a plaintiff's lost wages and benefits to punish an employer's willful misconduct. 38 U.S.C. § 4323(d)(1)(C). Id; see also Schmauch v. Honda of Am. Mfg., 311 F.Supp.2d 631, 635 (S.D.Ohio 2003) (explaining USERRA's remedial scheme).

4. USERRA does not provide for recovery of compensatory damages for mental anguish/emotional distress or for recovery of punitive damages. See Vander Wal v. Sykes Enters., 377 F. Supp. 2d 738, 746 (D.N.D. 2005); Sutherland v. Sosi Intern., Ltd., 2007 WL 2332412, at *2 (E.D. Va. Aug. 10, 2007).

5. USERRA draws its remedial scheme from the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq. Similar to USERRA, the FLSA does not provide for punitive damages or compensatory damages for items such as pain, suffering, humiliation, or mental or emotional distress. 29 U.S.C. § 216(b); See Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 935 (11th Cir. 2000); Tombrello v. USX Corp., 763 F. Supp. 541, 546 (N.D. Ala. 1991).

6. In his Complaint, Plaintiff seeks "compensatory and punitive and/or liquidated damages, reasonable attorneys fees and court costs under USERRA, 38 U.S.C.A. § 4323 (West 2007)" in connection to his claims for harassment and termination in violation of USERRA.

7. Because this Court has found that HMMA lawfully terminated Plaintiff's employment and such action did not violate USERRA, Plaintiff cannot recover **any** back pay,

wages or lost benefits. USERRA does not provide a remedy for the recovery of monetary damages for a hostile work environment.[2]

8. Therefore, even if Plaintiff prevails on his USERRA harassment claim, he would only be entitled to injunctive relief.[3]

9. Accordingly, Plaintiff's claims for monetary damages under USERRA must be stricken.

WHEREFORE, premises considered, Defendant Hyundai Motor Manufacturing Alabama, LLC, requests that this Court enter an Order striking all of Plaintiff's claims for monetary damages pursuant USERRA.

Respectfully submitted this 23rd day of May, 2008.

/s/ J. Trent Scofield
SCO-024

---

[2] This Court in its Opinion issued May 21, 2008, cited E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc., 117 F. 3d 1244 (11th Cir. 1997) for the proposition that the Eleventh Circuit has recognized a harassment claim under the ADEA. However, in footnote no. 7 of the Massey Yardley opinion, the Eleventh Circuit stated "[N]either party questions, hence we do not actually decide, whether the hostile work environment doctrine developed in Title VII actions applies in an ADEA action, a question so far decided specifically by only one circuit court of appeals, the Sixth." Id. at 1249, n. 7. Yardley Massey also discussed the award of backpay due to the plaintiff's constructive discharge claim, and not because of any actionable harassment under the ADEA. In this action, there is no constructive discharge claim and the unlawful termination claim has been dismissed. Thus, Plaintiff cannot recover any monetary damages under USERRA for his harassment claim.

[3] However, Plaintiff failed to specifically plead a request for injunctive relief in his complaint and is likewise not entitled to recover any injunctive relief. See Calderon v. Kansas Dept. of Social and Rehabilitation Services, 181 F. 3d 1180, 1183-84 (10th Cir. 1999) (Plaintiff not entitled to equitable relief when she failed to expressly request prospective injunctive relief in her complaint or later in her suit to trigger she was entitled to relief).

>Timothy A. Palmer (PAL-009)
>J. Trent Scofield (SCO-024)
>T. Scott Kelly (KEL-053)
>OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>One Federal Place, Suite 1000
>1819 Fifth Avenue North
>Birmingham, AL 35203-2118
>Tel.: (205) 328-1900
>Fax: (205) 328-6000
>E-mail: trent.scofield@odnss.com
>E-mail: scott.kelly@odnss.com
>
>Attorneys for Defendants Hyundai Motor
>Manufacturing Alabama, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2008, I electronically filed the foregoing *Defendant's Motion to Strike All Plaintiff's Claims for Monetary Relief* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

>/s/ J. Trent Scofield
>Of Counsel