IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JERRY LEON DEES, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **CASE NO. 2-07CV306-MHT** |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** ) | |
| **AMERICA, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION IN LIMINE AND
SUPPORTING AUTHORITIES REGARDING PLAINTIFF'S DISMISSED CLAIMS**

Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA") moves this Honorable Court to enter an order granting leave for HMMA to file a Motion in Limine Regarding Plaintiff's Dismissed Claims. In support of this motion, HMMA would show the court as follows:

1. This Court set a deadline of March 31, 2008, for all parties to file Motions in Limine.

2. HMMA filed several motions in limine on March 31, 2008.

3. However, at that time, Plaintiff had four claims set for trial.

4. On May 21, 2008, this Court ruled that HMMA was entitled to summary judgment on Plaintiff's USERRA termination and outrage claim. See Doc. No. 187.

5. Currently, Plaintiff has two remaining claims for trial: (1) USERRA harassment and (2) conversion.

6. Because this Court has entered a final judgment in favor of HMMA on Plaintiff's termination and outrage claims, HMMA should be afforded the opportunity to file a Motion in

Limine seeking an Order preventing Plaintiff from referring to his termination and outrage claims.

WHEREFORE, premises considered, Defendant Hyundai Motor Manufacturing Alabama, LLC, respectfully requests that this Honorable Court grant leave for HMMA to file a Motion in Limine Regarding Plaintiff's Dismissed Claims. A copy of the proposed Motion in Limine is attached hereto as Exhibit A.

Respectfully submitted this the 23rd day of May, 2008.

>/s/ J. Trent Scofield
> J. Trent Scofield (SCO024)
> OGLETREE, DEAKINS, NASH,
>   SMOAK & STEWART, P.C.
> One Federal Place, Suite 1000
> 1819 Fifth Avenue North
> Birmingham, AL 35203
> Tel.: (205) 328-1900
> Fax: (205) 328-6000
> trent.scofield@ogletreedeakins.com
>
> Attorneys for Defendants Hyundai Motor
> Manufacturing Alabama, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey R. Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson

> /s/ J. Trent Scofield
> OF COUNSEL

6335334.1

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JERRY LEON DEES, JR.,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **CIVIL ACTION NO.:** |
| v. ) | **2:07-cv-00306-MHT-CSC** |
| ) | |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** ) | |
| **AMERICA, INC.,** ) | |
| ) | |
|     **Defendants.** ) | |

**DEFENDANT'S MOTION IN LIMINE AND SUPPORTING AUTHORITIES TO
EXCLUDE TESTIMONY OR REFERENCES TO PLAINTIFF'S DISMISSED CLAIMS**

Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA" or "Defendant"), through undersigned counsel, respectfully moves this Court *in limine* for an Order directing Plaintiff, his witnesses, and his attorneys not to mention or bring before the jury, either directly or indirectly, upon voir dire, reading of the pleadings, statement of the case, interrogation of witnesses, argument, or objections before the jury of any of the following without first having called such matters to the Court's attention, out of the presence of the jury, and obtained a favorable ruling as to the admissibility of any such matters.

This motion in limine is specifically directed to any testimony, comments, or arguments related to Plaintiff's termination and outrage claim, which were dismissed by this Court. In support of this motion, Defendant states:[1]

---

[1] In order to streamline the pleadings in this action, Defendant has included the applicable authorities in support of its motion in limine concerning references to the end of the employment

1.	On May 21, 2008, this Court ruled that HMMA was entitled to summary judgment on Plaintiff's USERRA termination and outrage claim.  See Doc. Nos. 186 and 187.

2.	The two claims remaining for trial are Plaintiff's USERRA harassment claim and his claim of conversion.

3.	Defendant anticipates that Plaintiff will attempt to support his harassment and conversion claims by referencing facts and circumstances surrounding his claims for termination and outrage.

4.	Because this Court has found that Plaintiff's termination was lawful and HMMA did not act in any outrageous manner, there is no reason to allow Plaintiff, his witnesses, and/or his counsel to reference or elicit testimony regarding his termination and outrage claim.

5.	This evidence is not relevant because the Court has determined the Plaintiff did not prove discrimination as to his termination claim or outrage claim.  *See* Doc. Nos. 186 and 187.

6.	Dees should not be allowed to attempt to revive those dead claims or to stir the passions of the jury by presenting testimony as to the incidents that comprise those claims and that Plaintiff believes to be unfair.  The purported evidence should be excluded as irrelevant under Fed.R.Evid. 401-02.  Plaintiff's evidence surrounding his termination has no relevance to the issue of whether he was harassed while employed at HMMA and should be excluded.

7.	Even if the Court finds that there was probative value to evidence relating to the dismissed claims, any probative value is substantially outweighed by the danger of unfair prejudice and confusion that would result from allowing evidence before the jury related to

---

relationship between it and Plaintiff. Defendant respectfully requests that this pleading be considered both as a motion and supporting brief.

claims that this Court has already found to have no legal basis. *See Christopher v. Florida,* 449 F. 3d 1360, 1367 (11th Cir. 2006) (plaintiff's counsel's improper closing argument prejudiced the substantial rights of Defendants by taking away from Defendants the benefits of the partial summary judgment they had won before trial and by incorrectly expanding the grounds for liability at trial to include grounds ruled out by the court). Therefore, exclusion is warranted under Fed.R.Evid. 403.

WHEREFORE, premises considered, HMMA respectfully requests that this Court enter an Order precluding Plaintiff, Plaintiff's witnesses, and Plaintiff's attorneys from introducing into evidence, making comments or giving any testimony concerning, or making any argument relating to Plaintiff's dismissed termination and outrage claims. Likewise, HMMA requests the Court to give limiting instructions at the appropriate times to avoid the concerns addressed by Fed.R.Evid. 403.

Respectfully submitted this 23rd day of May, 2008.

/s/ J. Trent Scofield

Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Attorneys for Defendants Hyundai Motor Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of May, 2008, I electronically filed the foregoing *Defendant's Motion in Limine and Supporting Authorities to Exclude Testimony or References to the Decision to Terminate Plaintiff's Employment* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)

6335353.1