**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JERRY LEON DEES, JR.,**             ) | |
|     **Plaintiff,**                                  ) | |
|                                                               ) | |
| Vs.                                                         ) | **CASE NO.** |
|                                                               ) | **2:07-cv-00306-MHT-CSC** |
| **HYUNDAI MOTOR MANUFACTURING**   ) | |
| **ALABAMA, LLC, and HYUNDAI**                 ) | |
| **MOTOR AMERICA, INC.,**                              ) | |
|     **Defendants.**                              ) | |

**RESPONSE IN OPPOSITION TO
MOTION FOR LEAVE TO AMEND ANSWER**

The Defendant moves for leave to amend its answer to assert a new affirmative defense over a year after it filed its original answer and only a few days before trial. The motion should be denied because the Plaintiff will suffer undue prejudice from the proposed new defense which has been unduly delayed by Hyundai since the defense arises from facts alleged in the original complaint and thus known by Hyundai since the day it was served with process.

**The Plaintiff will suffer undue prejudice if the new defense is allowed.**

Hyundai seeks to add an additional affirmative defense that it exercised reasonable care to corrrect the harassment and that Plaintiff failed to avoid the harm. The Plaintiff will be unduly prejudiced since discovery has long been closed and he has had no opportunity to conduct discovery on this new **affirmative** defense. While the Defendant would have the burden to prove such a new defense, the Plaintiff should have an opportunity to refute Hyundai's testimony. Yet, Plaintiff has had no notice that Hyundai intended to rely on such a defense and thus no opportunity to discover facts relating to Hyundai's purported "reasonable care" it now claims it "exercised" to "correct the harassment." As such, the Plaintiff would suffer undue prejudice from the amendment sought. Cf., Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (prejudice found when issues raised

by proposed amendment involved new factual and legal issues and would require additional discovery); Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1298 (7th Cir. 1993) (amendment to add affirmative defense denied when it would result in additional discovery prejudicing opposing party).

Moreover, as the Court noted in its Opinion on Defendants' Motion for Summary Judgment, "Dees alleges [in his Complaint] that HMMA violated USERRA by '**creating an environment of harassment**.'" Opinion (Doc. 186), at p. 11 (quoting Compl. (Doc. No. 2), at ¶¶ 20-21) (emphasis added). Hyundai should thus not be allowed the leave it seeks since it has known–since day one– of the facts giving rise to its proposed new defense, yet failed to assert until yesterday that it "exercised reasonable care to correct the **harassment.**..." Def's Mot. for Leave, p. 1 (Doc. 193) (emphasis added). Cf., e.g., Pope v. MCI Telecommunications Corp., 937 F.2d 258, 263 (5th Cir. 1991) (leave denied for prejudice when proposed amendment added new claim less than a week before trial, long after discovery closed, and amendment based on known facts); Continental Bank, N.A., 10 F.3d at 1298 (amendment to add affirmative defense denied when offered two years after original complaint filed and based on facts previously known).

**The amendment has been unduly delayed without any valid justification.**

The Defendant's purported justification is that it did not know that a USERRA harassment claim is viable despite the fact at least 4 other federal jurisdictions have recognized the viability of such a claim. See Opinion (Doc. 186), at pp. 15-17 & n. 2 (discussing these cases). The Defendant's excuse does not justify its undue delay in asserting this new affirmative defense. Cf., e.g., Sun Bank, N.A. v. E.F. Hutton & Co., 926 F.2d 1030, 1035-36 (11th Cir. 1991) (leave denied to amend answer to add affirmative defense two days before trial and defendant offered no justification for delay, except that defendant only recently discovered statute supporting defense);

<u>Oxford Furniture Cos., Inc. v. Drexel Heritage Furnishings, Inc.</u>, 984 F.2d 1118, 1124 (11th Cir. 1993) (leave denied when defendant did not move to amend answer to include statute of frauds defense until 10 months after complaint filed and one week before pretrial conference, and gave no reason for waiting).

       Dated:       May 23, 2008.

                          Respectfully submitted,

                          /s/ W. Perry Hall
                         VINCENT F. KILBORN, III
                         W. PERRY HALL (HALLW9043)
                         JEFFREY R. SPORT (SPORJ5390)
                         Kilborn, Roebuck & McDonald
                         1810 Old Government Street
                         Mobile, Alabama 36606
                         Tele: 251/479-9010
                         Fax: 251/479-6747

OF COUNSEL:

David A. McDonald
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing on counsel of record on May 23, 2008, by filing on the CMF/ECF system, which will transmit a copy to the following:

J. Trent Scofield, Esq.
Timothy A. Palmer, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL  35203-2118

Matthew K. Johnson, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
Post Office Box 2757
Greenville, SC  29602

                                                  /s/ W. Perry Hall
                                                        COUNSEL