**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CASE NO. 2-07CV306-MHT** |
| **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE**
**MOTION IN LIMINE AND SUPPORTING AUTHORTIES REGARDING**
**TESTIMONY OF PLAINTIFF'S TERMINATION OF EMPLOYMENT**

Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA") moves this Honorable Court to enter an order granting leave for HMMA to file a Motion in Limine Regarding Testimony of Plaintiff's Termination of Employment. In support of this motion, HMMA would show the court as follows:

1. This Court set a deadline of March 31, 2008, for all parties to file Motions in Limine.

2. HMMA filed several motions in limine on March 31, 2008.

3. However, at that time, Plaintiff's USERRA termination claim was set for trial along with his three other claims (i.e., USERRA harassment, outrage and conversion).

4. On May 21, 2008, this Court ruled that HMMA's termination of Plaintiff's employment was lawful, and HMMA was entitled to summary judgment on Plaintiff's USERRA termination claim. See Doc. No. 187.

5. Currently, Plaintiff has two remaining claims for trial: (1) USERRA harassment and (2) conversion.

6. Since Plaintiff's conversion claim stems from events surrounding the lawful termination of his employment, it is likely that there will be testimony regarding the cessation of Plaintiff and HMMA's employment relationship.

7. Because this Court has found that Plaintiff's termination was lawful, HMMA should be afforded the opportunity to file a Motion in Limine seeking an order instructing the parties how to characterize the end of Plaintiff's employment relationship with HMMA.

WHEREFORE, premises considered, Defendant Hyundai Motor Manufacturing Alabama, LLC, respectfully requests that this Honorable Court grant leave for HMMA to file a Motion in Limine Regarding Plaintiff's Termination. A copy of the proposed Motion in Limine is attached hereto as Exhibit A.

Respectfully submitted this the 23rd day of May, 2008.

/s/ J. Trent Scofield

J. Trent Scofield (SCO024)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
Tel.: (205) 328-1900
Fax: (205) 328-6000
trent.scofield@ogletreedeakins.com

Attorneys for Defendants Hyundai Motor Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of May, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey R. Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson

/s/ J. Trent Scofield
OF COUNSEL

6331386.1

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JERRY LEON DEES, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **2:07-cv-00306-MHT-CSC** |
| | ) | |
| **HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT'S MOTION IN LIMINE AND SUPPORTING AUTHORITIES TO EXCLUDE TESTIMONY OR REFERENCES TO THE DECISION TO TERMINATE PLAINTIFF'S EMPLOYMENT**

Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA" or "Defendant"), through undersigned counsel, respectfully move this Court *in limine* for an Order directing Plaintiff, his witnesses, and his attorneys not to mention or bring before the jury, either directly or indirectly, upon voir dire, reading of the pleadings, statement of the case, interrogation of witnesses, argument, or objections before the jury of any of the following without first having called such matters to the Court's attention, out of the presence of the jury, and obtained a favorable ruling as to the admissibility of any such matters.

This motion in limine is specifically directed to any testimony, comments, or argument that: (1) HMMA unlawfully terminated Plaintiff's employment; (2) any reference to the reasons why Plaintiff is no longer employed at HMMA; (3) any reference to what caused the employment relationship to end; and (4) any reference or characterization that HMMA or any of

its employees engaged in any wrongdoing whatsoever in relation to the fact that Plaintiff is no longer employed at HMMA. In support of this motion, Defendant states:[1]

1. On May 21, 2008, this Court ruled that HMMA's termination of Plaintiff's employment was lawful and HMMA was entitled to summary judgment on Plaintiff's USERRA termination claim. See Doc. No. 187.

2. The two claims remaining for trial are Plaintiff's USERRA harassment claim and his claim of conversion.

3. To support his conversion claim, Plaintiff alleges that after he was terminated HMMA failed to return his personal items that were stored in his HMMA locker.

4. The claims and defenses for the conversion claim will necessarily involve testimony regarding the fact that Plaintiff's employment with HMMA has ended.

5. Plaintiff has not pled, nor can he prove, any set of facts that would support a constructive discharge theory. Therefore, any evidence of "harassment" is separate and independent from his now dismissed termination claim.

6. Because this Court has found that Plaintiff's termination was lawful, HMMA requests that to the extent the testimony at trial for this case relates in any way to Plaintiff's termination, this Court order the parties to refer to that event as when "Mr. Dees' employment with HMMA ended."

7. The U.S. Supreme Court has made clear that discrete acts of discrimination must be considered separately: "Discrete acts such as termination, failure to promote, denial of

---

[1] In order to streamline the pleadings in this action, Defendant has included the applicable authorities in support of its motion in limine concerning references to the end of the employment relationship between it and Plaintiff. Defendant respectfully requests that this pleading be considered both as a motion and supporting brief.

transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *National Railroad Passenger Corp. v. Morgan*, 122 S.Ct. 2061, 2073 (2002). Any attempt by Plaintiff to merely meld his termination claim into harassment claims based on separate discrete employment decisions must fail.

8. Allowing Plaintiff, Plaintiff's witnesses, and/or his counsel to elicit testimony regarding his termination will undoubtedly confuse the issues and unfairly prejudice Defendant by requiring it to defend against an understandable inference that his termination is somehow connected to the alleged harassment. Not only is such evidence irrelevant (see Fed.R.Evid. 401), its introduction would be clearly prejudicial in light of the Court's Order dismissing the termination claim (see Fed.R.Evid. 403).

WHEREFORE, premises considered, HMMA respectfully requests that this Court enter an Order precluding Plaintiff, Plaintiff's witnesses, and Plaintiff's attorneys from introducing into evidence, making comments or giving any testimony concerning, or making any argument relating to Plaintiff's termination in the presence of the jury. Additionally, HMMA respectfully requests that this Court order the parties to refer to Plaintiff's termination as when "Mr. Dees' employment with HMMA ended." Likewise, HMMA requests the Court to give limiting instructions at the appropriate times to avoid the concerns addressed by Fed.R.Evid. 403.

Respectfully submitted this 23rd day of May, 2008.

/s/ J. Trent Scofield

Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Attorneys for Defendants Hyundai Motor Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of May, 2008, I electronically filed the foregoing *Defendant's Motion in Limine and Supporting Authorities to Exclude Testimony or References to the Decision to Terminate Plaintiff's Employment* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)

6331389.1