IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JERRY LEON DEES, JR.,**<br><br>　　Plaintiff,<br><br>v.<br><br>**HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC.,**<br><br>　　Defendants. | **CIVIL ACTION NO.:**<br>**2:07-cv-00306-MHT-CSC** |

**DEFENDANT'S MOTION FOR LEAVE OF COURT TO FILE MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING ALLEGED ACTS OF "HARASSMENT" BASED ON EVENTS RELATED TO THE TERMINATION OF HIS EMPLOYMENT BASED ON COURT'S SUMMARY JUDGMENT RULING**

Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA") files this motion for leave of Court to file an additional motion in limine to exclude the testimony from Plaintiff (and others) regarding any alleged acts of "harassment" based on events related to the termination of his employment, in light of the Court's summary judgment ruling. In support, Defendant states:

　　1.　　On May 21, 2008, this Court entered an Opinion (Doc. 186) and Judgment (Doc. 187), dismissing, among other things, Plaintiff's USERRA termination claim.

　　2.　　Though Plaintiff's USERRA "harassment" claim against Defendant survived Defendant's motion for summary judgment, it is undisputed that Plaintiff has never produced any evidence that either Jim Brookshire, the manager who reported Plaintiff intentionally sleeping on the job, or any member of the termination committee "harbored any bias against those in the military." (Doc. 186 at 10-11).

3.      Indeed, as the Court correctly notes, Plaintiff's "harassment" allegations are limited to those alleged actions of Greg Prater, Plaintiff's immediate supervisor. (<u>Id.</u> at 20-21).

4.      Defendant anticipates that Plaintiff will now attempt to elicit testimony and introduce evidence to suggest that Mr. Brookshire's report of Plaintiff's intentional sleeping on the job, as well as the investigation and termination decision that followed, were additional acts of "harassment" against him.

5.      Allowing Plaintiff to elicit such testimony would be fundamentally unfair and would substantially prejudice Defendant in light of the Court's ruling that Plaintiff's USERRA termination claim fails as a matter of law and that no evidence indicates any party involved harbored any military animus.

6.      A copy of Defendant's Motion in Limine to Exclude Testimony Regarding Alleged Acts of "Harassment" Based on Events Related to the Termination of His Employment Based on Court's Summary Judgment Ruling is attached hereto as Exhibit A.

Respectfully submitted this the 23rd day of May, 2008.

/s/  J. Trent Scofield  
SCO-024

        Timothy A. Palmer (PAL-009)
        J. Trent Scofield (SCO-024)
        T. Scott Kelly (KEL-053)
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        One Federal Place, Suite 1000
        1819 Fifth Avenue North
        Birmingham, AL 35203-2118
        Tel.: (205) 328-1900
        Fax: (205) 328-6000
        E-mail: timothy.palmer@odnss.com
        E-mail: trent.scofield@odnss.com
        E-mail: scott.kelly@odnss.com

        Attorneys for Defendant Hyundai Motor
        Manufacturing Alabama, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of May, 2008, I electronically filed the foregoing *Defendants' Motion for Leave of Court to File Motion in Limine to Exclude Testimony Regarding Exclude Alleged Acts of "Harassment" Based on Events Related to the Termination of His Employment Based on Court's Summary Judgment Ruling* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

        /s/ J. Trent Scofield
        OF COUNSEL

6335041.1

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR.,               )<br>                                                       )<br>   Plaintiff,                                 )<br>                                                       )           CIVIL ACTION NO.:<br>v.                                                  )           2:07-cv-00306-MHT-CSC<br>                                                       )<br>HYUNDAI MOTOR MANUFACTURING  )<br>ALABAMA, LLC, and HYUNDAI MOTOR )<br>AMERICA, INC.,                            )<br>                                                       )<br>   Defendants.                            )  | |

**DEFENDANT'S MOTION IN LIMINE AND SUPPORTING AUTHORITIES
TO EXCLUDE TESTIMONY REGARDING ALLEGED ACTS OF "HARASSMENT"
BASED ON EVENTS RELATED TO THE TERMINATION OF HIS EMPLOYMENT
BASED ON COURT'S SUMMARY JUDGMENT RULING**

Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA" or "Defendant"), through undersigned counsel, respectfully moves this Court *in limine* for an Order directing Plaintiff, his witnesses, and his attorneys not to mention or bring before the jury, either directly or indirectly, upon voir dire, reading of the pleadings, statement of the case, interrogation of witnesses, argument, or objections before the jury of any of the following without first having called such matters to the Court's attention, out of the presence of the jury, and obtained a favorable ruling as to the admissibility of any such matters.

This motion in limine is specifically directed to any testimony, comments, or argument regarding any alleged acts of "harassment" based on events related to the termination of Plaintiff's employment. In support of this motion, Defendant states:[1]

1. On May 21, 2008, this Court entered an Opinion (Doc. 186) and Judgment (Doc. 187), dismissing, among other things, Plaintiff's USERRA termination claim.

2. Though Plaintiff's USERRA "harassment" claim against Defendant survived Defendant's motion for summary judgment, it is undisputed that Plaintiff has never produced any evidence that either Jim Brookshire, the manager who reported Plaintiff intentionally sleeping on the job, or any member of the termination committee "harbored any bias against those in the military." (Doc. 186 at 10-11).

3. Indeed, as the Court correctly notes, Plaintiff's "harassment" allegations are limited to those alleged actions of Greg Prater, Plaintiff's immediate supervisor. (Id. at 20-21).

4. Defendant anticipates that Plaintiff will now attempt to elicit testimony and introduce evidence to suggest that Mr. Brookshire's report of Plaintiff's intentional sleeping on the job, as well as the investigation and termination decision that followed, were additional acts of "harassment" against him.

5. The U.S. Supreme Court has made clear that discrete acts of discrimination must be considered separately: "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *National Railroad Passenger Corp. v. Morgan*, 122 S.Ct. 2061, 2073 (2002).

---

[1] In order to streamline the pleadings in this action, Defendant has included the applicable authorities in support of this motion in limine. Defendant respectfully requests that this pleading be considered both as a motion and supporting brief.

6.	Any attempt by Plaintiff to bolster his harassment claims by mentioning separate discrete employment decisions (i.e., his termination) would prejudice HMMA.  Specifically, allowing Plaintiff to elicit such testimony would be fundamentally unfair and would substantially prejudice Defendant in light of the Court's ruling that Plaintiff's USERRA termination claim fails as a matter of law and that no evidence indicates any party involved harbored any military animus.

WHEREFORE, premises considered, HMMA respectfully requests that this Court enter an Order precluding Plaintiff, Plaintiff's witnesses, and Plaintiff's attorneys from introducing into evidence, making comments or giving any testimony concerning, or making any argument relating to any alleged acts of "harassment" based on events related to the termination of his employment in the presence of the jury.  Likewise, HMMA requests the Court to give limiting instructions at the appropriate times to avoid the concerns addressed by Fed.R.Evid. 403.

Respectfully submitted this 23rd day of May, 2008.

/s/  J. Trent Scofield

Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com
E-mail: scott.kelly@odnss.com

Attorneys for Defendants Hyundai Motor Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of May, 2008, I electronically filed the foregoing *Defendant's Motion in Limine and Supporting Authorities to Exclude Testimony Regarding Alleged Acts of "Harassment" Based on Events Related to the Termination of His Employment Based on the Court's Summary Judgment Ruling* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)

6335744.1