IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JERRY LEON DEES, JR.,**           ) | |
| Plaintiff,                          ) | |
|                                     ) | |
| Vs.                                 ) | CASE NO. |
|                                     ) | 2:07-cv-00306-MHT-CSC |
| **HYUNDAI MOTOR MANUFACTURING**     ) | |
| **ALABAMA, LLC, and HYUNDAI**       ) | |
| **MOTOR AMERICA, INC.,**            ) | |
| Defendants.                         ) | |

**CONSOLIDATED RESPONSE IN OPPOSITION TO MOTION TO STRIKE CLAIMS FOR MONETARY RELIEF UNDER USERRA (DOC. 194), MOTION FOR LEAVE TO FILE MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING USERRA DAMAGES (DOC. 199), AND MOTION IN LIMINE REGARDING ANY EMOTIONAL DISTRESS SUFFERED BY PLAINTIFF (DOC. 139)**

Under the auspices of motions to strike and in limine, Hyundai has effectively moved–on the day before trial–for a summary judgment on Plaintiff's remaining USERRA claim. Specifically, Hyundai moves to strike all claims for damages arising out of its USERRA violations as well as an exclusion at trial of all testimony and evidence relating to USERRA violations and damages suffered therefrom. Hyundai's most recent motions are not only belated, but are ill-founded and unsupported by the law, particularly in light of the Court's recent ruling on Hyundai's previously-filed motion for summary judgment.

**Motion for Exclusion of All Testimony and Evidence of Plaintiff's Reaction to a Hostile Work Environment (framed by Hyundai as a motion to exclude evidence of mental distress) [Doc. 139]**

This motion is really a transparent attempt to prevent any testimony of Dees' subjective perceptions, humiliation and how he otherwise felt in response to the harassment he suffered for his service in the military. But, the Court has already found that, viewing the evidence in the light most favorable to Dees, "Dees subjectively perceived the harassment to be severe and pervasive,"

Opinion, pp. 20-21; that a factor to be considered in assessing a harassment claim are "whether it is physically threatening or **humiliating**" Opinion, p. 19-20 (citing Allen v. Tyson Foods, Inc., 121 F.3d 642, 647 (11th Cir. 1997)) (emphasis added); and, whether harassment is "severe or pervasive" is judged under both objective and subjective components.  The subjective component is whether Dees "subjectively perceived the harassment to be severe and pervasive." Opinion, pp. 20-21, citing Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc).

The law in this Circuit is that personal feelings, perceptions and harassment are relevant and material to hostile work environment claims.  Id.  See also, Myers v. Central Florida Invs., Inc., 237 Fed. Appx. 452, 455 (11th Cir. 2007) (on subjective prong, plaintiff "set forth evidence from which a reasonable factfinder could determine that she **personally felt harassed**," including evidence that the conduct made her "mortified," "embarrassed," and "uncomfortable") (emphasis added); Hernandez v. Communications Unlimited of the South, Inc., No. 3:03cv0760-T, 2005 U.S. Dist. LEXIS 40673, *21 (M.D. Ala. Feb. 22, 2005) (Thompson, J.) ("a reasonable jury could ... conclude from the evidence that Harper's conduct was **humiliating**") (emphasis added).

In short, Sgt. Dees' personal feelings, perceptions and humiliation are not only relevant, but crucial, to his USERRA claim.

Additionally, mental anguish damages are allowed for Hyundai's conversion of items of sentimental value under circumstances of insult or contumely.  See Williford v. Emerton, 935 So. 2d 1150, 1155 (Ala. 2004); New Plan Realty Trust v. Morgan, 792 So. 2d 351, 364 (Ala. 2000).

**Motions to Strike and for the Exclusion of All Evidence of Any Damages under USERRA (Benefits, Wages and the Like) [Docs. 194 & 199]**

"USERRA provides that a uniformed servicemember may not be denied 'any benefit of employment.'" Opinion, p. 14 (quoting 38 U.S.C. § 4311(a)).  Under USERRA, "[t]he court may

2

require the employer to compensate the person for any loss of wages **or benefits** suffered by reason of such employer's failure to comply with the provisions of this chapter." 38 U.S.C. § 4323(d)(B) (emphasis added). A USERRA "**benefit**" is defined to include a "**benefit of employment**." 38 U.S.C. § 4303(2) (emphasis added). A "**benefit of employment**" includes "the right to be free from a hostile work environment." Steenken v. Campbell County, No. 04-224-DLB, 2007 WL 83173, at *3 (E.D. Ky. Mar. 15, 2007) (emphasis added), quoted by the Court in its Opinion, p. 17, n. 2.

As the Court noted in concluding that a claim for harassment is cognizable under USERRA consistently with Congress' intent that USERRA "be construed broadly for the benefit of returning veterans":

> [T]he purpose of USERRA [is] to encourage individuals to join the military by assuring them that their jobs are not at risk. 38 U.S.C. § 4301(a)(1). **An assurance that employees cannot be fired on account of their military service is meaningless without assurance that the work environment will not be so intolerable that they will feel forced to quit**. This protection is especially necessary at a time when demand for deployment of non-career servicemembers in the National Guard and Reserves has reached an unprecedented level; such persons now account for nearly 50% of the active military. Konrad S. Lee, "When Johnny Comes Home Again" Will He Be Welcome at Work?, 35 Pepp. L. Rev. 247, 248 (2008).

