**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JERRY LEON DEES, JR.,**<br><br>    Plaintiff,<br><br>v.<br><br>**HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC, and HYUNDAI MOTOR AMERICA, INC.,**<br><br>    Defendants. | **CIVIL ACTION NO.:**<br>**2:07-cv-00306-MHT-CSC** |

**DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC'S
MOTION FOR RECONSIDERATION AND SUPPORTING AUTHORITIES
REGARDING THE COURT'S ORDER DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant Hyundai Motor Manufacturing Alabama, LLC (hereinafter "Defendant" or "HMMA") files this motion for reconsideration and supporting authorities regarding the Court's recent order that denied, in part, Defendant's motion for summary judgment as to all claims asserted by Plaintiff Jerry Leon Dees (hereinafter "Plaintiff" or "Dees"). HMMA respectfully requests that the Court re-evaluate whether Plaintiff may proceed with his USERRA "harassment" and conversion claims, in light of the Court's other rulings made in connection with Defendant's dispositive motion. In support, Defendant states:[1]

---

[1] In order to streamline the pleadings in this action, HMMA has included the applicable legal authorities in support of its motion. Defendant respectfully requests that this pleading be considered both as a motion and a supporting brief.

**I.       Procedural History**

1.      On December 14, 2007, both Defendant HMMA and Defendant Hyundai Motor America, Inc. ("HMA") filed their motion for summary judgment as to all claims asserted by Plaintiff. (Doc. 67). This dispositive motion was accompanied by an evidentiary submission (Doc. 68) and supporting brief. (Doc. 69).

2.      On February 1, 2008, Plaintiff filed his opposition response (Doc. 107) and evidentiary submission. (Doc. 108). On February 7, 2008, Plaintiff filed a supplemental evidentiary submission. (Doc. 114).

3.      On February 8, 2008, Defendants filed a reply brief (Doc. 115) and a motion to strike portions of Plaintiff's evidence. (Doc. 116). The Court took these pleadings under submission, without oral argument.

4.      On May 21, 2008, the Court issued an order denying Defendant's motion to strike (Doc. 185). The Court also entered a 25-page Opinion addressing Defendants' motion for summary judgment. (Doc. 186). This Opinion was followed by a Judgment (Doc. 187), also entered on May 21, 2008.

5.      This Judgment dismissed all claims asserted against Defendant HMA. (Doc. 187 at Sections 1-2). The Judgment also granted HMMA's motion for summary judgment as to all of Plaintiff's claims except: (a) Plaintiff's purported USERRA "harassment" claim against HMMA, and (b) Plaintiff's state law conversion claim against HMMA. (*Id*. at Section 1).

**II.     Issues Presented**

6.      The issues that HMMA respectfully asks the Court to reconsider are: (1) whether Plaintiff may pursue a cognizable USERRA "harassment" cause of action; (2) whether such a

cause of action would be barred because there is no available remedy in light of Plaintiff's lawful termination of employment; and (3) whether Plaintiff's conversion claim is due to be dismissed.

7. At the heart of this litigation is Plaintiff's claim that his termination of employment violated USERRA. (See Doc. 2, Count One). Plaintiff styled his cause of action as "Violations of USERRA" and included fact allegations regarding both "harassment" and unlawful termination. (*Id.*).

8. In its motion for summary judgment, HMMA set forth the undisputed facts supporting why it was entitled to judgment as a matter of law on Plaintiff's USERRA termination claim. The Court agreed and found that Plaintiff's USERRA termination claim could not survive HMMA's dispositive motion. (Doc. 186 at 7-11). Simply stated, the Court determined that Plaintiff could not proceed with any theory of liability that would bind either Defendant under an USERRA claim as applied to the events which led to the termination of his employment.

9. HMMA likewise challenged Plaintiff's USERRA harassment claim. HMMA's argument was two-fold: (1) "harassment" is not a cognizable cause of action under USERRA, and (2) assuming *arguendo* such a harassment claim may exist, Plaintiff's allegations do not rise to the level sufficient to merit a "hostile work environment" claim under existing law. The Court disagreed with these arguments and found that Plaintiff's USERRA harassment claim may proceed to trial. (Doc. 186 at 18-22).

