**IN THE UNITED STATES DISTRICT COURT**
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **CASE NO.** |
| ) | **2:07-cv-00306-MHT-CSC** |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, ) | |
| ) | |
| Defendant. ) | |

**<u>PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S DISMISSAL OF PLAINTIFF'S USERRA TERMINATION CLAIM</u>**

Comes now the Plaintiff, JERRY LEON DEES, JR. ("Dees"), by and through his counsel of record and, pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure* and the Court's Order dated May 27, 2008 (Doc. 210), respectfully moves the Court to reconsider its dismissal of Dees' USERRA termination claim. As grounds for this motion, Dees submits the following:

1. On May 21, 2008, the Court dismissed Plaintiff's USERRA termination claim on HMMA's motion for summary judgment. (Doc.'s 186 and 187).

2. In so doing, the Court cited three premises upon which it relied, as follows:

- Only Prater "harbored some animus" towards Dees because of Dees' Guard membership, and since Prater did not participate in the decision to fire Dees, Prater's animus cannot be imputed to HMMA to hold HMMA liable for Dees' termination;

- Because Brookshire found Dees sleeping, and no bias was attributed to Brookshire, then Brookshire had no discriminatory motive when he allegedly observed Dees sleeping; and

- The termination proceeding was based solely on the allegations that Dees was asleep on the job so, therefore, Dees cannot show that his military status was a "motivating factor" in his termination.

3. As more fully set out in Plaintiff's Memorandum in Support of this motion, Plaintiff presented in his opposition to HMMA's motion for summary judgment, and presents again in the accompanying memorandum, significant evidence that these three premises are not supported by the weight of the evidence and, taken in the light most favorable to the Plaintiff, necessarily results in Plaintiff's USERRA termination claim surviving summary judgment and going to the jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully moves the Court to reconsider that portion of its opinion and judgment wherein the Court dismissed Plaintiff's USERRA termination claim, and reinstate said claim.

Respectfully submitted,

s/ Jeffrey R. Sport_____
Jeffrey R. Sport (SPORJ5390)

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

- 3 -

E-mail: jeff.sport@sportlaw.us

**Attorney for Plaintiff**

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on the 2nd day of June, 2008, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

J. Trent Scofield, Esq.
Timothy A. Palmer, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

                                                            s/ Jeffrey R. Sport
                                                            COUNSEL