**IN THE UNITED STATES DISTRICT COURT**
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **CASE NO.** |
| ) | **2:07-cv-00306-MHT-CSC** |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, and HYUNDAI ) | |
| MOTOR AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

COMES NOW the Plaintiff, JERRY LEON DEES, JR. ("Dees"), and respectfully objects to Defendants' motion for reconsideration and supporting authorities regarding the Court's order denying in part Defendants' motion for summary judgment (Doc. 212), stating as follows:

Defendants have asked the Court to reconsider its denial of Defendants' motion for summary judgment regarding Plaintiff's USERRA harassment and state law conversion claims. To the extent that Defendants have rehashed the same arguments on which the Court has already ruled, Plaintiff incorporates its arguments in opposition, pursuant to Rule 10(c) of the *Federal Rules of Civil Procedure*, in Plaintiff's Brief in Support of His Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 107), Plaintiff's Response in Opposition to Defendants' Motion to Strike Portions of Plaintiff's Evidentiary Submission (Doc. 119), and Plaintiff's Trial Brief (Doc. 208).

Further, the Court, in its Opinion (Doc. 186), set forth its grounds for denying the dismissal of these claims (Doc. 186, Opinion, pp. 11-22, 23-25). Plaintiff also incorporates these grounds herein.

**I.   Sgt. Dees Has a Viable, Triable Claim for the Hostile Work Environment He Suffered at Hyundai**

"USERRA provides that a uniformed servicemember may not be denied 'any benefit of employment.'" Opinion on Summary Judgment ("Opinion"), p. 14 (quoting 38 U.S.C. § 4311(a)). Under USERRA, "[t]he court may require the employer to compensate the person for any loss of wages **or benefits** suffered by reason of such employer's failure to comply with the provisions of this chapter." 38 U.S.C. § 4323(d)(B) (emphasis added). A USERRA "**benefit**" is defined to include a "**benefit of employment**." 38 U.S.C. § 4303(2) (emphasis added). A "**benefit of employment**" includes "the right to be free from a hostile work environment." Steenken v. Campbell County, No. 04-224-DLB, 2007 WL 83173, at *3 (E.D. Ky. Mar. 15, 2007) (emphasis added), quoted by the Court in its Opinion, p. 17, n. 2.

As the Court noted in concluding that a claim for harassment is cognizable under USERRA consistently with Congress' intent that USERRA "be construed broadly for the benefit of returning veterans":

> [T]he purpose of USERRA [is] to encourage individuals to join the military by assuring them that their jobs are not at risk. 38 U.S.C. § 4301(a)(1). **An assurance that employees cannot be fired on account of their military service is meaningless without assurance that the work environment will not be so intolerable that they will feel forced to quit**. This protection is especially necessary at a time when demand for deployment of non-career servicemembers in the National Guard and Reserves has reached an unprecedented level; such persons now account for nearly 50% of the active military. Konrad S. Lee, "When Johnny Comes Home Again" Will He Be Welcome at Work?, 35 Pepp. L. Rev. 247, 248 (2008).

Opinion, pp. 17-18 (emphasis added).

This Court held USERRA harassment claims should be analyzed as Title VII claims using the principle announced by the Supreme Court in <u>Meritor Savings Bank v. Vinson</u>, 477 U.S. 57, 67 (1986). Opinion, p. 19. That is, "harassment is actionable when it is "'sufficiently severe or pervasive to **alter** the conditions of employment and create an abusive working environment.'" <u>Id.</u> (emphasis added). The Court has ruled that, viewing the evidence in the light most favorable to Dees, "Dees subjectively perceived the harassment to be severe and pervasive," Opinion, pp. 20-21; that a factor to be considered in assessing a harassment claim are "whether it is physically threatening or **humiliating**" Opinion, p. 19-20 (citing <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 647 (11th Cir. 1997)) (emphasis added); and, whether harassment is "severe or pervasive" is judged under both objective and subjective components. The subjective component is whether Dees "subjectively perceived the harassment to be severe and pervasive." Opinion, pp. 20-21, citing <u>Mendoza v. Borden, Inc.</u>, 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc).

In the Court's summary judgment Opinion, the Court found that "[i]n light of the totality of the circumstances... a reasonable jury could find that the harassment Dees faced was sufficiently severe and pervasive to **alter** the terms and conditions of his employment." Opinion, p. 21 (emphasis added).

