**IN THE UNITED STATES DISTRICT COURT**
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **CASE NO.** |
| ) | **2:07-cv-00306-MHT-CSC** |
| HYUNDAI MOTOR MANUFACTURING ) | |
| ALABAMA, LLC, and HYUNDAI ) | |
| MOTOR AMERICA, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT HYUNDAI MOTOR AMERICA'S MOTION FOR ALLOWANCE OF COSTS**

COMES NOW the Plaintiff, JERRY LEON DEES, JR. ("Dees"), and respectfully objects to Defendant Hyundai Motor America, Inc.'s ("HMA") motion for allowance of costs, stating as follows:

1. On June 19, 2008, Defendant HMA submitted its motion for the allowance of costs totaling $5,372.50. [Doc. 217]

2. In its motion, HMA first contends that Plaintiff's pursuit of HMA was useless and a waste of resources and, therefore, HMA's motion for costs should be allowed. [Doc. 217, ¶¶ 2-3.] Plaintiff argued in this case, as it had the right under the law, that HMA and HMMA were an integrated enterprise under the common control of Hyundai Motor Corp. ("HMC"). Despite Defendants' arguments to the contrary, the test for determining integrated enterprise is broader than that argued throughout this case by Defendants, to wit: whether HMA paid Plaintiff wages.

3. Also, despite the passage cited by Defendants from the Court's order of January 4, 2008 (Doc. 88), the Court denied Defendants' requested protective order. What's more, the

Court's statement that Plaintiff's pursuit of HMA would "profit him little or nothing…" is purely speculative. HMMA refused to stipulate to the Court that it would pay whatever judgment the Plaintiff obtained against it, despite several opportunities to do so; and evidence produced in this case revealed that HMMA was funded entirely by HMC, and HMMA had accumulated losses of approximately $100 million. As the Court also stated in its order, Plaintiff was entitled to discovery because the requested discovery was within the rules. [Doc. 88 at 5.]

4.   To support its request for the cost of counsel's airplane ticket, Defendants contend that Plaintiff cancelled his deposition of HMA's corporate witness at the last minute. [Doc. 217, ¶ 14.] HMA fails to inform the Court, however, that Plaintiff was forced to cancel these depositions because, despite repeated requests from Plaintiff, Defendants refused to produce the requested discovery in advance of the depositions so Plaintiff would have an opportunity to analyze the requested discovery prior to Plaintiff's 30(b)(6) depositions. Defendants notified Plaintiff that HMMA's documents, totaling thousands of pages, were ready for viewing late in the afternoon the day before Plaintiff's scheduled 30(b)(6) depositions of HMMA's corporate representatives. Plaintiff was forced to perform only a cursory review of these documents before the depositions. When Plaintiff learned that HMA's requested discovery would not be available until Plaintiff arrived in California for Plaintiff's 30(b)(6) depositions of HMA's corporate representatives, Plaintiff cancelled the depositions until he could review the documents. As a matter of fact, HMA did not produce its responsive documents until January 23, 2008, two days **after** the scheduled depositions.

5.   Moreover, **all** of Plaintiff's discovery of HMA related to the USERRA claims. Based on Plaintiff's deposition testimony, the viability of his conversion claim was established.

To suggest that Plaintiff wanted discovery from HMA to ascertain whether Greg Prater stole and converted Dees' personal notes of HMMA's harassment of Dees makes no sense.

6.    Further, Rule 54(d), *Federal Rules of Civil Procedure*, and case law cited by HMA provide that an award of costs is discretionary. See Brinkley v. Dialysis Clinic, Inc., 2006 WL 566799 (M.D. Ala., Mar. 1, 2006). In Brinkley, Plaintiffs brought race discrimination claims as well as USERRA claims and conducted significant discovery on all claims. The Court awarded costs on the race discrimination claims even though USERRA, 38 U.S.C. § 4323(h)(1) specifically provides that no costs be taxed against any party claiming rights under USERRA. Id. In the instant case, however, Dees asserted only a state law claim for conversion in addition to his USERRA claims. Dees' conversion claim was simple in its elements and facts asserted, and required no inquiry other than a few questions in Plaintiff's deposition, the answers to which have not been rebutted. [See Deposition of Leon Dees, Pl. Ex. 1 to Pl. Brief in Opp. to Def. Mot. for Summ. Jud., Doc. 108-2.] None of the other depositions for which costs are claimed in HMA's motion, or the plane ticket to California claimed by Defendants, was necessary to Dees' conversion claim. Most significantly, the Court has not granted summary judgment to Defendants on the merits of Dees' conversion claim.

7.    Likewise, costs of the interpreter used for Gwang Mun's deposition should not be recoverable because Mr. Mun's deposition related to Dees' USERRA claims. Further, Defendants made the decision to hire the interpreter.

8.    Similarly, recovery for the cost of the plane ticket to California should be denied because the HMA corporate depositions did not relate to Dees' conversion claim. Also, these depositions were cancelled only because HMA and its counsel refused to produce the responsive discovery prior to the depositions, forcing Plaintiff to either cancel the depositions until the

discovery could be reviewed, or travel to California and take the depositions without the benefit of reviewing the responsive documents first. After finally receiving and reviewing the documents and noting no significant new issues relative to the purpose of the depositions beyond that discovered in HMMA's responsive documents, and given the lateness of the trial calendar, Plaintiff elected to forego the depositions of HMA's corporate representatives.

9. Finally, HMA has not shown that it incurred any of the costs claimed of in its motion. The invoices presented merely show billing to HMA's counsel, who was also counsel for HMMA. If HMA is now claiming costs paid by HMMA, HMMA and HMA are an integrated enterprise, as Plaintiff has claimed.

USERRA does not allow for recovery of costs against an unsuccessful plaintiff. The Defendants were not successful on the merits of the remaining claim for conversion. Accordingly, HMA is not entitled to an award of its costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully objects to Defendant HMA's requested allowance of costs, and asks the Court to deny Defendants' motion.

Respectfully submitted,

s/ Jeffrey R. Sport_____
Jeffrey R. Sport (SPORJ5390)

OF COUNSEL:

KILBORN, ROEBUCK & McDONALD
1810 Old Government Street
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
E-mail: jeff.sport@sportlaw.us

**Attorney for Plaintiff**

- 5 -

**CERTIFICATE OF SERVICE**

  I do hereby certify that I have on this 7th day of July, 2008, electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will send notification of such filing to:

Timothy A. Palmer, Esq.
J. Trent Scofield, Esq.
T. Scott Kelly, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203-2118

Matthew K. Johnson, Esq.
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
P.O. Box 2757
Greenville, SC 29602

               s/ Jeffrey R. Sport_____
               COUNSEL