IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JERRY LEON DEES, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) CASE NO. 2-07CV306-MHT |
| **HYUNDAI MOTOR MANUFACTURING** | ) |
| **ALABAMA, LLC, and HYUNDAI MOTOR** | ) |
| **AMERICA, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

**HYUNDAI MOTOR AMERICA, INC.'S
MOTION FOR LEAVE TO FILE REPLY TO PLAINTIFF'S
RESPONSE IN OPPOSITION TO MOTION FOR ALLOWANCE OF COSTS**

Defendant Hyundai Motor America, Inc. ("HMA") moves this Honorable Court to allow it to Reply to Plaintiff's Response in Opposition to Defendant Hyundai Motor America, Inc.'s Motion for Allowance of Costs (Doc. No. 221). In support of this motion, HMA would show the Court as follows:

1. On June 19, 2008, HMA filed a Motion for Allowance of Costs (Doc. No. 217) and this Court set the issue for submission, without oral argument, for July 7, 2008 (Doc No. 220).

2. On July 7, 2008, Plaintiff filed a Response to HMA's Motion for Allowance of Costs ("Plaintiff's Response"). *See* Doc. No. 221.

3. Plaintiff's Response contains obfuscations, misstatements and other innuendo that confuses the issue at hand: whether HMA is entitled to recover costs incurred related to its required defense in this litigation.

4. Accordingly, HMA respectfully requests that this Court allow it to file a Reply in order to address inaccuracies in Plaintiff's Response.

WHEREFORE, premises considered, Defendant Hyundai Motor America, Inc. respectfully requests that this Honorable Court grant leave for HMA to file a Reply to Plaintiff's Response in Opposition to Defendant Hyundai Motor America, Inc.'s Motion for Allowance of Costs. A copy of the proposed Reply is attached hereto as Exhibit A.

Respectfully submitted this the 11th day of July, 2008.

/s/ J. Trent Scofield
J. Trent Scofield (SCO024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
Tel.: (205) 328-1900
Fax: (205) 328-6000
trent.scofield@ogletreedeakins.com

Attorney for Defendant
Hyundai Motor America, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of July, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey R. Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson

/s/ J. Trent Scofield
OF COUNSEL

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JERRY LEON DEES, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **CASE NO. 2-07CV306-MHT** |
| **HYUNDAI MOTOR MANUFACTURING** ) | |
| **ALABAMA, LLC, and HYUNDAI MOTOR** ) | |
| **AMERICA, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO MOTION FOR ALLOWANCE OF COSTS**

Defendant Hyundai Motor America, Inc. ("HMA" or "Defendant"), through the undersigned counsel, submits this Reply to Plaintiff's Response (Doc. No. 221) in Support of its pending Motion for Allowance of Costs. In support of its position, HMA respectfully states:

Throughout this entire litigation, Plaintiff asserted and litigated the following three causes of action against both HMA and Hyundai Motor Manufacturing Alabama, LLC ("HMMA"): (1) USERRA violations, (2) outrage, and (3) conversion. At no point did Plaintiff ever concede any of his claims against HMA, even though HMA never employed Plaintiff or played any role in the events and circumstances surrounding Plaintiff's alleged claims. *See* Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. No. 107 at 35-37). On May 21, 2008, this Court issued an Order granting HMA's Motion for Summary Judgment as to all three of Plaintiff's claims and at the same time entered judgment on behalf of HMA.[1] *See* Court Doc. Nos. 186 and 187.

---

[1] At the same time, this Court entered an Order granting HMMA's Motion for Summary Judgment as to Plaintiff's USERRA termination and outrage claim. Currently pending before the Court is HMMA's Motion for Reconsideration of the Denial of Summary Judgment as to the USERRA harassment and conversion claim.

In his Response to HMA's Motion for Costs, Plaintiff states that he "asserted **only** a state law claim for conversion in addition to his USERRA claims" and that he relied upon Plaintiff's own deposition testimony to prevail on the conversion claim to support his position that he should not pay HMA's fees. *See* Court Doc. No. 221 at ¶ 6. (emphasis added). Further, Plaintiff opines that the conversion claim was simple and only required inquiry of a few questions in Plaintiff's deposition.[2] Incredibly, Plaintiff also stated that this Court had not granted summary judgment to **"Defendants"** on the merits of Plaintiff's conversion claim. Plaintiff's assertion is simply untrue; this Court dismissed **all** of Plaintiff's claims against HMA, including his conversion claim. *See* Court Doc. Nos. 186 and 187 (Judgment).

Conspicuously absent from Plaintiff's Response is any mention of Plaintiff's outrage claim against HMA. Unlike the "simple" conversion claim, Plaintiff attempted to buttress his outrage claim with the same facts and circumstances that he alleged supported his untenable USERRA claims. *See* Court Doc. No. 107. In his Response, Plaintiff's sole reliance upon the conversion claim to avoid costs is at best confusing and at worst is intentionally misleading.

This Court has the discretion to award costs in relation to Plaintiff's litigation of his outrage and conversion claims because HMA prevailed on those claims. There is no bar or prohibition against this Court awarding HMA costs pursuant to 28 U.S.C. § 1920 simply because Plaintiff presented USERRA claims in addition to his state law claims. *See Brinkley v. Dialysis Clinic, Inc.*, 2006 WL 566799 (M.D. Ala. March 1, 2006) (Thompson, J.).

Plaintiff's attempts to misconstrue the facts about how the parties conducted this litigation and his misstatements about the procedural posture of the case do not weaken HMA's position that it is entitled to recover its costs in this matter.

---

[2] Plaintiff also correctly points out that he has a conversion claim still pending against HMMA, the other defendant in this lawsuit. However, such an event is irrelevant to whether this Court should exercise its discretion and award HMA its costs associated for litigating this matter pursuant to 28 U.S.C. § 1920.

WHEREFORE, premises considered, Defendant Hyundai Motor America, Inc. respectfully requests that this Honorable Court grant its Motion for Allowance of Costs.

Respectfully submitted this the 11th day of July, 2008.

/s/ J. Trent Scofield
J. Trent Scofield (SCO024)
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
Tel.: (205) 328-1900
Fax: (205) 328-6000
trent.scofield@ogletreedeakins.com

Attorney for Defendant
Hyundai Motor America, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of July, 2008, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: W. Perry Hall, Vincent F. Kilborn, III, David Allen McDonald, Jeffrey R. Sport, Timothy A. Palmer, T. Scott Kelly, and Matthew K. Johnson

/s/ J. Trent Scofield
OF COUNSEL