IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JERRY LEON DEES, JR.,           )<br>                                 )<br>     Plaintiff,                 )<br>                                 )<br>     v.                          )<br>                                 )<br>HYUNDAI MOTOR MANUFACTURING     )<br>ALABAMA, LLC, and HYUNDAI       )<br>MOTOR AMERICA, INC.,            )<br>                                 )<br>     Defendants.                 ) | CIVIL ACTION NO.<br>  2:07cv306-MHT<br>      (WO) |

OPINION AND ORDER

In this lawsuit, plaintiff Jerry Leon Dees, Jr., asserts the following claims against defendants Hyundai Motor Manufacturing Alabama, LLC (HMMA) and Hyundai Motor America, Inc. (HMA): termination and harassment claims under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §§ 4301-4334, and outrage and conversion claims under Alabama law. Jurisdiction over the USERRA claims is proper under 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b)(3), and the state-

law claims may be heard under supplemental jurisdiction, 28 U.S.C. § 1367(a).  The court entered a judgment granting summary judgment in favor of HMMA and HMA on both USERRA claims and dismissing the state-law claims with leave to refile in state court.  <u>Dees v. Hyundai Motor Mfg. Alabama, LLC</u>, 605 F. Supp.2d 1220 (M.D. Ala. 2009) (Thompson, J.).

This matter is before the court on Dees's motion for relief from judgment under Fed. R. Civ. P. 60(b)(2) and 60(b)(3) against HMMA.  Dees argues that HMMA withheld material evidence of HMMA employees accused of sleeping while on the job in violation of the court's discovery order.  Dees further argues that HMMA committed fraud, misrepresentation, or other misconduct in failing to supply this evidence.  Because Dees's motion is without merit, it will be denied.

2

I.

Dees began working for HMMA in November 2005 as a maintenance technician. While at HMMA, he also served as a Staff Sergeant and Combat MP in the Alabama Army National Guard and had previously served two tours of duty in Iraq. In February 2007, he was found sleeping in an isolated area of the HMMA facility and was terminated.

In this lawsuit, relying on USERRA and state law, Dees argued that he was fired not for sleeping, but, rather because he was a member of the National Guard; he also argued that he was the victim of repeated harassment by his supervisors because of his Guard service. As stated, this court granted summary judgment in favor of HMMA and HMA on the USERRA claims and dismissed the state-law claims with leave to refile in state court. Dees appealed that ruling.

Though Dees's appeal is still pending, the court may "consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is

in furtherance of the appeal." Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003) (quoting Parks v. U.S. Life & Credit Corp., 677 F.2d 838, 840 (11th Cir. 1982) (citation omitted)).

II.

During the discovery process, the court ordered that, "defendant HMMA ... identify all employees who were found sleeping on the job during the last five years and shall provide documentation relating to disciplinary action arising from each sleeping incident." Dees argues that HMMA violated this discovery order by not providing information to him regarding two HMMA employees (Stephen Culpepper, a salaried manager, and Billy Kitchens, an hourly worker) who were accused by a co-worker of sleeping in the HMMA break room in April 2007. Dees learned of this evidence when HMMA provided it in an unrelated lawsuit. Dees argues that, because HMMA did not provide information about Culpepper and Kitchens during the

discovery period in his case, he is entitled to relief from judgment under Fed. R. Civ. P. 60(b)(2) and (3).

### III.

Fed. R. Civ. P. 60(b)(2) provides that, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason[]: ... newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." To warrant relief from judgment under Rule 60(b)(2), Dees must show that (1) the evidence is newly discovered since the trial; (2) he exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result. See Willard v. Fairfield Southern Co., Inc., 472 F.3d 817, 824 (11th Cir. 2006).

At issue are investigation notes stemming from an accusation that Culpepper and Kitchens slept in the break room.  HMMA conducted an investigation into the accusation and found that there was insufficient evidence to conclude that the two HMMA employees were sleeping on the job.  Moreover, an HMMA assistant manager responsible for investigating potential disciplinary issues submitted an affidavit stating that, "At HMMA, a team member is not prohibited from sleeping in a break area during a scheduled break time.  Should a team member choose to sleep during a break, he/she would not violate a work rule and would not be considered sleeping on the job."  Clevenger Aff. at 3.  HMMA contends that, because sleeping in a break room is not considered "sleeping on the job" or a "sleeping incident" under its rules, it was not required to furnish the investigation notes to Dees.

The phrase "sleeping on the job" in the court's discovery order could be read narrowly to mean only 'sleeping when an employee should be working' or broadly

to mean 'any sleeping while at work,' including even authorized sleep in a break area during break time. The court need not resolve definitively whether the court's order should be read broadly to have required HMMA to furnish the notes to Dees, because, even if HMMA had been required to do so, its failure would not merit relief under Fed. Civ. R. P. 60(b)(2): the evidence regarding Culpepper and Kitchens would not have resulted in a different summary-judgment outcome on the USERRA claims. See Willard, 472 So. 2d at 824.

Culpepper's and Kitchens's circumstances would have been relevant to Dees's USERRA termination claim only if theirs were similarly situated to Dees's, see Sheehan v. Dep't of Navy, 240 F.3d 1009, 1014 (Fed. Cir. 2001) ("Discriminatory motivation under the USERRA may be reasonably inferred from a variety of factors, including ... disparate treatment of certain employees compared to other employees with similar work records or offenses."), but theirs were not. Because Culpepper and Kitchens

allegedly slept in a break area during a scheduled break, their conduct did not violate a work rule. In contrast, Dees "was found in an isolated area and was thought to have set up the area to avoid detection." Dees, 605 F. Supp.2d at 1225.

IV.

Dees next argues that because the judgment against him was obtained without his knowledge of the accusations against Culpepper and Kitchens, he is entitled to relief under Fed. R. Civ. P. 60(3). Rule 60(b)(3) provides that, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ... fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." "To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained

the verdict through fraud, misrepresentations, or other misconduct." <u>Waddell v. Hendry County Sheriff's Office</u>, 329 F.3d 1300, 1309 (11th Cir. 2003).  "The moving party must also show that the conduct prevented the losing party from fully and fairly presenting his case or defense." <u>Frederick v. Kirby Tankships, Inc.</u>, 205 F.3d 1277, 1287 (11th Cir. 2000).

No such finding is warranted here.  While it could be reasonably argued that HMMA was required to provide the notes regarding Culpepper or Kitchens (and, indeed, the court probably would have so read the discovery order if called upon earlier to do so), the order was still subject to, at least, two readings, a narrow one and a broad one. Dees therefore offers no evidence (in particular, such that would meet the heightened standard of clear and convincing) that HMMA acted fraudulently or otherwise in bad faith when it withheld the notes.  Moreover, Dees makes no demonstration that he did not have a full and fair opportunity to present his case.  <u>See</u> <u>Frederick</u>, 205

9

F.3d at 1287.  Dees's Rule 60(b)(3) argument is baseless and without merit.

                                                  **\* \* \***

For the foregoing reasons, it is ORDERED that plaintiff Jerry Leon Dees, Jr.'s motion for relief from judgment (doc. no. 237) is denied.

DONE, this the 13th day of October, 2009.

                                      /s/ Myron H. Thompson  
                                     UNITED STATES DISTRICT JUDGE