Opinion, pp. 17-18 (emphasis added).

This Court held USERRA harassment claims should be analyzed as Title VII claims using the principle announced by the Supreme Court in Meritor Savings Bank v. Vinson, 477 U.S. 57, 67 (1986). Opinion, p. 19. That is, "harassment is actionable when it is "'sufficiently severe or pervasive to **alter** the conditions of employment and create an abusive working environment.'" Id. (emphasis added). In its summary judgment Opinion, the Court found that "[i]n light of the totality of the circumstances... a reasonable jury could find that the harassment Dees faced was sufficiently

severe and pervasive to **alter** the terms and conditions of his employment." Opinion, p. 21 (emphasis added).

As the Eleventh Circuit found in Baldwin v. Blue Cross/Blue Shield of Alabama, 480 F.3d 1287, 1300 (11th Cir. 2007) (emphasis added):

> Title VII prohibits sex-based discrimination that **alters** the terms and conditions of employment. 42 U.S.C. § 2000e-2(a)(1)**. The forbidden alteration can be brought in either of two ways**. *Hulsey v. Pride Rests., LLC*, 367 F.3d 1238, 1245 (11th Cir. 2004). **One** is through a **tangible employment action, such as a pay decrease, demotion or termination**. *Id.* **The other way is through creation of a hostile work environment caused by sexual harassment that is sufficiently severe or pervasive to alter the terms and conditions of work**. *Id.*

Thus, in Peterson v. Dep't of Interior, 71 M.S.P.R. 227, 235 (1996), on which this Court heavily relied in its summary judgment Opinion, the court reversed the lower finding that the appellant had a USERRA claim for removal of his law enforcement commission (a tangible employment action) but no USERRA claim for the defendants subjecting him to a hostile work environment. The Peterson opinion quoted Carosella v. U.S. Postal Serv., 816 F.2d 638, 640 (Fed. Cir. 1987) for the proposition that "economic or other tangible benefit is not an essential component of a finding of sexual harassment." Peterson, 71 M.S.P.R. at 237-38. In Carosella, in response to an argument that "no one was injured or suffered any economic loss" because of sexual harassment, the court found that harassment which is "'sufficiently severe or pervasive' to 'create an abusive working environment' will **itself** support a finding of sexual harassment." 816 F.2d at 640 (emphasis added) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 106 S. Ct. 2399, 2406 (1986), cited by this Court in its Opinion at p. 19. Cf., Hernandez v. Communications Unlimited of the South, Inc., No. 3:03cv0760-T, 2005 U.S. Dist. LEXIS 40673 (M.D. Ala. Feb. 22, 2005) (Thompson, J.) ("'harassment need not be shown to be so extreme that it produces tangible effects

on job performance in order to be actionable.'") (quoting *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1277 (11th Cir. 2002)); Collins v. State of Illinois, 830 F.2d 692, 703 n. 7 (7th Cir. 1987) (citing *Goodwin v. Circuit Court*, 729 F.2d 541, 550 (8th Cir. 1984) as holding adverse job action, supporting section 1983 claim of sex discrimination, demonstrated where hearing officer in juvenile court was involuntarily "transferred, without any reduction in pay or benefits, to a permanent position on the legal staff" of the court), *aff'd on second ground*, 741 F.2d 1087 (8th Cir. 1984), *cert. denied*, 469 U.S. 1216 (1985)); Farpella-Crosby v. Horizon Health Care, 97 F.3d 803, 808 (5th Cir. 1996) (in addressing sexual harassment claim, finding "a working environment can be so abusive as to violate Title VII, irrespective of whether the claimant suffers psychological injury") (citing *Harris*, 510 U.S. at 17, 22).

Thus, in Reeves v. C.H. Robinson Worldwide, Inc., No. 07-10270, 2008 U.S. App. LEXIS 9171, *19 (11th Cir. Apr. 28, 2008), the Eleventh Circuit found "a jury could properly conclude that the conduct unreasonably interfered with Reeves's job performance," citing *Harris*, 510 U.S. at 22, despite the fact such conduct did "not have tangibly affect[ ] the plaintiff's job performance in order to be actionable." There, the plaintiff testified that the conduct "made it difficult to concentrate on work and caused her to leave the pod and stand in the hallway," and she "took time away from her work to complain to her superiors, ask her co-workers to stop" and "write notes to herself so she would have a record of some of the more offensive incidents." Notably, Dees will testify similarly to all these things, including the additional fact that the notes he so diligently kept of the ongoing harassment were absconded by Hyundai upon its termination of Dees (they are the subject of Sgt. Dees' conversion claim).