10. As explained in detail *supra*, the dismissal of Plaintiff's USERRA termination claim makes the pursuit of his USERRA harassment claim a futile endeavor. Simply stated, even if Plaintiff is allowed to pursue his USERRA harassment claim and he prevails, there is no appropriate remedy to which he would be entitled under USERRA's statutory relief provisions.

*See* 38 U.S.C. §4323.  Therefore, HMMA is entitled to judgment as a matter of law in its favor on all of Plaintiff's USERRA claims presented.

11.  Additionally, HMMA urges this Court to reconsider its findings as to Plaintiff's state law claim of conversion.  In the alternative, HMMA requests that this Court decline to exercise supplemental jurisdiction over Plaintiff's conversion claim.

**III.  Argument**

  **A.  HMMA Is Entitled To Judgment As A Matter Of Law On Plaintiff's USERRA Harassment Claim**

    **1.  USERRA Harassment Is Not A Cognizable Cause Of Action**

HMMA recognizes that the Court has disagreed with HMMA's argument regarding Plaintiff's failure to state a cognizable claim of USERRA "harassment" under the statute, and Plaintiff's abandonment of such an argument by failing to oppose the challenge on summary judgment. HMMA nevertheless asks the Court to reconsider those arguments here.  To the extent appropriate under the circumstances, HMMA invokes Federal Rule of Civil Procedure 10(c) and refers the Court to its arguments and authorities presented on this subject as set forth in full in its: summary judgment brief (Doc. 69 at 31-33), summary judgment reply brief  (Doc. 115 at 5-6, 12-13, 15-17), and trial brief.  (Doc. 207 at 5-6).

    **2.  Insufficient Evidence To State A Harassment Claim**

HMMA also recognizes that the Court disagreed with HMMA's argument that Plaintiff failed to prove the conduct of which he complains meets the "severe and pervasive" standard and that HMMA failed to establish the affirmative defenses articulated in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).  HMMA also respectfully requests that this Court reconsider the same arguments here.  To the extent appropriate under the circumstances,

HMMA invokes Federal Rule of Civil Procedure 10(c) and refers the Court to its arguments and authorities presented on this subject as set forth in full in its: summary judgment brief (Doc. 69 at 33-36) and trial brief. (Doc. 207 at 6-15).

### 3. USERRA's Damage Scheme Does Not Provide Plaintiff A Remedy For Harassment And HMMA Is Entitled to Judgment As A Matter Of Law

The damages available under USERRA are discrete and well-defined. The only compensable damages under USERRA are lost wages and benefits. *See* 38 U.S.C. § 4323(d) (1) (A)-(B).[2] The Court may, in its discretion, award equitable relief. *See* 38 U.S.C. § 4323(e). These remedies allow a court to ensure that employers comply with the provisions of USERRA, and to make an employee whole when those provisions are violated. *See Woodard v. New York Health and Hosp. Corp.,* 2008 WL 728887, at * 20 (E.D.N.Y. Mar. 17, 2008). USERRA does not provide for recovery of compensatory damages for mental anguish/emotional distress or for recovery of punitive damages.[3] *See Vander Wal v. Sykes Enters.*, 377 F. Supp. 2d 738, 746 (D.N.D. 2005); *Sutherland v. Sosi Intern., Ltd*., 2007 WL 2332412, at *2 (E.D. Va. Aug. 10, 2007).

In his Complaint, Plaintiff sought "compensatory and punitive and/or liquidated damages, reasonable attorneys fees and court costs under USERRA, 38 U.S.C.A. § 4323 (West 2007)" in connection with his claims for harassment and termination in violation of USERRA. (Doc. No.

---

[2] USERRA also provides an additional "liquidated damages" remedy that can double a plaintiff's lost wages and benefits to punish an employer's willful misconduct. 38 U.S.C. § 4323(d)(1)(C). *Id*; *see also Schmauch v. Honda of Am. Mfg*., 311 F.Supp.2d 631, 635 (S.D.Ohio 2003) (explaining USERRA's remedial scheme).