As the Eleventh Circuit found in <u>Baldwin v. Blue Cross/Blue Shield of Alabama</u>, 480 F.3d 1287, 1300 (11th Cir. 2007) (emphasis added):

> Title VII prohibits sex-based discrimination that **alters** the terms and conditions of employment. 42 U.S.C. § 2000e-2(a)(1)**. The forbidden <u>alteration</u> can be brought in either of two ways**. *Hulsey v. Pride Rests., LLC*, 367 F.3d 1238, 1245 (11th Cir. 2004). **One** is through a **tangible employment action, such as a pay decrease, demotion or termination**. *Id.* **The <u>other way</u> is through creation of a hostile work environment caused by sexual harassment that is sufficiently severe or pervasive to alter the terms and conditions of work**. *Id.*

Thus, in Peterson v. Dep't of Interior, 71 M.S.P.R. 227, 235 (1996), on which this Court heavily relied in its summary judgment Opinion, the court reversed the lower finding that, while the appellant had a USERRA **claim for removal of his law enforcement commission** (a **tangible employment action**), he had no *separate USERRA claim* **for the damages he suffered from the defendants' subjecting him to a hostile work environment**. The Peterson opinion quoted Carosella v. U.S. Postal Serv., 816 F.2d 638, 640 (Fed. Cir. 1987) for the proposition that "economic or other tangible benefit is not an essential component of a finding of ... harassment." Peterson, 71 M.S.P.R. at 237-38.

In Carosella, in response to an argument that "no one was injured or suffered any economic loss" because of sexual harassment, the court found that harassment which is "'sufficiently severe or pervasive' to 'create an abusive working environment' will **itself** support a finding of sexual harassment." 816 F.2d at 640 (emphasis added) (quoting *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 106 S. Ct. 2399, 2406 (1986), cited by this Court in its Opinion at p. 19. Cf., Hernandez v. Communications Unlimited of the South, Inc., No. 3:03cv0760-T, 2005 U.S. Dist. LEXIS 40673 (M.D. Ala. Feb. 22, 2005) (Thompson, J.) ("'harassment need not be shown to be so extreme that it produces tangible effects on job performance in order to be actionable.'") (quoting *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1277 (11th Cir. 2002)); Collins v. State of Illinois, 830 F.2d 692, 703 n. 7 (7th Cir. 1987) (citing *Goodwin v. Circuit Court*, 729 F.2d 541, 550 (8th Cir. 1984) as holding adverse job action, supporting section 1983 claim of sex discrimination, demonstrated where hearing officer in juvenile court was involuntarily "transferred, without any reduction in pay or benefits, to a permanent position on the legal staff" of the court), *aff'd on second ground*, 741 F.2d 1087 (8th Cir. 1984), *cert. denied*, 469 U.S. 1216 (1985)); Farpella-Crosby v. Horizon Health Care, 97

F.3d 803, 808 (5th Cir. 1996) (in addressing sexual harassment claim, finding "a working environment can be so abusive as to violate Title VII, irrespective of whether the claimant suffers psychological injury") (citing *Harris*, 510 U.S. at 17, 22).

Thus, in Reeves v. C.H. Robinson Worldwide, Inc., No. 07-10270, 2008 U.S. App. LEXIS 9171, *19 (11th Cir. Apr. 28, 2008), the Eleventh Circuit found "a jury could properly conclude that the conduct unreasonably interfered with Reeves's job performance," citing *Harris*, 510 U.S. at 22, despite the fact such conduct did "not ... **tangibly** affect[ ] the plaintiff's job performance in order to be actionable." Id. (emphasis added). There, the plaintiff testified that the conduct "made it difficult to concentrate on work and caused her to leave the pod and stand in the hallway," and she "took time away from her work to complain to her superiors, ask her co-workers to stop" and to "write notes to herself so she would have a record of some of the more offensive incidents." Notably, Dees will testify similarly to all these things, including that the notes he so diligently kept of the ongoing harassment he suffered were converted by Hyundai upon Dees' termination (they are the subject of Sgt. Dees' conversion claim).

In addition to the monetary damages found to have been suffered by Sgt. Dees as a result of Hyundai's continuous harassment, he is also entitled to damages for mental anguish/emotional distress upon presenting evidence that he was subjected to a hostile work environment and "evidence from which the jury could have inferred that [he] experienced stress and humiliation as a result of [the] abuse." Farpella-Crosby v. Horizon Health Care, 97 F.3d 803, 808-809 (5th Cir. 1996) (mental anguish damages allowed when plaintiff shows harassment "'manifests some specific discernable injury to the claimant's emotional state.'") (quoting *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 940 (5th Cir. 1996)).