In addition to the monetary damages found to have been suffered by Sgt. Dees as a result of Hyundai's continuous harassment, he is also entitled to damages for mental anguish/emotional distress upon presenting evidence that he was subjected to a hostile work environment and "evidence from which the jury could have inferred that [he] experienced stress and humiliation as a result of [the] abuse." Farpella-Crosby v. Horizon Health Care, 97 F.3d 803, 808-809 (5th Cir. 1996) (mental anguish damages allowed when plaintiff shows harassment "'manifests some specific discernable injury to the claimant's emotional state.'") (quoting *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 940 (5th Cir. 1996)).

In Hollis v. City of Buffalo, 28 F. Supp. 2d 812, 826 (W.D.N.Y. 1998), involving a Title VII hostile work environment/harassment claim, the court noted "[t]he purpose of compensatory damages is to compensate the injured parties for only the injury sustained in order to 'make good or replace the loss caused by the wrong or injury.'" Id., quoting *McMillian v. F.D.I.C.*, 81 F.3d 1041, 1055 (11th Cir. 1996) (other citation omitted). "Simply put, compensatory damages make the injured party whole." *Id.* Even though the plaintiff did not claim she lost wages as a result of the harm suffered, she was entitled to compensation for harassment she suffered for over one year, including public humiliation, emotional distress and the adverse effect on her relationship with her husband. Id.

Hyundai's reliance on Fair Labor Standards Act cases is misplaced. See Def.'s Motions, citing Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 935 (11th Cir. 2000); Tombrello v. USX Corp., 763 F. Supp. 541, 546 (N.D. Ala. 1991). Those cases found that the FLSA limited recovery to unpaid wages and overtime compensation. The FLSA merely requires employers to pay covered employees a minimum wage and to provide additional compensation for overtime work. See 29

U.S.C. §§ 206 & 207. The FLSA is not an anti-discrimination statute like the statutes (such as USERRA, Title VII, Title IX and the Americans with Disabilities Act) in the cases cited by the Court in its summary judgment Opinion.

As for the two district court cases cited by Hyundai for the proposition that compensatory damages for mental anguish/emotional distress are not recoverable under USERRA, neither case discussed or analyzed the availability of such damages. Vander Wal v. Sykes Enters., 377 F. Supp. 2d 738, 746 (D.N.D. 2005); Sutherland v. Sosi Intern., Ltd., 2007 WL 2332412, at *2 (E.D. Va. Aug. 10, 2007). Rather, Vander Wal merely stated the proposition and Sutherland merely quoted Vander Wal. More significantly, neither court had occasion to discuss or address, as this Court has, the cognizability or viability of a USERRA harassment claim and the fact that a "benefit of employment," broadly construed as Congress intended, includes the right to be free from a hostile work environment based on a plaintiff's military status.

Finally, in footnote 2, page 3 of Hyundai's Motion to Strike, it mentions E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244 (11th Cir. 1997) as supporting the proposition that no monetary damages are available for a USERRA hostile work environment. Based on this Court's summary judgment Opinion, such a reading of USERRA would render a hostile environment claim meaningless. Moreover, as demonstrated above, that is not the law.

As a final matter, the Plaintiff notes that "[c]ourts ... are generally reluctant to grant broad exclusions of evidence in limine, because 'a court is almost always better situated during the actual trial to assess the value and utility of the evidence." Zugovitz v. Davis, No. 2:06-cv-727, 2008 U.S. Dist. LEXIS 20510, *2 (S.D. Ohio Mar. 3, 2008) (quoting *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998). Accord, Hull v. Ford, No. C-05-43, 2008 U.S. Dist. LEXIS 3686, *2-3

(S.D. Tex. Jan. 17, 2008). See also, Bowden v. Wal-Mart Stores, Inc., No. 99-D-880-E, 2001 U.S. Dist. LEXIS 7213, *2 (M.D. Ala. Feb. 20, 2001) ("better approach [is] to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there"); Jaroslawicz v. Engelhard Corp., No. 84-3641, 1989 U.S. Dist. LEXIS 3332, *2-3 (D.N.J. Apr. 5, 1989) ("Caution [in evaluating motions in limine] is especially warranted where ... movant seeks a decision under Rule 403 'without the benefit of the flavor of the record developed at trial.'") (citation omitted).

**Conclusion**

Based on the foregoing, the Defendants' above-noted motions to strike and for leave to exclude evidence are due to be denied.

Dated:    May 26, 2008.

Respectfully submitted,

 /s/ W. Perry Hall
VINCENT F. KILBORN, III
W. PERRY HALL (HALLW9043)
JEFFREY R. SPORT (SPORJ5390)
Kilborn, Roebuck & McDonald
1810 Old Government Street
Mobile, Alabama 36606
Tele: 251/479-9010
Fax: 251/479-6747

OF COUNSEL:

David A. McDonald
KILBORN, ROEBUCK & McDONALD
203 South Warren Street (36602)
Post Office Box 832
Mobile, Alabama 36601

Telephone: (251) 434-0045
Fax: (251) 434-0047

**CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the foregoing on counsel of record on May 26, 2008, by filing on the CMF/ECF system, which will transmit a copy to the following:

J. Trent Scofield, Esq.
Timothy A. Palmer, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL  35203-2118

Matthew K. Johnson, Esq.
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
Post Office Box 2757
Greenville, SC  29602

              /s/ W. Perry Hall
                COUNSEL