[3] It is important to note that USERRA draws its remedial scheme from the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 et seq. Similar to USERRA, the FLSA does not provide for punitive damages or compensatory damages for items such as pain, suffering, humiliation, or mental or emotional distress. 29 U.S.C. § 216(b); *See Snapp v. Unlimited Concepts, Inc.,* 208 F.3d 928, 935 (11th Cir. 2000); *Tombrello v. USX Corp*., 763 F. Supp. 541, 546 (N.D. Ala. 1991). The FLSA likewise does not provide a cause of action for harassment.

2). Because this Court has found that HMMA lawfully terminated Plaintiff's employment and such action did not violate USERRA, Plaintiff cannot recover <u>any</u> back pay, wages or lost benefits.[4]  USERRA does not provide for the recovery of monetary damages for a hostile work environment.[5] The monetary damages sought by Plaintiff certainly cannot now be recast as "equitable relief" as that concept is applied in traditional jurisprudence. *See*, *e.g.*, *Mertens v. Hewett Assoc.*, 113 S. Ct. 2063, 2070 (1993) (ERISA; "[m]oney damages are, of course, the classic form of legal relief" and "other equitable relief" does not encompass monetary damages); *Fox v. City of Pompano Beach*, 2008 WL 724110, *3 (Fla. App. 4 Dist.) (Florida Whistleblower Statute; referencing "lost wages, benefits, or other lost renumeration caused by the adverse action" - - "Unquestionably, this compensatory remedy consists of money damages, which are legal rather than equitable in nature.").

Therefore, even if Plaintiff prevails on his USERRA harassment claim, he would be entitled to only injunctive/equitable relief.  However, Plaintiff failed to specifically plead a request for injunctive/equitable relief in his complaint and is likewise not entitled to any such recovery.  *See Calderon v. Kansas Dept. of Social and Rehabilitation Services*, 181 F. 3d 1180, 1183-84 (10th Cir. 1999) (Plaintiff not entitled to equitable relief when she failed to expressly

---

[4] HMMA notes that Plaintiff has presented no evidence that HMMA denied Plaintiff any wages or benefits because of his military service.

[5] This Court in its Opinion issued May 21, 2008, cited *E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc.,* 117 F. 3d 1244 (11th Cir. 1997) for the proposition that the Eleventh Circuit has recognized a harassment claim under the ADEA.  However, in footnote no. 7 of the *Massey Yardley* opinion, the Eleventh Circuit stated "[N]either party questions, hence we do not actually decide, whether the hostile work environment doctrine developed in Title VII actions applies in an ADEA action, a question so far decided specifically by only one circuit court of appeals, the Sixth."  *Id*. at 1249, n. 7.  *Yardley Massey* also discussed the award of backpay due to the plaintiff's constructive discharge claim, and not because of any actionable harassment under the ADEA.  Here, we are not faced with a viable unlawful termination or constructive discharge claim.  Thus, Plaintiff cannot recover any monetary damages under USERRA for his harassment claim.

request prospective injunctive relief in her complaint or later in her suit to trigger she was entitled to relief). Assuming *arguendo* that Plaintiff may maintain a harassment claim under USERRA, he does not have an appropriate remedy available since he is no longer employed by HMMA and reinstatement is not an available remedy.[6] *See Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir. 1982) (holding that an injunction was unnecessary when reinstatement was unavailable and plaintiff was no longer an employee); *Richardson v. Tricom Pictures & Productions, Inc.*, 334 F.Supp.2d 1303, 1327 (S.D. Fla. 2004) (Title VII plaintiff who was intentionally retaliated against for filing sexual harassment complaint was not entitled to declaratory relief where: she was no longer employed by defendant, did not seek reinstatement, and could not demonstrate good chance of being injured by defendant in the future); *see also*, *Miller v. Texas State Board of Barber Examiners*, 615 F.2d 650, 654 (5th Cir.), *cert. denied*, 449 U.S. 891 (1980) (injunctive relief not available where reinstatement not feasible and plaintiff no longer an employee).