In <u>Hollis v. City of Buffalo</u>, 28 F. Supp. 2d 812, 826 (W.D.N.Y. 1998), involving a Title VII hostile work environment/harassment claim, the court noted "[t]he purpose of compensatory damages is to compensate the injured parties for only the injury sustained in order to 'make good or replace the loss caused by the wrong or injury.'" <u>Id.</u>, quoting *McMillian v. F.D.I.C.*, 81 F.3d 1041, 1055 (11th Cir. 1996) (other citation omitted). "Simply put, compensatory damages make the injured party whole." *Id.* Even though the plaintiff did not claim she lost wages as a result of the harm suffered, she was entitled to compensation for harassment she suffered for over one year, including public humiliation, emotional distress and the adverse effect on her relationship with her husband. <u>Id.</u>

Hyundai's reliance on Fair Labor Standards Act cases– <u>Snapp v. Unlimited Concepts, Inc.</u>, 208 F.3d 928, 935 (11th Cir. 2000); <u>Tombrello v. USX Corp.</u>, 763 F. Supp. 541, 546 (N.D. Ala. 1991)–is misplaced. Those cases found the FLSA limited recovery to unpaid wages and overtime compensation. The FLSA merely requires employers to pay covered employees a minimum wage and to provide additional compensation for overtime work. <u>See</u> 29 U.S.C. §§ 206 & 207. The FLSA is **not an anti-discrimination statute** like the statutes (such as USERRA, Title VII, Title IX and the Americans with Disabilities Act) in the cases cited by the Court in its summary judgment Opinion.

As for the two district court cases cited by Hyundai for the proposition that compensatory damages for mental anguish/emotional distress are not recoverable under USERRA, neither case discussed or analyzed the availability of such damages. <u>Vander Wal v. Sykes Enters.</u>, 377 F. Supp. 2d 738, 746 (D.N.D. 2005); <u>Sutherland v. Sosi Intern., Ltd.</u>, 2007 WL 2332412, at *2 (E.D. Va. Aug. 10, 2007). Rather, <u>Vander Wal</u> merely stated the proposition and <u>Sutherland</u> merely quoted <u>Vander Wal</u>. More significantly, neither court had occasion to discuss or address,

- 6 -

as this Court has, the cognizability or viability of a USERRA harassment claim and the fact that a "benefit of employment," broadly construed as Congress intended, includes the right to be free from a hostile work environment based on a plaintiff's military status.

Finally, Hyundai mentions E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244 (11th Cir. 1997) as supporting the proposition that no monetary damages are available for a USERRA hostile work environment claim. Based on this Court's summary judgment Opinion, such a reading of USERRA would render a hostile environment claim meaningless. What's more, the Supreme Court recently addressed the argument that § 1981 did not include an action for retaliation because it was not expressly provided for in the statute's text, holding that an action for retaliation was consistent with the intent of Congress when the reasons for the retaliation related to the enforcement of the express statutory right. *CBOCS West, Inc. v. Humphries*, 128 S.Ct. 1951, 1958 (2008). The Court in *CBOCS West* also pointed out that its prior holdings also allowed retaliation claims under Title IX although not expressly provided for in the statute. Similarly, USERRA should provide an adequate remedy in this instance, where HMMA's retaliatory harassment of Dees because Dees complained about HMMA's discrimination of Dees because of his military membership and obligations **relates to the enforcement of the express statutory right** conferred to Dees under USERRA.

Also, USERRA's broad equitable powers give the Court authority to fashion an equitable remedy, including a monetary award, for HMMA's retaliatory harassment of Dees, **even though he no longer works for HMMA**. *See Carpenter v. Tyler Independent School Dist.*, 226 Fed.Appx. 400, 401, 2007 WL 1112653 (5th Cir. April 12, 2007). In *Carpenter*, a teacher whose contract was not renewed after he was called for military duty brought USERRA action against the school district. A jury returned a unanimous verdict that the district discriminated against the

- 8 -

teacher but that the district's conduct was not willful and the teacher was entitled to no damages. *Id.* Teacher filed motion to enter judgment and motion for judgment as a matter of law. The court granted teacher's motion, and awarded one year's salary. *Id.* The school district appealed. The Fifth Circuit held that the trial court did not abuse its discretion in awarding front-pay damages, even though the court ignored the teacher's current earnings, and the awarding of attorney's fees, citing USERRA's broad equitable powers. *Id.* at 400-401 (citations omitted).

WHEREFORE, the PREMISES CONSIDERED, Plaintiff respectfully objects to Defendants' motion, and asks the Court to again deny the requested dismissal of Plaintiff's USERRA harassment and state law conversion claims.

Respectfully submitted,

s/ Jeffrey R. Sport_____
Jeffrey R. Sport (SPORJ5390)

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
E-mail: jeff.sport@sportlaw.us

**Attorney for Plaintiff**

- 9 -

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 20th day of June, 2008, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Timothy A. Palmer, Esq.
J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602


                                                  s/ Jeffrey R. Sport_____
                                                  COUNSEL