Other courts faced with situations where no remedies were available for plaintiffs for the alleged misconduct of defendants have correctly granted summary judgment. *See Floyd v. Home Depot U.S.A., Inc.*, 2008 WL 1748242, * 2 (11th Cir. April 17, 2008) (affirming summary judgment to employer because employee produced no evidence to show that he had suffered any loss of income or incurred costs as a result of employer's denial of his breaks, there was no remedy available to employee under FMLA); *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474 (5th Cir. 2001)(affirming summary judgment for employer where employee had no available remedies under The Jones Act); *Hicks-Wagner v. Qwest, Inc.*, 462 F.Supp.2d 1163, 1171

---

[6] HMMA notes that reinstatement is not available because this Court has found that Defendant did not engage in unlawful conduct when it terminated Plaintiff's employment.

(D.N.M. 2006) (summary judgment proper where plaintiff did not seek a remedy that was available under § 502(a)(3) of ERISA); *Clancy Systems Intern., Inc. v. Symbol Technologies, Inc.*, 953 F. Supp. 1170, 1175 (D. Colo. 1997) (summary judgment proper where no remedies available to plaintiff in patent infringement action); *Whitehead v. School Bd. for Hillsborough Cty., Fla.*, 918 F. Supp. 1515, 1520 (M.D. Fla. 1996) (summary judgment proper for count seeking damages that are not available under the Individuals with Disabilities Education Act).

Because Dees cannot recover any damages under USERRA for his harassment claim and any equitable relief would be misplaced in light of his lawful termination, there are no remedies available to him. Accordingly, Dees' USERRA harassment claim is due to dismissed as a matter of law.

**B.     HMMA Is Entitled to Judgment As A Matter Of Law On Plaintiff's Conversion Claim Or In The Alternative This Court Should Decline to Exercise Supplemental Jurisdiction Over This Claim.**

HMMA recognizes that the Court disagreed with HMMA's argument regarding Plaintiff's failure to establish a conversion claim under Alabama law. HMMA nevertheless asks the Court to reconsider those arguments here. To the extent appropriate under the circumstances, HMMA invokes Federal Rule of Civil Procedure 10(c) and refers the Court to its arguments and authorities presented on this subject as set forth in full in its: summary judgment brief (Doc. 69 at 39-41), summary judgment reply brief (Doc. 115 at 20-21), and trial brief. (Doc. 207 at 17-18).

However, assuming *arguendo* that a genuine issue of material fact exists related to Plaintiff's conversion claim, because his USERRA claims fail as a matter of law, there no longer exists a basis for original jurisdiction for this case in this Court. Therefore, this Court should

exercise its discretion under 28 U.S.C. § 1367(c)(3) and decline to exercise supplemental jurisdiction over Plaintiff's conversion claim.

**IV.  Conclusion**

For the foregoing reasons, HMMA is entitled to judgment in its favor on Plaintiff's USERRA harassment and conversion claims. Defendant respectfully requests that this Court reconsider its order that denied Defendant's motion for summary judgment as to these claims and that this Court enter judgment in its favor, dismiss this case with prejudice and award Defendant the costs it has incurred in defending this lawsuit.

Respectfully submitted,

/s/  J. Trent Scofield
SCO-024

Timothy A. Palmer (PAL-009)
J. Trent Scofield (SCO-024)
T. Scott Kelly (KEL-053)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118
Tel.: (205) 328-1900
Fax: (205) 328-6000
E-mail: trent.scofield@odnss.com

Attorneys for Defendant Hyundai Motor
Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of June, 2008, I electronically filed the foregoing *Motion for Reconsideration and Supporting Authorities regarding the Court's Order Denying in Part Defendant's Motion for Summary Judgment* on behalf of Hyundai Motor Manufacturing Alabama, LLC with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey Rayborn Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson.

/s/ J. Trent Scofield
J. Trent Scofield (SCO-024)

6374000.1